

**ORIGINAL**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TESLA INDUSTRIES, INC., a Delaware Corporation,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>DAVID C. WALDMANN,<br>LYNDOL W. HOLLINGSWORTH,<br>CHARLES MINNICK a/k/a CHUCK MINNICK, and<br>NEW MILLENNIUM TOOLS, INC., an Oregon Corporation,<br><br>　　　　　　　　Defendants. | :<br>:<br>:<br>:<br>:　C.A. No. 06-55(GMS)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**TESLA INDUSTRIES INC.'S ANSWER TO THE COUNTERCLAIMS
OF DEFENDANTS LYNDOL W. HOLLINGSWORTH, CHARLES MINNICK
AND NEW MILLENNIUM TOOLS, INC.**

**CONFIDENTIAL- FILED UNDER SEAL**

　　　　　　　　　　　　　　Brian A. Sullivan　(DE No. 2098)
　　　　　　　　　　　　　　Amy D. Brown　　(DE No. 4077)
　　　　　　　　　　　　　　Robert D. Wilcox (DE No. 4321)
　　　　　　　　　　　　　　300 Delaware Avenue, 13th Floor
　　　　　　　　　　　　　　P. O. Box 25046
　　　　　　　　　　　　　　Wilmington, DE 19899
　　　　　　　　　　　　　　Telephone: (302) 652-1100

　　　　　　　　　　　　　　Attorneys for Tesla Industries, Inc.

Date: April 17, 2006

**ORIGINAL**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TESLA INDUSTRIES, INC., a Delaware : 
Corporation, :
:
                Plaintiff, :   C.A. No.06-55
:
v. :
:
DAVID C. WALDMANN, :
LYNDOL W. HOLLINGSWORTH, :
CHARLES MINNICK a/k/a CHUCK MINNICK, and :
NEW MILLENNIUM TOOLS, INC., an Oregon :
Corporation, :
:
                Defendants. :

## TESLA INDUSTRIES INC.'S ANSWER TO THE COUNTERCLAIMS OF DEFENDANTS LYNDOL C. HOLLINGSWORTH, CHARLES MINNICK AND NEW MILLENNIUM TOOLS, INC.

COMES NOW Plaintiff, Tesla Industries, Inc., ("Plaintiff" or "Tesla Industries") and answers the Counterclaims filed by Defendants Lyndol C. Hollingsworth, Charles Minnick and New Millennium Tools, Inc. (collectively, the "NMT Parties") as follows[1]:

1. Tesla Industries realleges and incorporates herein the allegations of its Verified Complaint in this case as if fully set forth herein.

### THE PARTIES

2. Plaintiff admits that Defendant Lyndol C. Hollingsworth resides in the State of Texas. Plaintiff is without knowledge sufficient to admit or deny the allegation of his current address, but admits that 923 Timber Trail, Cedar Park, Texas 78613-3437 is his last known address.

3. Plaintiff admits that Defendant Charles Minnick resides in the State of Oregon. Plaintiff is without knowledge sufficient to admit or deny the allegation of his current address, but admits that 8420 SW 89th Ave. Portland, OR 97223 is his last known address.

---

[1] The paragraphs of this Answer correspond to the paragraphs of the Counterclaims.

4. Plaintiff admits that Defendant New Millenium Tools, Inc. ("NMT") is an Oregon corporation. Plaintiff is without knowledge sufficient to admit or deny the allegation of the address of its principal place of business.

5. Plaintiff admits the allegations of the paragraph.

6. Plaintiff Admits that Defendant David C. Waldmann resides in the Commonwealth of Pennsylvania. Plaintiff is without knowledge sufficient to admit or deny the allegation of his current address, but admits that 6 Robin Road, Malvern, Pennsylvania is his last known address. Plaintiff admits that Defendant David C. Waldmann was an employee and sales representative for Tesla Industries at certain times.

## JURISDICTION AND VENUE

7. Plaintiff denies the allegations of the paragraph.

## FACTUAL BACKGROUND

8. Plaintiff is without knowledge sufficient to admit or deny the allegations of the paragraph.

9. Plaintiff is without knowledge sufficient to admit or deny the allegations of the paragraph.

10. Plaintiff admits the allegations of the paragraph to the extent consistent with the allegations of its Verified Complaint, and denies any allegation of the paragraph inconsistent with those allegations.

11. Plaintiff denies the allegations of the paragraph. It is specifically denied that NMT supplied any product to the United States military in "mid-2005".

12. Plaintiff denies the allegations of the paragraph, except that Defendant David C. Waldmann was an employee of Plaintiff at certain times.

13. Plaintiff denies the allegations of the paragraph.

14. Plaintiff denies the allegations of the paragraph.

15. Plaintiff denies the allegations of the paragraph.

16. Plaintiff denies the allegations of the paragraph.

17. Plaintiff denies the allegations of the paragraph.

18. Plaintiff denies the allegations of the paragraph.

## COUNT I

19. Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs as if fully set forth herein.

20. Plaintiff admits that the statute speaks for itself and prohibits the misappropriation of trade secrets.

21. Plaintiff admits the allegations of this paragraph to the extent consistent with the allegations of its Verified Complaint, and denies any allegation of the paragraph inconsistent with those allegations.

22. Plaintiff is without knowledge of "the wishes" of the NMT Parties, except as reflected in their wrongful actions as identified in Plaintiff's Verified Complaint. Plaintiff denies the remaining allegations, including that a declaratory judgment action is necessary if the NMT can legitimately produce products without using improperly Plaintiff's trade secrets and sell those products to the United States military.

23. Plaintiff denies the allegations of the paragraph.

24. Plaintiff denies the allegations of the paragraph.

25. Plaintiff denies the allegations of the paragraph.

## COUNT II

26. Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs as if fully set forth herein.

27. Plaintiff denies the allegations of the paragraph.

28. Plaintiff denies the allegations of the paragraph.

29. Plaintiff denies the allegations of the paragraph.

30. Plaintiff denies the allegations of the paragraph.

## COUNT III

31. Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs as if fully set forth herein.

32. Plaintiff denies the allegations of the paragraph.

33. Plaintiff denies the allegations of the paragraph. Plaintiff also states that there is no basis for the "information and belief" alleged.

34. Plaintiff denies the allegations of the paragraph.

35. Plaintiff is without knowledge sufficient to admit or deny the allegations of the paragraph.

36. Plaintiff admits the allegations of the paragraph.

37. Plaintiff admits the allegations of the paragraph.

38. Plaintiff admits the allegations of the paragraph.

39. Plaintiff admits the allegations of the paragraph.

40. Plaintiff admits the allegations of the paragraph.

## COUNT IV

41. Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs as if fully set forth herein.

42. Plaintiff is without knowledge sufficient to admit or deny the allegations of the paragraph.

43. Plaintiff denies the allegations of the paragraph. Upon information and belief, Plaintiff acknowledges that Defendant Lyndol C. Hollingsworth has a present or had a past association with an entity that purported to do business as "DC Power Tools".

44. Plaintiff denies the allegations of the paragraph.

45. Plaintiff denies the allegations of the paragraph.

46. Plaintiff denies the allegations of the paragraph.

## COUNT V

47. Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs as if fully set forth herein.

48. Plaintiff denies the allegations of the paragraph.

49. Plaintiff denies the allegations of the paragraph.

50. Plaintiff denies the allegations of the paragraph.

51. Plaintiff denies the allegations of the paragraph.

## COUNT VI

52. Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs as if fully set forth herein.

53. Plaintiff denies the allegations of the paragraph.

54. Plaintiff denies the allegations of the paragraph.

55. Plaintiff denies the allegations of the paragraph.

## COUNT VII

56. Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs as if fully set forth herein.

57. Plaintiff denies the allegations of the paragraph.

## COUNT VIII

58. Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs as if fully set forth herein.

59. Plaintiff is without knowledge sufficient to admit or deny the allegations of the paragraph.

60. Plaintiff denies the allegations of the paragraph.

61. Plaintiff denies the allegations of the paragraph.

62. Plaintiff denies the allegations of the paragraph.

63. Plaintiff denies the allegations of the paragraph.

## AFFIRMATIVE DEFENSES

Plaintiff asserts the following affirmative defenses to the NMT Parties' Counterclaims and reserves the rights to supplement and/or amend such defenses as the litigation of this case proceeds.

## FIRST AFFIRMATIVE DEFENSE

The NMT Parties' Counterclaims fail to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The actions of Tesla Industries that are the subject of the NMT Parties' Counterclaims were privileged.

## THIRD AFFIRMATIVE DEFENSE

The alleged damages suffered by the NMT Parties were the proximate result of their own misconduct as set forth in the Verified Complaint.

## FOURTH AFFIRMATIVE DEFENSE

The NMT Parties' Counterclaims are barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

The NMT Parties' Counterclaims are barred in whole or in part by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

The alleged damages suffered by the NMT Parties were the proximate result of the misconduct of Defendant David C. Waldmann as set forth in the Verified Complaint.

WHEREFORE, Tesla Industries, Inc. respectfully requests that the Court enter an Order:

A. Denying the relief sought by the NMT Parties;

B. Dismissing the NMT Parties' Counterclaims with prejudice and awarding Tesla Industries, Inc. its reasonable incurred attorney fees; and

C. Providing such relief as the Court deems necessary and appropriate.

Dated: April 17, 2006                    WERB & SULLIVAN

_____
Brian A. Sullivan, Esquire (DSB #2098)
Robert D. Wilcox, Esquire (DSB #4321)
Amy D. Brown, Esquire (DSB #4077)
300 Delaware Avenue, 13th Floor
Wilmington, DE 19899
(302) 652-1100 (telephone)
(302) 652-1111 (facsimile)

Attorneys for Tesla Industries, Inc

7

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2006, I caused two copies of the foregoing document to be served upon the persons listed below in the manner indicated:

**VIA E-MAIL & FIRST CLASS MAIL**

John A. Adams, Esq.
Susanin Widman & Brennan, P.C.
455 S. Gulph Road, Suite 240
King of Prussia, PA 19406

Louis S. Mastriani, Esq.
Rodney R. Sweetland, III, Esq.
David F. Nickel, Esq.
Adduci, Mastriani & Schaumberg, LLP
1200 Seventeenth Street, N.W.
Fifth Floor
Washington, DC 20036-3006

**VIA HAND DELIVERY**

John D. Demmy, Esq.
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, DE 19801

Steven J. Balick, Esq.
John G. Day, Esq.
Lauren E. Maguire
Ashby & Geddes
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801

Amy D. Brown (#4077)