
33

**ORIGINAL**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | | |
|---|---|---|---|
| Sealed Plaintiff | | : | |
| | Plaintiff, | : | C.A. No. 06-55(GMS) |
| v. | | : | |
| Sealed Defendant | | : | |
| | Defendants. | : | |

**CONFIDENTIAL- FILED UNDER SEAL**

Brian A. Sullivan (DE No. 2098)
Amy D. Brown (DE No. 4077)
Robert D. Wilcox (DE No. 4321)
300 Delaware Avenue, 13th Floor
P. O. Box 25046
Wilmington, DE 19899
Telephone: (302) 652-1100

Attorneys for Sealed Plaintiff

Date: April 19, 2006

**ORIGINAL**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

TESLA INDUSTRIES, INC., a Delaware Corporation,

Plaintiff,

v.

DAVID C. WALDMANN, LYNDOL W. HOLLINGSWORTH, CHARLES MINNICK a/k/a CHUCK MINNICK, and NEW MILLENNIUM TOOLS, INC., an Oregon Corporation,

Defendants.

C.A. No.06-55

**UNDER SEAL**

**TESLA INDUSTRIES, INC.'S ANSWER TO THE COUNTERCLAIMS OF DEFENDANT DAVID C. WALDMANN**

COMES NOW Plaintiff, Tesla Industries, Inc., ( "Plaintiff" or "Tesla Industries") and answers the Counterclaims filed by Defendant, David C. Waldmann ("Waldmann") as follows:

1. Tesla Industries realleges and incorporates herein the allegations of its Verified Complaint in this case as if fully set forth herein.

2. Plaintiff avers that the allegations of the paragraph are legal conclusions to which no response form Plaintiff is required. To the extent a response is required, Plaintiff denies the allegations of the paragraph.

**COUNT I**

3. Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs as if fully set forth herein.

4. Plaintiff admits the allegations of the paragraph. Plaintiff avers further that Waldmann was placed on administrative leave on November 29, 2005, prior to the termination of his employment on January 28, 2006. Waldmann performed no services for Plaintiff during the period of suspension.

5. Plaintiff admits that in exchange for Waldman's proper performance of his contractual duties he was to be paid a salary of $80,000.00 per year, plus applicable commissions based upon sales he generated.

6. Plaintiff admits the allegations of the paragraph.

7. Plaintiff admits that Waldmann received wage payments until December 31, 2005 and that until 3rd Quarter 2005, received his commission and payments.

8. Plaintiff admits the allegations of the paragraph.

9. Plaintiff admits the allegations of the paragraph. Plaintiff avers further that Waldmann failed to provide Plaintiff with his correct mailing address.

10. Plaintiff admits only that the statute speaks for itself.

11. Plaintiff admits only that the statute speaks for itself.

12. Plaintiff denies the allegations of the paragraph.

13. Plaintiff admits the allegations of the paragraph.

14. Plaintiff admits that Waldmann was not paid any salary from January 1, 2006 through January 28, 2006 but denies that any salary was due.

15. Plaintiff denies the allegations of the paragraph.

16. Plaintiff denies the allegations of the paragraph.

17. Plaintiff avers that the allegations of the paragraph are legal conclusions to which no response form Plaintiff is required. To the extent a response is required, Plaintiff denies the allegations of the paragraph.

18. Plaintiff denies the allegations of the paragraph.

19. Plaintiff denies the allegations of the paragraph.

20. Plaintiff admits only that the statute speaks for itself.

21. Plaintiff admits only that the statute speaks for itself.

**COUNT II**

22. Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs as if fully set forth herein.

23. Plaintiff admits the allegations of the paragraph, but avers that Waldmann repeatedly and materially breached his employment contract.

24. Plaintiff denies the allegations of the paragraph.

25. Plaintiff denies the allegations of the paragraph.

**COUNT III**

26. Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs as if fully set forth herein.

27. Plaintiff is without knowledge sufficient to admit or deny the allegations of the paragraph.

28. Plaintiff admits the allegations of the paragraph. Plaintiff avers further that in response to the information provided by Plaintiff to the Department of Labor concerning the improper and unlawful actions of Waldmann as set forth in the Complaint, the Department of Labor declined to take action.

29. Plaintiff avers that the allegations of the paragraph are legal conclusions to which no response form Plaintiff is required. To the extent a response is required, Plaintiff denies the allegations of the paragraph.

30. Plaintiff denies the allegations of the paragraph.

31. Plaintiff denies the allegations of the paragraph.

32. Plaintiff denies the allegations of the paragraph.

33. Plaintiff denies the allegations of the paragraph.

**COUNT IV**

34. Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs as if fully set forth herein.

35. Plaintiff avers that the allegations of the paragraph are legal conclusions to which no response form Plaintiff is required. To the extent a response is required, Plaintiff denies the allegations of the paragraph.

36. Plaintiff avers that the allegations of the paragraph are legal conclusions to which no response form Plaintiff is required. To the extent a response is required, Plaintiff denies the allegations of the paragraph.

37. Plaintiff admits the allegations of the paragraph.

38. Plaintiff admits the allegations of the paragraph to the extent that they allege Plaintiff provided notice to Waldman, and admits only that the document speaks for itself as to its content and import.

39. Plaintiff is without knowledge sufficient to admit or deny the allegations of the paragraph.

40. Plaintiff denies the allegations of the paragraph. Plaintiff avers further that Waldmann was not entitled to any further benefits since he was terminated properly for gross misconduct.

41. Plaintiff denies the allegations of the paragraph.

42. Plaintiff denies the allegations of the paragraph.

43. Plaintiff denies the allegations of the paragraph.

44. Plaintiff denies the allegations of the paragraph.

**COUNT V**

45. Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs as if fully set forth herein.

46. Plaintiff denies the allegations of the paragraph.

47. Plaintiff denies the allegations of the paragraph.

48. Plaintiff denies the allegations of the paragraph.

49. Plaintiff denies the allegations of the paragraph.

50. Plaintiff denies the allegations of the paragraph.

51. Plaintiff denies the allegations of the paragraph.

52. Plaintiff denies the allegations of the paragraph.

53. Plaintiff denies the allegations of the paragraph.

54. Plaintiff denies the allegations of the paragraph.

55. Plaintiff denies the allegations of the paragraph.

**COUNT VI**

56. Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs as if fully set forth herein.

57. Plaintiff denies the allegations of the paragraph.

58. Plaintiff denies the allegations of the paragraph.

59. Plaintiff denies the allegations of the paragraph.

60. Plaintiff denies the allegations of the paragraph.

**COUNT VII**

61. Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs as if fully set forth herein.

62. Plaintiff denies the allegations of the paragraph.

63. Plaintiff denies the allegations of the paragraph.

64. Plaintiff denies the allegations of the paragraph.

**COUNT VIII**

65. Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs as if fully set forth herein.

66. Plaintiff admits that it took possession of certain property with the consent of Waldmann.

67. Plaintiff admits that Waldmann willing gave certain property to Plaintiff, but denies the remaining allegations of the paragraph.

68. Plaintiff denies the allegations of the paragraph except to aver that the delivery and return of property was by mutual agreement.

69. Plaintiff denies the allegations of the paragraph.

70. Plaintiff denies the allegations of the paragraph.

71. Plaintiff denies the allegations of the paragraph.

72. Plaintiff denies the allegations of the paragraph.

73. Plaintiff denies the allegations of the paragraph.

74. Plaintiff denies the allegations of the paragraph.

75. Plaintiff denies the allegations of the paragraph.

76. Plaintiff denies the allegations of the paragraph.

77. Plaintiff denies the allegations of the paragraph.

## COUNT IX

77(sic). Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs as if fully set forth herein.

78. Plaintiff admits only that Waldmann sent e-mails to Plaintiff on December 28, 2005 and December 30, 2005 concerning his personnel file. Plaintiff avers that the e-mails speak for themselves as to import and content.

79. Plaintiff admits only that the e-mails speak for themselves.

80. Plaintiff admits only that the statute speaks for itself.

81. Plaintiff admits only that the statute speaks for itself.

82. Plaintiff admits only that the statute speaks for itself.

83. Plaintiff admits only that the statute speaks for itself.

84. Plaintiff is without knowledge sufficient to admit or deny the allegations of the paragraph.

85. Plaintiff admits only that the Department of Labor contacted Plaintiff.

86. Plaintiff admits that on January 23, 2006, Plaintiff sent certain documents to Waldmann via overnight mail, which Waldmann presumably received on January 24, 2006. Plaintiff denies the remaining allegations of the paragraph.

87. Plaintiff denies the allegations of the paragraph.

88. Plaintiff admits only that the statute speaks for itself.

89. Plaintiff denies the allegations of the paragraph.

90. Plaintiff denies the allegations of the paragraph.

91. Plaintiff denies the allegations of the paragraph.

92. Plaintiff denies the allegations of the paragraph.

93. Plaintiff denies the allegations of the paragraph.

**COUNT X**

94. Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs as if fully set forth herein.

95. Plaintiff denies the allegations of the paragraph.

96. Plaintiff denies the allegations of the paragraph.

97. Plaintiff denies the allegations of the paragraph.

98 Plaintiff is without knowledge sufficient to admit or deny the allegations of the paragraph.

99. Plaintiff admits that Waldmann was placed on administrative suspension, but denies that Waldmann's suspension was related to the referenced e-mails.

100. Plaintiff denies the allegations of the paragraph. Plaintiff avers further that the reasons Waldmann was terminated are stated in the termination letter and in the Verified Complaint.

101. Plaintiff denies the allegations of the paragraph.

102. Plaintiff denies the allegations of the paragraph.

**COUNT XI**

103. Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs as if fully set forth herein.

104. Plaintiff denies the allegations of the paragraph.

105. Plaintiff denies the allegations of the paragraph.

106. Plaintiff denies the allegations of the paragraph.

107. Plaintiff is without knowledge sufficient to admit or deny the allegations of the paragraph.

108. Plaintiff denies the allegations of the paragraph.

109. Plaintiff denies the allegations of the paragraph.

110. Plaintiff admits only that the statute speaks for itself.

111. Plaintiff denies the allegations of the paragraph.

112. Plaintiff denies the allegations of the paragraph.

113. Plaintiff denies the allegations of the paragraph.

## AFFIRMATIVE DEFENSES

Plaintiff asserts the following affirmative defenses to Waldmann's Counterclaims and reserves the rights to supplement and/or amend such defenses as the litigation of this case proceeds.

## FIRST AFFIRMATIVE DEFENSE

Waldmann's Counterclaims fail to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The actions of Tesla Industries that are the subject of Waldmann's Counterclaims were privileged and/or were specifically authorized by court order.

**THIRD AFFIRMATIVE DEFENSE**

The alleged damages suffered by Waldmann were the proximate result of his own misconduct as set forth in part the Verified Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

Waldmann's Counterclaims are barred in whole or in part by his own breaches of contract.

**FIFTH AFFIRMATIVE DEFENSE**

Waldmann's Counterclaims are barred in whole or in part by his fraudulent acts.

**SIXTH AFFIRMATIVE DEFENSE**

Waldmann's Counterclaims are barred in whole or in part by the doctrine of unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

Waldmann is not entitled to payment of additional wages or commissions due to his breach of his employment agreement with Plaintiff. As set forth in the Verified Complaint, at times after January 1, 2005 and until his suspension, Waldmann was fraudulently acting and conspiring with others to unlawfully misappropriate Plaintiff's trade secrets and confidential information and set up a competing business, while on the payroll and at the expense of Plaintiff. Accordingly, Plaintiff has reasonable grounds under 19 Del. C. 103(d) to dispute the claimed wages and commissions.

**EIGHTH AFFIRMATIVE DEFENSE**

Waldmann's employment was "employment at will", and Plaintiff could and did lawfully terminate his employment at any time without cause.

**NINTH AFFIRMATIVE DEFENSE**

Waldmann's Counterclaims are barred in whole or in part because Waldmann was discharged properly for gross misconduct.

**TENTH AFFIRMATIVE DEFENSE**

Waldmann's Counterclaims are barred in whole or in part by his consent to the actions of which he now complains.

**ELEVENTH AFFIRMATIVE DEFENSE**

Waldmann's Counterclaims are barred in whole or in part by his waiver of such claims.

**TWELFTH AFFIRMATIVE DEFENSE**

Waldmann's Counterclaims are barred in whole or in part by the acts of his co-conspirators and/or agents Defendants Lyndol C. Hollingsworth, Charles Minnick and New Millennium Tools, Inc. as set forth in the Verified Complaint.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The alleged damages suffered by Waldmann were the proximate result of the misconduct of Defendants Lyndol C. Hollingsworth, Charles Minnick and New Millennium Tools, Inc. as set forth in part in the Verified Complaint.

---

**WHEREFORE**, Plaintiff Tesla Industries, Inc. respectfully requests that the Court enter an Order:

A. Denying the relief sought by Defendant David C. Waldmann;

B. Dismissing Defendant David C. Waldmann's Counterclaims with prejudice and awarding Tesla Industries, Inc. its reasonable incurred attorney fees; and

C. Providing such relief as the Court deems necessary and appropriate.

Dated: April 19, 2006

WERB & SULLIVAN

Brian A. Sullivan (DSB #2098)
Robert D. Wilcox (DSB #4321)
Amy D. Brown (DSB #4077)
300 Delaware Avenue, 13th Floor
P. O. Box 20546
Wilmington, DE 19899
Telephone: (302) 652-1100
Facsimile: (302) 652-1111

Attorneys for Tesla Industries, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 19, 2006, I caused two copies of the foregoing document to be served upon the persons listed below in the manner indicated:

**VIA E-MAIL & FIRST CLASS MAIL**

John A. Adams, Esq.
Susanin Widman & Brennan, P.C.
455 S. Gulph Road, Suite 240
King of Prussia, PA 19406

Louis S. Mastriani, Esq.
Rodney R. Sweetland, III, Esq.
David F. Nickel, Esq.
Adduci,Mastriani & Schaumberg, LLP
1200 Seventeenth Street, N.W.
Fifth Floor
Washington, DC 20036-3006

**VIA HAND DELIVERY**

John D. Demmy, Esq.
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, DE 19801

Steven J. Balick, Esq.
John G. Day, Esq.
Lauren E. Maguire
Ashby & Geddes
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801

/s/ Brian A. Sullivan
Brian A. Sullivan (#2098)