UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TESLA INDUSTRIES, INC., a Delaware Corporation, | : : : | |
| Plaintiff, | : : | C.A. No. 06-55 |
| v. | : : | |
| DAVID C. WALDMANN, LYNDOL W. HOLLINGSWORTH, CHARLES MINNICK a/k/a CHUCK MINNICK, and NEW MILLENNIUM TOOLS, INC., an Oregon Corporation, | : : : : : : | |
| Defendants. | : | |

**<u>STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY</u>**

  Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and the parties having agreed to its terms, the Court hereby enters the following Protective Order:

  1. This Protective Order shall apply in this action to (a) all information, documents, and/or things subject to discovery (b) motions and pleadings and/or exhibits thereto, and (c) testimony. To the extent that a party believes that any of the above contains proprietary, confidential and/or commercially sensitive information, such party may identify such proprietary, confidential and/or commercially sensitive information or items ("Designated Material") as subject to the protective provisions herein.  As used herein, "Producing Party" shall refer to any party, including the parties to this action and non-parties, who is asked or required to disclose and/or produce any Designated Material in this action. "Receiving Party" shall refer to the Parties to this action who receive Designated Material from a Producing Party.

DESIGNATED MATERIAL

  2. Any party to this action, and any non-party from whom discovery is sought in connection with this action, producing or disclosing Designated Material may, to the extent that a

5 19 06

party believes that any of the above contains proprietary, confidential and/or commercially sensitive information, identify it as: (a) CONFIDENTIAL and/or (b) ATTORNEYS' EYES ONLY.

3. A Producing Party shall identify documents or other tangible Designated Materials by placing the following legend or similar legend on the document or thing: "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY":

(a) Responses to written discovery requests may be identified by placing the following legend on the page(s) containing or reflecting such information, prior to or contemporaneous with service of the responses: "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY." In the event that original documents are produced for inspection, the Producing Party may produce for inspection such original documents on a temporary CONFIDENTIAL and/or ATTORNEYS' EYES ONLY basis without waiving the right to subsequently identify them as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY by placing the appropriate legend on the documents in the copying process.

(b) Parties or testifying persons may designate depositions and other testimony as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY by indicating on the record at the time the testimony is given, or by sending written notice that the testimony is so designated within ten (10) days of receipt of the transcript of the testimony. All information disclosed during a deposition shall be deemed ATTORNEYS' EYES ONLY until the time within which it may be designated as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY has passed.

4. Any party may object in writing to any identification of materials as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY by specifying the material to which the

objection is addressed and the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(a) The objecting party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The designating party shall have the burden of justifying the disputed designation;

(b) Failing agreement, the objecting party may bring a motion to the Court for a ruling that the material in question is not entitled to the status and protection of the Producing Party's designation.

Notwithstanding any challenge to a designation, the Designated Material in question and identified as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY shall continue to be treated as such under this Protective Order until one of the following occurs: (a) the party who designated the Designated Material in question as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY withdraws such identification in writing, or (b) the Court rules that the material is not entitled to the protections of this Order.

## USE OF DESIGNATED MATERIAL

5. In the absence of written permission from the Producing Party, Designated Material identified as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY:

(a) Shall be protected by the Receiving Party from disclosure as specified herein, unless the Producing Party so states in writing, or a party obtains an Order of the Court declaring that all or certain portions of such Designated Material is not, in fact, protected or should be subject to an alternative designation; and

(b) Shall be used by the Receiving Party only for purposes of this litigation.

"CONFIDENTIAL" DESIGNATED MATERIAL

6. The Receiving Party may only disclose Designated Material identified as CONFIDENTIAL to:

(a) The attorneys working on this action on behalf of any party for the respective firms which have entered appearances in this case, any paralegals and clerical employees of such attorneys, and any copying or other clerical litigation support services working at the direction of any of such attorneys, paralegals or clerical employees;

(b) Any person not a party, and not employed by or affiliated with a party, who is specifically retained by any attorney described in paragraph 5(a) to assist in preparation of this action for trial as a consultant or testimonial expert, with disclosure only to the extent necessary to perform such work; provided, however, that such person has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Protective Order, and provided that no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 8(b), below;

(c) With regard to Defendants Lyndol Hollingsworth, Charles Minnick, and David Waldmann, only the parties themselves.  With regard to Defendant New Millenium Tools, Inc., only Lyndol Hollingsworth and Charles Minnick.  With regard to the Plaintiff, only David Masilotti and not more than four (4) other employees of Plaintiff who are directly involved in assisting counsel in preparation of this action; provided, however, that (i) each such person identified in this paragraph has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Protective Order, and (ii) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 8(b), below;

(d) Court reporters, stenographers and videographers retained to record testimony taken in this action;

(e) The Court, jury, and court personnel;

(f) Graphics, translation, design and/or trial consulting services, including mock jurors, retained by a Party; and

(g) Any other person with the prior written consent of the Producing Party.

## "ATTORNEYS' EYES ONLY" DESIGNATED MATERIAL

7. Any CONFIDENTIAL Designated Materials which a Producing Party believes are extremely confidential and/or sensitive in nature and should be given a higher level of protection from disclosure may be identified by the Producing Party at the time of disclosure as ATTORNEYS' EYES ONLY. The parties agree that at least Designated Material in one or more of the following categories may qualify for the ATTORNEYS' EYES ONLY designation:

(i) non-public technical information, including, without limitation, schematic diagrams, manufacturing and engineering drawings, engineering notebooks, specifications, research notes and materials, technical reference materials, and other non-public technical descriptions and/or depictions of the relevant trade secrets, products and/or technology;

(ii) source code, object code, and any source code and/or object code listings and/or descriptions, including any CAD programming;

(iii) non-public damage-related information (e.g., the number of products sold, total dollar value of sales products, and profit margins)

(iv) non-public financial information;

(v) customer lists;

(vi) vendor/supplier lists;

(vii) business and/or marketing plans;

  (viii) price lists and/or pricing information;

  (ix) parts and supplies, and

  (x) technical and/or engineering know-how.

The Receiving Party may only disclose Designated Material identified as ATTORNEYS' EYES ONLY to:

  (a) The attorneys working on this action on behalf of any party for the respective firms which have entered appearances in this case, any paralegals and clerical employees of such attorneys, and any copy or other clerical litigation support services working at the direction of any of such attorneys, paralegals or clerical employees;

  (b) Any person or entity not a party that is expressly retained by any attorney described in paragraph 6(a) to assist in preparation of this action for trial as a consultant or testimonial expert, with disclosure only to the extent necessary to perform such work; provided, however, that such person has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Protective Order, and provided that no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth herein;

  (c) Court reporters, stenographers and videographers retained to record testimony taken in this action;

  (d) The Court, jury, and court personnel;

  (e) Graphics, translation, design and/or trial consulting services including mock jurors, retained by a Party; and

  (f) Any other person with the prior written consent of the Producing Party.

8. All persons receiving CONFIDENTIAL and/or ATTORNEYS' EYES ONLY Designated Material are enjoined from disclosing it to any person, except in conformance with this Protective Order. Each individual who receives any CONFIDENTIAL and/or ATTORNEYS' EYES ONLY Designated Material hereby agrees to be subject to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Protective Order.

(a) Counsel who makes CONFIDENTIAL and/or ATTORNEYS' EYES ONLY Designated Material available to persons set forth in Paragraphs 6 and/or 7, above, shall be responsible for limiting distribution thereof to those persons authorized under this Protective Order. All copies of such Designated Material disclosed shall be subject to the same restrictions imposed herein on original materials. Any person having access to such Designated Material pursuant to Paragraphs 6 and/or 7, above, whose participation in this litigation has been terminated or otherwise concluded shall return all such Designated Material as soon as practicably possible thereafter to the Receiving Party's counsel of record, but in no event longer than thirty (30) days after the termination or conclusion of the participation.

(b) Before counsel for a Receiving Party may disclose any Designated Material designated CONFIDENTIAL and/or ATTORNEYS' EYES ONLY to a person described in Paragraphs 6(b), (c), (f) and/or (g), and/or Paragraphs 7(b), (e) and/or (f), above, of this Protective Order:

(i) counsel shall provide a copy of this Protective Order to such person, who shall sign the acknowledgement form annexed hereto as Exhibit A; and

(ii) at least five (5) business days before any such disclosure, counsel for the Receiving Party shall notify all counsel of record in writing of the intent to disclose

CONFIDENTIAL and/or ATTORNEYS' EYES ONLY Designated Material to such person. The notice shall include a copy of the acknowledgement form signed by the person and shall identify his or her title, job responsibilities and affiliation(s) with the Receiving Party. If the person is a consultant or testimonial expert described in Paragraphs 6(b) or 7(b), above, the notice shall also include a copy of such person's most recent curriculum vitae, which shall include an identification of all such person's past and present employment and/or consulting relationships.

If any party objects to the disclosure of CONFIDENTIAL and/or ATTORNEYS' EYES ONLY Designated Material to such person, the party shall notify counsel for the Receiving Party in writing of the party's objection(s) to such disclosure prior to the date on which the disclosure is intended to be made. Should the party intending to make the disclosure disagree with the basis for the objection(s), the parties must first attempt to resolve the objection(s) informally. If the informal efforts do not resolve the dispute within five (5) days, the party intending to disclose may file a motion requesting that the objection(s) be quashed after that five (5) day period has passed. Pending a ruling by the Court upon any such objection(s), the Designated Material shall not be disclosed to the person objected to by the objecting party.

(c)     Counsel disclosing any Designated Materials to a person required to execute a copy of the acknowledgement form annexed as Exhibit A shall maintain the original(s) of such form(s).

9.     To the extent that any CONFIDENTIAL and/or ATTORNEYS' EYES ONLY Designated Material is used in the taking of a deposition, all such Designated Material shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony disclosing the substance of such Designated Material. If CONFIDENTIAL

and/or ATTORNEYS' EYES ONLY Designated Material is used in any deposition, the reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially as set forth below:

> This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except by order of the Court, or pursuant to written stipulation of the parties.

10.     The parties agree to be bound by the terms of this Protective Order with respect to any third party that produces confidential Designated Material in this lawsuit under this Protective Order. A party that seeks confidential Designated Material from a third party shall provide a copy of this Protective Order to the third party upon request so that it may take advantage of the protections afforded by this Protective Order.

11.     The recipients of CONFIDENTIAL and/or ATTORNEYS' EYES ONLY Designated Material provided under this Protective Order and all material that derives therefrom shall maintain such materials in a safe and secure area, and all reasonable precautions shall be taken with respect to the storage, custody, use and/or dissemination of such materials. Any CONFIDENTIAL and/or ATTORNEYS' EYES ONLY Designated Material that is copied, reproduced, summarized, or abstracted shall be subject to the terms of this Protective Order.

12.     Any document or thing containing or embodying CONFIDENTIAL and/or ATTORNEYS' EYES ONLY material that is to be filed in this action shall be filed in sealed envelopes or other sealed containers which shall bear the caption of the case, shall contain a concise, non-disclosing inventory of its contents for docketing purposes, and shall bear a statement substantially in the form:

CONFIDENTIAL

>This envelope contains documents subject to a Protective Order of the Court. It should not be opened or its contents disclosed, revealed or made public except by Order of the Court or agreement of the parties.

The party filing such item shall, to the extent practicable, (a) file and serve on all parties a redacted version of the document or item containing the confidential materials, to be placed in the court's public files, and (b) serve on all parties an unredacted version of the document or item containing the confidential materials, marked or highlighted to indicate clearly the portions that have been redacted. Nothing contained in this Protective Order shall be construed to prejudice any party's right to use Designated Material at any hearing, trial or appeal in this litigation, as long as the party submitting Designated Material to the Court takes appropriate measures to preserve the confidentiality of such material. Any counsel that filed the Designated Material is hereby authorized to be among the persons who may retrieve confidential exhibits and/or other confidential materials filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential materials may be returned by the Clerk of the Court, if they are not so retrieved.

13. The inadvertent or negligent production of Designated Material subject to the attorney-client privilege or the attorney work-product privilege will not waive the attorney client privilege or the attorney work-product privilege. Upon a request from a party which has inadvertently or negligently produced Designated Material which it believes should be subject to the attorney-client or attorney work-product privilege, each party receiving said Designated Material shall immediately return it and all copies to the Producing Party. Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the Designated Material and such other information as is reasonably

necessary to identify the Designated Material and describe its nature to the Court in any motion to compel production of the Designated Material.

14. The inadvertent or negligent failure by a Producing Party to identify Designated Material as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Designated Material is CONFIDENTIAL and/or ATTORNEYS' EYES ONLY within ten (10) days from when the failure to designate first became known to the Producing Party. A Receiving Party shall not be in breach of this Order for any use of such Designated Material before the Receiving Party receives notice of the inadvertent or negligent failure to designate. Once a Receiving Party has received notice of the inadvertent or negligent failure to designate pursuant to this provision, the Receiving Party shall treat such Designated Material at the appropriately designated level pursuant to the terms of this Protective Order.

15. In the event of a disclosure of any Designated Material designated CONFIDENTIAL or ATTORNEYS' EYES ONLY to a person or persons not authorized to receive such disclosure under this Protective Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately notify counsel for the party whose Designated Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing party shall also promptly take all reasonable measures to retrieve the improperly disclosed Designated Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

16. Not later than thirty (30) days after the final disposition of this litigation, (including after any appeals), each party shall return all CONFIDENTIAL and/or

ATTORNEYS' EYES ONLY Designated Material of a Producing Party to the respective outside counsel of the Producing Party, or in the alternative, destroy such Designated Material. All parties that have received any such Designated Material shall certify in writing that all such CONFIDENTIAL and/or ATTORNEYS' EYES ONLY Designated Material has been returned or destroyed.

17.     This Protective Order is entered without prejudice to the right of any party to seek further or additional protection of Designated Material or other confidential information for which the protection of this order is not believed by such party to be adequate. Nothing in this Protective Order shall be deemed to bar or preclude any Producing Party from seeking such additional protection, including, without limitation, an order that certain matter not be produced at all. Nothing in this Protective Order shall be deemed to bar or preclude any Producing Party from seeking such additional protection concerning testimony at a hearing or trial of this matter.

18.     If at any time Designated Material is subpoenaed by any court, arbitral, administrative or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such Designated Material and to its counsel and shall provide each such party with an opportunity to object to the production of confidential materials. If a Producing Party does not move for a protective order within twenty (20) days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such Designated Material in response thereto.

19.     Nothing in this Protective Order shall preclude any party to this lawsuit or its attorneys from disclosing or using, in any manner or for any purpose, its own Designated Material identified as CONFIDENTIAL or ATTORNEYS' EYES ONLY. Notwithstanding any designation of Designated Material by a Producing Party under this Order, any witness may be

shown at a deposition, and examined on, any Designated Material that the witness authored or previously received. The witness may also be shown at a deposition, and examined on, any Designated Material for which specific documentary or testimonial evidence indicates (i) that the Designated Material was communicated to or from the witness, or (ii) that the witness was involved in the specific matter(s) addressed in the Designated Material, or if the Producing Party of the Designated Material agrees.

20. The parties agree that the terms of this Protective Order shall survive and remain in effect after the termination of the above-captioned matter. The Court shall retain jurisdiction after termination of this matter to hear and resolve any disputes arising out of this Protective Order.

21. This Order shall be binding upon the parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

22. This Order shall supersede the provisions of Local Rule 26.2.

23. Execution of this Protective Order shall not constitute a waiver of the right of any party to claim in this action or otherwise that any Designated Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

[The remainder of this page is intentionally left blank]

| | |
|---|---|
| /s/ Robert D. Wilcox<br>Brian A. Sullivan (#2098)<br>Robert D. Wilcox (#4321)<br>Amy D. Brown (#4077)<br>WERB & SULLIVAN<br>300 Delaware Ave., 13th Floor<br>Wilmington, DE 19801<br>Telephone: (302) 652-1100<br><br>Attorneys for Tesla Industries, Inc. | /s/ John D. Demmy<br>John D. Demmy (#2802)<br>Stevens & Lee, P.C.<br>1105 North Market Street, 17th Floor<br>Wilmington, DE 19801<br>Telephone (302) 654-5180<br><br>John A. Adams<br>Susanin, Widman & Brennan, PC<br>455 South Gulph Rd., Ste 240<br>King of Prussia, PA 19406<br><br>Attorneys for David C. Waldmann |

ASHBY & GEDDES

/s/ Lauren F. Maguire
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Telephone:   (302) 654-1888
Facsimile:    (302) 654-2067

Louis S. Mastriani
Rodney R. Sweetland, III
David F. Nickel
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, DC 20036
Telephone: (202) 467-6300
Facsimile: (202) 466-2006

Attorneys for Defendants Lyndol W. Hollingsworth,
Charles Minnick and New Millennium Tools, Inc.

     **IT IS SO ORDERED** this____ day of May, 2006.

 

                                     _____
                                     HONORABLE GREGORY M. SLEET
                                     U.S. DISTRICT COURT JUDGE

# **EXHIBIT A**

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in Tesla Industries, Inc. v. David C. Waldmann, Lyndol W. Hollingsworth, Charles Minnick a/d/a Chuck Minnick, and New Millennium Tools, Inc., United States District Court for the District of Delaware, C.A. No. 06-55.  Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual:   _____

Present occupation/job description:   _____

_____

_____

Name of Company or Firm:   _____

Address:   _____

Dated:_____, 2006        _____
                                     [Signature]

                                     _____
                                     [Witness]

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2006, I caused one copy of the foregoing document to be served upon the persons listed below in the manner indicated:

**VIA E-MAIL & FIRST CLASS MAIL**

John A. Adams, Esq.
Susanin Widman & Brennan, P.C.
455 S. Gulph Road, Suite 240
King of Prussia, PA 19406

Louis S. Mastriani, Esq.
Rodney R. Sweetland, III, Esq.
David F. Nickel, Esq.
Adduci, Mastriani & Schaumberg, LLP
1200 Seventeenth Street, N.W.
Fifth Floor
Washington, DC 20036-3006

**VIA HAND DELIVERY**

John D. Demmy, Esq.
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, DE 19801

Steven J. Balick, Esq.
John G. Day, Esq.
Lauren E. Maguire, Esq.
Ashby & Geddes
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801

    /s/ Brian A. Sullivan
Brian A. Sullivan (#2098)