IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TESLA INDUSTRIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 06-055-GMS |
| v. ) | |
| ) | |
| DAVID C. WALDMANN, ) | |
| LYNDOL W. HOLLINGSWORTH, ) | |
| CHARLES MINNICK a/k/a CHUCK MINNICK, ) | |
| and NEW MILLENNIUM TOOLS, INC., ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF FED. R. CIV. P. 30(b)(6) DEPOSITION
OF PLAINTIFF TESLA INDUSTRIES, INC.**

PLEASE TAKE NOTICE that counsel for Defendants Lyndol W. Hollingsworth, Charles Minnick and New Millennium Tools, Inc. (collectively referred to as the "NMT Defendants") will take the Fed. R. Civ. P. 30(b)(6) deposition upon oral examination of Plaintiff TESLA INDUSTRIES, INC. ("Tesla"), starting on November 29, 2006, at 9:00 a.m. E.S.T., or at such other time as is agreed to by the parties, and continuing from day to day until completed. By prior agreement of the parties, this deposition will take place at the offices of WERB & SULLIVAN, 300 DELAWARE AVENUE, 13TH FLOOR, WILMINGTON, DELAWARE 19899, before a duly authorized notary public or some other officer authorized to administer oaths. The testimony at the deposition will be recorded by stenographic and/or videographic means.

Tesla shall designate one or more of its officers, directors or managing agents, or other persons with knowledge of the matters set forth in Schedule A of this notice to appear and testify on its behalf at the deposition. The persons so designated shall testify as to matters known or reasonably available to Tesla.

The deposition is being taken for purposes of discovery, for use at trial or any hearing in this adversary proceeding and/or for such other purposes as are permitted under the Federal Rules of Civil Procedure and the Local Rules of this Court.

You are invited to attend and cross-examine.

ASHBY & GEDDES

/s/ *Lauren E. Maguire*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants Lyndol W. Hollingsworth, Charles Minnick and New Millennium Tools, Inc.*

*Of Counsel:*

Louis S. Mastriani
Rodney R. Sweetland, III
David F. Nickel
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, DC 20036
Telephone: (202) 467-6300
Facsimile: (202) 466-2006

Dated: November 10, 2006
175036.1

## SCHEDULE A

1. "Plaintiff," "You," "Your" and "Tesla Industries" as used herein mean the Delaware Corporation Tesla Industries, Inc. and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, and all past or present officers, directors, affiliates, agents, employees, attorneys, consultants, representatives and any other person acting or purporting to act on behalf of Tesla Industries.

2. "Minnick" as used herein means Defendant Charles Minnick.

3. "Hollingsworth" as used herein means Defendant Lyndol W. Hollingsworth.

4. "Waldmann" as used herein means Defendant David C. Waldmann.

5. The "NMT Defendants" as used herein means and refers to Defendants New Millennium Tools, Inc., Minnick and Hollingsworth collectively and/or individually.

6. "DC Power Equipment" as used herein means the Delaware Corporation DC Power Equipment, L.L.C. and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, and all past or present officers, directors, affiliates, agents, employees, attorneys, consultants, representatives and any other person acting or purporting to act on behalf of DC Power Equipment, L.L.C., including but not limited to Mr. Kent Huffman, Mr. Mitchell D. Savrick and the law firm of Savrick, Schumann, Johnson, McGarr, Kaminski & Shirley, L.L.P.

7. "Document" means any written, printed, recorded or graphic matter, computer memory, computer tapes and diskettes, tapes, films, photographs, drawings, or any other tangible thing by which information is contained, stored or displayed, of every kind or description, however produced or reproduced, whether in draft or final, original or reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted, or executed,

including without limitation written and electronic communications, letters, correspondence, notes, memoranda of telephone conversations or meetings, diaries, desk calendars, interoffice communications, fax messages, e-mails, telegrams, telex messages, records, studies, bills, receipts, checks, checkbooks, purchase orders, invoices, requisitions, studies, summaries, analyses, statistical and financial statements, charts, graphs, reports, computer printouts, laboratory notebooks, invention disclosure documents, patent applications and drafts thereof, test records, test reports, assignments, licenses, bills of sale, sale of business agreements, market studies, articles, publications, patents, manuals, magnetic tapes, tabulations, records, work papers, journals, microfiche, microfilm photographic film, surveys, forms, printed brochures or material similar to any of the foregoing, however, denominated, by whomever prepared, and to whomever addressed, which are in Plaintiff's possession, custody or control or to which Plaintiff has, has had or can obtain access.

8. "Relating to" means comprising, consisting of, referring to, evidencing, reflecting, or being in any way legally, logically or factually connected with the matter discussed. "Relate to" means consist of, refer to, reflect, or be in any way legally, logically or factually connected with the matter discussed.

9. "Person" means any natural person, firm, association, partnership, government agency, corporation, proprietorship, or other entity and its officers, directors, partners, employees, representatives and agents.

10. "Third party" means anyone other than Plaintiff, Minnick, Hollingsworth, Waldmann or NMT.

11. "Communication" means or refers to all discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, advertisements or other forms of information exchanged, whether oral, electronic or written.

12. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

13. Any pronouns shall be construed to refer to the masculine, feminine or neutral gender, in singular or plural, as in each case is most appropriate.

14. The words "all" and "any" shall be construed to mean "any and all."

15. The word "each" shall be construed to mean "each and every."

16. The singular form of any word shall be construed to also include the plural.

**Matters on Which Examination is Requested:**

1. Tesla's document retention and destruction policies from 2003 to present.

2. Tesla's creation, maintenance and destruction of documents responsive to the NMT Defendants' First and Second Sets of Interrogatories and Requests for the Production of Documents and Things in this action.

3. Identities of custodians of Tesla's documents and files responsive to the NMT Defendants' First and Second Sets of Interrogatories and Requests for the Production of Documents and Things in this action.

4. The methodology, procedure and efforts made by Tesla to identify, search for, locate, gather and produce documents and files responsive to the NMT Defendants' First and Second Sets of Interrogatories and Requests for the Production of Documents and Things in this action.

5. The identities of persons who were involved in identifying, searching for, locating, gathering and producing documents and files responsive to the NMT Defendants' First and Second Sets of Interrogatories and Requests for the Production of Documents and Things in this action.

6. The identities of persons who were contacted to identify, search for, locate, gather and produce documents and files responsive to the NMT Defendants' First and Second Sets of Interrogatories and Requests for the Production of Documents and Things in this action.

7. The identities of persons who identified, searched for, located, gathered or produced documents or files responsive to the NMT Defendants' First and Second Sets of Interrogatories and Requests for the Production of Documents and Things in this action.

8. Locations of all off-site file and/or document storage facilities, the identification of files located there, and the identification of custodians of those files.

9. All locations where documents and files responsive to the NMT Defendants' First and Second Sets of Interrogatories and Requests for the Production of Documents and Things in this action were searched for and were located.

10. The identity of any documents and files responsive to the NMT Defendants' First and Second Sets of Interrogatories and Requests for the Production of Documents and Things in this action that were identified or located, but were not produced to the NMT Defendants.

11. Tesla's e-mail systems since 2000, including the format, identity, structure and operation of such systems; the persons responsible for operating and maintaining such systems; maintenance, archiving and destruction policies regarding e-mail communications; and the locations and identities of custodians of e-mail files and archived email files.

12. All damages Tesla alleges were suffered by it as a result of the acts or omissions of Defendants as alleged in the Verified Complaint and in response and supplemental response to the NMT Defendants' Interrogatory No. 3.

13. Tesla's organizational structure as it relates to research, development, testing, manufacturing, marketing, distribution, sale and licensing.

14. Any product developed, designed, researched, manufactured, marketed, advertised or offered for sale by Tesla embodying, reflecting or related to any of the trade secrets alleged in the Verified Complaint and in response to Interrogatory No. 9.

15. All fact supporting Tesla's Thirteenth Affirmative Defense in its Answer to the Counterclaims of Defendant David C. Waldman that "[t]he damages suffered by Waldmann were the proximate result of the misconduct of Defendants Lyndol C. Hollingsworth, Charles Minnick and New Millennium Tools, Inc. . . . ."

16. Tesla Industries' "efforts to protect its information," as alleged in paragraphs 10-13 of the Verified Complaint.

17. Any "security measures" that were in effect at Tesla from January 1, 2000, through January 1, 2006.

18. The relevant market for the trade secrets alleged in the Verified Complaint.

19. Tesla's Answer to the Answer and Counterclaims of Defendants Lyndol W. Hollingsworth, Charles Minnick A/K/A Chuck Minnick and New Millennium Tools, Inc.

20. Any patent or patent application filed anywhere in the world by Tesla Industries relating to the trade secrets alleged in the Verified Complaint.

21. Any communication with or demonstration to anyone not employed by Tesla Industries of any alleged trade secret described in the Verified Complaint.

22. The averment in paragraph 8 of the Affidavit of David J. Masilotti appended to your Verified Complaint that "Tesla Industries has invested millions of dollars in research and development, marketing, selling and servicing its products . . . ."

23. The averment in paragraph 13 of the Affidavit of David J. Masilotti appended to your Verified Complaint that "[t]he investigation and discovery of Waldmann's actions have been devastating and costly to Tesla Industries, causing great damage and concern."

24. The first time Tesla became aware of each of the NMT Defendants, including but not limited to the date, nature and circumstance of such awareness.

25. The first time Tesla became aware of each of the DC Impact Wrench that allegedly incorporated Tesla's alleged trade secrets, including but not limited to the date, nature and circumstance of such awareness.

26. Tesla's efforts to sell, offer for sale, advertise, market and/or otherwise distribute the alleged trade secrets identified in the Verified Complaint.

27. Any restrictions imposed on customers or potential customers that have purchased or may purchase one or more of the alleged Trade Secrets that are identified in the Verified Complaint.

28. Any non-disclosure agreement and/or confidentiality agreement Tesla has provided to, or entered into with any current, former or potential customer of any of the alleged Trade Secrets identified in the Verified Complaint.

29. From October 1, 2005, to the present, each communication and/or discussion that Tesla, or any of its employees and/or agents, had with any current, former or potential customer of Tesla relating to this litigation, the alleged Trade Secrets identified in the Verified Complaint, Defendant Waldmann and/or the NMT Defendants.

30. All manufacturers and/or distributors of any products that compete, in any way, with the alleged Trade Secrets identified in the Verified Complaint.

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of November, 2006, the attached **NOTICE OF FED. R. CIV. P. 30(b)(6) DEPOSITION OF PLAINTIFF TESLA INDUSTRIES, INC.** was served upon the below-named counsel of record at the addresses and in the manner indicated:

| | |
|---|---|
| Brian A. Sullivan, Esquire<br>Werb & Sullivan<br>300 Delaware Avenue, 13th Floor<br>Wilmington, DE 19801 | HAND DELIVERY |
| Arthur G. Connolly, III, Esquire<br>Connolly Bove Lodge & Hutz LLP<br>The Nemours Building<br>1007 North Orange Street<br>P. O. Box 2207<br>Wilmington, DE 19899 | HAND DELIVERY |
| John D. Demmy, Esquire<br>Stevens & Lee, P.C.<br>1105 North Market Street, 7th Floor<br>Wilmington, DE 19801 | HAND DELIVERY |
| John A. Adams, Esquire<br>Susanin, Widman & Brennan, PC<br>455 South Gulph Road, Suite 240<br>King of Prussia, PA 19406 | VIA FEDERAL EXPRESS |

/s/ Lauren E. Maguire
_____
Lauren E. Maguire

166961.1