IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TESLA INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06-055-GMS |
| v. | ) | |
| | ) | |
| DAVID C. WALDMANN, | ) | |
| LYNDOL W. HOLLINGSWORTH, | ) | |
| CHARLES MINNICK a/k/a CHUCK MINNICK, and | ) | |
| NEW MILLENNIUM TOOLS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR A PROTECTIVE ORDER
## AGAINST TESLA'S IMPROPER CONDUCT DURING DEPOSITION

Defendants Lyndol W. Hollingsworth, Charles Minnick and New Millennium Tools, Inc. (collectively referred to as the "NMT Defendants") respectfully move for a protective order pursuant to the Court's inherent authority and Fed. R. Civ. P. 26(c)(5). Specifically, the NMT Defendants request that the Court preclude Plaintiff Tesla Industries, Inc. ("Tesla") from designating Messrs. David Masilotti and Frank Mooney as its corporate representative at any of the NMT Defendants' depositions (which are scheduled to occur November 15, 2006 through November 17, 2006 in Washington, DC) because of their outrageous conduct during a previous deposition in this matter.

On May 18, 2006, Tesla deposed Defendant David Waldmann (the "Waldman Deposition"). Messrs. Masilotti and Mooney attended the Waldmann Deposition as Tesla's corporate representatives. During that deposition, Messrs. Masilotti and Mooney frequently interrupted to insult Mr. Waldmann and attempted to insert their own answers to questions posed to Mr. Waldmann. Although such actions were the focus of objections, counsel for Tesla did

nothing to stop this reprehensible conduct of its client.

At one point, for example, Mr. Masilotti interrupted the deposition to exclaim **"Is he retarded?"** (Exhibit 1, Waldmann Dep. Tr., at 49:2) (emphasis added). He also refused to turn off his cell phone, interrupting the deposition several times with its high-volume, contemporary musical tone. (*See e.g., id.* at 124:7.) Likewise, Mr. Mooney improperly interjected his opinion as to Mr. Waldmann's sworn testimony. These and other interruptions prompted the following objection from Mr.Waldmann's counsel:

> MR. ADAMS:    This is like the fourth comment we've had in the deposition where Mr. Masilotti said is [Mr. Waldmann] retarded, Mr. Mooney just said no. If they continue on, I am going to have the judge remove them from the deposition. But from now on, keep your mouths shut.

(*Id.* at 96:9-13.) Rather than instructing his clients to cease interrupting the deposition, counsel for Tesla retorted: "Don't talk to my client. I recognize your objection." (*Id.* at 96:9-16.)

As the District Court of the District of Columbia has articulated:

> A deposition is an extension of a judicial proceeding. It should be attended and conducted with the same sense of solemnity and the same rules of etiquette that would be required were the parties in the courtroom itself.

*Alexander v. F.B.I.,* 186 F.R.D. 21, 52 (D.D.C. 1998.) Pursuant to Fed. R. Civ. P. 26(c)(5), the Court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including … (5) that discovery be conducted with no one present except persons designated by the court." Fed. R. Civ. P. 26(c)(5). In light of the foregoing, it is evident that Messrs. Masilotti and Mooney cannot – or simply refuse to – act in a proper manner, and their counsel either is unable or unwilling to restrain them.

Because of Messrs. Masilotti's and Mooney's outrageous conduct, counsel for the NMT Defendants contacted counsel for Tesla advising them that, while the NMT Defendants do not object to a Tesla representative attending the NMT Defendants' deposition, it does object to Messrs. Masilotti's and Mooney's attendance. (*See* Exhibit 2, November 8, 2006, letter from D. Nickel to R. Wilcox.) Rather than addressing the NMT Defendants' concerns, Tesla simply responded: "we reserve the right to have Tesla Industries, Inc. designate who will attend the depositions as its representative." (*See* Exhibit 3, November 9, 2006, e-mail from R. Wilcox to D. Nickel.) In a subsequent telephone conference prompted by the NMT Defendants to attempt to negate the need to seek relief from the Court, counsel for Tesla again refused to agree that it would not designate Messrs. Masilotti and/or Mooney as Tesla's corporate representative at the NMT Defendants' depositions. (*See* Exhibit 4, November 10, 2006 e-mail from D. Nickel to R. Wilcox.)

This case involves intentional torts, which are inherently likely to elicit emotional reactions from litigants. Since Messrs. Masilotti and Mooney already have demonstrated their inability to conduct themselves in a civil fashion at an official proceeding, and counsel for Tesla has not shown any inclination or ability to restrain their behavior, the NMT Defendants respectfully request that this Court preclude Messrs. Masilotti and Mooney from attending any of the NMT Defendants' depositions, and order counsel for Tesla to take affirmative steps to prevent any corporate representative from Tesla from acting in an improper and uncivil fashion during future depositions.

ASHBY & GEDDES

/s/ John G. Day

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants Lyndol W.
Hollingsworth, Charles Minnick and New
Millennium Tools, Inc.*

*Of Counsel:*

Louis S. Mastriani
Rodney R. Sweetland, III
David F. Nickel
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, DC 20036
Telephone: (202) 467-6300
Facsimile: (202) 466-2006

Dated: November 13, 2006
175104.1

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of November, 2006, the attached **MOTION FOR A**

**PROTECTIVE ORDER AGAINST TESLA'S IMPROPER CONDUCT DURING**

**DEPOSITION** was served upon the below-named counsel of record at the addresses and in the

manner indicated:


Brian A. Sullivan, Esquire                                          HAND DELIVERY
Werb & Sullivan
300 Delaware Avenue, 13th Floor
Wilmington, DE  19801

Arthur G. Connolly, III, Esquire                                    HAND DELIVERY
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P. O. Box 2207
Wilmington, DE  19899

John D. Demmy, Esquire                                              HAND DELIVERY
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, DE  19801

John A. Adams, Esquire                                              VIA FEDERAL EXPRESS
Susanin, Widman & Brennan, PC
455 South Gulph Road, Suite 240
King of Prussia, PA  19406


/s/ John G. Day
_____
John G. Day

166961.1

# EXHIBIT 1

1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

TESLA INDUSTRIES, INC.                    )
a Delaware corporation,                   )
                                          )
          Plaintiff,                      )
                                          )   Civil Action
v.                                        )   No. 06-0055
                                          )
DAVID C. WALDMANN,                        )
LYNDOL W. HOLLINGSWORTH                    )
CHARLES MINNICK, a/k/a CHUCK              )
MINNICK,                                  )
NEW MILLENIUM TOOLS, INC.                 )
an Oregon corporation,                    )
                                          )
          Defendants.                     )

          Deposition of DAVID WALDMANN, taken
pursuant to notice at the law offices of Werb &
Sullivan, 300 Delaware Avenue, Wilmington, Delaware,
beginning at 10:25 a.m., on Thursday, May 18, 2006,
before Terry Barbano Burke, RMR-CRR and Notary Public.


APPEARANCES:

          ROBERT D. WILCOX, ESQUIRE
          Werb & Sullivan
             300 Delaware Avenue, Suite 1300
             Wilmington, Delaware  19801
             For the Plaintiff


          WILCOX & FETZER
    1330 King Street -  Wilmington, Delaware 19801
               (302) 655-0477
               www.wilfet.com



EXHIBIT

1



**WILCOX & FETZER LTD.**
Registered Professional Reporters



```
 1  │ APPEARANCES (cont'd):
 2  │         JOHN A. ADAMS, ESQUIRE
    │         Susanin, Widman & Brennan, P.C.
 3  │          Executive Terrace, Suite 240
    │          455 South Gulph Road
 4  │          King of Prussia, PA  19406-3119
    │          For the Defendant
 5  │          David C. Waldmann
 6  │
    │         DAVID F. NICKEL, ESQUIRE
 7  │         Adduci, Mastriani & Schaumberg, LLP
    │          1200 Seventeenth Street, N.W.
 8  │          Washington, DC  20036
    │          Counsel for the Defendants
 9  │          Lyndol W. Hollingsworth, Charles Minnick
    │          and New Millennium Tools, Inc.
10  │
11  │ ALSO PRESENT:
    │         DAVID J. MASILOTTI
12  │         FRANK MOONEY
    │         RAEANN WARNER
13  │
    │                    -      -      -
14  │
15  │            ...DAVID C. WALDMANN,
16  │         the deponent herein, having first been
17  │         duly sworn on oath, was examined and
18  │         testified as follows:
19  │ BY MR. WILCOX:
20  │    Q.    Good morning, Mr. Waldmann.  My name is Robert
21  │ Wilcox.  I am an attorney for Tesla Industries, Inc.,
22  │ the plaintiff in this matter.  I will be referring to
23  │ Tesla Industries, Inc., primarily as Tesla Industries.
24  │ On occasion I may slip and call them Tesla.  I assume
```

1    you know what I'll be referring to?

2      A.    Yes, sir.

3      Q.    If I ask a question and you don't hear or

4    understand, please ask me to repeat or clarify the

5    question.

6                 Will you do that?

7      A.    Yes, sir.

8      Q.    Are you under any disability that would affect

9    your ability to testify truthfully today?

10      A.    Not at all.

11      Q.    Are you taking any medication?

12      A.    No.

13      Q.    During breaks, will you agree not to discuss

14    your testimony with anyone?

15      A.    Yes.

16      Q.    Other than talking to your lawyer, what have

17    you done to prepare for the deposition today?

18      A.    Reviewed the complaint that was filed against

19    me.

20      Q.    Have you talked to Mr. Hollingsworth?

21      A.    When?  Today?

22      Q.    When was the last time you talked to

23    Mr. Hollingsworth?

24      A.    About three days ago.

David C. Waldmann

48

1    with that.

2        A.    What's my understanding of it?

3        Q.    Yes.

4        A.    I agree as far as it's an agreement of

5    nondisclosure and even to today when I look at that and

6    I see that to any way assist, support or provide

7    information to others.

8                    MR. ADAMS:  Can I help him?

9                    MR. WILCOX:  No.

10                    MR. ADAMS:  He misunderstands the

11   document.

12                    MR. WILCOX:  I am entitled to know what

13   his understanding is.

14                    MR. ADAMS:  I know that.  But we didn't

15   review these things because these weren't the scope of

16   the deposition that you said you were going to conduct.

17   You said you were here to look for what confidential

18   information wasn't here so we didn't go through these

19   things in depth, review these documents like that.  So

20   clearly anybody, at least any lawyer can read that

21   document and say he doesn't know what he's referring to

22   when he's looking at that paragraph about "assist."

23   So I don't know what you want us to do.  He doesn't

24   understand the paragraph.

49

1          MR. WILCOX:  He has some understanding --

2          MR. MASILOTTI:  Is he retarded?

3          MR. WILCOX:  I understand your comments.

4   I'm still going to ask them.

5          MR. NICKEL:  I also agree that this is

6   outside the scope.

7          MR. WILCOX:  I don't believe that it is.

8          MR. NICKEL:  I laid my objection.  It is

9   outside the scope of the deposition, as well as the

10  judge's order.

11         MR. WILCOX:  Let's see about the judge's

12  order relates to the distribution of information.  This

13  clearly relates to the distribution of information.

14         MR. ADAMS:  No, it doesn't.

15         MR. NICKEL:  No.

16         MR. ADAMS:  It just doesn't.

17         MR. WILCOX:  This doesn't relate to the

18  distribution of information?

19         MR. ADAMS:  No.  It is his understanding

20  of what the document says.  I didn't prepare that

21  because that's not what you told me to prepare for.  If

22  I'd have known, I would have read the sentence to him

23  and tried to explain to him what it meant.  He doesn't

24  understand the paragraph.

David C. Waldmann

96

1    Q.    Did you do it or not?  You say if you did it.

2  Did you do it?

3    A.    Well, some quarters I did, and some quarters I

4  didn't need to.

5    Q.    Why wouldn't you have needed to?

6    A.    I was told that I was not to create that sales

7  report at Tesla at work.  I was to do this on my own

8  time at home.  Mr. Mooney directed me to do that.

9          MR. ADAMS:  This is like the fourth

10  comment that we've had in the deposition where

11  Mr. Masilotti said is he retarded, Mr. Mooney just said

12  no.  If they continue on, I am going to have the judge

13  remove them from the deposition.  But from now on, keep

14  your mouths shut.

15          MR. WILCOX:  Don't talk to my client.  I

16  recognize your objection.

17  BY MR. WILCOX:

18    Q.    When you took those sales reports home, you

19  put them in your briefcase and walked out?

20    A.    Correct.  That is correct.

21    Q.    Did you tell anybody you were doing that?

22    A.    Did I tell anyone?  No, I did not.

23    Q.    When you put them back, where did you put

24  them?

David C. Waldmann

124

1   John Tile, BAE Systems.

2       Q.      John?

3       A.      Tile, T-I-L-E.

4       Q.      You say you were directed to him.  You were

5   directed to him by whom?

6       A.      A person at a trade show --

7               (Phone interruption.)

8               THE WITNESS:  I don't remember.

9               MR. NICKEL:  Let the record reflect

10  Mr. Masilotti's cell phone is going off again and

11  interrupted the testimony.

12              MR. WILCOX:  Read back the question.

13              (The pending question was then read back

14  by the reporter.)

15              THE WITNESS:  I believe her name was

16  Barbara, she worked for BAE System and was United

17  Defense and she said that John Tile was the contact to

18  talk to regarding getting that information.

19              MR. MASILOTTI:  My wife's in the

20  hospital, that's why my phone keeps ringing.

21  BY MR. WILCOX:

22      Q.      I think you were saying that you were directed

23  to John Tile who you were told was the contact person?

24      A.      Was the contact person at BAE system regarding

1  Industries?

2      A.    As I understand it, yes, the manager of his

3  department, the machine shop, manages the machine shop

4  and the inventory there.

5      Q.    Did you generate an invoice for that nylon

6  acetate?

7      A.    It was my understanding that it was scrap

8  material and, no, there was no invoice generated for

9  that.

10     Q.    But normally when you sent things out like

11 that, would you generate an invoice?

12     A.    I asked if we needed to charge them for it,

13 and he said no, this was scrap.  So there was no charge

14 assigned to it.  And no invoice was created for it.

15     Q.    Did you ever send Mr. Hollingsworth any

16 information regarding a Dola battery?  Do you know what

17 that is?

18     A.    I know what it is according to what he, a

19 project that he was working on.  Did I send him

20 information on a battery, no.

21              MR. WILCOX:  That's it for today.

22 Thanks.

23              (Witness excused.)

24              (The deposition concluded at 5:00 p.m.)

```
1
2
```

I N D E X

```
3
```
DEPONENT:  DAVID C. WALDMANN                    PAGE

Examination by Mr. Wilcox                    2

```
4
```
E X H I B I T S

```
5
```
PLAINTIFF'S DEPOSITION EXHIBITS              MARKED

```
6
```
P-1    Notice of Deposition                    20

```
7
```
P-2    Verified Complaint                      20

```
8
```
P-3    Answer, Affirmative Defenses and        21
       Counterclaims of Defendant
```
9
```
       David C. Waldmann

```
10
```
P-4    Answer and Counterclaims of             21
```
11
```
       Defendants Lyndol W. Hollingsworth,
       Charles Minnick a/k/a Chuck Minnick
```
12
```
       and New Millennium Tools, Inc. and
       Demand for Jury Trial

```
13
```
P-5    E-mail sent March 16, 2005, from        149
```
14
```
       Joseph Talbot to Dave Waldmann,
       TI 036 through TI 038

```
15
```
P-6    E-mail dated June 8, 2006, from         154
```
16
```
       Dave Waldmann TI 067 through TI 074
```
17
```
P-7    E-mail dated July 28, 2005, from Dave   163
       Waldmann to Lyndol Hollingsworth, TI 065
```
18
```
P-8    E-mail dated March 21, 2005, from       171
```
19
```
       Joseph Talbot to Dave Waldmann, TI 039
       Through TI 047
```
20
```
P-9    Three photocopies of photographs,       178
```
21
```
       TI 033 through TI 035
```
22
```
P-10   E-mail dated March 28, 2005, from       186
       Joseph Talbot to Dave Waldmann,
```
23
```
       TI 027 through TI 031
```
24
```

CERTIFICATE OF REPORTER          PAGE 195



**WILCOX & FETZER LTD.**
Registered Professional Reporters

1  State of Delaware      )
                          )
2  New Castle County      )

3

                    CERTIFICATE OF REPORTER

4
        I, Terry B. Burke, RMR-CRR and Notary Public,
5  do hereby certify that there came before me on May 18,
   2006, the deponent herein, DAVID C. WALDMANN who was
6  duly sworn by me and thereafter examined by counsel for
   the respective parties; that the questions asked of
7  said deponent and the answers given were taken down by
   me in Stenotype notes and thereafter transcribed by use
8  of computer-aided transcription and computer printer
   under my direction.

9
        I further certify that the foregoing is a true
10 and correct transcript of the testimony given at said
   examination of said witness.

11
        I further certify that reading and signing of
12 the deposition were waived by the deponent and counsel.

13      I further certify that I am not counsel,
   attorney, or relative of either party, or otherwise
14 interested in the event of this suit.

15

16

17      Terry Barbano Burke, RMR-CRR

18      Certification No. 233-RPR

19      (Expires January 31, 2008)

20

21 DATED:

22

23

24



WILCOX & FETZER LTD.
Registered Professional Reporters

# EXHIBIT 2

# ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.

### ATTORNEYS AT LAW

V. JAMES ADDUCI II
LOUIS S. MASTRIANI
TOM M. SCHAUMBERG
BARBARA A. MURPHY
HARVEY B. FOX
WILL E. LEONARD
JAMES TAYLOR, JR.
MAUREEN F. BROWNE
MICHAEL G. McMANUS
RODNEY R. SWEETLAND, III
MICHAEL L. DOANE
WILLIAM C. SJOBERG
PAUL G. HEGLAND
DAVID F. NICKEL
SARAH E. HAMBLIN*
MARK R. LEVENTHAL
S. ALEX LASHER
ANDREA B. MILLER*

*ADMITTED TO A BAR OTHER THAN D.C.

1200 SEVENTEENTH STREET, N.W.
WASHINGTON, D.C. 20036
Telephone: (202) 467-6300
Facsimile: (202) 466-2006
e-mail: [lastname]@adduci.com
www.adduci.com

OF COUNSEL

ROBERT A. WESTERLUND
DAVID O. POSZ
JAMES E. BARLOW*
GREGORY C. ANTHES
JOHN C. STEINBERGER

AFFILIATE

AM&S TRADE SERVICES, LLC
CARLOS MOORE, PRESIDENT

November 8, 2006

**<u>VIA ELECTRONIC MAIL and FIRST CLASS MAIL</u>**

Robert D. Wilcox, Esq.
WERB & SULLIVAN
300 Delaware Avenue, 13th Floor
P. O. Box 25046
Wilmington, Delaware 19899

     Re:    <u>Tesla Industries v. David Waldmann, *et al.*</u>

Dear Mr. Wilcox:

     We write regarding the depositions of our clients, Lyndol W. Hollingsworth, Charles Minnick and New Millennium Tools, Inc. (collectively referred to as the "NMT Defendants"), which are scheduled to take place from November 15-17, 2006. Specifically, we write to request that Plaintiff Tesla Industries ("Telsa") advise us immediately whether it will bring a corporate representative to attend the deposition and, if so, the name of the representative. We make this request in order to determine whether we need to seek a protective order, pursuant to Fed. R. Civ. P. 26(c), precluding Messrs. Masilotti and Mooney from attending the depositions of the NMT Defendants.

     As you recall, Messrs. Masilotti and Mooney attended the May 18, 2006, "limited" deposition of David Waldmann on behalf of Tesla. The "limited" deposition took approximately six (6) hours to complete and largely focused on issues that were not the subject of the Court's Order or Notice of Deposition. (*See e.g.*, Waldmann Dep. Tr. at 48-49, 70, 85, 139-140 and 149 (some of the repeated objections of Mr. Adams and Mr. Nickel regarding questions outside of the scope of the Court's Order.) Although your clients were permitted only to attend – and not to participate in – Mr. Waldmann's deposition, they repeatedly interrupted the deposition by demeaning the deponent, inserting their own answers to questions and failing to turn off their cell phones.



Robert D. Wilcox, Esq.
November 8, 2006
Page 2

For example, during Mr. Waldmann's deposition, Mr. Masilotti harassed and intimidated the witness by interrupting the deposition and exclaiming "**Is he retarded?**" (Waldmann Dep. Tr. at 49:2) (emphasis added). Likewise, Mr. Mooney improperly interjected his opinion as to Mr. Waldmann's sworn testimony. These and other interruptions prompted the following objection from Mr. Adams:

> MR. ADAMS:   This is like the fourth comment we've had in the deposition where Mr. Masilotti said is [Mr. Waldmann] retarded, Mr. Mooney just said no. If they continue on, I am going to have the judge remove them from the deposition.

(*Id.* at 96:9-13.) Unfortunately, notwithstanding Mr. Adams' objection, Mr. Masilotti's cell phone, which utilizes a musical ring tone, continued to ring and interrupt the deposition. (*See e.g.*, *id.* at 124:7.) You took no action to restrain this manifestly outrageous conduct by your client's representatives.

As the District Court of the District of Columbia has stated:

> A deposition is an extension of a judicial proceeding. It should be attended and conducted with the same sense of solemnity and the same rules of etiquette that would be required were the parties in the courtroom itself.

*Alexander v. F.B.I.*, 186 F.R.D. 21, 52 (D.D.C. 1998.) It is obvious from the foregoing that Messrs. Masilotti and Mooney cannot, or simply refuse to, act in a proper manner. These interruptions only served to harass and intimidate Mr. Waldmann during his deposition. We will not allow this conduct to occur during our clients' depositions. While we do not object to a Tesla representative attending our clients' deposition, we do object to Messrs. Masilotti's and Mooney's attendance and, if required, we will seek a protective order precluding them from attending these depositions. They have already demonstrated their inability to conduct themselves in a civil fashion in an official proceeding and you have not shown any inclination or ability to restrain their behavior.

Accordingly, please advise by the close of business on Thursday, November 9, 2006, whether Tesla intends to have a party representative attend the NMT Defendants' depositions and, if so, the identity of that representative.

Robert D. Wilcox, Esq.
November 8, 2006
Page 3


Thank you for your anticipated cooperation in this matter.


Sincerely,

David F. Nickel


DFN:llk
cc:    Brian A. Sullivan, Esq.
       Paul E. Crawford, Esq.
       John A. Adams, Esq.
       Steven J. Balick, Esq.



NMT301606

# EXHIBIT 3

**David Nickel**

| | |
|---|---|
| **From:** | Robert Wilcox [RWilcox@werbsullivan.com] |
| **Sent:** | Thursday, November 09, 2006 6:15 PM |
| **To:** | Robert Wilcox; David Nickel; Rodney Sweetland; jday@ashby-geddes.com |
| **Cc:** | jaadams@swbcounsellors.com; Brian A. Sullivan; Raeann Warner; jdd@stevenslee.com; pcrawford@cblh.com |
| **Subject:** | RE: Tesla v. Waldmann |

Counsel:
Please see the message below.

---

**From:** Robert Wilcox [mailto:rwilcox@wilcoxlawfirm.com]
**Sent:** Thursday, November 09, 2006 5:26 PM
**To:** 'David Nickel'; Raeann Warner; 'Paul E. Crawford'
**Cc:** 'jday@ashby-geddes.com'; 'SBalick'; 'Rodney Sweetland'; 'Lou Mastriani'; 'Jaadams@swbcounsellors.com'; 'jdd@stevenslee.com'; Brian A. Sullivan
**Subject:** RE: Tesla v. Waldmann

David:

We acknowledge the request for the rescheduling of Mr. Hollingsworth's deposition, but must respectfully insist that he appear on Friday the 17th.

Additionally, we reserve the right to have Tesla Industries, Inc. designate who will attend the depositions as its representative.

With regard to the outstanding subpoena for DC Power, I have not heard back from DC Power's attorney regarding the expected time of his client's document production tomorrow. If we do not receive them as promised, we may seek to move the deposition back to Tuesday, November 14 so that we all have a reasonable period to review the documents prior to the deposition.

Regards.

---

**From:** David Nickel [mailto:Nickel@adduci.com]
**Sent:** Thursday, November 09, 2006 2:00 PM
**To:** rwilcox@wilcoxlawfirm.com; Raeann Warner; Paul E. Crawford
**Cc:** jday@ashby-geddes.com; SBalick; Rodney Sweetland; Lou Mastriani; Jaadams@swbcounsellors.com; jdd@stevenslee.com
**Subject:** Tesla v. Waldmann

Mr. Wilcox:

Mr. Hollingsworth just informed me that he must return to Texas on the evening of Thursday, November 16, 2006. Are you amenable to moving his deposition date up to Thursday the 15th, as you originally proposed in your October 27, 2006, correspondence? Thank you for your consideration in this matter.

Regards,

David

---

**David F. Nickel**
Adduci, Mastriani and Schaumberg, L.L.P.

11/13/2006

**EXHIBIT**
**3**

1200 17th Street, N.W.
Washington, D.C. 20036
Telephone: (202) 467-6300
Facsimile: (202) 466-2006

THIS ELECTRONIC MESSAGE AND ATTACHMENTS, IF ANY, ARE INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY NAMED ABOVE (OR THOSE PROPERLY ENTITLED TO ACCESS THE INFORMATION) AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, ATTORNEY-WORK PRODUCT OR OTHERWISE EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.  IF THE READER OF THIS TRANSMISSION IS NOT THE INTENDED OR AN AUTHORIZED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY UNAUTHORIZED DISTRIBUTION, DISSEMINATION, OR COPYING OF THIS TRANSMISSION AND THE ATTACHMENTS, IF ANY, IS PROHIBITED.

IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE IMMEDIATELY NOTIFY US COLLECT CALL (202) 467-6300, BY FACSIMILE (202) 466-2006, OR BY ELECTRONIC MAIL ams@adduci.com.

# EXHIBIT 4

**From:** David Nickel
**Sent:** Friday, November 10, 2006 12:01 PM
**To:** 'Robert Wilcox'; Robert Wilcox; Rodney Sweetland; jday@ashby-geddes.com
**Cc:** jaadams@swbcounsellors.com; Brian A. Sullivan; Raeann Warner; jdd@stevenslee.com; pcrawford@cblh.com
**Subject:** RE: Tesla v. Waldmann

Mr. Wilcox:

We were disappointed to receive your email of last night and, prior to seeking relief from the Court, we would like to have a conference call as soon as possible to discuss the issues set forth below. Are you available today to discuss these matters?

Regards,

David

**David F. Nickel**
Adduci, Mastriani and Schaumberg, L.L.P.
1200 17th Street, N.W.
Washington, D.C. 20036
Telephone: (202) 467-6300
Facsimile: (202) 466-2006

THIS ELECTRONIC MESSAGE AND ATTACHMENTS, IF ANY, ARE INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY NAMED ABOVE (OR THOSE PROPERLY ENTITLED TO ACCESS THE INFORMATION) AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, ATTORNEY-WORK PRODUCT OR OTHERWISE EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS TRANSMISSION IS NOT THE INTENDED OR AN AUTHORIZED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY UNAUTHORIZED DISTRIBUTION, DISSEMINATION, OR COPYING OF THIS TRANSMISSION AND THE ATTACHMENTS, IF ANY, IS PROHIBITED.

IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE IMMEDIATELY NOTIFY US COLLECT CALL (202) 467-6300, BY FACSIMILE (202) 466-2006, OR BY ELECTRONIC MAIL ams@adduci.com.

-----Original Message-----
**From:** Robert Wilcox [mailto:RWilcox@werbsullivan.com]
**Sent:** Thursday, November 09, 2006 6:15 PM
**To:** Robert Wilcox; David Nickel; Rodney Sweetland; jday@ashby-geddes.com
**Cc:** jaadams@swbcounsellors.com; Brian A. Sullivan; Raeann Warner; jdd@stevenslee.com; pcrawford@cblh.com
**Subject:** RE: Tesla v. Waldmann

Counsel:
Please see the message below.

**From:** Robert Wilcox [mailto:rwilcox@wilcoxlawfirm.com]
**Sent:** Thursday, November 09, 2006 5:26 PM
**To:** 'David Nickel'; Raeann Warner; 'Paul E. Crawford'
**Cc:** 'jday@ashby-geddes.com'; 'SBalick'; 'Rodney Sweetland'; 'Lou Mastriani'; 'Jaadams@swbcounsellors.com'; 'jdd@stevenslee.com'; Brian A. Sullivan
**Subject:** RE: Tesla v. Waldmann

David:

We acknowledge the request for the rescheduling of Mr. Hollingsworth's deposition, but must respectfully insist that he appear on Friday the 17th.

Additionally, we reserve the right to have Tesla Industries, Inc. designate who will attend the depositions as its

**EXHIBIT**
**4**

With regard to the outstanding subpoena for DC Power, I have not heard back from DC Power's attorney regarding the expected time of his client's document production tomorrow. If we do not receive them as promised, we may seek to move the deposition back to Tuesday, November 14 so that we all have a reasonable period to review the documents prior to the deposition.

Regards.

---

**From:** David Nickel [mailto:Nickel@adduci.com]
**Sent:** Thursday, November 09, 2006 2:00 PM
**To:** rwilcox@wilcoxlawfirm.com; Raeann Warner; Paul E. Crawford
**Cc:** jday@ashby-geddes.com; SBalick; Rodney Sweetland; Lou Mastriani; Jaadams@swbcounsellors.com; jdd@stevenslee.com
**Subject:** Tesla v. Waldmann

Mr. Wilcox:

Mr. Hollingsworth just informed me that he must return to Texas on the evening of Thursday, November 16, 2006.  Are you amenable to moving his deposition date up to Thursday the 15th, as you originally proposed in your October 27, 2006, correspondence?  Thank you for your consideration in this matter.

Regards,

David


David F. Nickel
Adduci, Mastriani and Schaumberg, L.L.P.
1200 17th Street, N.W.
Washington, D.C. 20036
Telephone: (202) 467-6300
Facsimile: (202) 466-2006

THIS ELECTRONIC MESSAGE AND ATTACHMENTS, IF ANY, ARE INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY NAMED ABOVE (OR THOSE PROPERLY ENTITLED TO ACCESS THE INFORMATION) AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, ATTORNEY-WORK PRODUCT OR OTHERWISE EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.  IF THE READER OF THIS TRANSMISSION IS NOT THE INTENDED OR AN AUTHORIZED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY UNAUTHORIZED DISTRIBUTION, DISSEMINATION, OR COPYING OF THIS TRANSMISSION AND THE ATTACHMENTS, IF ANY, IS PROHIBITED.

IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE IMMEDIATELY NOTIFY US COLLECT CALL (202) 467-6300, BY FACSIMILE (202) 466-2006, OR BY ELECTRONIC MAIL ams@adduci.com.