UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TESLA INDUSTRIES, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>DAVID C. WALDMANN, LYNDOL W. HOLLINGSWORTH, CHARLES MINNICK a/k/a CHUCK MINNICK, and NEW MILLENNIUM TOOLS, INC., an Oregon Corporation,<br><br>Defendants. | Civil Action No. 06-55 |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
NMT DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

Plaintiff, Tesla Industries, Inc. ("Tesla"), opposes NMT Defendant's Motion for Protective Order ("NMT Motion") (D.I. 86) as moot and meritless. NMT's Motion ignores Tesla's right to have a representative of the corporate plaintiff in attendance at all depositions (D.Del. LR 30.3). The NMT Motion appears to be a misguided attempt to halt the deposition of its personnel scheduled for Wednesday through Friday of this week (See Exhibit 1).[1]

**Argument**

**I.    NMT's Motion Is Mooted By Agreement Of Plaintiff's
       Personnel To Turn Off Their Cell Phones And Avoid
       Audible Comments During Deposition.**

After receipt of the somewhat vitriolic letter of November 8 from NMT Defendant's lead counsel (See Exhibit 2 to NMT's Motion), Tesla's counsel agreed that Tesla's representatives at

---

[1] See D.Del. LR 30.2, "The timely filing of a motion under [FRCP 26(c)] shall stay the discovery to which the motion is directed pending further order of the Court." To obviate this strategic maneuver, Tesla has asked Masilotti and Mooney not to attend this week's depositions of NMT Defendants pending resolution of NMT's Motion. Tesla reserves its right to have a corporate designee at all other depositions after this week.

future depositions would turn off their cell phones and avoid audible comments during deposition. This agreement was conveyed to NMT Defendants' counsel, but ignored by them in order to promote delay of the NMT Defendants' depositions. This agreement moots the NMT Motion.

**II.     Defendant's Motion is Meritless.**

NMT Defendants complain about the cell phone of Mr. Masilotti ringing during the deposition. They conveniently ignore, however, the reason for that ringing. More particularly, Mr. Masilotti's wife was in the hospital giving birth to their child. This was explained on the record (NMT Motion Exhibit 1 at Transcript page 124, lines 19-20). Mr. Masilotti was obviously conflicted about being at a deposition while his wife was giving birth to their child. He had to stay in touch with her via phone. He should hardly be penalized for pursuing contact with his family at a family's most critical moment, i.e., the birth of a child.

NMT's Motion is also meritless because nowhere in the transcript are the alleged comments of Mr. Mooney or Masilotti of record. The only thing of record is the representation of NMT's lead counsel that allegedly offensive comments were made (NMT Motion page 2). Even if comments were made by Tesla's representatives at the deposition, that is no cause for prohibiting attendance of the individuals at future depositions, especially since Plaintiff's counsel has given assurances that they will not audibly verbalize their feelings about Defendants.[2]

### Conclusion

It is regrettable that NMT's lead counsel has bothered the Court with unnecessary paperwork on an issue that has been clearly mooted by Tesla's agreement to avoid cell phone

---

[2] As an aside, Plaintiff notes that the allegedly offensive comments were directed at a co-defendant, Mr. Waldmann, who is not represented by NMT's counsel. While NMT's counsel's concern about the feelings of co-defendant are touching, one has to question their standing to raise the issue in a Motion for Protective Order.

ringing and audible comments from its personnel in attendance at depositions. The NMT Motion appears to be the first of several aggressive motions that NMT's lead counsel is planning for this case. More particularly, NMT's lead counsel sent a vitriolic letter yesterday (See Exhibit 2) threatening more motion practice over alleged "spoliation" of evidence.[3] It is respectively suggested that the best way to deter these impositions on the Court and counsel is to impose sanctions for overly aggressive and totally unnecessary motion practice. A Proposed Order to that effect is attached as Exhibit 3.

For all of the above reasons, NMT's Motion for Protective Order should be denied.

Respectively submitted,

Dated: November 14, 2006

/s/ Paul E. Crawford
Paul E. Crawford (#493)
Arthur G. Connolly, III (#2667)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
Telephone: 302-888-6262
pcrawford@cblh.com

Brian A. Sullivan (#2098)
Robert D. Wilcox (#4321)
Amy D. Brown (#4077)
WERB & SULLIVAN
300 Delaware Avenue, 13th Floor
P.O. Box 25046
Wilmington, Delaware 19899
Telephone: 302-652-1100
bsullivan@werbsullivan.com

---

[3] NMT Defendant's lead counsel accuses Tesla of editing a video tape produced to Defendants. The simple fact is that no editing occurred and the person that was doing the recording will be available for deposition next week to confirm that fact. It is hoped that this explanation under oath will satisfy Defendants and avoid additional, unnecessary motion practice.

# EXHIBIT 1

ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.

ATTORNEYS AT LAW

V. JAMES ADDUCI II
LOUIS S. MASTRIANI
TOM M. SCHAUMBERG
BARBARA A. MURPHY
HARVEY B. FOX
WILL E. LEONARD
JAMES TAYLOR, JR.
MAUREEN F. BROWNE
MICHAEL G. McMANUS
RODNEY R. SWEETLAND, III
MICHAEL L. DOANE
WILLIAM C. SJOBERG
PAUL G. HEGLAND
DAVID F. NICKEL
SARAH E. HAMBLIN*
MARK R. LEVENTHAL
S. ALEX LASHER
ANDREA B. MILLER*

*ADMITTED TO A BAR OTHER THAN D.C.

1200 SEVENTEENTH STREET, N.W.
WASHINGTON, D.C. 20036
Telephone: (202) 467-6300
Facsimile: (202) 466-2006
e-mail: [lastname]@adduci.com
www.adduci.com

OF COUNSEL

ROBERT A. WESTERLUND
DAVID G. POSZ
JAMES E. BARLOW*
GREGORY C. ANTHES
JOHN C. STEINBERGER

AFFILIATE

AM&S TRADE SERVICES, LLC
CARLOS MOORE, PRESIDENT

November 14, 2006

**VIA FIRST CLASS MAIL AND ELECTRONIC MAIL**

Robert D. Wilcox, Esq.
WERB & SULLIVAN
300 Delaware Avenue, 13th Floor
P. O. Box 25046
Wilmington, Delaware 19899

Re: Tesla Industries v. David Waldmann, et al.

Dear Mr. Wilcox:

We write regarding the depositions of our clients, Defendants Lyndol W. Hollingsworth, Charles Minnick and New Millennium Tools, Inc. (collectively referred to as the "NMT Defendants"), which were scheduled to take place from November 15-17, 2006, in Washington, DC. As you know, yesterday the NMT Defendants filed a motion for a Protective Order to preclude Messrs. Masilotti or Mooney from attending the NMT Defendants' depositions as Tesla Industries, Inc.'s ("Tesla") corporate representative. Pursuant to Local Rule 30.2 and as we discussed last week, these depositions are stayed until final resolution by the Court or you represent in writing that Tesla will not have Messrs. Masilotti or Mooney attend the NMT Defendants' depositions.

Thank you for your consideration of this matter.

Sincerely,

David F. Nickel

DFN:llk
Cc: Brian A. Sullivan, Esq.
    Paul E. Crawford, Esq.
    John A. Adams, Esq.
    Steven J. Balick, Esq.
    John G. Day, Esq.
NMT301906

# EXHIBIT 2

ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.

ATTORNEYS AT LAW

V. JAMES ADDUCI II
LOUIS S. MASTRIANI
TOM M. SCHAUMBERG
BARBARA A. MURPHY
HARVEY B. FOX
WILL E. LEONARD
JAMES TAYLOR, JR.
MAUREEN F. BROWNE
MICHAEL G. McMANUS
RODNEY R. SWEETLAND, III
MICHAEL L. DOANE
WILLIAM C. SJOBERG
PAUL G. HEGLAND
DAVID F. NICKEL
SARAH E. HAMBLIN*
MARK R. LEVENTHAL
S. ALEX LASHER
ANDREA B. MILLER*
*ADMITTED TO A BAR OTHER THAN D.C.

1200 SEVENTEENTH STREET, N.W.
WASHINGTON, D.C. 20036
Telephone: (202) 467-6300
Facsimile: (202) 466-2006
e-mail: [lastname]@adduci.com
www.adduci.com

OF COUNSEL

ROBERT A. WESTERLUND
DAVID G. POSZ
JAMES E. BARLOW*
GREGORY C. ANTHES
JOHN C. STEINBERGER

AFFILIATE

AM&S TRADE SERVICES, LLC
CARLOS MOORE, PRESIDENT

November 10, 2006

**VIA ELECTRONIC MAIL**

Robert Wilcox, Esq.
WERB & SULLIVAN
300 Delaware Avenue, 13th Floor
P. O. Box 25046
Wilmington, Delaware 19899

Re:  Tesla Industries v. David Waldmann, et al.

Dear Mr. Wilcox:

This letter is to address an apparent second potential instance of spoliation of evidence in this case by Plaintiff Tesla or its agents.[1]

The NMT Defendants' Interrogatory No. 20 requested production of any video recordings related to or concerning any of the matters set forth in the Verified Complaint. Tesla's response was that there were no such documents. It transpired, however, that an audio video recording responsive to this Request did exist. This was ultimately provided in DVD format, attorneys eyes only, to counsel for the NMT Defendants and not counsel for Defendant Waldmann.[2]

---

[1] The NMT assembly containing a Tesla product may have been destroyed with the assistance of counsel for Tesla at or near the inception of the case.

[2] The legal justification for the attorneys eyes only designation for this material escapes me since Defendant Waldmann was physically present when the video recording at issue was made. Similarly, we believe this should be shared with Defendant Waldmann's counsel, as we do not believe that one defendant may receive discovery while another is deprived of that same information. Nonetheless, I understand that we agreed to treat the information in this fashion, so unless or until counsel for Tesla notifies us to the contrary, we will maintain the DVD in this fashion and provide no copies to Mr. Waldmann's attorney.

Robert Wilcox, Esq.
November 10, 2006
Page 2

    Having reviewed the DVD, there appears to me and my colleagues to have been a component of the recorded statements by your client, David Masilotti and Mr. Waldmann, that have been edited out of the DVD recording provided to us. It is the intention of the NMT Defendants to explore the possibility and ramification of any spoliation of evidence related to the recording reflected on that DVD. Accordingly, the NMT Defendants hereby request that their counsel immediately be provided with the original raw footage of the video recording. This should include the date and time index showing the progress of the recording.

    Please apprise me or my colleague, David Nickel, by the close of business on Wednesday, November 15, 2006, whether or not Plaintiff will provide the raw video footage of the Masilotti DVD with date and time index.

    Thank you for your anticipated cooperation in this matter.

                                             Very truly yours,

                                             Rodney R. Sweetland III

RRS:llk
cc:    Steven J. Balick, Esq.
        Paul E. Crawford, Esq.
        Brian A. Sullivan, Esq.
        John A. Adams, Esq.

NMT301706

# EXHIBIT 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TESLA INDUSTRIES, INC., a Delaware Corporation,<br><br>       Plaintiff,<br><br>v.<br><br>DAVID C. WALDMANN, LYNDOL W. HOLLINGSWORTH, CHARLES MINNICK a/k/a CHUCK MINNICK, and NEW MILLENNIUM TOOLS, INC., an Oregon Corporation,<br><br>       Defendants. | Civil Action No. 06-55 |

### [PROPOSED] Order

Defendant's Motion for Protective Order Against Tesla's Improper Conduct During Deposition (D.I. 86) is hereby **DENIED**. Attorneys fees in the amount of $_____ are awarded to the Plaintiff.

Dated: November \_\_\_, 2006

_____
The Honorable Gregory M. Sleet

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2006, a true and correct copy of the foregoing PLAINTIFF'S MEMORANDUM IN OPPOSITION TO NMT DEFENDANT'S MOTION FOR PROTECTIVE ORDER was caused to be served on the following via CM/ECF filing and which has also been served by hand delivery on:

| | |
|---|---|
| John D. Demmy<br>Stevens & Lee<br>1105 North Market Street<br>7th Floor<br>Wilmington, Delaware 19801<br>jdd@stevenslee.com | Steven J. Balick<br>John G. Day<br>Ashby & Geddes<br>222 Delaware Avenue<br>P.O. Box 1150<br>Wilmington, Delaware 19899<br>sbalick@ashby-geddes.com |

I hereby certify that on November 14, 2006, a true and correct copy of the foregoing PLAINTIFF'S MEMORANDUM IN OPPOSITION TO NMT DEFENDANT'S MOTION FOR PROTECTIVE ORDER was caused to be served on the following via Federal Express:

| | |
|---|---|
| John A. Adams<br>Adam C. Gerber<br>Susanin, Widman & Brennan, P.C.<br>South Gulph Road, Suite 240<br>King of Prussia, PA 19406 | Louis S. Mastriani<br>Rodney R. Sweetland, III<br>David F. Nickel<br>Adduci, Mastriani & Schaumberg, L.L.P.<br>1200 Seventeenth Street, N.W., Fifth Floor<br>Washington, District of Columbia 20036-3006 |

/s/ Paul E. Crawford
Paul E. Crawford, Esquire (#0493)
pcrawford@cblh.com