**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TESLA INDUSTRIES, INC. a Delaware Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID C. WALDMANN, LYNDOL W. HOLLINGSWORTH, CHARLES MINNICK a.k.a. CHUCK MINNICK, and NEW MILLENNIUM TOOLS, INC., an Oregon Corporation,<br><br>    Defendants. | C.A. No.:  06-55-GMS |

**OBJECTIONS OF DEFENDANT IN RESPONSE TO
PLAINTIFF'S NOTICE OF EXAMINATION OF NEW MILLENNIUM TOOLS, INC.**

Defendant New Millennium Tools, Inc. ("NMT"), by counsel, hereby objects to the Notice of Examination of NMT, which was propounded by Plaintiff Tesla Industries, Inc. ("Tesla").

**GENERAL OBJECTIONS**

1.  These objections and responses are made without waiving any rights or objections or admitting the relevance, materiality, or admissibility into evidence of the subject matter or facts contained in any deposition topic or NMT's responses thereto.

2.  NMT objects to the Notice to the extent that it is vague, ambiguous, indefinite, overbroad, unduly burdensome, seeks a legal conclusion, seeks production of information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

3.  NMT objects to each and every deposition topic to the extent that it purports, through definitions or otherwise, to impose burdens and duties that exceed the scope of reasonable and permissible discovery under the Federal Rules of Civil Procedure.

4.  NMT objects to each of the deposition topics to the extent that they seek information protected by the attorney-client privilege; work product doctrine; common interest privilege; joint defense privilege; and/or any other applicable law, privilege protection or doctrine.

5.  NMT objects to each of the deposition topics to the extent that they seek information that could be more expeditiously and efficiently obtained through other methods and/or sources, as unduly burdensome.  NMT also objects to each of the deposition topics to the extent that they encompass the same or substantially similar subject matter requested in Plaintiff's interrogatories, requests for documents and things, or otherwise obtained or obtainable from other sources.

6.  NMT objects to each of the deposition topics as overbroad and unduly burdensome to the extent that they are unlimited in temporal scope or otherwise not limited to a time frame relevant to this litigation or seek testimony regarding subjects and/or products that are not related to the subject matter of this litigation.

**OBJECTIONS TO**
**MATTERS ON WHICH EXAMINATION IS REQUESTED**

Each of the following responses incorporates by reference each of the foregoing General Objections.

Matter 1.   The allegations in the Verified Complaint for Injunctive Relief and Damages for Theft of Trade Secrets, Breach of Contract, Conversion, Tortious Interference, and Conspiracy.

Response:    NMT further objects to this topic as being vague, ambiguous, indefinite, overbroad and unduly burdensome. NMT further objects to this topic to the extent that it seeks information that is outside of NMT's possession, custody or control. Subject to the foregoing General and specific objections, Defendants will produce a designee to testify on this subject.

Matter 2.    The allegations in the Answer and Counterclaims of Defendants Lyndol W. Hollingsworth, Charles Minnick a/k/a Chuck Minnick, and New Millennium Tools, Inc. and Demand For Jury Trial.

Response:    NMT further objects to this topic as being vague, ambiguous, indefinite, overbroad and unduly burdensome. NMT further objects to this topic to the extent that it seeks information that is outside of NMT's possession, custody or control. Subject to the foregoing General and specific objections, Defendants will produce a designee to testify on this subject.

Matter 3.    The allegations in the Answer, Affirmative Defenses, and Counterclaims of Defendant David C. Waldmann.

Response:    NMT further objects to this topic as being vague, ambiguous, indefinite, overbroad and unduly burdensome. Subject to the foregoing General and specific objections, Defendants will produce a designee to testify on this subject.

Matter 4.    NMT's Answers and other Responses to Tesla Industries' discovery requests.
.
Response:    NMT further objects to this topic as being vague, ambiguous, indefinite, overbroad and unduly burdensome. NMT further objects to this topic as seeking a legal conclusion, and the mental impressions, conclusions, opinions and legal theories of Defendants' counsel. NMT further objects to this topic to the extent it seeks testimony regarding documents and information that is immune from disclosure by attorney-client privilege, common interest privilege, joint defense privilege and/or work product doctrine or other privileges or immunities.

Subject to the foregoing General and specific objections, Complainants will produce a designee to testify on this subject.

>Matter 5.   NMT's alleged damages, financial condition, and sales.

>Response:   NMT further objects to this topic as being indefinite, overbroad and unduly burdensome. NMT further objects to this topic to the extent that the term "financial condition" is vague and ambiguous. NMT further objects to this topic to the extent that it seeks information that is outside of NMT's possession, custody or control. Subject to the foregoing General and specific objections, Defendants will produce a designee to testify on this subject.

>Matter 6.   NMT's contacts with current and former customers of Tesla Industries.

>Response:   NMT further objects to this topic as being vague, ambiguous, indefinite, overbroad and unduly burdensome. NMT further objects to this topic for seeking information not relevant to any claim or defense of any party in this litigation and not reasonably calculated to lead to the discovery of admissible evidence. NMT further objects to this topic to the extent that it seeks testimony from entities that are not in its possession, custody or control. Subject to the foregoing General and specific objections, Defendants will produce a designee to testify on this subject.

>Matter 7.   NMT's past, current, or planned products, including but not limited to an impact wrench.

>Response:   NMT further objects to this topic as being vague, ambiguous, indefinite, overbroad and unduly burdensome. Subject to the foregoing General and specific objections, Defendants will produce a designee to testify on this subject.

>Matter 8.   NMT's policies and procedures relating to the creating, maintenance, storage, and destruction of documents and other tangible things.

Response: Plaintiff failed to identify a reasonable time frame and a reasonable level of specificity with respect to which records and which departments. Subject to the foregoing General and specific objections, Defendants will produce a designee to testify on this subject.

Matter 9. The location and condition of documents and other tangible things that are the subject of pending or possible discovery.

Response: NMT further objects to this topic as being vague, ambiguous, indefinite, and unduly burdensome. Plaintiff failed to identify a reasonable time frame and a reasonable level of specificity with respect to which records and which departments. NMT further objects to this topic to the extent that it is overbroad in that a witness cannot be expected to memorize the location and condition of documents "that are the subject of pending or possible discovery." NMT further objects to this topic to the extent that it seeks documents concerning "possible discovery" which NMT cannot be expected to predict, and as such, is not in its possession, custody or control. Subject to the foregoing General and specific objections, Defendants will produce a designee to testify on this subject.

Matter 10. NMT's formation, governance, officers, employees, operations, and policies.

Response: NMT further objects to this topic as being indefinite, overbroad and unduly burdensome. NMT further objects to this topic for seeking information not relevant to any claim or defense of any party in this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff failed to identify a reasonable time frame and a reasonable level of specificity with respect to levels of governance, formation, officers and employees and which departments. NMT further objects to this topic to the extent that the term "operations and policies" is vague and ambiguous. Subject to the foregoing General and specific objections, Defendants will produce a designee to testify on this subject.

Matter 11.    NMT's communications with actual and potential customers, sources of financing or funding.

Response:    NMT further objects to this topic as being indefinite, overbroad and unduly burdensome. NMT further objects to this topic for seeking information not relevant to any claim or defense of any party in this litigation and not reasonably calculated to lead to the discovery of admissible evidence. NMT further objects to this topic to the extent that the terms "communications" and "sources of financing or funding" are vague and ambiguous. NMT further objects to the extent that "potential customers" are unknown persons or entities and, as such, this information is not in NMT's possession, custody or control. Subject to the foregoing General and specific objections, Defendants will produce a designee to testify on this subject.

Matter 12.    NMT's communications with the parties to this lawsuit.

Response:    NMT further objects to this topic as being indefinite, overbroad and unduly burdensome. NMT further objects to this topic to the extent that it seeks testimony that is immune from disclosure by the common interest privilege, joint defense privilege, and/or work product doctrine or other privileges or immunities. NMT further objects to this topic for seeking information not relevant to any claim or defense of any party in this litigation and not reasonably calculated to lead to the discovery of admissible evidence. NMT further objects to this topic to the extent that the term "communications" is vague and ambiguous. Subject to the foregoing General and specific objections, Defendants will produce a designee to testify on this subject.

Matter 13.    Any joint defense, joint prosecution, cooperation, information-sharing, fee sharing, damage-sharing, indemnification or similar agreement related to this lawsuit.

Response:    NMT further objects to this topic as being vague and ambiguous, indefinite, overbroad and unduly burdensome. NMT further objects to this topic for seeking information not relevant to any claim or defense of any party in this litigation and not reasonably

calculated to lead to the discovery of admissible evidence. NMT further objects to this topic to the extent it seeks testimony regarding documents and information that are immune from disclosure by attorney-client privilege, common interest privilege, joint defense privilege and/or work product doctrine or other privileges or immunities. Subject to the foregoing General and specific objections, Defendants will produce a designee to testify on this subject.

ASHBY & GEDDES

*/s/ Lauren E. Maguire*

_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware  19899
Telephone:     (302) 654-1888
Facsimile:      (302) 654-2067

*Attorneys for Defendants Lyndol W. Hollingsworth, Charles Minnick and New Millennium Tools, Inc.*

*Of Counsel:*

Louis S. Mastriani
Rodney R. Sweetland, III
David F. Nickel
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, DC  20036
Telephone: (202) 467-6300
Facsimile: (202) 466-2006

Dated:  November 14, 2006

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of November, 2006, the attached **OBJECTIONS OF DEFENDANT IN RESPONSE TO PLAINTIFF'S NOTICE OF EXAMINATION OF NEW MILLENNIUM TOOLS, INC.** was served upon the below-named counsel of record at the addresses and in the manner indicated:

| | |
|---|---|
| Brian A. Sullivan, Esquire<br>Werb & Sullivan<br>300 Delaware Avenue, 13th Floor<br>Wilmington, DE  19801 | HAND DELIVERY |
| Arthur G. Connolly, III, Esquire<br>Connolly Bove Lodge & Hutz LLP<br>The Nemours Building<br>1007 North Orange Street<br>P. O. Box 2207<br>Wilmington, DE  19899 | HAND DELIVERY |
| John D. Demmy, Esquire<br>Stevens & Lee, P.C.<br>1105 North Market Street, 7th Floor<br>Wilmington, DE  19801 | HAND DELIVERY |
| John A. Adams, Esquire<br>Susanin, Widman & Brennan, PC<br>455 South Gulph Road, Suite 240<br>King of Prussia, PA  19406 | VIA FEDERAL EXPRESS |

*/s/ Lauren E. Maguire*
_____
Lauren E. Maguire

166961.1