IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TESLA INDUSTRIES, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAVID C. WALDMANN, )<br>LYNDOL W. HOLLINGSWORTH, )<br>CHARLES MINNICK a/k/a CHUCK MINNICK, and )<br>NEW MILLENNIUM TOOLS, INC., )<br>)<br>Defendants. ) | C.A. No. 06-055-GMS |

**NMT DEFENDANTS' REPLY
IN SUPPORT OF THEIR MOTION FOR A PROTECTIVE ORDER
AGAINST TESLA'S IMPROPER CONDUCT DURING DEPOSITION**

Defendants Lyndol W. Hollingsworth, Charles Minnick and New Millennium Tools, Inc. (collectively the "NMT Defendants") submit this reply in support of their motion for a protective order seeking to prevent plaintiff Tesla Industries, Inc.'s ("Tesla") corporate representatives from repeating the outrageous and improper conduct they engaged in during the deposition of defendant David C. Waldmann (D.I. 86; the "Motion").

Remarkably, in its response to the Motion (D.I. 89; the "Tesla's Response"), Tesla *never denies* that Messrs. Masilotti and Mooney engaged in the conduct described in the Motion, or offers any apology for their reprehensible conduct. Instead, Tesla responds with smoke and mirrors, attempting to shift the Court's focus away from Messrs. Masilotti's and Mooney's actions during the Waldmann deposition to what Tesla cynically characterizes as "aggressive and unnecessary motion practice" by the NMT Defendants. The Court should not be fooled. As we demonstrate below, the facts belie Tesla's arguments.

First, Tesla resorts to a "non-denial denial," dismissing the Motion as "meritless" because

the "allegedly offensive comments" are "nowhere in the transcript" and not "of record." Tesla Response at 2. As the NMT Defendants demonstrated in the Motion, however, Mr. Masilotti insulted Mr. Waldmann on the record by exclaiming "Is he retarded?" (Motion at 2, *citing* Waldmann Tr., at 49:2), and one of Mr. Masilotti's cellphone interruptions was also noted by the stenographer (Motion at 2, *citing* Waldmann Tr., at 124:7). The mere fact that the stenographer apparently did not pick up *all* of Mr. Masilotti's and Mr. Mooney's inappropriate interruptions does not mean they didn't happen, and certainly doesn't excuse Mr. Masilotti's and Mr. Mooney's behavior. Indeed, the interruptions became so exasperating that—when it became apparent that Tesla's counsel either would not or could not control Mr. Masilotti and Mr. Mooney—Mr. Waldmann's counsel objected on the record to "the fourth comment we've had in the deposition where Mr. Masilotti said is [Mr. Waldmann] retarded" (Motion at 2, *citing* Waldmann Tr. at 96:9-16). Rather than deny that four such outbursts had occurred—which one would expect if Mr. Waldmann's counsel's statement had been inaccurate—Tesla's counsel simply responded: "... I recognize your objection." (*Id.*)[1]

Second, Tesla attempts to downplay Mr. Masilotti's conduct, arguing it was understandable because "[his] wife was in the hospital giving birth to his child." Tesla's Response at 2. Rather than excusing his conduct, however, the fact that Mr. Masilotti chose to appear as one of two Tesla corporate representatives at Mr. Waldmann's deposition instead of attending the birth of his child—and then behaved the way he did—strongly suggests that he is too personally invested in this lawsuit to participate in a civil and professional capacity.

---

[1] It is worthy of note that neither Mr. Masilotti nor Mr. Mooney offered a sworn declaration denying that the challenged conduct occurred. It also is curious that Tesla's counsel who attended the Waldmann deposition did not offer his recollection, or sign Tesla's Response.

Finally, Tesla attempts to deflect the Court's focus from Mr. Masilotti's and Mr. Mooney's improper conduct by characterizing the Motion as "overly aggressive and unnecessary motion practice." Tesla's Response at 3. The record, however, reflects just the opposite. During the Waldmann deposition, Messrs. Masilotti and Mooney repeatedly insulted the witness and interrupted the proceedings, and Tesla's counsel did nothing to reign in their outrageous behavior. When the NMT Defendants attempted to seek assurances that they would not be subjected to the same intimidating and harassing tactics that Mr. Masilotti and Mr. Mooney employed during the Waldmann deposition, Tesla rebuffed them with a terse: "we reserve the right to have Tesla Industries, Inc. designate and who will attend the depositions as its representatives." (Ex. 3 to Motion) Indeed, the NMT Defendants had to raise the spectre of filing this Motion before Tesla's counsel even offered to take *any* steps to attempt to control Mr. Masilotti's and Mr. Mooney's deposition conduct, and his eleventh hour suggestion that he would attempt to have them "turn off their cell phones and avoid audible comments during deposition" (*see* Tesla Response at 2) was simply too little, too late, and certainly did not moot the Motion.

Accordingly, for the reasons set forth above and in the Motion, the NMT Defendants respectfully request that this Court grant their Motion for a Protective Order: (1) precluding Messrs. Masilotti and Mooney from attending any deposition of the NMT Defendants in this case; and (2) requiring counsel for Tesla to take affirmative steps to prevent any Tesla corporate representative from acting in an improper and uncivil fashion during future depositions. The NMT Defendants further request that the Court deny Tesla's request for sanctions.[2]

---

[2] The basis for Tesla's request for sanctions is a purportedly "vitriolic letter" sent by lead counsel for the NMT Defendants concerning a DVD recording of a conversation involving Mr.
*(continued ...)*

3

                    ASHBY & GEDDES

                    /s/ *John G. Day*

---

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants Lyndol W. Hollingsworth, Charles Minnick and New Millennium Tools, Inc.*

---

*(... continued)*
Masilotti and Mr. Waldmann that Tesla did not identify in response to an interrogatory request, and then subsequently produced on an "attorneys' eyes only" basis to counsel for the NMT Defedants, but not to counsel for Mr. Waldmann. A simple review of the letter, which is attached as Exhibit 2 to Tesla's Response, demonstrates that Tesla's characterization of the letter as "vitriolic" is at best exaggerated. The letter states that "there appears to me and my colleagues to have been a component of the recorded statements by [Mr. Masilotti and Mr. Waldmann] that ha[s] been edited out of the DVD recording provided to us. It is the intention of the NMT Defendants to explore the possibility and ramification of any spoliation of evidence related to the recording reflected on that DVD. Accordingly, the NMT Defendants hereby request that their counsel immediately be provided with the original raw footage of the video recording." (Ex. 2 to Tesla's Response).

      For the Court's information, this afternoon, during the deposition of Tesla's Marketing Manager, Joseph Talbot, Mr. Talbot testified that he had made the recording in question, and that the DVD provided to counsel for the NMT Defendants did not include the recorded statements of Mr. Masilotti and Mr. Waldmann in their entirety. Following that testimony, Tesla's counsel has at last agreed to produce a complete and unedited version of the recording.

*Of Counsel:*

Louis S. Mastriani
Rodney R. Sweetland, III
David F. Nickel
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, DC  20036
Telephone:  (202) 467-6300
Facsimile:  (202) 466-2006

Dated:  November 21, 2006
175383.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of November, 2006, the attached **NMT DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR A PROTECTIVE ORDER AGAINST TESLA'S IMPROPER CONDUCT DURING DEPOSITION** was served upon the below-named counsel of record at the addresses and in the manner indicated:

| | |
|---|---|
| Brian A. Sullivan, Esquire<br>Werb & Sullivan<br>300 Delaware Avenue, 13th Floor<br>Wilmington, DE 19801 | HAND DELIVERY |
| Arthur G. Connolly, III, Esquire<br>Connolly Bove Lodge & Hutz LLP<br>The Nemours Building<br>1007 North Orange Street<br>P. O. Box 2207<br>Wilmington, DE 19899 | HAND DELIVERY |
| John D. Demmy, Esquire<br>Stevens & Lee, P.C.<br>1105 North Market Street, 7th Floor<br>Wilmington, DE 19801 | HAND DELIVERY |
| John A. Adams, Esquire<br>Susanin, Widman & Brennan, PC<br>455 South Gulph Road, Suite 240<br>King of Prussia, PA 19406 | VIA ELECTRONIC MAIL |

/s/ John G. Day

John G. Day

166961.1