IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TESLA INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06-055-GMS |
| v. | ) | |
| | ) | |
| DAVID C. WALDMANN, | ) | |
| LYNDOL W. HOLLINGSWORTH, | ) | |
| CHARLES MINNICK a/k/a CHUCK MINNICK, and | ) | |
| NEW MILLENNIUM TOOLS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS
OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**

### A.    NATURE AND STAGE OF PROCEEDINGS

This is a trade secrets case.  Plaintiff Tesla Industries, Inc. ("Tesla") alleges theft of the professed trade secrets by its former employee, Defendant David Waldmann ("Waldmann"). The status of the information as trade secrets and the theft are contested by the defendants.  Tesla further alleges that Waldmann provided the purported trade secrets to Defendants New Millennium Tools, Inc., Lyndol W. Hollingsworth and Charles Minnick ("the NMT Parties"). The NMT Parties brought Counterclaims against Tesla for abuse of process, antitrust (Clayton and Sherman Acts), tortious interference with contract, tortious interference with prospective economic advantage and state statutory and common law unfair competition.  This Motion relates solely to the antitrust Counterclaim.

Pursuant to the Court's May 17, 2006, adoption of the Proposed Scheduling Order (*See* D.I. 36), fact discovery closed on November 30, 2006.  Expert discovery closes February 28, 2007.  A five-day jury trial is scheduled to begin on June 4, 2007.

**B.**    **SUMMARY OF THE ARGUMENT**

1.    In its Answer to Counterclaim III, Antitrust (Clayton and Sherman Acts) Tesla

explicitly admitted that it engaged in anticompetitive practices in an attempt to monopolize the

market for ground power units.  It openly admitted that its attempts to monopolize trade violated

the Sherman Act, 15 U.S.C. § 2.  Furthermore, Tesla expressly admitted that its attempt at

monopolization proximately caused harm to the NMT Parties under 15 U.S.C. § 15(a).

2.    In light of these judicial admissions, the NMT Parties are entitled to judgment as a

matter of law or, in the alternative, summary judgment as to liability, for Counterclaim III.  Tesla

has indisputably conceded liability.  The only remaining issue for trial with this Counterclaim is

the amount of damages.

**C.**    **STATEMENT OF FACTS**

The NMT Defendants filed their Answer and Counterclaims on March 27, 2006.  (*See*

D.I. 27)  In Counterclaim III, Antitrust (Clayton and Sherman Acts), the NMT Parties made the

following averments:

> 36.    Through its anticompetitive practices, Tesla
> Industries is attempting intentionally to monopolize the relevant
> product and geographical markets described herein.
> 37.    Rather than competing by designing, producing and
> selling a superior product, Tesla Industries has instead attempted to
> monopolize the market by improper and unlawful actions.  For
> example, by filing this sham lawsuit, Tesla Industries threaten
> improperly to destroy competition in the relevant market from
> which the United States military, including those members serving
> in combat, benefit through better products and support.
> 38.    The acts of Tesla Industries complained of herein
> represent an attempt to monopolize the trade in violation of the
> Sherman Act, 15 U.S.C. § 2.
> 39.    As a direct and proximate result of Tesla Industries'
> attempt at monopolization, the NMT Parties suffered and continue
> to suffer injuries and damages to their business and property as set
> forth in the Clayton Act, 15 U.S.C. § 15(a).
> 40.    As a direct and proximate result of Tesla Industries'
> conduct as described herein, the NMT Parties suffered or will

suffer damages including, but not limited to, lost sales or sales opportunities for their products, lost capital infusion, and expenses related to defending against this litigation including, inter alia, attorneys fees and costs.

Tesla filed its Answer to the NMT Parties' Counterclaims on April 17, 2006 (*See* D.I. 32).

Tesla made the following responses to the averments to the NMT Parties' Counterclaim III:

36.    Plaintiff admits the allegations of the paragraph.
37.    Plaintiff admits the allegations of the paragraph.
38.    Plaintiff admits the allegations of the paragraph.
39.    Plaintiff admits the allegations of the paragraph.
40.    Plaintiff admits the allegations of the paragraph.

The Court need look no further than Tesla's judicial admissions in determining the entitlement of the NMT Parties to judgment on the pleadings as to liability under Counterclaim III or, in the alternative, summary judgment.

D.    **ARGUMENT**

1.    **Tesla is Bound by Its Admissions**

Fed. R. Civ. P. 8(d) provides that a failure to deny an averment in a pleading to which a responsive pleading is required, other than as to the amount of damages, are deemed admitted. Here, Tesla went further than a mere failure to deny the NMT Parties' substantive antitrust allegations. Tesla explicitly admitted each and every one of them, including that the NMT Parties have proximately suffered injuries and damages. Matters admitted in a defendant's answer require neither proof nor finding. *Martinez v. Cornell Corrs. of Texas, Inc.*, 229 F.R.D. 236, 237-38 (D.N.M. 2005). Indeed, even if post-pleadings evidence conflicts with evidence in pleadings, admissions in pleadings are binding on parties and may support summary judgment. *Missouri Hous. Dev. Comm'n*, 919 F.2d 1306, 1315 (8th Cir. 1990).

A statement in an answer is a judicial admission. *Adams v. Teck Cominco Alaska, Inc.*, 414 F. Supp. 2d 925, 942-43 (D. Alaska 2006). A judicial admission has the effect of

withdrawing a fact from contention.  *Chow v. Aegis Mortgage Corp.*, 185 F. Supp. 2d 914, 916 (N.D. Ill. 2002).

### 2. Tesla Admitted Liability as to Counterclaim III

Admissions are treated as stipulations in being binding on the parties and court.  *PPX Enterprises, Inc. v. Audiofidelity, Inc.*, 746 F.2d 120, 123 (2d Cir. 1984).  *See also Gander v. Livoti*, 250 F.3d 606, 619 (8th Cir. 2001) (stipulations of fact are even binding on trial court). Stipulations as to liability are as binding as any other.  *See Waldorf v. Shuta*, 142 F.3d 601, 612-13 (3d Cir. 1998).  Tesla's admission to liability under Counterclaim III, thus, entitles the NMT Defendants to judgment against Tesla as to liability under Counterclaim III.

### 3. The NMT Defendants are Entitled to Judgment as a Matter of Law or, in the Alternative, Summary Judgment

A plaintiff is entitled to judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) when the defendant has admitted liability.  *Deneault v. Comm'r of Internal Revenue*, T.C. Memo. 1997-329, No. 14717-94 (July 21, 1997).  Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  A Rule 12(c) motion provides a means of disposing of cases when the material facts are not in dispute and a judgment on the merits can be achieved by focusing on the content of the pleadings.  5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1367 (3d ed. 2006).  "The motion for a judgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court."  *Id.*

In a case that is factually on point, *Deneault v. Commissioner of Internal Revenue*, T.C. Memo. 1997-329, the United States Tax Court granted the IRS' motion for judgment on the

pleadings.[1]  In this case, the taxpayers failed to respond to requests for admissions and were therefore deemed to have admitted that they attempted to conceal the source and amount of income realized from sales of illegal drugs, and fraudulently and intentionally understated their taxable income.  *Id.* at *5.

Additionally, summary judgment under Fed. R. Civ. P. 56 "shall be rendered forthwith if the pleadings, . . . [and] admissions on file, . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  As noted above, a failure to deny allegations in a complaint constitute admissions of those allegations and place "no further burden upon [a plaintiff] to prove its case factually."  *Burlington Northern Railroad Co. v. Huddleston*, 94 F.3d 1413, 1415 (10th Cir. 1996).

Federal courts have relied on default admissions to support a grant of summary judgment.  *See, e.g., United States v. 2204 Barbara Lane,* 960 F.2d 126, 129 (11th Cir. 1992); *Hulsey v. State of Texas,* 929 F.2d 168, 171 (5th Cir. 1991); *Campbell v. Spectrum Automation Co.,* 601 F.2d 246, 253 (6th Cir. 1979); *Chicago Dist. Council of Carpenters Pension Fund v. P.M.Q.T.,* 169 F.R.D. 336, 341 (N.D.Ill. 1996); *Wallace v. Best W. Northeast,* 183 F.R.D. 199, 202-3 (S.D. Miss. 1998); *Cereghino v. Boeing Co.,* 873 F. Supp. 398, 401 (D. Or. 1994); *Gardner v. Borden, Inc.,* 110 F.R.D. 696, 697 (S.D. W.Va. 1986)*; In re Niswonger,* 116 B.R. 562, 565 (Bankr. S.D. Ohio 1990); *In re Sweeten,* 56 B.R. 675, 677 (Bankr. E.D. Pa. 1986) (all noting that Rule 36

---

[1]  The motion for judgment on the pleadings was brought by the Commissioner pursuant to Tax Court Rule of Practice and Procedure 120(a) which provides that after the pleadings are closed and within such time as not to delay the trial, any party may move for judgment on the pleadings, and such a motion is granted only if, on admitted facts, movant is entitled to judgment as a matter of law.  *Anthony v. Comm'r*, 66 T.C. 367 (1976), *affd.* without published opinion 566 F.2d 1168 (3d Cir. 1977).  Tax Court Rule 120(a) is operatively identical to Fed. R. Civ. P. 12(c).

allows party to seek admissions as to matters dispositive of a case and granting summary judgment on basis of deemed admissions).

Similarly, in this matter, Tesla has admitted that it engaged in unlawful anticompetitive practices in an attempt to monopolize the market for ground power units in violation of the Sherman Act, 15 U.S.C. § 2.   Judgment on the pleadings or, in the alternative, summary judgment with respect to the NMT Parties' Counterclaim III is, therefore, proper.

**E.       CONCLUSION**

For the reasons set forth above and in the accompanying Motion, Defendants New Millennium Tools, Inc., Lyndol W. Hollingsworth and Charles Minnick hereby request that this Honorable Court enter judgment as a matter of law or, in the alternative, summary judgment against Plaintiff Tesla Industries, Inc. as to liability under the NMT Parties' Counterclaim III, Antitrust (Sherman and Clayton Acts), with damages to be determined at trial.

ASHBY & GEDDES

*/s/ Lauren E. Maguire*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone:  (302) 654-1888
Facsimile:  (302) 654-2067
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants Lyndol W. Hollingsworth, Charles Minnick and New Millennium Tools, Inc.*

6

*Of Counsel:*

Louis S. Mastriani
Rodney R. Sweetland, III
David F. Nickel
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, DC  20036
Telephone:  (202) 467-6300
Facsimile:  (202) 466-2006

Dated:  December 1, 2006
175674.1

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 1st day of December, 2006, the attached **MOTION FOR**

**PARTIAL JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, PARTIAL**

**SUMMARY JUDGMENT** was served upon the below-named counsel of record at the

addresses and in the manner indicated:


Brian A. Sullivan, Esquire                                       HAND DELIVERY
Werb & Sullivan
300 Delaware Avenue, 13th Floor
Wilmington, DE  19801

Arthur G. Connolly, III, Esquire                          HAND DELIVERY
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P. O. Box 2207
Wilmington, DE  19899

John D. Demmy, Esquire                                      HAND DELIVERY
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, DE  19801

John A. Adams, Esquire                                VIA ELECTRONIC MAIL
Susanin, Widman & Brennan, PC
455 South Gulph Road, Suite 240
King of Prussia, PA  19406



                                        */s/ Lauren E. Maguire*
                                        _____
                                        Lauren E. Maguire

166961.1