**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TESLA INDUSTRIES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 06-055-(GMS) |
| v. | ) |
| | ) |
| DAVID C. WALDMANN, | ) |
| LYNDOL W. HOLLINGSWORTH, | ) |
| CHARLES MINNICK a/k/a CHUCK MINNICK, and | ) |
| NEW MILLENNIUM TOOLS, INC., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF TESLA INDUSTRIES, INC.'S RESPONSE IN OPPOSITION TO
DEFENDANTS WALDMANN, HOLLINGSWORTH, MINNICK, AND NEW
MILLENNIUM TOOLS, INC. MOTION FOR PARTIAL JUDGMENT ON THE
PLEADINGS OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**

Now comes Plaintiff Tesla Industries, Inc., and hereby responds in opposition to

Defendants Hollingsworth, Minnick, and New Millennium Tools, Inc.*'s Motion for Partial

Judgment on the Pleadings or, in the Alternative, Partial Summary Judgment* (D.I. 106)

(hereinafter "Motion for Partial Judgment"). For the reasons grounded in both fact and law set

forth below, Tesla Industries, Inc. urges this Court to deny Defendants' Hollingsworth, Minnick,

And New Millennium Tools, Inc.'s Motion for Partial Judgment *in toto*.

## INTRODUCTION

Plaintiff Tesla Industries, Inc. ("Tesla Industries") requests that the Court deny the

Motion for Partial Judgment filed by the Defendants Lyndol W. Hollingsworth, Charles

Minnick, and New Millennium Tools, Inc. ("NMT Defendants") on December 1, 2006 (D.I.

106). The Motion for Partial Judgment was filed in order to seek judgment on five inadvertent

admissions Tesla Industries made in its *Answer to the Counterclaims of Defendants Lyndol W.*

1

*Hollingsworth, Charles Minnick, and New Millennium Tools, Inc.* (D.I. 32*)* ("Original Answer"). Tesla Industries has contemporaneously filed a *Motion for Leave File Amended Answer to the Answer and Counterclaims of Defendants Lyndol W. Hollingsworth, Charles Minnick a/k/a Chuck Minnick and New Millennium Tools, Inc. and Demand for Jury Trial* ("Motion to Amend Answer") (copy attached as Exhibit "A").  Tesla Industries asks that, because the admissions were typographical errors that Tesla Industries intended to deny and is seeking to remedy, the Court deny the Motion for Partial Judgment filed by the Defendants Lyndol W. Hollingsworth, Charles Minnick, and New Millennium Tools, Inc.

## <u>NATURE AND  STAGE OF PROCEEDINGS</u>

On January 27, 2006 Plaintiff, Tesla Industries Inc., filed a Complaint in this Court against Defendants David C. Waldmann, Lyndol W. Hollingsworth, Charles Minnick, and New Millennium Tools, Inc. alleging,  inter alia,  misappropriation of Plaintiff's trade secrets, breach of contract, conversion and allied counts (D.I. 1). After entry of a Stipulation extending Defendants time to answer (D.I. 24) the Defendants filed separate Answers and Counterclaims to this Complaint on March 27, 2006 (D.I. 26, 27).  Defendant Waldmann filed a one-hundred thirteen (113) paragraph counterclaim (D.I. 26) and the other Defendants filed a sixty-three (63) paragraph counterclaim (D.I. 27).

Plaintiff's Answers to the Counterclaims in these voluminous (200 paragraph) pleadings were filed on April 17, 2006. (D.I. 32, 33).  In the process of preparing these Answers, Plaintiffs responses to four (4) out of the two hundred –plus paragraphs in the Defendants' Counterclaims were incorrectly, and inadvertently, lodged as admissions instead of denials.  The error in

paragraphs 36-40 of Plaintiff's Answer is readily apparent[1].  More specifically paragraphs 36-40 of the *Answer and Counterclaims of Defendants Lyndol W. Hollingsworth, Charles Minnick a/k/a Chuck Minnick and New Millennium Tools, Inc. and Demand for Jury Trial* ("Defendants' Counterclaims") (Exhibit "B" to the Motion to Amend Answer) here at issue accuse Plaintiff of "anticompetitive practices", attempting intentionally to monopolize the relevant product and geographical markets (¶ 36); attempts "to monopolize the market by improper and unlawful actions"(¶ 37); "violation of the Sherman Act" (¶ 38) and conclusory statements that Defendants were damaged by Plaintiff's acts (¶ 39-40). Clearly anyone except Defendants would see Plaintiff's admissions to such serious and patently false allegations as an obvious error.  Indeed, Plaintiff's Answers to Paragraphs 36-40 of Defendants' Counterclaims were a simple typographical error as explained in the Affidavit of Plaintiff's trial counsel, Brian A. Sullivan (Exhibit "A" to the Motion to Amend Answer).   Mr. Sullivan's Affidavit explains that an initial draft of Plaintiff's Answer to paragraphs 36-40 contained denials as one would expect (Sullivan Aff., ¶ 6).  He was out of the office on the response deadline (Easter Monday) for filing this Answer and somehow the draft denials were inadvertently word-processed as admissions (Sullivan Aff., ¶ 7-10).

## ARGUMENT

### I.    Standard of Review

A court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the burden of proving that no genuine

---

[1] They were not  recognized however, until Defendants filed their Motion for Partial Judgment on the Pleadings on December 1, 2006 seeking to turn these inadvertent admissions into a judgment on the pleadings.

issue of material fact exists.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S.

574, 586 n. 10 (1986).  Once the moving overcomes this threshold, the nonmoving party must

show that a genuine issue of fact exists by presenting evidence indicating that facts are in

contention, making it necessary that the case go to trial for a fact-finder to resolve the issue.  See

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).  The court will "view the

underlying facts and all reasonable inferences therefrom in the light most favorable to the party

opposing the motion."  Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).

## II.    Tesla Should Not Be Bound by Its Inadvertent Admissions

In Defendants' Motion for Partial Judgment, Defendants allege that because Tesla

Industries "admitted" sections 36-40 of the Defendants' Counterclaims, they should be bound by

their admissions.  They cite the case of Missouri Hous. Dev. Comm'n v. Brice for the

proposition that admissions in pleadings are binding on all parties and may support summary

judgment even if post-pleadings evidence conflicts with evidence in the pleadings.  919 F.2d

1306, 1315 (8th Cir. 1990).  For this proposition, the Court in Missouri Hous. Dev. Comm'n was

discussing Davis v. A.G. Edwards & Sons, Inc., 823 F.2d 105 (5th Cir. 1987) aff'g in relevant

part 635 F. Supp. 707 (W.D. La. 1986), which dealt with a factual statement by the parties made

in their complaint (that they were aware of defendants' misconduct) that was inconsistent with a

later statement in an Affidavit (that they were not). Plaintiffs' awareness made summary

judgment for statute of limitations appropriate.  Missouri Hous. Dev. Comm'n, 919 F.2d at 1315.

Tesla Industries' case is distinguishable because Tesla was not stating a fact, but only responding

generally to the allegations contained in sections 36 through 40 of Defendants' Counterclaims.

Tesla Industries' "admissions" were mere typographical errors, the misplacing of an admission

where a denial was intended.   See Sullivan Aff. ¶ 9.  Therefore, Tesla Industries' mistake should

not be considered a true admission of fact but merely a typographical error.  Tesla Industries

should not be bound by a typographical error but allowed to amend its pleading as requested in

Tesla Industries' Motion to Amend Answer.

Further, Defendants argue that a statement in an answer is a judicial admission.  They use

as authority for this proposition the case of Adams v. Teck Cominco Alaska, Inc. 2006 U.S. Dist.

LEXIS 15372, 15416 (D. Alaska 2006).  The Court stated that Defendants' statements in their

answers in the prior suit constituted admissions by a party opponent under Federal Rule of

Evidence 801(d)(2). However, the Defendants in Adams did not dispute that they had made

admissions in their prior answers.  Id. at 45.  Unlike those Defendants, Tesla Industries

vigorously denies that their "admissions" were actual admissions, but instead stresses the fact

that the word "admitted" was intended to be "denied" in paragraphs 36 through 40 of the

Original Answer.

### III.    Tesla Industries' Admission of Liabilility as to Counterclaim III was in Error

As Tesla Industries has stated before, Tesla Industries' admission of liability as to

Counterclaim III of the Defendants' Counterclaims was an inadvertent mistake.  See Affidavit of

Brian A. Sullivan, ¶ 9.  Tesla Industries has filed its Motion to Amend Answer in order to fully

explain that the "admissions" were not intentional.  Therefore, there was no intentional

Stipulation as to liability, and Tesla did not admit liability as to Counterclaim III.

### IV.    The NMT Defendants are Not Entitled to Judgment as a Matter of Law or, in the Alternative, Summary Judgment

The NMT Defendants are not entitled to Judgment as a Matter of Law or Summary

Judgment.  Even Defendants' authority agrees.  They cite 5c Charles Alan Wright & Arthur R.

Miller, Federal Practice & Procedure § 1367 (3d ed. 2006) for the proposition that : "The motion

for a judgment on the pleadings only has utility when all material allegations of fact are admitted *or not controverted* in the pleadings and only questions of law remain to be decided by the district court"( emphasis added)   The essential facts underlying Defendants Motion are controverted.  Tesla Industries intended to deny the allegations made by NMT in sections 36 through 40.

Defendants nevertheless argue that  Denealt v. Commissioner of Internal Revenue supports their Motion.  In Denealt the Court granted the IRS' motion for judgment on the pleadings after the taxpayers failed to respond to the IRS' amended petition or Rule 37(c) Motion to deem admitted the *unanswered* allegations of the IRS' amended petition.  Denealt v. Commissioner of Internal Revenue, T.C. Memo 1997-329, 343 (1997).   This case is inapplicable because Tesla Industries is engaged and responsive in this litigation unlike the Respondents in Denealt.

As Tesla Industries has stated, the word "admitted" was inadvertently typed instead of "denied" in its Response to the allegations of Counterclaim III of the Answer of NMT Parties.  Because this was a mistake and not an admission, Tesla Industries has asked the Court for leave to file an Amended Answer.  Tesla Industries asks that the Court deny Defendants' Motion for Partial Judgment and allow it to be heard on the Motion to Amend Answer.

## CONCLUSION

Defendants' Motion for Partial Judgment ought to be denied it its entirety, as it lacks both the factual and legal support to prevail under Fed. R. Civ. P. 56. As a result of the foregoing, Defendants have failed to meet their burden on summary judgment. The pleadings and Affidavits on the record quite clearly show that there is a genuine issue of material fact to be determined. Tesla Industries maintains, through its Motion to Amend Answer and the Affidavit of Brian A.

Sullivan, that the admissions were inadvertent errors on the part of Tesla Industries' attorneys. Therefore, there was no intentional stipulation as to liability, and Tesla did not admit liability as to Counterclaim III.  Tesla, in it's response to the assertion of Counterclaim III against it, meant to deny the allegation as it is without merit, but accidentally and through the fault of the drafter admitted it instead.

Respectfully submitted,

Dated: December 15, 2006

_____/s/  Brian A. Sullivan_____
Brian A. Sullivan  (DE No. 2098)
Robert D. Wilcox  (DE No. 4321)
Amy D. Brown     (DE No. 4077)
300 Delaware Avenue, 13th Floor
P. O.  Box 25046
Wilmington, DE  19899
Telephone:  (302) 652-1100
Facsimile:   (302) 652-1111

and

Paul E. Crawford (I.D. # 493)
CONNOLLY BOVE LODGE & HUTZ LLP
1107 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207
302.658.9141
pcrawford@cblh.com

Attorneys for Tesla Industries, Inc.

# EXHIBIT   A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TESLA INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06-055-GMS |
| v. | ) | |
| | ) | |
| | ) | |
| LYNDOL W. HOLLINGSWORTH, | ) | |
| CHARLES MINNICK a/k/a CHUCK MINNICK, and | ) | |
| NEW MILLENNIUM TOOLS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED ANSWER TO THE ANSWER AND COUNTERCLAIMS OF DEFENDANTS LYNDOL W. HOLLINGSWORTH, CHARLES MINNICK A/K/A CHUCK MINNICK AND NEW MILLENNIUM TOOLS, INC. AND DEMAND FOR JURY TRIAL

Comes Now Plaintiff Tesla Industries, Inc. ("Tesla Industries") pursuant to Rule 15(a) F. R. Civ. P. with this its Motion for Leave File Amended Answer to the Answer and Counterclaims of Defendants Lyndol W. Hollingsworth, Charles Minnick a/k/a Chuck Minnick and New Millennium Tools, Inc. and Demand for Jury Trial ("Motion to Amend Answer").

### INTRODUCTION

Plaintiff Tesla Industries, Inc., moves under Rule 15(a) F. R. Civ. P. to amend its Answer to the Counterclaims of Defendants Lyndol W. Hollingsworth, Charles Minnick, and New Millennium Tools, Inc. (D.I. 32) ("Original Answer"). The Amendments are sought to correct an obvious error in ¶ 36-40 of Plaintiff's Original Answer filed April 17, 2006. Due to a transcription error (See Affidavit of Brian A. Sullivan ("Sullivan Aff."), ¶ 8 attached as Exhibit "A"). Plaintiff inadvertently admitted, rather than denied, antitrust allegations in the

1

corresponding paragraphs of Defendants' Answer and Counterclaims of Defendants Lyndol W. Hollingsworth, Charles Minnick a/k/a Chuck Minnick and New Millennium Tools, Inc. and Demand for Jury Trial (hereinafter "Defendants' Counterclaims" attached hereto as Exhibit "B") filed March 27, 2006 (D.I. 26)

Two copies of Plaintiff's Amended Answer correcting these inadvertent transcription errors in ¶ 36-40 of its Original Answer are attached hereto as Exhibit "C" (the "Amended Answer"). Another copy of the Amended Answer containing the changes to Plaintiff's original Answer in brackets and underling as required by Local Rule 15.1 is attached hereto as Exhibit "D".

## DISCUSSION

On January 27, 2006 Tesla Industries, Inc. filed a Complaint in this Court against Defendants David C. Waldmann, Lyndol W. Hollingsworth, Charles Minnick, and New Millennium Tools, Inc. alleging, inter alia misappropriation of Plaintiff's trade secrets , breach of contract, conversion and allied counts (D.I.1). After entry of a Stipulation extending Defendants time to answer (D.I. 24) the Defendants filed separate Answers and Counterclaims to this Complaint on March 27, 2006 (D.I. 26, 27). Defendant Waldmann filed a one hundred thirteen (113) paragraph counterclaim (D.I. 26) and the other Defendants filed a sixty-three (63) paragraph counterclaim (D.I. 27).

Plaintiff's Answers to the Counterclaims in these voluminous (200 paragraph) pleadings were filed on April 17 2006. (D. I. 32, 33)  In the process of preparing these Answers, Plaintiffs responses to four (4) out of the two hundred –plus paragraphs in the Defendants' Counterclaims were incorrectly, and inadvertently lodged as admissions instead of denials. The

error in these paragraphs (36-40) of Plaintiffs Answer is readily apparent[1]. More specifically

paragraphs 36-40 of Defendants Counterclaims here at issue ( Exhibit "D") accuse Plaintiff of

"anticompetitive practices", attempting intentionally to monopolize the relevant product and

geographical markets (¶ 36); attempts "to monopolize the market by improper and unlawful

actions"(¶ 37); "violation of the Sherman Act" (¶ 38) and conclusory statements that Defendants

were damaged by Plaintiff's acts (¶ 39-40). Clearly anyone except Defendants would see

Plaintiff's admissions to such serious and patently false allegations as an obvious error. Indeed,

Plaintiff's Answers to Paragraphs 36-40 of Defendants' Counterclaims were a simple

typographical error as explained in the attached Affidavit of Plaintiff's trial counsel, Brian A.

Sullivan. Mr. Sullivan's Affidavit explains that an initial draft of Plaintiff's Answer to

paragraphs 36-40 contained denials as one would expect (Sullivan Aff., ¶ 6). He was out of the

office on the response deadline (Easter Monday) for filing this Answer and somehow the draft

denials were inadvertently word-processed as admissions (Sullivan Aff., ¶ 7-10)

Plaintiff should be entitled to amend its responses to these allegations for the following reasons:

## ARGUMENT

Under Federal Rule of Civil Procedure 15(a), leave to amend a

complaint should be liberally granted. Foman v. Davis, 371 U.S. 178, 182 (1962);

Adams v. Gould Inc., 739 F.2d 858, 867-68 (3d Cir. 1984); Coventry v. U.S. Steel Corp., 856

F.2d 514, 519 (3d Cir. 1988) (citing Heyl & Patterson Int'l, Inc. v. F.D. Rich, Inc., 663 F.2d 419,

425 (3d Cir. 1981) for the proposition, "[courts have shown a strong liberality...in allowing

amendments under Rule 15(a)"); Boleau v. Bethlehem Steel Corp., 730 F.2d 929, 938 (3d Cir.

---

[1] They were not recognized however, until Defendants filed their Motion for Partial Judgment on the Pleadings on December 1, 2006 (D.I. 106) seeking to turn these inadvertent admissions into a judgment on the pleadings.

1984) (same). Denial of leave to amend a complaint is only appropriate if there is undue delay, if it is motivated by bad faith, if it is prejudicial to the opposing party, or if the amendment would be futile. See, e.g., Adams, 739 F.2d at 867-868; U.S. v. Donald Lane Constr., 19 F. Supp. 2d 217, 221 (D. Del. 1998). Additionally, even if an action has reached a final disposition, the Court could still grant a motion for leave to file amended answer "in order to prevent inadvertent error or excusable neglect from controlling the outcome to permit a defendant to amend its answer to conform to the evidence as it believes it to be." Gotham Partners v. Hallwodd Realty, No. 15578-NC, 1999 Del. Ch. LEXIS 204, at *1 (Del. Ch. October 18, 1999).

Clearly, Tesla Industries' responses to paragraphs 36 through 40 were the result of mistake and inadvertent error. See Sullivan Aff., ¶ 9.

As explained below, Defendants will not be prejudiced, delay is not undue, the proposed amendment is not futile, and Tesla Industries, Inc. is not motivated by bad faith in seeking to amend its answers.

A defendant is prejudiced if it is "unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the... amendments been timely." Cuffy v. Getty Ref. & Mktg. Co., 648 F. Supp. 802, 806 (D. Del. 1986) (quoting Heyl & Patterson Intern., 663 F.2d at 426). The Court has ruled that "[u]ndue prejudice is more than mere inconvenience: it is found only where the party must overhaul its entire litigation strategy." In re Fleming Cos., Inc. (CHEP USA v. Fleming Co., Inc., Adv. Pro. No. 04-52368), 319 B.R. 359, 362 (Bankr. D. Del. 2005); see also Post Confirmation Trust of Fleming Co., Inc. v. Target Corp., Adv. Pro. No. 04-52747 (Bankr. D. Del. Apr. 19, 2005).

Here, Defendants have not been deprived of the opportunity to present

4

facts or evidence relevant to their defenses to the proposed Amended Answer. The Defendants have ample opportunity to pursue this claim against Tesla Industries, yet there has been no development of these allegations by New Millennium Tools, Inc. Under these circumstances, Defendants cannot claim to have suffered any prejudice, much less the type of "undue prejudice" necessary to warrant denial of this Motion to Amend.

Nor has Tesla Industries, Inc. unduly delayed its Motion to Amend. The Third Circuit has liberally granted leave to amend even after discovery has closed and scheduling deadlines have expired. See, e.g., Cuffy, 648 F. Supp. At 805-807 (granting leave to amend even though scheduling deadline to file motion to amend pleadings had passed); Coventry, 856 F.2d at 519 (reversible error for district court to deny leave to amend complaint even though discovery had closed eight months earlier); In re Worldwide Direct, Inc., 2003 WL 22000600 (Bankr. D. Del. 2003) (granting leave to amend preference complaint even though discovery deadline had passed). Tesla Industries has filed this Motion promptly after learning of the mistake and within the time to respond to New Millennium Tool's motion.

Defendants cannot be prejudiced by Plaintiff's original admissions as to paragraphs 36 through 40 as few rational persons reading these admissions would see them as other than what they are—clearly a mistake. Defendants no doubt realized this, but instead chose unnecessary motion practice to gloat over the mistake. Neither is Tesla Industries' Motion to Amend Answer "futile" or motivated by "bad faith". The Motion is not futile because it will correct a transcription error, which was a mistake. Sullivan Aff., ¶ 9. Additionally, the amendment is not motivated by bad faith because the admissions to paragraphs 36 through 40 were simply the result of a typographical error. Allowing the correcting of them is not being sought in bad faith

and allowing the amendment would serve the interests of justice, and allow the case to proceed on the merits.

Under Rule 15(c)(2) of the Federal Rules of Civil Procedure, an amendment of a pleading relates back to the date of the original pleading when a "claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth to the original pleading" Fed. R. Civ. P. 15(c).

In this case, there is no doubt that the Amended Answer arose out of the same conduct, transaction, or occurrence set forth in the original pleading. The change is not one that occurred after the filing of the Complaint but rather one that was always present and was inconsistent and mistakenly stated through a typographical transcription error.

## CONCLUSION

For all the foregoing reasons, Tesla Industries, Inc. respectfully requests that this Court grant Tesla Industries, Inc.'s Motion to Amend Answer.

Dated:  December 15, 2006          WERB & SULLIVAN
        Wilmington, Delaware


/s/ Brian A. Sullivan
Brian A. Sullivan  (DE No. 2098)
Robert D. Wilcox  (DE No. 4321)
Amy D. Brown     (DE No. 4077)
300 Delaware Avenue, 13th Floor
P. O.  Box 25046
Wilmington, DE  19899
Telephone:  (302) 652-1100
Facsimile:   (302) 652-1111

and

Paul E. Crawford (I.D. # 493)
CONNOLLY BOVE LODGE & HUTZ LLP
1107 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207
302.658.9141
pcrawford@cblh.com

ATTORNEYS FOR PLAINTIFF TESLA
INDUSTRIES, INC.

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TESLA INDUSTRIES, INC., a Delaware        :
Corporation,
                                          :
                    Plaintiff,            :     C.A. No.06-55
                                          :
v.                                        :
                                          :
DAVID C. WALDMANN,                        :
LYNDOL W. HOLLINGSWORTH,                   :
CHARLES MINNICK a/k/a CHUCK MINNICK, and  :
NEW MILLENNIUM TOOLS, INC., an Oregon     :
Corporation,                              :
                                          :
                    Defendants.           :

### <u>AFFIDAVIT OF BRIAN A. SULLIVAN</u>

STATE OF  DELAWARE          )
                           )     to wit:
COUNTY OF NEW CASTLE        )

BRIAN A. SULLIVAN, being first duly sworn on oath, deposes and says as

follows:

1.  I am an adult competent to testify to the matters stated herein.

2.  I have personal knowledge of the matters stated herein.

3.  I am the lead attorney representing the Plaintiff in the above-referenced cause of

    action.

4.  I have been a member of the Delaware Bar since 1981.

5.  This Affidavit is made in support of Plaintiff's Motion For Leave To File Amended

    Answer.

6. On or about April 17, 2006, our office was preparing its Answer and Counterclaim to Tesla Industries Inc.'s Answer To The Counterclaims Of Defendants Lyndol C. Hollingsworth, Charles Minnick And New Millennium Tools, Inc. ("Answer"). The original draft of the Amended Answer contained denials of Sections 36 through 40 of Defendants' Counterclaims regarding violation of AntiTrust Laws.

7. I was out of the office and on vacation on about April 17, 2006, which was Easter Monday. Accordingly, other attorneys and assistants in our offices made the final revisions to Tesla's Answer.

8. Apparently, a transcription error occurred during the word processing and email process whereby the denials intended to be included in Section 36 through 40 were mistakenly and inadvertently changed to Admissions. The mistaken version of the Answer was filed on April 17, 2006.

9. The Admissions in Sections 36 through 40 were mistaken and inadvertent, since they were intended to be denials, as they were in the earlier drafts of the document.

10. Due to my absence from the office on Easter Monday, I was unable to review the final filed version of the Answer which contained the mistakes. Tesla Industries vigorously denies any allegations of AntiTrust violations and has meritorious defenses to such unsubstantiated allegations. There has been no furthr addressing of these issues since the Answer was filed.

11. I was not informed by counsel for the New Millenium Tools parties of the mistakes in the Answer until I received NMT's Motion for Judgment on the Pleadings, which was filed and served on December 1, 2006.

12. I informed counsel for the New Millenium Tools parties of the inadvertent mistake during a teleconference on Monday, December 11, 2006.

I hereby declare and affirm under the penalties of perjury that the matters and facts set forth or alleged herein are true and correct to the best of my knowledge, information and belief.

BRIAN A. SULLIVAN

SUBSCRIBED and SWORN TO before me this *15th* day of *December* 2006.

*Carol Ann Dougherty*
NOTARY PUBLIC

My Commission Expires: *Sept. 12, 2008*

CAROL ANN DOUGHERTY
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires Sept. 12, 2008

# EXHIBIT  B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TESLA INDUSTRIES, INC. a Delaware Corporation,<br><br>       Plaintiff,<br><br>   v.<br><br>DAVID C. WALDMANN, LYNDOL W. HOLLINGSWORTH, CHARLES MINNICK a.k.a. CHUCK MINNICK, and NEW MILLENNIUM TOOLS, INC., an Oregon Corporation,<br><br>      Defendants.<br><br>LYNDOL W. HOLLINGSWORTH, CHARLES MINNICK a.k.a. CHUCK MINNICK, and NEW MILLENNIUM TOOLS, INC., an Oregon Corporation,<br><br>      Counterclaim-Plaintiffs,<br><br>   v.<br><br>TESLA INDUSTRIES, INC. a Delaware Corporation,<br><br>      Counterclaim-Defendant. | C.A. No. 06-55-GMS<br><br><br>**FILED UNDER SEAL** |

## ANSWER AND COUNTERCLAIMS OF DEFENDANTS LYNDOL W. HOLLINGSWORTH, CHARLES MINNICK A/K/ACHUCK MINNICK AND NEW MILLENNIUM TOOLS, INC. AND DEMAND FOR JURY TRIAL

Defendants Lyndol W. Hollingsworth ("Hollingsworth"), Charles Minnick a/k/a Chuck Minnick ("Minnick") and New Millennium Tools, Inc. ("NMT") (hereinafter collectively referred to as the "NMT Parties"), by undersigned counsel, respectfully submit the following

Answer, Affirmative Defenses and Counterclaims to the Verified Complaint of Plaintiff Tesla Industries, Inc. ("Tesla Industries").

## **THE PARTIES**

1.      The NMT Parties lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 1 of the Complaint and, therefore, deny each and every such allegation.

2.      The NMT Parties lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and, therefore, deny each and every such allegation.

3.      The NMT Parties admit that Defendant Hollingsworth is an adult individual residing in the State of Texas.  The NMT Parties further admit that Defendant Hollingsworth resides at 923 Timber Trail, Cedar Park, Texas 78613-3437.  The NMT Parties deny the remaining allegations contained in Paragraph 3 of the Complaint.

4.      The NMT Parties admit that Defendant Minnick is an adult individual residing in the State of Oregon.  The NMT Parties further admit that Defendant Minnick resides at 8420 SW 89th Ave., Portland, OR 97223.  The NMT Parties deny the remaining allegations contained in Paragraph 4 of the Complaint.

5.      The NMT Parties admit that Defendant New Millennium Tools, Inc., is an Oregon corporation.  The NMT Parties deny the remaining allegations contained in Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6.      The NMT Parties lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and, therefore, deny each and every such allegation.

7.      The NMT Parties lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and, therefore, deny each and every such allegation.

## "TESLA INDUSTRIES' BUSINESS"

8.      The NMT Parties admit that a document purporting to be the Affidavit of David J. Masilotti ("Masilotti Affidavit") is attached to the Complaint as Exhibit A.  The NMT Parties lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint or the allegations contained in the Masilotti Affidavit and, therefore, deny each and every such allegation.

9.      The NMT Parties lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and, therefore, deny each and every such allegation.

## "TESLA INDUSTRIES' EFFORTS TO PROTECT ITS INFORMATION"

10.     The NMT Parties lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, therefore, deny each and every such allegation.

11.     The NMT Parties admit that a document entitled "Access to Tesla Industries Technology Resources" is attached as Exhibit B to the Complaint.  The NMT Parties lack sufficient knowledge or information to form a belief as to the truth of the allegations in

3

Paragraph 11 of the Complaint or Exhibit B thereto and, therefore, deny each and every such allegation.

12.    The NMT Parties admit that a document entitled "Agreement of Non-Disclosure" is attached as Exhibit C to the Complaint.  The NMT Parties lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint or Exhibit C thereto and, therefore, deny each and every such allegation.

13.    The NMT Parties lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and, therefore, deny each and every such allegation.

### "WALDMANN'S THEFTS FROM TESLA INDUSTRIES"

14.    The NMT Parties lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and, therefore, deny each and every such allegation.

     (A)    Denied.

     (B)    Denied.

     (C)    Denied.

     (D)    Denied.

     (E)    Denied.

### "THE DEFENDANTS' FRAUDULENT SCHEME"

15.    The NMT Parties lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and, therefore, deny each and every such allegation.

16.    Denied.

4

17.    Denied.

18.    Denied.

19.    Admitted, except the NMT Parties lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence in Paragraph 19 of the Complaint, and therefore deny such allegations.

20.    Admitted.

21.    Denied.

22.    The NMT Parties lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and, therefore, deny each and every such allegation.

23.    Denied.

24.    Denied.

25.    Denied.

26.    The NMT Parties lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and, therefore, deny each and every such allegation.

27.    The NMT Parties lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint and, therefore, deny each and every such allegation.

28.    The NMT Parties lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and, therefore, deny each and every such allegation.

5

29.    The NMT Parties lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and, therefore, deny each and every such allegation.

30.    The NMT Parties lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and, therefore, deny each and every such allegation.

31.    The NMT Parties lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and, therefore, deny each and every such allegation.

**COUNT I**

**VIOLATION OF UNIFORM TRADE SECRETS ACT – WALDMANN**

32.    The NMT Parties repeat and reallege the responses to Paragraphs 1 through 31 of the Complaint as though fully set forth herein.

33.    The NMT Parties lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint and, therefore, deny each and every such allegation.

34.    The NMT Parties lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint and, therefore, deny each and every such allegation.

35.    The NMT Parties lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint and, therefore, deny each and every such allegation.

36.    The NMT Parties lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint and, therefore, deny each and every such allegation.

37.    The NMT Parties lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint and, therefore, deny each and every such allegation.

38.    The NMT Parties lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint and, therefore, deny each and every such allegation.

## COUNT II

### VIOLATION OF UNIFORM TRADE SECRETS ACT – HOLLINGSWORTH, MINNICK AND NEW MILLENNIUM TOOLS, INC.

39.    The NMT Parties repeat and reallege the responses to Paragraphs 1 through 38 of the Complaint as though fully set forth herein.

40.    Denied.

41.    Denied.

42.    Denied.

43.    Denied.

44.    Denied.

## COUNT III

### BREACH OF CONTRACT – WALDMANN

45.    The NMT Parties repeat and reallege the responses to Paragraphs 1 through 44 of the Complaint as though fully set forth herein.

46.    The NMT Parties lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint and, therefore, deny each and every such allegation.

47.    The NMT Parties lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint and, therefore, deny each and every such allegation.

48.    The NMT Parties lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint and, therefore, deny each and every such allegation.

## COUNT IV

### CONVERSION BY ALL DEFENDANTS

49.    The NMT Parties repeat and reallege the responses to Paragraphs 1 through 48 of the Complaint as though fully set forth herein.

50.    Denied.

51.    Denied.

## COUNT V

### TORTIOUS INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS BY WALDMANN

52.    The NMT Parties repeat and reallege the responses to Paragraphs 1 through 51 of the Complaint as though fully set forth herein.

53.    The NMT Parties lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint and, therefore, deny each and every such allegation.

54.    The NMT Parties lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint and, therefore, deny each and every such allegation.

## COUNT VI

### CONSPIRACY BY WALDMANN, HOLLINGSWORTH, MINNICK AND NEW MILLENNIUM TOOLS

55.    The NMT Parties repeat and reallege the responses to Paragraphs 1 through 54 of the Complaint as though fully set forth herein.

56.    Denied.

      A.    Denied.

      B.    Denied.

      C.    Denied.

## AFFIRMATIVE DEFENSES

The NMT Parties allege the following Affirmative Defenses and reserve the right to modify and supplement these defenses as discovery proceeds in this litigation.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to identify any trade secret information. Plaintiff's alleged trade secrets and confidential information are not secret because: (a) they are publicly available; (b) Plaintiff has failed to undertake reasonable efforts to maintain the secrecy of their alleged trade secrets; and (c) they are publicly known.

### THIRD AFFIRMATIVE DEFENSE

The NMT Parties were authorized by Plaintiff to engage in the alleged activities.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the NMT Parties are barred, in whole or in part, by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the NMT Parties are barred, in whole or in part, by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the NMT Parties are barred, in whole or in part, by the doctrine of estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the NMT Parties are barred, in whole or in part, by the doctrine of acquiescence.

WHEREFORE, the NMT Parties request that this Honorable Court dismiss this Complaint with prejudice and enter judgment in their favor as to each and every Count alleged against them in the Complaint and award to the NMT Parties their fees and costs in defending this matter (*see* 6 <u>Del. C.</u> § 2004) along with such other relief as the Court deems just.

### COUNTERCLAIMS

### (DECLARATORY JUDGMENT OF LACK OF TRADE SECRETS; ABUSE OF PROCESS; ANTITRUST; TORTIOUS INTERFERENCE WITH CONTRACT; TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; AND UNFAIR COMPETITION)

Defendants/Counterclaimants Lyndol W. Hollingsworth ("Hollingsworth"), Charles Minnick a/k/a Chuck Minnick ("Minnick") and New Millennium Tools, Inc. ("NMT")

(hereinafter collectively referred to as the "NMT Parties") for their Counterclaims against Tesla Industries state as follows:

1.    The NMT Parties repeat and reallege the responses to Paragraphs 1 though 56 of the Complaint as though fully set forth herein.

## THE PARTIES

2.    Lyndol C. Hollingsworth is an adult individual residing in the State of Texas.  Mr. Hollingsworth resides at 923 Timber Trail, Cedar Park, Texas 78613-3437.

3.    Charles Minnick is an adult individual residing in the State of Oregon.  Mr. Minnick resides at 8420 SW 89th Ave., Portland, Oregon 97223.

4.    New Millennium Tools, Inc., is an Oregon corporation, with its principal place of business located at 1160A Allen Blvd., Beaverton, Oregon 97005.

5.    Counterclaim-Defendant Tesla Industries, Inc. ("Tesla Industries") is a Delaware corporation with its principal place of business located at 109 Centerpoint Blvd., New Castle, Delaware 19720.

6.    David C. Waldmann is an adult individual residing in the State of Pennsylvania. Upon information and belief, Mr. Waldmann resides at 6 Robin Road, Malvern, Pennsylvania 19355.  At all times relevant herein, Mr. Waldmann was an employee and military sales representative for Tesla Industries.

## JURISDICTION AND VENUE

7.    This Court has jurisdiction over these counterclaims, *inter alia*, pursuant to 28 U.S.C. § 1332(a).  Counterclaim-Defendant Tesla Industries is a citizen of Delaware. Counterclaim-Plaintiff Hollingsworth is a citizen of Texas and Counterclaim-Plaintiffs Minnick

11

and NMT are citizens of Oregon. The amount in controversy exceeds $75,000. Venue over these counterclaims is proper to the extent it is proper over Plaintiff's claims.

## BACKGROUND OF THE INSTANT MATTER

8.     Mr. Hollingsworth is a developer of electrical equipment and power tools. Prior to the instant action, Mr. Hollingsworth had a contractual relationship with DC Power Equipment, L.L.C., which is located in Austin, Texas, to develop and license power equipment.

9.     NMT is a newly formed corporation by Messrs. Hollingsworth and Minnick to supply power equipment to the United States military. In order to obtain the necessary government contracts to meet this goal, it is important that NMT source many of the components of its equipment from corporations that manufacture and sell their parts in the United States. *See* 41 U.S.C. § 10(a) (2005).

10.     Tesla Industries, which is located in the United States, manufactures and sells standard portable ground power units and electrical equipment for military and commercial applications.

11.     In mid-2005, Mr. Hollingsworth, on behalf of NMT, contacted Tesla Industries with the intent to purchase parts that would be incorporated into a product supplied by NMT to the United States military.

12.     Upon stating his intent to purchase certain parts from Tesla Industries, Mr. Hollingsworth was directed to Tesla Industries' Sales Representative, Mr. Waldmann. Upon information and belief, Mr. Waldmann was an authorized agent of Tesla Industries and had complete authority to negotiate the sale of Tesla Industries' products.

13.     For several months, Mr. Hollingsworth communicated with Tesla Industries' Sales Representative, Mr. Waldmann, regarding the purchase of certain commodity items marketed

and sold by Tesla Industries that could be incorporated into power equipment for the United States military, including but not limited to the NATO receptacle that is commercially advertised on Tesla Industries website (www.teslaind.com).

14.     On or about January 27, 2006, in bad faith, without probable cause and with a malicious intent, Tesla Industries filed the present action against the NMT Parties for theft of trade secrets, tortious interference, conversion and conspiracy, and requested a temporary restraining order and preliminary injunction against the NMT Parties.

15.     Upon information and belief, at the time Tesla Industries filed the unfounded complaint, it knew or reasonably should have known of the contractual relationship between Mr. Hollingsworth and DC Power Equipment, L.L.C.

16.     As the direct and proximate result of Tesla Industries' frivolous and baseless action, the contractual relationship between Mr. Hollingsworth and DC Power Equipment, L.L.C. was terminated.

17.     Immediately after the baseless Complaint was filed, but before the NMT Parties could obtain counsel, Tesla Industries, by and through its agents, with ulterior motives, improperly coerced the NMT Parties to agree to a temporary restraining order.

18.     As the direct and proximate result of this litigation and the temporary restraining order, the NMT Parties have lost business, capital infusion and business opportunities and have incurred attorneys fees and expenses.

13

## COUNTERCLAIM I

### DECLARATORY JUDGMENT THAT TESLA'S PURPORTEDLY CONFIDENTIAL INFORMATION ARE NOT TRADE SECRETS (28 U.S.C. § 2201-2 AND 10 Del. C. § 6501, *et seq.*)

19.     The NMT Parties reallege, repeat and incorporate by reference herein the allegations set forth in all of the foregoing paragraphs of the counterclaims as well as their foregoing answer, as if set forth fully herein.

20.     The Delaware Trade Secrets Act (6 Del. C. § 2001 *et seq.*) prohibits the misappropriation of trade secrets.

21.     Tesla Industries claims to have trade secrets, and further claims that the NMT Parties have misappropriated trade secrets belonging to Tesla Industries in violation of the Delaware Trade Secrets Act.

22.     The NMT Parties wish to continue the business of developing and supplying portable ground power equipment to the United States military without risk of violating any rules prohibiting the misappropriation of trade secrets, but cannot do so unless the Court first determines that Tesla Industries has no trade secrets, determines which of Tesla Industries' alleged trade secrets are valid and the nature and scope of such trade secrets.

WHEREFORE, pursuant to Fed. R. Civ. P. 57, the NMT Parties pray that this Court issue a declaratory judgment in favor of the NMT Parties and against Tesla Industries as follows:

23.     That the items claimed by Tesla Industries in its Complaint to be trade secrets do not qualify for that status and are not trade secrets.

24.     That the NMT Parties, and each of them, have in their possession (with respect to the trade secrets alleged in the instant action) no trade secrets of Tesla Industries that are protected under the Delaware Trade Secrets Act, common law, or otherwise.

25.     If this Court determines that Tesla Industries has one or more trade secrets protectable under the Delaware Trade Secrets Act, the common law, or otherwise, the NMT Parties respectfully request that this Court make a full and final determination on each such claim to trade secrets sufficient to provide a clear and detailed determination of the nature and scope of these trade secrets.

## COUNTERCLAIM II

## ABUSE OF PROCESS

26.     The NMT Parties reallege, repeat and incorporate by reference herein the allegations set forth in all of the foregoing paragraphs of the counterclaims as well as their foregoing answer, as if set forth fully herein.

27.     On or about January 27, 2006, Plaintiff Tesla Industries filed the present action for theft of trade secrets, tortious interference, conversion and conspiracy, and requested a temporary restraining order and preliminary injunction against the NMT Parties.  The filing of the action, and the request for a temporary restraining order and preliminary injunction constitute abuse of process in that the action was not filed (and the temporary restraining order not requested) in order to obtain legal redress or because Tesla Industries believed that the NMT Parties had misappropriated alleged trade secrets; nor was the action filed because Tesla Industries believed that it had suffered any monetary loss as a result of the alleged trade secret misappropriation; nor was the action filed for any other proper purpose.  Rather, despite knowing that the materials were not trade secrets, Tesla Industries nevertheless filed this action and obtained a temporary restraining order for improper purposes, with ulterior motives, to accomplish certain ends or goals for which the action was not designed, including but not limited to the following:

(a)     To harass and cause financial hardship to the NMT Parties;

(b)     To obstruct justice;

(c)     To prevent the NMT Parties from contracting with other entities that market and sell the same parts sold by Tesla Industries; and

(d)     To obtain discovery in pursuit of Tesla Industries claims against Mr. Waldman.

28.     As a direct and proximate result of Tesla Industries' abuses of process, the NMT Parties, and each of them, have suffered property damage and economic losses.  The NMT Parties, and each of them, have further suffered loss of income, loss of capital infusion, loss of business and loss of prospective business, and also have incurred attorneys fees and court costs as a direct and proximate result of Tesla Industries' abuses of process detailed herein.

29.     Tesla Industries' filing of the present action and procurement of a temporary restraining order for an improper purpose was done willfully, maliciously, oppressively and in conscious disregard of the NMT Parties' rights in property and other rights.

30.     Due to the willful and malicious nature of Tesla Industries' conduct, and of the rights and privileges Tesla Industries has tried to abridge by filing this action and procuring a temporary restraining order, it is necessary to assess punitive and exemplary damages against Tesla Industries to punish and make an example of Tesla Industries and in order to deter it and others from engaging in similar conduct in the future.

WHEREFORE, the NMT parties, and each of them, pray judgment on this counterclaim against Tesla Industries as follows: (1) that Tesla Industries be required to pay each NMT Party compensatory and special damages in an amount according to proof, and punitive damages; and

(2) that Tesla Industries' causes of action be dismissed in their entirety, with prejudice, in favor of the NMT Parties.

## COUNTERCLAIM III

### ANTITRUST (SHERMAN AND CLAYTON ACTS)

31.     The NMT Parties reallege, repeat and incorporate by reference herein the allegations set forth in all of the foregoing paragraphs of the counterclaims as well as their foregoing answer, as if set forth fully herein.

32.     Tesla Industries has filed this lawsuit, which constitutes a "sham" litigation for at least the following reasons:

(a)     The claims that Tesla Industries has asserted in the Complaint are objectively baseless in that no reasonable litigant could realistically expect success on the merits of those claims;

(b)     Tesla Industries made factual or legal allegations in its Complaint and in procuring the temporary restraining order for which it had no good faith or objectively reasonable basis;

(c)     Tesla Industries filed the Complaint and obtained the temporary restraining order despite knowing that the materials-at-issue were not trade secrets; and

(d)     Tesla Industries initiated this lawsuit and obtained the temporary restraining order not for the purpose of seeking and ultimately obtaining any proper remedy due it under the law but for the purposes of directly interfering with the business relationships of a competitor and forcing a legitimate business competitor from the market.

33.     Upon information and belief, Tesla Industries has engaged in such anticompetitive conduct with the specific intent to monopolize the relevant market.

17

34.     Unless corrected, there is a dangerous probability that Tesla Industries' anticompetitive conduct will result in Tesla Industries achieving monopoly power in the relevant market.

35.     For purposes of this counterclaim, the relevant market is portable ground power units, power sockets and tools that are sold to the United States military.  The relevant geographic market is the United States because Tesla Industries attempts to sell its products through government contracts to the United States military.

36.     Through its anticompetitive practices, Tesla Industries is attempting intentionally to monopolize the relevant product and geographical markets described herein.

37.     Rather than competing by designing, producing and selling a superior product, Tesla Industries has instead attempted to monopolize the market by improper and unlawful actions.  For example, by filing this sham lawsuit, Tesla Industries threaten improperly to destroy competition in the relevant market from which the United States military, including those members serving in combat, benefit through better products and support.

38.     The acts of Tesla Industries complained of herein represent an attempt to monopolize the trade in violation of the Sherman Act, 15 U.S.C. § 2.

39.     As a direct and proximate result of Tesla Industries' attempt at monopolization, the NMT Parties suffered and continue to suffer injuries and damages to their business and property as set forth in the Clayton Act, 15 U.S.C. § 15(a).

40.     As a direct and proximate result of Tesla Industries' conduct as described herein, the NMT Parties suffered or will suffer damages including, but not limited to, lost sales or sales opportunities for their products, lost capital infusion, and expenses related to defending against this litigation including, *inter alia*, attorneys fees and costs.

WHEREFORE, the NMT parties, and each of them, pray judgment on this counterclaim against Tesla Industries for compensatory damages, treble damages, legal fees and other such relief as the Court deems just.

## COUNTERCLAIM IV

## TORTIOUS INTERFERENCE WITH CONTRACT

41.    Mr. Hollingsworth realleges, repeats and incorporates by reference herein the allegations set forth in all of the foregoing paragraphs of the counterclaims as well as his foregoing answer, as if set forth fully herein.

42.    Prior to the filing of the Complaint, Mr. Hollingsworth was in a contractual relationship with non-party DC Power Equipment, L.L.C. to develop and design power equipment tools.

43.    Tesla Industries knew of the contractual relationship between Mr. Hollingsworth and DC Power Equipment.  (*See* Complaint at ¶ 17.)

44.    Upon information and belief, with full knowledge of the contractual relationship between Mr. Hollingsworth and DC Power Equipment and with intent to disrupt that relationship, Tesla Industries and its agents contacted DC Power Equipment regarding this lawsuit and its relationship with Mr. Hollingsworth.

45.    In engaging in the conduct described in this count of the counterclaim, Tesla Industries and its agents acted improperly and without privilege, justification or excuse.

46.    As a result of Tesla Industries' wrongful conduct, Mr. Hollingsworth has lost sales, good will and normal growth opportunities and has suffered pecuniary loss.

WHEREFORE, Mr. Hollingsworth prays judgment on this counterclaim against Tesla Industries for compensatory damages, punitive damages, legal fees and costs and such other relief as the Court deems just.

**COUNTERCLAIM V**

**TORTIOUS INTERFERENCE WITH**
**PROSPECTIVE ECONOMIC ADVANTAGE**

47.    The NMT Parties reallege, repeat and incorporate by reference herein the allegations set forth in all of the foregoing paragraphs of the counterclaims as well as their foregoing answer, as if set forth fully herein.

48.    Tesla Industries has interfered with the NMT Parties' economic advantages and opportunities. Tesla Industries knew or should have known that the claimed materials were not trade secrets. By filing its baseless claims and obtaining a temporary restraining order, Tesla Industries intentionally interfered with the NMT Parties' right to pursue business opportunities available to them.

49.    By engaging in conduct described in this counterclaim, Tesla Industries intentionally interfered with the prospect of, or reasonable expectation of, economic advantage to the NMT Parties arising from development or capital for NMT and the development and ultimate sales of NMT products. Furthermore, the aforementioned acts of tortious interference were the direct and proximate cause of damages to the NMT Parties including, but not limited to: loss of good will in the market and among actual and potential customers; loss of potential market share; and loss of business opportunities with the United States military.

50.    There is a reasonable probability that, but for Tesla Industries' conduct, the NMT Parties would have realized economic advantage in the form of the development of capital and sales of NMT products.

51.    In engaging in the conduct described herein, Tesla Industries acted for the purpose of damaging the NMT Parties and, in doing so, acted improperly, maliciously and with ill will. Tesla Industries' conduct was willful, intentionally and unprivileged, and in bad faith.

WHEREFORE, the NMT parties, and each of them, pray judgment on this counterclaim against Tesla Industries for compensatory damages, punitive damages, legal fees and costs and such other relief as the Court deems just.

## COUNTERCLAIM VI

## UNFAIR COMPETITION – STATE COMMON LAW

52.    The NMT Parties reallege, repeat and incorporate by reference herein the allegations set forth in all of the foregoing paragraphs of the counterclaims as well as their foregoing answer, as if set forth fully herein.

53.    With full knowledge that the subject materials were not trade secrets, Tesla Industries acted in bad faith and engaged in willful, intentional and unprivileged conduct that was an abuse of the judicial process by, *inter alia*, its filing of the instant complaint, its procurement of a temporary restraining order and its public contact with customers and potential customers of the NMT Parties, all in order to prevent the NMT Parties from developing and selling portable power equipment to the United States military.

54.    By wrongfully bringing and maintaining this action, procuring a temporary restraining order and its public contact with customers and potential customers of the NMT Parties, Tesla Industries was unfairly competing with the NMT Parties. The willful, intentional and unprivileged conduct by Tesla Industries violated public policy, was unfair, wrongful, and constituted unlawful trade practices under state common law.

55.     The acts by Tesla Industries caused the NMT Parties harm, including, but not limited to: the expenditure of substantial time, effort and resources; unnecessary costs and attorneys' fees; and defending themselves in the trade and financial communities.

WHEREFORE, the NMT parties, and each of them, pray judgment on this counterclaim against Tesla Industries for compensatory damages, punitive damages, legal fees and costs and such other relief as the Court deems just.

## COUNTERCLAIM VII

## UNFAIR COMPETITION – STATE STATUTORY LAW

56.     The NMT Parties reallege, repeat and incorporate by reference herein the allegations set forth in all of the foregoing paragraphs of the counterclaims as well as their foregoing answer, as if set forth fully herein.

57.     The acts of Tesla Industries and its agents complained of above constitute unfair competition and unlawful trade practices under applicable state statutory law, including, but not limited to, 6 Del. C. § 2531, *et seq.*

WHEREFORE, the NMT parties, and each of them, pray judgment on this counterclaim against Tesla Industries for compensatory damages, punitive damages, legal fees and costs and such other relief as the Court deems just.

## COUNTERCLAIM VIII

### UNFAIR COMPETITION – LANHAM ACT (15 U.S.C. § 1125(a)(1)(B))

58.    The NMT Parties reallege, repeat and incorporate by reference herein the allegations set forth in all of the foregoing paragraphs of the counterclaims as well as their foregoing answer, as if set forth fully herein.

59.    The NMT Parties have invested considerable resources to develop goodwill with their customers.

60.    Tesla Industries made false and misleading factual representations in interstate commerce about the NMT Parties' goods.

61.    The false and misleading statements about the NMT Parties' goods made by Tesla Industries actually deceived or were likely to deceive substantial segments of the military's procurement of portable ground power units, power sockets and electrical tools.

62.    The acts of Tesla Industries and its agents described herein constitute unfair competition under the Lanham Act, 15 U.S.C. § 1125(a).

63.    Such acts by Tesla Industries have caused and will continue to cause injuries and damages to the NMT Parties as set forth above.

WHEREFORE, the NMT parties, and each of them, pray judgment on this counterclaim against Tesla Industries for compensatory damages, punitive damages, legal fees and costs and such other relief as the Court deems just.

23

## JURY DEMAND

The NMT Parties respectfully request a jury trial on all issues, causes of action and counterclaims so triable.

ASHBY & GEDDES

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Telephone:     (302) 654-1888
Facsimile:     (302) 654-2067

*Attorneys for Defendants Lyndol W. Hollingsworth, Charles Minnick and New Millennium Tools, Inc.*

*Of Counsel:*

Louis S. Mastriani
Rodney R. Sweetland, III
David F. Nickel
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, DC  20036
Telephone:  (202) 467-6300
Facsimile:  (202) 466-2006

Dated: March 27, 2006
168013.1

24

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of March, 2006, the attached **ANSWER AND**

**COUNTERCLAIMS OF DEFENDANTS LYNDOL W. HOLLINGSWORTH, CHARLES**

**MINNICK A/K/A CHUCK MINNICK AND NEW MILLENNIUM TOOLS, INC. AND**

**DEMAND FOR JURY TRIAL** was served upon the below-named counsel of record at the

addresses and in the manner indicated:

Brian A. Sullivan, Esquire                                    HAND DELIVERY
Werb & Sullivan
300 Delaware Avenue, 13th Floor
Wilmington, DE 19801

John D. Demmy, Esquire                                    HAND DELIVERY
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, DE 19801


John G. Day

166961.1

# EXHIBIT   C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TESLA INDUSTRIES, INC., a Delaware Corporation, | : | |
| | : | |
| Plaintiff, | : | C.A. No.06-55 |
| | : | |
| v. | : | |
| | : | |
| DAVID C. WALDMANN, | : | |
| LYNDOL W. HOLLINGSWORTH, | : | |
| CHARLES MINNICK a/k/a CHUCK MINNICK, and | : | |
| NEW MILLENNIUM TOOLS, INC., an Oregon | : | |
| Corporation, | : | |
| | : | |
| Defendants. | : | |

**TESLA INDUSTRIES INC.'S AMENDED ANSWER TO THE COUNTERCLAIMS
OF DEFENDANTS LYNDOL C. HOLLINGSWORTH, CHARLES MINNICK
AND NEW MILLENNIUM TOOLS, INC.**

COMES NOW Plaintiff, Tesla Industries, Inc., ("Plaintiff" or "Tesla Industries") and

answers the Counterclaims filed by Defendants Lyndol C. Hollingsworth, Charles Minnick and

New Millennium Tools, Inc. (collectively, the "NMT Parties") as follows[1]:

1.     Tesla Industries realleges and incorporates herein the allegations of its Verified

Complaint in this case as if fully set forth herein.

**THE PARTIES**

2.     Plaintiff admits that Defendant Lyndol C. Hollingsworth resides in the State of

Texas. Plaintiff is without knowledge sufficient to admit or deny the allegation of his current

address, but admits that 923 Timber Trail, Cedar Park, Texas 78613-3437 is his last known

address.

3.     Plaintiff admits that Defendant Charles Minnick resides in the State of Oregon.

Plaintiff is without knowledge sufficient to admit or deny the allegation of his current address,

but admits that 8420 SW 89th Ave. Portland, OR 97223 is his last known address.

---

[1] The paragraphs of this Answer correspond to the paragraphs of the Counterclaims.

4.     Plaintiff admits that Defendant New Millenium Tools, Inc. ("NMT") is an Oregon corporation. Plaintiff is without knowledge sufficient to admit or deny the allegation of the address of its principal place of business.

5.     Plaintiff admits the allegations of the paragraph.

6.     Plaintiff Admits that Defendant David C. Waldmann resides in the Commonwealth of Pennsylvania. Plaintiff is without knowledge sufficient to admit or deny the allegation of his current address, but admits that 6 Robin Road, Malvern, Pennsylvania is his last known address. Plaintiff admits that Defendant David C. Waldmann was an employee and sales representative for Tesla Industries at certain times.

## JURISDICTION AND VENUE

7.     Plaintiff denies the allegations of the paragraph.

## "FACTUAL BACKGROUND"

8.     Plaintiff is without knowledge sufficient to admit or deny the allegations of the paragraph.

9.     Plaintiff is without knowledge sufficient to admit or deny the allegations of the paragraph.

10.     Plaintiff admits the allegations of the paragraph to the extent consistent with the allegations of its Verified Complaint, and denies any allegation of the paragraph inconsistent with those allegations.

11.     Plaintiff denies the allegations of the paragraph. It is specifically denied that NMT supplied any product to the United States military in "mid-2005".

12.     Plaintiff denies the allegations of the paragraph, except that Defendant David C. Waldmann was an employee of Plaintiff at certain times.

13.     Plaintiff denies the allegations of the paragraph.

14.     Plaintiff denies the allegations of the paragraph.

15.    Plaintiff denies the allegations of the paragraph.

16.    Plaintiff denies the allegations of the paragraph.

17.    Plaintiff denies the allegations of the paragraph.

18.    Plaintiff denies the allegations of the paragraph.

## COUNT I

19.    Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs as if fully set forth herein.

20.    Plaintiff admits that the statute speaks for itself and prohibits the misappropriation of trade secrets.

21.    Plaintiff admits the allegations of this paragraph to the extent consistent with the allegations of its Verified Complaint, and denies any allegation of the paragraph inconsistent with those allegations.

22.    Plaintiff is without knowledge of "the wishes" of the NMT Parties, except as reflected in their wrongful actions as identified in Plaintiff's Verified Complaint. Plaintiff denies the remaining allegations, including that a declaratory judgment action is necessary if the NMT can legitimately produce products without using improperly Plaintiff's trade secrets and sell those products to the United States military.

23.    Plaintiff denies the allegations of the paragraph.

24.    Plaintiff denies the allegations of the paragraph.

25.    Plaintiff denies the allegations of the paragraph.

## COUNT II

26.    Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs as if fully set forth herein.

27.    Plaintiff denies the allegations of the paragraph.

28.    Plaintiff denies the allegations of the paragraph.

29.    Plaintiff denies the allegations of the paragraph.

30.    Plaintiff denies the allegations of the paragraph.

## COUNT III

31.    Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs as if fully set forth herein.

32.    Plaintiff denies the allegations of the paragraph.

33.    Plaintiff denies the allegations of the paragraph. Plaintiff also states that there is no basis for the "information and belief" alleged.

34.    Plaintiff denies the allegations of the paragraph.

35.    Plaintiff is without knowledge sufficient to admit or deny the allegations of the paragraph.

36.    Plaintiff denies the allegations of the paragraph.

37.    Plaintiff denies the allegations of the paragraph.

38.    Plaintiff denies the allegations of the paragraph.

39.    Plaintiff denies the allegations of the paragraph.

40.    Plaintiff denies the allegations of the paragraph.

## COUNT IV

41.    Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs as if fully set forth herein.

42.    Plaintiff is without knowledge sufficient to admit or deny the allegations of the paragraph.

43.    Plaintiff denies the allegations of the paragraph. Upon information and belief, Plaintiff acknowledges that Defendant Lyndol C. Hollingsworth has a present or had a past association with an entity that purported to do business as "DC Power Tools".

44.    Plaintiff denies the allegations of the paragraph.

4

45.    Plaintiff denies the allegations of the paragraph.

46.    Plaintiff denies the allegations of the paragraph.

## COUNT V

47.    Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs as if fully set forth herein.

48.    Plaintiff denies the allegations of the paragraph.

49.    Plaintiff denies the allegations of the paragraph.

50.    Plaintiff denies the allegations of the paragraph.

51.    Plaintiff denies the allegations of the paragraph.

## COUNT VI

52.    Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs as if fully set forth herein.

53.    Plaintiff denies the allegations of the paragraph.

54.    Plaintiff denies the allegations of the paragraph.

55.    Plaintiff denies the allegations of the paragraph.

## COUNT VII

56.    Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs as if fully set forth herein.

57.    Plaintiff denies the allegations of the paragraph.

## COUNT VIII

58.    Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs as if fully set forth herein.

59.    Plaintiff is without knowledge sufficient to admit or deny the allegations of the paragraph.

60.    Plaintiff denies the allegations of the paragraph.

5

61.    Plaintiff denies the allegations of the paragraph.

62.    Plaintiff denies the allegations of the paragraph.

63.    Plaintiff denies the allegations of the paragraph.

## AFFIRMATIVE DEFENSES

Plaintiff asserts the following affirmative defenses to the NMT Parties' Counterclaims and reserves the rights to supplement and/or amend such defenses as the litigation of this case proceeds.

## FIRST AFFIRMATIVE DEFENSE

The NMT Parties' Counterclaims fail to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The actions of Tesla Industries that are the subject of the NMT Parties' Counterclaims were privileged.

## THIRD AFFIRMATIVE DEFENSE

The alleged damages suffered by the NMT Parties were the proximate result of their own misconduct as set forth in the Verified Complaint.

## FOURTH AFFIRMATIVE DEFENSE

The NMT Parties' Counterclaims are barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

The NMT Parties' Counterclaims are barred in whole or in part by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

The alleged damages suffered by the NMT Parties were the proximate result of the misconduct of Defendant David C. Waldmann as set forth in the Verified Complaint.

WHEREFORE, Tesla Industries, Inc. respectfully requests that the Court enter an Order:

A.      Denying the relief sought by the NMT Parties;

B.      Dismissing the NMT Parties' Counterclaims with prejudice and awarding Tesla Industries, Inc. its reasonable incurred attorney fees; and

C.      Providing such relief as the Court deems necessary and appropriate.


Dated: December ___, 2006                          WERB & SULLIVAN


                                        _____
                                        Brian A. Sullivan, Esquire (DSB #2098)
                                        Robert D. Wilcox, Esquire (DSB #4321)
                                        Amy D. Brown, Esquire (DSB #4077)
                                        300 Delaware Avenue, 13th Floor
                                        Wilmington, DE  19899
                                        (302) 652-1100 (telephone)
                                        (302) 652-1111 (facsimile)


                                        Attorneys for Tesla Industries, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TESLA INDUSTRIES, INC., a Delaware      :
Corporation,                             :

                Plaintiff,      :    C.A. No.06-55
                                 :

v.                                   :

DAVID C. WALDMANN,           :
LYNDOL W. HOLLINGSWORTH,    :
CHARLES MINNICK a/k/a CHUCK MINNICK, and  :
NEW MILLENNIUM TOOLS, INC., an Oregon  :
Corporation,                          :

                Defendants.    :

**TESLA INDUSTRIES INC.'S AMENDED ANSWER TO THE COUNTERCLAIMS
OF DEFENDANTS LYNDOL C. HOLLINGSWORTH, CHARLES MINNICK
AND NEW MILLENNIUM TOOLS, INC.**

COMES NOW Plaintiff, Tesla Industries, Inc., ("Plaintiff" or "Tesla Industries") and

answers the Counterclaims filed by Defendants Lyndol C. Hollingsworth, Charles Minnick and

New Millennium Tools, Inc. (collectively, the "NMT Parties") as follows[1]:

    1.    Tesla Industries realleges and incorporates herein the allegations of its Verified

Complaint in this case as if fully set forth herein.

**THE PARTIES**

    2.    Plaintiff admits that Defendant Lyndol C. Hollingsworth resides in the State of

Texas. Plaintiff is without knowledge sufficient to admit or deny the allegation of his current

address, but admits that 923 Timber Trail, Cedar Park, Texas 78613-3437 is his last known

address.

    3.    Plaintiff admits that Defendant Charles Minnick resides in the State of Oregon.

Plaintiff is without knowledge sufficient to admit or deny the allegation of his current address,

but admits that 8420 SW 89th Ave. Portland, OR 97223 is his last known address.

---

[1] The paragraphs of this Answer correspond to the paragraphs of the Counterclaims.

4.    Plaintiff admits that Defendant New Millenium Tools, Inc. ("NMT") is an Oregon corporation. Plaintiff is without knowledge sufficient to admit or deny the allegation of the address of its principal place of business.

5.    Plaintiff admits the allegations of the paragraph.

6.    Plaintiff Admits that Defendant David C. Waldmann resides in the Commonwealth of Pennsylvania. Plaintiff is without knowledge sufficient to admit or deny the allegation of his current address, but admits that 6 Robin Road, Malvern, Pennsylvania is his last known address. Plaintiff admits that Defendant David C. Waldmann was an employee and sales representative for Tesla Industries at certain times.

## JURISDICTION AND VENUE

7.    Plaintiff denies the allegations of the paragraph.

## "FACTUAL BACKGROUND"

8.    Plaintiff is without knowledge sufficient to admit or deny the allegations of the paragraph.

9.    Plaintiff is without knowledge sufficient to admit or deny the allegations of the paragraph.

10.    Plaintiff admits the allegations of the paragraph to the extent consistent with the allegations of its Verified Complaint, and denies any allegation of the paragraph inconsistent with those allegations.

11.    Plaintiff denies the allegations of the paragraph. It is specifically denied that NMT supplied any product to the United States military in "mid-2005".

12.    Plaintiff denies the allegations of the paragraph, except that Defendant David C. Waldmann was an employee of Plaintiff at certain times.

13.    Plaintiff denies the allegations of the paragraph.

14.    Plaintiff denies the allegations of the paragraph.

2

15.    Plaintiff denies the allegations of the paragraph.

16.    Plaintiff denies the allegations of the paragraph.

17.    Plaintiff denies the allegations of the paragraph.

18.    Plaintiff denies the allegations of the paragraph.

## COUNT I

19.    Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs as if fully set forth herein.

20.    Plaintiff admits that the statute speaks for itself and prohibits the misappropriation of trade secrets.

21.    Plaintiff admits the allegations of this paragraph to the extent consistent with the allegations of its Verified Complaint, and denies any allegation of the paragraph inconsistent with those allegations.

22.    Plaintiff is without knowledge of "the wishes" of the NMT Parties, except as reflected in their wrongful actions as identified in Plaintiff's Verified Complaint. Plaintiff denies the remaining allegations, including that a declaratory judgment action is necessary if the NMT can legitimately produce products without using improperly Plaintiff's trade secrets and sell those products to the United States military.

23.    Plaintiff denies the allegations of the paragraph.

24.    Plaintiff denies the allegations of the paragraph.

25.    Plaintiff denies the allegations of the paragraph.

## COUNT II

26.    Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs as if fully set forth herein.

27.    Plaintiff denies the allegations of the paragraph.

28.    Plaintiff denies the allegations of the paragraph.

29.    Plaintiff denies the allegations of the paragraph.

30.    Plaintiff denies the allegations of the paragraph.

## COUNT III

31.    Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs as if fully set forth herein.

32.    Plaintiff denies the allegations of the paragraph.

33.    Plaintiff denies the allegations of the paragraph. Plaintiff also states that there is no basis for the "information and belief" alleged.

34.    Plaintiff denies the allegations of the paragraph.

35.    Plaintiff is without knowledge sufficient to admit or deny the allegations of the paragraph.

36.    Plaintiff denies the allegations of the paragraph.

37.    Plaintiff denies the allegations of the paragraph.

38.    Plaintiff denies the allegations of the paragraph.

39.    Plaintiff denies the allegations of the paragraph.

40.    Plaintiff denies the allegations of the paragraph.

## COUNT IV

41.    Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs as if fully set forth herein.

42.    Plaintiff is without knowledge sufficient to admit or deny the allegations of the paragraph.

43.    Plaintiff denies the allegations of the paragraph. Upon information and belief, Plaintiff acknowledges that Defendant Lyndol C. Hollingsworth has a present or had a past association with an entity that purported to do business as "DC Power Tools".

44.    Plaintiff denies the allegations of the paragraph.

4

45.    Plaintiff denies the allegations of the paragraph.

46.    Plaintiff denies the allegations of the paragraph.

## COUNT V

47.    Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs as if fully set forth herein.

48.    Plaintiff denies the allegations of the paragraph.

49.    Plaintiff denies the allegations of the paragraph.

50.    Plaintiff denies the allegations of the paragraph.

51.    Plaintiff denies the allegations of the paragraph.

## COUNT VI

52.    Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs as if fully set forth herein.

53.    Plaintiff denies the allegations of the paragraph.

54.    Plaintiff denies the allegations of the paragraph.

55.    Plaintiff denies the allegations of the paragraph.

## COUNT VII

56.    Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs as if fully set forth herein.

57.    Plaintiff denies the allegations of the paragraph.

## COUNT VIII

58.    Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs as if fully set forth herein.

59.    Plaintiff is without knowledge sufficient to admit or deny the allegations of the paragraph.

60.    Plaintiff denies the allegations of the paragraph.

5

61.     Plaintiff denies the allegations of the paragraph.

62.     Plaintiff denies the allegations of the paragraph.

63.     Plaintiff denies the allegations of the paragraph.

## AFFIRMATIVE DEFENSES

Plaintiff asserts the following affirmative defenses to the NMT Parties' Counterclaims and reserves the rights to supplement and/or amend such defenses as the litigation of this case proceeds.

## FIRST AFFIRMATIVE DEFENSE

The NMT Parties' Counterclaims fail to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The actions of Tesla Industries that are the subject of the NMT Parties' Counterclaims were privileged.

## THIRD AFFIRMATIVE DEFENSE

The alleged damages suffered by the NMT Parties were the proximate result of their own misconduct as set forth in the Verified Complaint.

## FOURTH AFFIRMATIVE DEFENSE

The NMT Parties' Counterclaims are barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

The NMT Parties' Counterclaims are barred in whole or in part by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

The alleged damages suffered by the NMT Parties were the proximate result of the misconduct of Defendant David C. Waldmann as set forth in the Verified Complaint.

WHEREFORE, Tesla Industries, Inc. respectfully requests that the Court enter an Order:

A.     Denying the relief sought by the NMT Parties;

B.     Dismissing the NMT Parties' Counterclaims with prejudice and awarding Tesla Industries, Inc. its reasonable incurred attorney fees; and

C.     Providing such relief as the Court deems necessary and appropriate.


Dated: December ___, 2006                    WERB & SULLIVAN


                                             _____
                                             Brian A. Sullivan, Esquire (DSB #2098)
                                             Robert D. Wilcox, Esquire (DSB #4321)
                                             Amy D. Brown, Esquire (DSB #4077)
                                             300 Delaware Avenue, 13th Floor
                                             Wilmington, DE  19899
                                             (302) 652-1100 (telephone)
                                             (302) 652-1111 (facsimile)


                                             Attorneys for Tesla Industries, Inc.

# EXHIBIT  D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TESLA INDUSTRIES, INC., a Delaware            :
Corporation,                                  :
                                              :
                         Plaintiff,           :       C.A. No.06-55
                                              :
v.                                            :
                                              :
DAVID C. WALDMANN,                            :
LYNDOL W. HOLLINGSWORTH,                       :
CHARLES MINNICK a/k/a CHUCK MINNICK, and      :
NEW MILLENNIUM TOOLS, INC., an Oregon         :
Corporation,                                  :
                                              :
                         Defendants.          :

**TESLA INDUSTRIES INC.'S <u>AMENDED</u> ANSWER TO THE COUNTERCLAIMS
OF DEFENDANTS LYNDOL C. HOLLINGSWORTH, CHARLES MINNICK
AND NEW MILLENNIUM TOOLS, INC.**

COMES NOW Plaintiff, Tesla Industries, Inc., ("Plaintiff" or "Tesla Industries") and

answers the Counterclaims filed by Defendants Lyndol C. Hollingsworth, Charles Minnick and

New Millennium Tools, Inc. (collectively, the "NMT Parties") as follows[1]:

1.      Tesla Industries realleges and incorporates herein the allegations of its Verified

Complaint in this case as if fully set forth herein.

### THE PARTIES

2.      Plaintiff admits that Defendant Lyndol C. Hollingsworth resides in the State of

Texas. Plaintiff is without knowledge sufficient to admit or deny the allegation of his current

address, but admits that 923 Timber Trail, Cedar Park, Texas 78613-3437 is his last known

address.

3.      Plaintiff admits that Defendant Charles Minnick resides in the State of Oregon.

Plaintiff is without knowledge sufficient to admit or deny the allegation of his current address,

but admits that 8420 SW 89th Ave. Portland, OR 97223 is his last known address.

---

[1] The paragraphs of this Answer correspond to the paragraphs of the Counterclaims.

4.    Plaintiff admits that Defendant New Millenium Tools, Inc.   ("NMT") is an Oregon corporation. Plaintiff is without knowledge sufficient to admit or deny the allegation of the address of its principal place of business.

5.    Plaintiff admits the allegations of the paragraph.

6.    Plaintiff Admits that Defendant David C. Waldmann resides in the Commonwealth of Pennsylvania. Plaintiff is without knowledge sufficient to admit or deny the allegation of his current address, but admits that 6 Robin Road, Malvern, Pennsylvania is his last known address. Plaintiff admits that Defendant David C. Waldmann was an employee and sales representative for Tesla Industries at certain times.

## JURISDICTION AND VENUE

7.    Plaintiff denies the allegations of the paragraph.

## "FACTUAL BACKGROUND"

8.    Plaintiff is without knowledge sufficient to admit or deny the allegations of the paragraph.

9.    Plaintiff is without knowledge sufficient to admit or deny the allegations of the paragraph.

10.    Plaintiff admits the allegations of the paragraph to the extent consistent with the allegations of its Verified Complaint, and denies any allegation of the paragraph inconsistent with those allegations.

11.    Plaintiff denies the allegations of the paragraph. It is specifically denied that NMT supplied any product to the United States military in "mid-2005".

12.    Plaintiff denies the allegations of the paragraph, except that Defendant David C. Waldmann was an employee of Plaintiff at certain times.

13.    Plaintiff denies the allegations of the paragraph.

14.    Plaintiff denies the allegations of the paragraph.

2

15.    Plaintiff denies the allegations of the paragraph.

16.    Plaintiff denies the allegations of the paragraph.

17.    Plaintiff denies the allegations of the paragraph.

18.    Plaintiff denies the allegations of the paragraph.

## COUNT I

19.    Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs as if fully set forth herein.

20.    Plaintiff admits that the statute speaks for itself and prohibits the misappropriation of trade secrets.

21.    Plaintiff admits the allegations of this paragraph to the extent consistent with the allegations of its Verified Complaint, and denies any allegation of the paragraph inconsistent with those allegations.

22.    Plaintiff is without knowledge of "the wishes" of the NMT Parties, except as reflected in their wrongful actions as identified in Plaintiff's Verified Complaint. Plaintiff denies the remaining allegations, including that a declaratory judgment action is necessary if the NMT can legitimately produce products without using improperly Plaintiff's trade secrets and sell those products to the United States military.

23.    Plaintiff denies the allegations of the paragraph.

24.    Plaintiff denies the allegations of the paragraph.

25.    Plaintiff denies the allegations of the paragraph.

## COUNT II

26.    Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs as if fully set forth herein.

27.    Plaintiff denies the allegations of the paragraph.

28.    Plaintiff denies the allegations of the paragraph.

3

29.     Plaintiff denies the allegations of the paragraph.

30.     Plaintiff denies the allegations of the paragraph.

## COUNT III

31.     Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs as if fully set forth herein.

32.     Plaintiff denies the allegations of the paragraph.

33.     Plaintiff denies the allegations of the paragraph. Plaintiff also states that there is no basis for the "information and belief" alleged.

34.     Plaintiff denies the allegations of the paragraph.

35.     Plaintiff is without knowledge sufficient to admit or deny the allegations of the paragraph.

36.     Plaintiff denies the allegations of the paragraph.                           Deleted: admits

37.     Plaintiff denies the allegations of the paragraph.                           Deleted: admits

38.     Plaintiff denies the allegations of the paragraph.                           Deleted: admits

39.     Plaintiff denies the allegations of the paragraph.                           Deleted: admits

40.     Plaintiff denies the allegations of the paragraph.                           Deleted: admits

## COUNT IV

41.     Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs as if fully set forth herein.

42.     Plaintiff is without knowledge sufficient to admit or deny the allegations of the paragraph.

43.     Plaintiff denies the allegations of the paragraph. Upon information and belief, Plaintiff acknowledges that Defendant Lyndol C. Hollingsworth has a present or had a past association with an entity that purported to do business as "DC Power Tools".

44.     Plaintiff denies the allegations of the paragraph.

4

45.   Plaintiff denies the allegations of the paragraph.

46.   Plaintiff denies the allegations of the paragraph.

## COUNT V

47.   Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs as if fully set forth herein.

48.   Plaintiff denies the allegations of the paragraph.

49.   Plaintiff denies the allegations of the paragraph.

50.   Plaintiff denies the allegations of the paragraph.

51.   Plaintiff denies the allegations of the paragraph.

## COUNT VI

52.   Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs as if fully set forth herein.

53.   Plaintiff denies the allegations of the paragraph.

54.   Plaintiff denies the allegations of the paragraph.

55.   Plaintiff denies the allegations of the paragraph.

## COUNT VII

56.   Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs as if fully set forth herein.

57.   Plaintiff denies the allegations of the paragraph.

## COUNT VIII

58.   Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs as if fully set forth herein.

59.   Plaintiff is without knowledge sufficient to admit or deny the allegations of the paragraph.

60.   Plaintiff denies the allegations of the paragraph.

5

61.   Plaintiff denies the allegations of the paragraph.

62.   Plaintiff denies the allegations of the paragraph.

63.   Plaintiff denies the allegations of the paragraph.

## AFFIRMATIVE DEFENSES

Plaintiff asserts the following affirmative defenses to the NMT Parties' Counterclaims and reserves the rights to supplement and/or amend such defenses as the litigation of this case proceeds.

### FIRST AFFIRMATIVE DEFENSE

The NMT Parties' Counterclaims fail to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The actions of Tesla Industries that are the subject of the NMT Parties' Counterclaims were privileged.

### THIRD AFFIRMATIVE DEFENSE

The alleged damages suffered by the NMT Parties were the proximate result of their own misconduct as set forth in the Verified Complaint.

### FOURTH AFFIRMATIVE DEFENSE

The NMT Parties' Counterclaims are barred in whole or in part by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

The NMT Parties' Counterclaims are barred in whole or in part by the doctrine of waiver.

### SEVENTH AFFIRMATIVE DEFENSE

The alleged damages suffered by the NMT Parties were the proximate result of the misconduct of Defendant David C. Waldmann as set forth in the Verified Complaint.

6

WHEREFORE, Tesla Industries, Inc. respectfully requests that the Court enter an Order:

A.     Denying the relief sought by the NMT Parties;

B.     Dismissing the NMT Parties' Counterclaims with prejudice and awarding Tesla Industries, Inc. its reasonable incurred attorney fees; and

C.     Providing such relief as the Court deems necessary and appropriate.


Dated: December _____, 2006                    WERB & SULLIVAN            | Deleted: April 17 |


Brian A. Sullivan, Esquire (DSB #2098)
Robert D. Wilcox, Esquire (DSB #4321)
Amy D. Brown, Esquire (DSB #4077)
300 Delaware Avenue, 13th Floor
Wilmington, DE  19899
(302) 652-1100 (telephone)
(302) 652-1111 (facsimile)


Attorneys for Tesla Industries, Inc.

7

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2006, I caused one copy of the foregoing document to be served upon the persons listed below in the manner indicated:

**VIA E-MAIL & FIRST CLASS MAIL**

John A. Adams, Esq.
Susanin Widman & Brennan, P.C.
455 S. Gulph Road, Suite 240
King of Prussia, PA 19406

Louis S. Mastriani, Esq.
Rodney R. Sweetland, III, Esq.
David F. Nickel, Esq.
Adduci,Mastriani & Schaumberg, LLP
1200 Seventeenth Street, N.W.
Fifth Floor
Washington, DC 20036-3006

**VIA HAND DELIVERY**

John D. Demmy, Esq.
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, DE 19801

Steven J. Balick, Esq.
John G. Day, Esq.
Lauren E. Maguire, Esq.
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801

   /s/ Brian A. Sullivan
Brian A. Sullivan (#2098)

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2006, I caused one copy of the foregoing

document to be served upon the persons listed below in the manner indicated:

**VIA E-MAIL & FIRST CLASS MAIL**

**VIA HAND DELIVERY**

John A. Adams, Esq.
Susanin Widman & Brennan, P.C.
455 S. Gulph Road, Suite 240
King of Prussia,  PA  19406

John D. Demmy, Esq.
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington,   DE  19801

Louis S. Mastriani, Esq.
Rodney R. Sweetland, III, Esq.
David F. Nickel, Esq.
Adduci,Mastriani & Schaumberg, LLP
1200 Seventeenth Street, N.W.
Fifth Floor
Washington,  DC  20036-3006

Steven J. Balick, Esq.
John G. Day, Esq.
Lauren E. Maguire, Esq.
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington,  DE  19801

   /s/ Brian A. Sullivan
Brian A. Sullivan  (#2098)