IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TESLA INDUSTRIES, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAVID C. WALDMANN, LYNDOL W. )<br>HOLLINGSWORTH, CHARLES )<br>MINNICK a/k/a CHUCK MINNICK, and )<br>NEW MILLENNIUM TOOLS, INC., )<br>)<br>Defendants. ) | C.A. No. 06-055-GMS |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF
ITS MOTION TO AMEND AND IN OPPOSITION TO
<u>DEFENDANTS MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS</u>**

Brian A. Sullivan (DE #2098)
Robert D. Wilcox (DE #4321)
Amy D. Brown (DE #4077)
WERB & SULLIVAN
300 Delaware Avenue, 13th Floor
P.O. Box 25046
Wilmington, Delaware 19899
Telephone: (302) 652-1100
Facsimile: (302) 652-1111

and

Paul E. Crawford (DE # 493)
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 888-6262
(302) 658-5614 (Facsimile)

Attorneys for Tesla Industries, Inc.

**ATTORNEYS FOR PLAINTIFF**

Dated: January 5, 2007

## **TABLE OF CONTENTS**

                                                                        **PAGE**

INTRODUCTION……………………………..……………………………………….1

ARGUMENT……………………………………………………………………….....1

    1.       Tesla can satisfy the standards of Rule 6(b)(2)…..……………………..1

    2.       There is good cause to modify the Scheduling Order………………......2

    3.       Tesla has not ignored its obligation to follow this Court's rules…………3

    4.       Tesla should not be bound by its counsels' inadvertent admissions………3

    5.       The NMT Defendants will not be prejudiced
              if Tesla Industries, Inc.'s Motion to Amend is Granted………………….4

CONCLUSION………………………………………………………………………..4

# TABLE OF AUTHORITIES

**CASES**                                                                 **PAGE**

*Dimensional Comm'n's, Inc. v. OZ Optics, Ltd.*,
　148 Fed. Appx. 82 (3d Cir. 2005)..................................................................2

*Eastern Minerals & Chemicals Co. v. Mahan*,
　225 F.3d 330 (3d Cir. 2000)..........................................................................2


**FEDERAL RULES**

Fed. R. Civ. P. 1..............................................................................................1, 4

Fed. R. Civ. P. 15(a).............................................................................................2

Fed. R. Civ. P. 6(b)(2)..........................................................................................1

Fed. R. Civ. P. 16(b).............................................................................................2

## INTRODUCTION

This is Plaintiff's Reply to *The NMT Defendants' Combined Answering Brief in Opposition to Plaintiff's Motion to Amend and Reply Brief in Support of Their Motion for Partial Judgment* ("NMT's Combined Brief" D.I. 112). Both of the titled motions revolve around a single issue: whether Plaintiff's <u>inadvertent</u> admissions of the NMT Defendants' antitrust counterclaim can be amended to allege Plaintiff's intended denials.

## ARGUMENT

### 1. Tesla can satisfy the standards of Rule 6(b)(2)

NMT's Combined Brief exalts form over substance by advocating strict adherence to the literal terms of this Court's Scheduling Order and Rule 6(b)(2). It conveniently ignores Rule 1 which states that all Rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."

The NMT Combined Brief (p. 2) grudgingly admits that Rule 6(b)(2) allows post-deadline corrective measures where "excusable neglect" exists. But it argues a clearly inadvertent failure to catch an error in the answer to 5 out of 200 counterclaim paragraphs is not excusable. This position would improperly raise the excusable neglect standard to an infallibility standard.

Because Tesla's admissions were a word-processing error, the lawyers working on this case assumed that the antitrust counterclaims had been denied as they were devoid of any factual or legal basis. It was an oversight on the part of the reviewing attorneys and assistants not to notice the admissions.

All parties to this litigation have completely denied liability on all claims asserted by the opposing parties. Had Tesla Industries been aware or informed of the admission to the antitrust counterclaim, Tesla Industries would have promptly moved to amend its original Answer.

1

Therefore, Tesla Industries' failure to amend prior to deadline in the Scheduling Order was due to excusable neglect and Plaintiff's Motion to Amend (D.I. 109) should be granted.

### 2. There is good cause to modify the Scheduling Order

The good cause necessary under Rule 16(b) Fed. R. Civ. P. to modify an existing Scheduling Order exists in this instance. Tesla Industries made an inadvertent error in answering Defendants' counterclaims. Tesla Industries should not be forced to admit to antitrust violations it is not actually guilty of because of the error made in typing its Answer.

NMT's Combined Brief (pp. 4-5) cites several cases for the proposition that diligence is a necessary predicate of for a showing of "good" cause under Rule 16(b). The only Third Circuit cases among them are *Eastern Minerals & Chemicals Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000) and *Dimensional Commn's, Inc. v. OZ Optics, Ltd.*, 148 Fed. Appx. 82, 85 (3d Cir. 2005). But the Court in *Eastern Minerals & Chemicals Co.* merely deferred to the discretion of the District in denying Eastern's second motion to amend the Complaint, made six months after the deadline for Amendments pursuant to the Scheduling Order in that case. *Id.* The District Court denied a post-deadline amendment because the movants failed to specify what led it to decide the additional claims could be pled and why the justification to plead those claims had not been discovered earlier. Id. Tesla Industries has fully and specifically explained the nature of its delay in amending its Answers to NMT Defendants' counterclaims. Further, Tesla Industries does not desire to add a claim but merely wants to amend its Answer to conform to the obvious, i.e., a denial of outlandish antitrust counterclaims.

Similarly, in *Dimensional Commn's, Inc. v. OZ Optics, Ltd.*, the District Court denied OZ the opportunity to add a conversion counterclaim five months after the deadline for amending pleadings was over. *Id* at 85. Further, the District Court found that OZ's actions constituted

2

undue delay and evidenced dilatory motives. Tesla Industries has explained in its Motion to Amend why its actions neither constituted undue delay nor evidenced dilatory motive. Tesla Industries has offered the Court both good cause for failing to comply with the Scheduling Order and shown why justice requires that Tesla Industries' Motion to Amend should be granted.

**3.      Tesla has not ignored its obligation to follow this Court's rules.**

Regrettably, NMT's Combined Brief (p. 6-7) ultimately resorts to character assassination in an effort to advance its cause. Plaintiff's president, Mr. Masilotti, admittedly minces no words. But he accurately stated that one of the Defendants, David Waldmann, may go to jail as a result of an investigation by the U.S. Navy's Criminal Investigation Division.[1] As for the attack on counsel about an alleged "misrepresentation" regarding a videotape, the original tape cassettes of that videotape were offered to Defendants' counsel for inspection by an independent laboratory to prove that no "editing" of the original tape had occurred.

Tesla Industries and its counsel have the utmost respect for this Court, its Orders, and Rules. However, as has been stated previously, the fact that the antitrust counterclaim was accidentally admitted took Tesla Industries by surprise. (Sullivan Aff. ¶ 11). Once the mistake was realized, Tesla Industries quickly moved to amend the Answer (14 days later) after attempting to resolve the issue with opposing counsel.

**4.      Tesla should not be bound by its counsels' inadvertent admissions.**

Tesla Industries, Inc. does not disagree with the NMT Defendants that under the law of agency an attorney's actions or omissions, as an agent of the client, generally binds the principal. Tesla Industries vigorously denies that their "admissions" were actual admissions, but instead stresses the fact that the word "admitted" was intended to be "denied" in paragraphs 36 through

---

[1] This investigation relates to Mr. Waldmann's disclosure of information to one of the NMT Defendants about a highly secret power supply unit being developed by Plaintiff for a Navy unmanned spy plane (also known as an Unmanned Aviation Vehicle) (See Masilotti Dep Tr p. 38, ln 4 to p. 39, ln 3 – Exhibit A to NMT Combined Brief).

3

40 of the Original Answer. Tesla Industries' "admissions" were mere typographical errors, the misplacing of an admission where a denial was intended. See Sullivan Aff. ¶ 9. Therefore, Tesla Industries' mistake should not be considered a true admission of fact but merely a typographical error. Tesla Industries should not be bound by a typographical error but allowed to amend its pleading as requested in Tesla Industries' Motion to Amend Answer.

### 5. The NMT Defendants will not be prejudiced if Tesla Industries, Inc.'s Motion to Amend is Granted.

As Tesla explained in its Motion to Amend, the NMT Defendants will not be prejudiced by the amendment. The NMT Defendants claim that they did not pursue discovery on the antitrust claims because they relied on Tesla Industries' admissions. It belies credulity to believe that any rational persons reading these admissions would see them other than as a mistake. Defendants no doubt realized this, but instead chose unnecessary motion practice to gloat over the mistake. Should the NMT Defendants need additional time for discovery related to the antitrust claims, Tesla Industries would be willing to cooperate with all reasonable requests.

## CONCLUSION

It is hard to imagine that the NMT Defendants actually deferred discovery on its conclusory antitrust counterclaims because of the alleged "admissions." Their deferral of this discovery strongly suggest they were aware of Plaintiffs inadvertent errors early in the litigation but remained silent for tactical reasons. Regrettably, but understandably, Plaintiff did not discover its error until Defendants motion practice commenced. Rule 1 favors a search for the truth, not artificial disputes. Notwithstanding, the NMT Defendants ask this Court to believe that Plaintiff – or any other litigant for that matter – would knowingly admit that it attempted "to monopolize the relevant market by improper and unlawful actions"; violate the Sherman Act and engage in anticompetitive practices (See page 3 of Plaintiff's Opposition to NMT Defendants'

Motion for Partial Summary Judgment, D.I. 110). Such admissions would never be knowingly made and are clearly inadvertent clerical error.

Respectively submitted,

Dated: January 5, 2007

/s/ Brian A. Sullivan
Brian A. Sullivan (#2098)
Robert D. Wilcox (#4321)
Amy D. Brown (#4077)
WERB & SULLIVAN
300 Delaware Avenue, 13th Floor
P.O. Box 25046
Wilmington, Delaware 19899
Telephone: 302-652-1100
bsullivan@werbsullivan.com

and

Paul E. Crawford (#493)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
Telephone: 302-888-6262
pcrawford@cblh.com

Attorneys for Tesla Industries, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2007, I caused one copy of the foregoing document to be served upon the persons listed below in the manner indicated:

**VIA FIRST CLASS MAIL**

John A. Adams, Esq.
Susanin Widman & Brennan, P.C.
455 S. Gulph Road, Suite 240
King of Prussia, PA 19406

Louis S. Mastriani, Esq.
Rodney R. Sweetland, III, Esq.
David F. Nickel, Esq.
Adduci, Mastriani & Schaumberg, LLP
1200 Seventeenth Street, N.W.
Fifth Floor
Washington, DC 20036-3006

**VIA HAND DELIVERY**

John D. Demmy, Esq.
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, DE 19801

Steven J. Balick, Esq.
John G. Day, Esq.
Lauren E. Maguire, Esq.
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801

   /s/ Brian A. Sullivan
   Brian A. Sullivan (#2098)