IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TESLA INDUSTRIES, INC.,  ) | |
|   ) | |
| Plaintiff,  ) | |
|   ) | C.A. No. 06-055-GMS |
| v.  ) | |
|   ) | |
| DAVID C. WALDMANN,  ) | |
| LYNDOL W. HOLLINGSWORTH,  ) | |
| CHARLES MINNICK a/k/a CHUCK MINNICK, and  ) | |
| NEW MILLENNIUM TOOLS, INC.,  ) | |
|   ) | |
| Defendants.  ) | |

## NOTICE OF DEPOSITION OF CLYDE T. CARTER

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Defendants NEW MILLENNIUM TOOLS, INC., LYNDOL W. HOLLINGSWORTH and CHARLES MINNICK ("the NMT Parties"), by and through their attorneys of record herein, will take the deposition upon oral examination of CLYDE T. CARTER, by video and/or stenographic means, starting on February 16, 2007, at 10:00 a.m. and continuing from day to day, excluding Sundays and holidays, until completed.  This deposition will take place at the offices of ASHBY & GEDDES, 500 DELAWARE AVENUE, 8TH FLOOR, P.O. BOX 1150, WILMINGTON, DELAWARE 19899, before a duly authorized notary public or some other officer authorized to administer oaths.

Mr. Carter shall produce at the offices of ASHBY & GEDDES, 500 DELAWARE AVENUE, 8TH FLOOR, P.O. BOX 1150, WILMINGTON, DELAWARE 19899, on or before February 8, 2007, or at such other time and place agreed upon, all of the documents and things in his possession, custody or control which are listed and described in Attachment A hereto.

You are invited to attend and cross-examine.

ASHBY & GEDDES

*/s/ Lauren E. Maguire*

_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants Lyndol W. Hollingsworth, Charles Minnick and New Millennium Tools, Inc.*

*Of Counsel:*

Louis S. Mastriani
Rodney R. Sweetland, III
David F. Nickel
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, DC 20036
Telephone: (202) 467-6300
Facsimile: (202) 466-2006

Dated: January 26, 2007
177211.1

## SCHEDULE A

## INSTRUCTIONS

1. The words "and" and "or" are to be considered both conjunctively and disjunctively.

2. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

## DEFINITIONS

1. "You" or "Your" means Mr. Clyde T. Carter and any person or entity acting on your behalf in matters relating to your expert opinion submitted in *Tesla Industries, Inc. v. David Waldmann, et al*, Civil Action No. 06-55.

2. The term "document(s)" shall be defined as used in Federal Rule of Civil Procedure 34(a)(1) and includes any written, printed, recorded or graphic matter, computer memory, computer tapes and diskettes, tapes, films, photographs, drawings, or any other tangible thing by which information is contained, stored or displayed, of every kind or description, however produced or reproduced, whether in draft or final, original or reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted, or executed, including without limitation written and electronic communications, letters, correspondence, notes, memoranda of telephone conversations or meetings, diaries, desk calendars, interoffice communications, fax messages, e-mails, telegrams, telex messages, records, studies, bills, receipts, checks, checkbooks, purchase orders, invoices, requisitions, studies, summaries, analyses, statistical and financial statements, charts, graphs, reports, computer printouts, laboratory notebooks, invention disclosure documents, patent applications and drafts thereof, test records, test reports, assignments, licenses, bills of sale, sale of business agreements, market studies, articles, publications,

patents, manuals, magnetic tapes, tabulations, records, work papers, journals, microfiche, microfilm photographic film, surveys, forms, printed brochures or material similar to any of the foregoing, however, denominated, by whomever prepared, and to whomever addressed, which are in Defendant's possession, custody or control or to which Defendant has, has had or can obtain access.

3. "Concerns" or "concerning" means relating to, referring to, describing, evidencing or constituting.

4. "Relating to" means comprising, consisting of, referring to, evidencing, reflecting, or being in any way legally, logically or factually connected with the matter discussed. "Relate to" means consist of, refer to, reflect, or be in any way legally, logically or factually connected with the matter discussed.

5. "Person" means any natural person, firm, association, partnership, government agency, corporation, proprietorship, or other entity and its officers, directors, partners, employees, representatives and agents.

6. "Communication" means or refers to all discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, advertisements or other forms of information exchanged, whether oral, electronic or written.

**TOPICS**:

1. Any document reflecting any invoice, charge for services and/or payment for services related to any work performed in *Tesla Industries, Inc. v. David Waldmann, et al*, Civil Action No. 06-55.

2. Any documents and things provided to or received by you in order to provide your expert opinion and testimony in *Tesla Industries, Inc. v. David Waldmann, et al*, Civil Action No. 06-55.

3. All documents that refer or relate to *Tesla Industries, Inc. v. David Waldmann, et al*, Civil Action No. 06-55.

4. All correspondence, notes, comments, messages or other documents and things relating or referring to communications between or among you and any agent of WERB & SULLIVAN; CONNOLLY, BOVE, HODGE & LUTZ and/or TESLA INDUSTRIES, INC., including but not limited to its President David Masilotti, related to your expert opinion and/or *Tesla Industries, Inc. v. David Waldmann, et al*, Civil Action No. 06-55.

5. Any and all drafts of your expert report submitted in *Tesla Industries, Inc. v. David Waldmann, et al*, Civil Action No. 06-55, including but not limited to any comments, edits or revisions to such drafts.

6. Any notes taken by you or any of your subordinates and/or colleagues related to *Tesla Industries, Inc. v. David Waldmann, et al*, Civil Action No. 06-55.

7. Any communication between you and any of your subordinates and/or colleagues or among any of your subordinates and/or colleagues related to *Tesla Industries, Inc. v. David Waldmann, et al*, Civil Action No. 06-55.

8. Any raw time entries for any services performed by your company related to *Tesla Industries, Inc. v. David Waldmann, et al*, Civil Action No. 06-55.

177211.1