IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TESLA INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 06-55-GMS |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID C. WALDMANN, LYNDOL W. | ) | |
| HOLLINGSWORTH, CHARLES MINNICK | ) | |
| a.k.a. CHUCK MINNICK, and NEW | ) | |
| MILLENNIUM TOOLS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**NMT DEFENDANTS' MOTION *IN LIMINE* NO. 1:  TO PRECLUDE
TESLA AND ITS COUNSEL FROM CALLING OR
OTHERWISE UTILIZING LATE-DISCLOSED WITNESSES**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone:  (302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants Lyndol W.
Hollingsworth, Charles Minnick and New
Millennium Tools, Inc.*

*Of Counsel:*

Louis S. Mastriani
Rodney R. Sweetland, III
David F. Nickel
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, DC  20036
Telephone:  (202) 467-6300

Dated:  April 5, 2007
179478.1

## **TABLE OF CONTENTS**

I.     NATURE AND STAGE OF PROCEEDING ....................................................... 1

II.    SUMMARY ........................................................................................................ 1

III.   FACTS .............................................................................................................. 1

IV.    ARGUMENT ..................................................................................................... 3

V.     CONCLUSION / RELIEF SOUGHT ................................................................. 5

## TABLE OF AUTHORITIES

**Cases**

*Falconer v. Penn Maritime, Inc.*, 232 F.R.D. 37 (D. Me. 2005) ...................................................... 3

*Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710 (3d Cir. 1997) ................................................. 3

*Patterson v. Balsamico*, 440 F.3d 104 (2d Cir. 2006) ................................................... 3

**Other Authorities**

D. Del. LR 7.1.3 ................................................................................................................................. 1

**Rules**

Fed. R. Civ. P. 26(a)(1) ..................................................................................................................... 2

Fed. R. Civ. P. 26(a)(1)(A) ............................................................................................................... 4

Fed. R. Civ. P. 26(e)(1) ..................................................................................................................... 4

Fed. R. Civ. P. 37(c)(1) ..................................................................................................................... 1

The NMT Defendants, by counsel and pursuant to Fed. R. Civ. P. 37(c)(1) and D. Del. LR 7.1.3, respectfully submit this Motion *in Limine* to Preclude Tesla Industries, Inc. ("Tesla") and its counsel from calling or otherwise utilizing late-disclosed witnesses.

## I.    NATURE AND STAGE OF PROCEEDING

Tesla alleges theft of the professed trade secrets by its former employee, Defendant David Waldmann ("Waldmann"). D.I. 2. Tesla further alleges that Waldmann provided the purported trade secrets to Defendants New Millennium Tools, Inc., Lyndol W. Hollingsworth and Charles Minnick ("NMT Defendants"). *Id.* The status of the information as trade secrets and the alleged theft are contested by the Defendants. The NMT Defendants brought Counterclaims against Tesla for abuse of process, antitrust (Clayton and Sherman Acts), tortious interference with contract, tortious interference with prospective economic advantage and state statutory and common law unfair competition. D.I. 27.

## II.    SUMMARY

Tesla disclosed six witnesses within two weeks of the close of fact discovery, and one after the close of fact discovery, who should be excluded because the NMT Defendants were not able to conduct adequate discovery and take depositions of these witnesses. The NMT Defendants will be prejudiced at trial if these late-disclosed witnesses are permitted to testify.

## III.    FACTS

Tesla submitted its Initial Disclosure on June 23, 2006. *See* Exhibit 1. Fact discovery ended on November 30, 2006. Tesla identified, for the first time, seven witnesses between November 16, 2006 and December 12, 2006.

| DATE | DESCRIPTION | ADDITIONAL WITNESS |
|---|---|---|
| November 16, 2006 | First Amended Disclosure Statement See Exhibit 2 | D. Gresk<br>R. Morales |
| November 20, 2006 | Second Amended Disclosure See Exhibit 3 | W. Kern<br>R. Batipps<br>W. Lassiter |
| November 27, 2006 | Third Amended Disclosure See Exhibit 4 | D. Barone |
| **November 30, 2006** | **Close of Discovery** | |
| December 12, 2006 | Fourth Amended Disclosure See Exhibit 5 | A. Acevedo [1]<br>D. Stewart |

Tesla has yet to explain why these witnesses, most of whom are current or former Tesla employees or customers, were not disclosed sooner. Further, these witnesses were disclosed without any indication of the substance of their anticipated testimony, despite their disclosure having been made under Fed. R. Civ. P. 26(a)(1), as belated amendments to Tesla's Initial Disclosure. *See* Exhibits 2-5. They also were not disclosed through supplementation of discovery responses until December 20, 2006, nearly three weeks *after* the close of discovery, with still no description of what, if any, relevant information these people may offer. *See* Exhibit 6. Additionally, assuming Tesla had made these witnesses available for deposition, NMT could not have adequately examined them because Tesla has not provided any discovery or documents regarding these individuals. *See* Transcript of 1/18/07 telephonic hearing at 18:5-19:14, attached as Exhibit 7. As a result, the NMT Defendants were not given sufficient time to obtain discovery

---

[1] On December 12, 2006, Tesla identified for the first time Messrs. Guillemete and Stewart. *See* Exhibit 5. Subsequently, on December 29, 2006, Tesla served expert reports for Messrs. Guillemete and Stewart. The NMT Defendants believe that Messrs. Guillemete and Stewart will only testify as expert witnesses, however, in a abundance of caution, the NMT Defendants also respectfully move to preclude Tesla from eliciting any fact or lay opinion testimony from these two witnesses.

and prepare for depositions of these witnesses within the time prescribed by this Court's Scheduling Order of May 17, 2006, D.I. 36.

## IV.    **ARGUMENT**

In the Third Circuit, four factors must be considered when determining whether to exclude a witness from testifying: (1) the prejudice or surprise in fact to the opposing party, (2) the ability of the party to cure the prejudice, (3) the extent of disruption of the orderly and efficient trial of the case, and (4) the bad faith or willfulness of the non-compliance. *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) (affirming exclusion of late disclosed witness). Each of these factors weighs against Tesla in any determination of whether the above-named witnesses should be permitted to testify in this matter.

In *Stambler v. RSA Security, Inc.*, 212 F.R.D. 470 (D. Del. 2003), late-disclosed witnesses were precluded from testifying at trial. In *Stambler*, defendant sought to introduce testimony of three witnesses disclosed after the fact discovery deadline. The court held that plaintiffs would be prejudiced if these witnesses, identified in support of defendants' motion for summary judgment, were allowed to testify regarding defenses to the action. *Id.* at 471-72. It also held that defendants' offer to cure this prejudice by allowing depositions of these witnesses "would impede the court's ability to manage its docket." *Id.* at 472; *see also, Patterson v. Balsamico*, 440 F.3d 104, 118 (2d Cir. 2006) ("No explanation of the nature of the evidence, nor any satisfactory explanation for the delay was provided, nor was a continuance requested. The district court did not, therefore, abuse its discretion in refusing to allow the belatedly-identified witnesses to testify."); *Falconer v. Penn Maritime, Inc.*, 232 F.R.D. 37 (D. Me. 2005) (Motion to preclude granted for failure to timely disclose witnesses.).

As is evident from the chart above, Tesla named six witnesses, all of whom are current or former Tesla employees or customers, within the two weeks prior to the close of fact discovery

and another one after the close of fact discovery. *Compare* Exhibit 1 *with* Exhibits 2-5. These disclosures were made as amendments to its Initial Disclosure, with no indication of the substance of these witnesses' expected testimony.[2] *See* Exhibits 2-5. Further, these disclosures occurred during a time when the depositions of the NMT Defendants and certain key Tesla witnesses were taking place. D.I. 78-80. Counsel for the NMT Defendants objected by letter on the grounds that: (1) none of the new witnesses were set forth in supplemental responses to the NMT Defendants' Interrogatory No. 1, as required by Fed. R. Civ. P. 26(e)(1), and (2) none of the new witnesses was disclosed in time to be a subject of discovery. *See* Exhibit 8.

Tesla failed to indicate the substance of anticipated testimony of these witnesses, giving the NMT Defendants no means of ascertaining the materiality and importance of each individual's testimony in order to determine whether to notice that individual's deposition. *See* Exhibits 2-6. Tesla also gave no reason why these witnesses were disclosed so late in the discovery period. *Id.* As each of these proposed witnesses is a current or former employee or customer of Tesla, Tesla clearly knew of the identity of each individual when it filed its Initial Disclosures and its initial discovery responses. Moreover, Tesla has not produced any documents or emails authored or received by these putative witnesses. *See* Exhibit 7 at 18:5-19:14.

In essence, Tesla played "hide the ball" by attempting to sneak in witnesses on the eve of the close of fact discovery (so it can claim to have followed the Court's Scheduling Order), but so close to the end of fact discovery that the Defendants could not obtain any discovery

---

[2] Fed. R. Civ. P. 26(a)(1)(A) states that a party must, without awaiting a discover request, provide the name of each individual likely to have discoverable information and identify "the subjects of the information." *Id.* For each of these witnesses, Tesla indicated merely "[name of witness] has knowledge relevant to Plaintiff's claims and its defenses to the counterclaims." *See* Exhibits 2-5.

regarding these witnesses' anticipated testimonies.  This is not the only time Tesla has attempted

to play discovery games.[3]  Tesla is attempting to contravene the purpose of the Federal Rules of

Civil Procedure and this Court's local rules by conducting trial-by-surprise.  This Court should

not permit such dilatory and obfuscatory tactics.

## V.    CONCLUSION / RELIEF SOUGHT

By virtue of the above, the NMT Defendants respectfully request an Order precluding

Tesla from calling or otherwise utilizing the following witnesses at trial:  David W. Gresk;

Roberto Morales; William Kern; Reynaldo Batipps; Walter Lassiter; Dennis J. Barone; and

Angel Acevedo.

---

[3] For example, it blocked the NMT Defendants' attempt to obtain documents from its accountant through a valid subpoena.  *See* contemporaneously filed Motion *in Limine* to Preclude Unverifiable Financial Documents.

ASHBY & GEDDES

/s/ *John G. Day*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants Lyndol W.
Hollingsworth, Charles Minnick and New
Millennium Tools, Inc.*

*Of Counsel:*

Louis S. Mastriani
Rodney R. Sweetland, III
David F. Nickel
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, DC 20036
Telephone: (202) 467-6300

Dated: April 5, 2007
179478.1

6

# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

TESLA INDUSTRIES, INC.,                        )
                                               )
        Plaintiff,                             )
                                               )        C.A. No. 06-055-GMS
        v.                                     )
                                               )
DAVID C. WALDMANN,                             )
LYNDOL W. HOLLINGSWORTH,                        )
CHARLES MINNICK a/k/a CHUCK MINNICK, and        )
NEW MILLENNIUM TOOLS, INC.,                     )
                                               )
        Defendants.                            )

### PLAINTIFF TESLA INDUSTRIES, INC.'S DISCLOSURES PURSUANT TO RULE 26(a)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE

       Pursuant to Federal Rule of Civil Procedure 26(a)(1), Tesla Industries, Inc. makes the following disclosures in this action. Further discovery, investigation and research may produce additional relevant facts which may lead to changes in the disclosures set forth below. Although these disclosures are complete to the best of Plaintiff's knowledge, these disclosures are given without prejudice to Plaintiff's right to produce additional relevant evidence that may come to light during the course of this action. Furthermore, the disclosures are made without prejudice to Plaintiff's right to use or rely at trial or hearing on subsequently discovered information or on information omitted from these disclosures as a result of good faith oversight, error or mistake. Neither the fact of these disclosures nor their content is intended to be in any manner inconsistent with the Plaintiff's allegations in this action.

(A)    THE NAMES, AND IF KNOWN, CONTACT INFORMATION OF PERSONS LIKELY TO HAVE DISCOVERABLE INFORMATION PLAINTIFF MAY USE TO SUPPORT ITS CLAIMS OR DEFENSES, UNLESS SOLELY FOR IMPEACHMENT

       David J. Masilotti (to be contacted only through the undersigned counsel)
       109 Centerpoint Boulevard
       New Castle, Delaware  19720-4180
       Mr. Masilotti has knowledge relevant to Plaintiff's claims and its defenses to the counterclaims.

       Truee Dorsey (to be contacted only through the undersigned counsel)
       109 Centerpoint Boulevard
       New Castle, Delaware  19720-4180
       Ms. Dorsey has knowledge relevant to Plaintiff's claims and its defenses to the counterclaims.

EXHIBIT
1

Frank Mooney (to be contacted only through the undersigned counsel)
109 Centerpoint Boulevard
New Castle, Delaware 19720-4180
Mr. Mooney has knowledge relevant to Plaintiff's claims and its defenses to the counterclaims.

Daniel Roscioli (to be contacted only through the undersigned counsel)
109 Centerpoint Boulevard
New Castle, Delaware 19720-4180
Mr. Rioscioli has knowledge relevant to Plaintiff's claims and its defenses to the counterclaims.

Ken Gabriel (to be contacted only through the undersigned counsel)
109 Centerpoint Boulevard
New Castle, Delaware 19720-4180
Mr. Gabriel has knowledge relevant to Plaintiff's claims and its defenses to the counterclaims.

Joseph Talbot (to be contacted only through the undersigned counsel)
109 Centerpoint Boulevard
New Castle, Delaware 19720-4180
Mr. Talbot has knowledge relevant to Plaintiff's claims and its defenses to the counterclaims.

Defendant Charles Minnick
8420 SW 89th Avenue
Portland, OR 97223
Mr. Minnick has knowledge relevant to Plaintiff's claims and its defenses to the counterclaims.

Defendant Lyndol Hollingsworth
923 Timber Trail
Cedar Park, TX 78613-3437
Mr. Hollingsworth has knowledge relevant to Plaintiff's claims and its defenses to the counterclaims.

Defendant David Waldmann
6 Robin Road
Malvern, PA
Mr. Waldmann has knowledge relevant to Plaintiff's claims and its defenses to the counterclaims.

Mrs. David Waldmann
6 Robin Road
Malvern, PA

Mrs. Waldmann has knowledge relevant to Plaintiff's claims and its defenses to the counterclaims.

Kent Huffman
Phoenix Lamar Corporation
8868 Research Boulevard
Austin, TX 78758
Mr. Huffman has knowledge relevant to Plaintiff's claims and its defenses to the counterclaims.

Mitchell Savrick, Esq.
Savrick, Schumann, Johnson & McGarr
2901-G Bee Caves Road
Austin, Texas 78786
Mr. Savrick has knowledge relevant to Plaintiff's claims and its defenses to the counterclaims.

Butch Hyden
P.O. Box 7492
Newark, DE 19714
Mr. Hyden has knowledge relevant to Plaintiff's claims and its defenses to the counterclaims.

(B)    THE DESCRIPTION AND LOCATION OF DOCUMENTS, DATA COMPILATIONS, AND TANGIBLE THINGS THAT ARE IN THE CUSTODY AND CONTROL OF THE PLAINTIFF

Descriptions of the documents are as follows:

(1) emails, phone messages, correspondence, shipping documents, phone records fax records, and other documents relating to communications and the delivery of tangible things between Defendant Waldmann and one or more NMT Defendants ;

(2) emails, phone messages, fax records, account documents and other documents relating to Tesla Industries accounts for California Department of Forestry, TACOM, and U.S. Special Forces procurement at Fort Campbell, Kentucky;

(3) documents made Exhibits to the Verified Complaint and the Limited Deposition of David Waldmann and;

(4) office memoranda and other documents relating to Tesla Industries' confidentiality and security procedures and the confidential nature and value of Plaintiff's confidential information and trade secrets.

(C)    COMPUTATION OF DAMAGES

Tesla Industries' damages in this matter are not fully liquidated and are ongoing. Damages are believed to fall into the following non-exclusive categories:

(a) out of pocket expenses;

(b) lost production and delays in delivery;

(c) loss of prototypes, drawings, technical data and supplies;

(d) lost employee and officer time and productivity;

(e) lost sales.

(D)    INSURANCE

Not Applicable.

Dated: June 23, 2006                    **WERB & SULLIVAN**

                                        **/s/ Robert Wilcox**
                                        Brian A. Sullivan  (DE #2098)
                                        Robert D. Wilcox (DE #4321)
                                        Amy D. Brown    (DE #4077)
                                        300 Delaware Avenue, 13th Floor
                                        P.O. Box 25046
                                        Wilmington, DE 19899
                                        Telephone: (302) 652-1100
                                        Facsimile: (302) 652-1111
                                        E-mail rwilcox@werbsullivan.com

                                        Attorneys for Tesla Industries, Inc.

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TESLA INDUSTRIES, INC.,                )
                                       )
              Plaintiff,               )
                                       )
                                       )    C.A. No. 06-055-GMS
       v.                              )
                                       )
DAVID C. WALDMANN,                     )
LYNDOL W. HOLLINGSWORTH,               )
CHARLES MINNICK a/k/a CHUCK MINNICK, and)
NEW MILLENNIUM TOOLS, INC.,            )
                                       )
              Defendants.              )

**PLAINTIFF TESLA INDUSTRIES, INC.'S AMENDED DISCLOSURES
PURSUANT TO RULE 26(a)(1) OF THE FEDERAL RULES OF CIVIL
PROCEDURE**

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Tesla Industries, Inc. makes
the following disclosures in this action. Further discovery, investigation and research
may produce additional relevant facts which may lead to changes in the disclosures set
forth below.    Although these disclosures are complete to the best of Plaintiff's
knowledge, these disclosures are given without prejudice to Plaintiff's right to produce
additional relevant evidence that may come to light during the course of this action.
Furthermore, the disclosures are made without prejudice to Plaintiff's right to use or rely
at trial or hearing on subsequently discovered information or on information omitted from
these disclosures as a result of good faith oversight, error or mistake. Neither the fact of
these disclosures nor their content is intended to be in any manner inconsistent with the
Plaintiff's allegations in this action.

(A)    THE NAMES, AND IF KNOWN, CONTACT INFORMATION OF PERSONS
LIKELY TO HAVE DISCOVERABLE INFORMATION PLAINTIFF MAY USE TO
SUPPORT ITS CLAIMS OR DEFENSES, UNLESS SOLELY FOR IMPEACHMENT

David J. Masilotti (to be contacted only through the undersigned counsel)
109 Centerpoint Boulevard
New Castle, Delaware  19720-4180
Mr. Masilotti has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

Truee Dorsey (to be contacted only through the undersigned counsel)
109 Centerpoint Boulevard
New Castle, Delaware  19720-4180
Ms. Dorsey has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

EXHIBIT
2

Frank Mooney (to be contacted only through the undersigned counsel)
109 Centerpoint Boulevard
New Castle, Delaware  19720-4180
Mr. Mooney has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

Daniel Roscioli (to be contacted only through the undersigned counsel)
109 Centerpoint Boulevard
New Castle, Delaware  19720-4180
Mr. Rioscioli has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

Ken Gabriel (to be contacted only through the undersigned counsel)
109 Centerpoint Boulevard
New Castle, Delaware  19720-4180
Mr. Gabriel has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

Joseph Talbot (to be contacted only through the undersigned counsel)
109 Centerpoint Boulevard
New Castle, Delaware  19720-4180
Mr. Talbot has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

Defendant Charles Minnick
Mr. Waldmann has knowledge relevant to Plaintiff's claims and its defenses to
the counterclaims.

Defendant Lyndol Hollingsworth
Mr. Hollingsworth has knowledge relevant to Plaintiff's claims and its defenses to
the counterclaims.

Defendant David Waldmann
Mr. Waldmann has knowledge relevant to Plaintiff's claims and its defenses to
the counterclaims.

Mrs. David Waldmann
6 Robin Road
Malvern, PA
Mrs. Waldmann has knowledge relevant to Plaintiff's claims and its defenses to
the counterclaims.

Kent Huffman
Phoenix Lamar Corporation
8868 Research Boulevard, Austin, TX 78758

Mr. Huffman has knowledge relevant to Plaintiff's claims and its defenses to the counterclaims.

Mitchell Savrick, Esq.
Savrick, Schumann, Johnson & McGarr
2901-G Bee Caves Road
Austin, Texas 78786
Mr. Savrick has knowledge relevant to Plaintiff's claims and its defenses to the counterclaims.

Butch Hyden
P.O. Box 7492
Newark, DE 19714
Mr. Hyden has knowledge relevant to Plaintiff's claims and its defenses to the counterclaims.

Kenneth Gabriel
32530 B Rancho Vista
Cathedral City, CA 92234
Mr. Gabriel has knowledge relevant to Plaintiff's claims and its defenses to the counterclaims.

David W. Gresk
654 Sunset Avenue
Franklinville, New Jersey 08322
Mr. Gresk has knowledge relevant to Plaintiff's claims and its defenses to the counterclaims.

Mr. Roberto Morales (to be contacted only through the undersigned counsel)
109 Centerpoint Boulevard
New Castle, Delaware  19720-4180
Mr. Morales has knowledge relevant to Plaintiff's claims and its defenses to the counterclaims.


(B)    THE DESCRIPTION AND LOCATION OF DOCUMENTS, DATA COMPILATIONS, AND TANGIBLE THINGS THAT ARE IN THE CUSTODY AND CONTROL OF THE PLAINTIFF

Descriptions of the documents are as follows:

(1) emails, phone messages, correspondence, shipping documents, phone records

fax records, and other documents relating to communications and the delivery of tangible

things between Defendant Waldmann and one or more NMT Defendants ;

(2) emails, phone messages, fax records, account documents and other documents relating to Tesla Industries accounts for California Department of Forestry, TACOM, and U.S. Special Forces procurement at Fort Campbell, Kentucky;

(3) documents made Exhibits to the Verified Complaint and the Limited Deposition of David Waldmann and;

(4) office memoranda and other documents relating to Tesla Industries' confidentiality and security procedures and the confidential nature and value of Plaintiff's confidential information and trade secrets.

(C)    COMPUTATION OF DAMAGES

Tesla Industries' damages in this matter are not fully liquidated and are ongoing. Damages are believed to fall into the following non-exclusive categories:

(a) out of pocket expenses;

(b) lost production and delays in delivery;

(c) loss of prototypes, drawings, technical data and supplies;

(d) lost employee and officer time and productivity;

(e) lost sales.

(D)    INSURANCE

Not Applicable.

Dated:   November 16, 2006

**WERB & SULLIVAN**

Brian A. Sullivan   (DE #2098)
Robert D. Wilcox (DE #4321)
Amy D. Brown    (DE #4077)
300 Delaware Avenue, 13th Floor
P.O. Box 25046
Wilmington, DE 19899
Telephone: (302) 652-1100
Facsimile: (302) 652-1111
E-mail rwilcox@werbsullivan.com


and


Paul E. Crawford (DE # 493)
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 888-6262
(302) 658-5614 (Facsimile)


Attorneys For Tesla Industries, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2006, I caused one copy of the foregoing document to be served upon the persons listed below in the manner indicated:

**VIA FIRST CLASS MAIL**

John A. Adams, Esq.
Susanin, Widman & Brennan, P.C.
455 S. Gulph Road, Suite 240
King of Prussia, PA 19406

**VIA HAND DELIVERY**

John D. Demmy, Esq.
Stevens & Lee, P.C.
1105 North Market St., 7th Floor
Wilmington, DE 19801

**VIA FIRST CLASS MAIL**

Louis S. Mastriani, Esq.
Rodney R. Sweetland, III, Esq.
David F. Nickel, Esq.
Adduci, Mastriani & Schaumberg, LLP
1200 Seventeenth Street, N.W.
Fifth Floor
Washington, DC 20036-3006

**VIA HAND DELIVERY**

Steven J. Balick, Esq.
John G. Day, Esq.
Lauren E. Maguire
Ashby & Geddes
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801

Brian A. Sullivan (#2098)

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TESLA INDUSTRIES, INC.,                          )
                                                 )
            Plaintiff,                           )
                                                 )
                                                 )    C.A. No. 06-055-GMS
            v.                                   )
                                                 )
DAVID C. WALDMANN,                               )
LYNDOL W. HOLLINGSWORTH,                          )
CHARLES MINNICK a/k/a CHUCK MINNICK, and         )
NEW MILLENNIUM TOOLS, INC.,                       )
                                                 )
            Defendants.                          )

**PLAINTIFF TESLA INDUSTRIES, INC.'S SECOND AMENDED DISCLOSURES
PURSUANT TO RULE 26(a)(1) OF THE FEDERAL RULES OF CIVIL
PROCEDURE**

        Pursuant to Federal Rule of Civil Procedure 26(a)(1), Tesla Industries, Inc. makes
the following amended disclosures in this action. Further discovery, investigation and
research may produce additional relevant facts which may lead to changes in the
disclosures set forth below. Although these disclosures are complete to the best of
Plaintiff's knowledge, these disclosures are given without prejudice to Plaintiff's right to
produce additional relevant evidence that may come to light during the course of this
action. Furthermore, the disclosures are made without prejudice to Plaintiff's right to use
or rely at trial or hearing on subsequently discovered information or on information
omitted from these disclosures as a result of good faith oversight, error or mistake.
Neither the fact of these disclosures nor their content is intended to be in any manner
inconsistent with the Plaintiff's allegations in this action.

(A)    THE NAMES, AND IF KNOWN, CONTACT INFORMATION OF PERSONS
LIKELY TO HAVE DISCOVERABLE INFORMATION PLAINTIFF MAY USE TO
SUPPORT ITS CLAIMS OR DEFENSES, UNLESS SOLELY FOR IMPEACHMENT

        David J. Masilotti (to be contacted only through the undersigned counsel)
        109 Centerpoint Boulevard
        New Castle, Delaware  19720-4180
        Mr. Masilotti has knowledge relevant to Plaintiff's claims and its defenses to the
        counterclaims.

        Truee Dorsey (to be contacted only through the undersigned counsel)
        109 Centerpoint Boulevard
        New Castle, Delaware  19720-4180
        Ms. Dorsey has knowledge relevant to Plaintiff's claims and its defenses to the
        counterclaims.

EXHIBIT
3

Frank Mooney (to be contacted only through the undersigned counsel)
109 Centerpoint Boulevard
New Castle, Delaware 19720-4180
Mr. Mooney has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

Daniel Roscioli (to be contacted only through the undersigned counsel)
109 Centerpoint Boulevard
New Castle, Delaware 19720-4180
Mr. Rioscioli has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

Joseph Talbot (to be contacted only through the undersigned counsel)
109 Centerpoint Boulevard
New Castle, Delaware 19720-4180
Mr. Talbot has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

Defendant Charles Minnick
Mr. Waldmann has knowledge relevant to Plaintiff's claims and its defenses to
the counterclaims.

Defendant Lyndol Hollingsworth
Mr. Hollingsworth has knowledge relevant to Plaintiff's claims and its defenses to
the counterclaims.

Defendant David Waldmann
Mr. Waldmann has knowledge relevant to Plaintiff's claims and its defenses to
the counterclaims.

Mrs. David Waldmann
6 Robin Road
Malvern, PA
Mrs. Waldmann has knowledge relevant to Plaintiff's claims and its defenses to
the counterclaims.

Kent Huffman
Phoenix Lamar Corporation/ DC Power Equipment LLC
8868 Research Boulevard, Austin, TX 78758
Mr. Huffman has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

Mitchell Savrick, Esq.
Savrick, Schumann, Johnson & McGarr
2901-G Bee Caves Road
Austin, Texas 78786
Mr. Savrick has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

Butch Hyden
P.O. Box 7492
Newark, DE 19714
Mr. Hyden has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

Kenneth Gabriel
32530 B Rancho Vista
Cathedral City, CA 92234
Mr. Gabriel has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

David W. Gresk
654 Sunset Avenue
Franklinville, NJ 08322
Mr. Gresk has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

Mr. Roberto Morales (to be contacted only through the undersigned counsel)
109 Centerpoint Boulevard
New Castle, DE 19720-4180
Mr. Morales has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

Mr. William Kern
9 Farragut Lane
New Castle, DE 19720
Mr. Kern has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

Reynaldo G. Batipps
Electronic Engineer
Dept. of Defense Pioneer Program
47042 Tate Road
Building 301 Room 216R
Patuxent River MD 20670
Mr. Batipps has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

Walter Lassiter
NAVAIR's Unmanned Aerial Systems Support Equipment
Assistant Program Lead
Highway 547  Code 6761
Building 596 Second Floor
Lakehurst NJ 08733-5018
Mr. Lassiter has knowledge relevant to Plaintiff's claims and its defense to the
counterclaims.

(B)     THE DESCRIPTION AND LOCATION OF DOCUMENTS, DATA
COMPILATIONS, AND TANGIBLE THINGS THAT ARE IN THE CUSTODY AND
CONTROL OF THE PLAINTIFF

Descriptions of the documents are as follows:

(1) emails, phone messages, correspondence, shipping documents, phone records

fax records, and other documents relating to communications and the delivery of tangible

things between Defendant Waldmann and one or more NMT Defendants ;

(2) emails, phone messages, fax records, account documents and other documents

relating to Tesla Industries accounts for California Department of Forestry, TACOM, and

U.S. Special Forces procurement at Fort Campbell, Kentucky;

(3) documents made Exhibits to the Verified Complaint and the Limited

Deposition of David Waldmann ;

(4) office memoranda and other documents relating to Tesla Industries'

confidentiality and security procedures and the confidential nature and value of Plaintiff's

confidential information and trade secrets; and

(5) documents produced previously in this case.

(C)     COMPUTATION OF DAMAGES

Tesla Industries' damages in this matter are not fully liquidated and are ongoing.

Damages are believed to fall into the following non-exclusive categories:

(a) out of pocket expenses;

(b) lost production and delays in delivery;

(c) loss of prototypes, drawings, technical data and supplies;

(d) lost employee and officer time and productivity;

(e) lost sales;

(f) attorney fees to the extent recoverable.


(D)    INSURANCE

Not Applicable.


Dated: November 20, 2006                    **WERB & SULLIVAN**

**/s/ Robert Wilcox**
Brian A. Sullivan  (DE #2098)
Robert D. Wilcox (DE #4321)
Amy D. Brown    (DE #4077)
300 Delaware Avenue, 13th Floor
P.O. Box 25046
Wilmington, DE 19899
Telephone: (302) 652-1100
Facsimile: (302) 652-1111
E-mail rwilcox@werbsullivan.com

and

Paul E. Crawford (DE # 493)
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 888-6262
(302) 658-5614 (Facsimile)

Attorneys for Tesla Industries, Inc.

# EXHIBIT 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

TESLA INDUSTRIES, INC.,                          )
                                                 )
                    Plaintiff,                   )
                                                 )        C.A. No. 06-055-GMS
            v.                                   )
                                                 )
DAVID C. WALDMANN,                               )
LYNDOL W. HOLLINGSWORTH,                          )
CHARLES MINNICK a/k/a CHUCK MINNICK, and          )
NEW MILLENNIUM TOOLS, INC.,                       )
                                                 )
                    Defendants.                  )

## PLAINTIFF TESLA INDUSTRIES, INC.'S THIRD AMENDED DISCLOSURES PURSUANT TO RULE 26(a)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Tesla Industries, Inc. makes the following amended disclosures in this action. Further discovery, investigation and research may produce additional relevant facts which may lead to changes in the disclosures set forth below. Although these disclosures are complete to the best of Plaintiff's knowledge, these disclosures are given without prejudice to Plaintiff's right to produce additional relevant evidence that may come to light during the course of this action. Furthermore, the disclosures are made without prejudice to Plaintiff's right to use or rely at trial or hearing on subsequently discovered information or on information omitted from these disclosures as a result of good faith oversight, error or mistake. Neither the fact of these disclosures nor their content is intended to be in any manner inconsistent with the Plaintiff's allegations in this action.

(A)     THE NAMES, AND IF KNOWN, CONTACT INFORMATION OF PERSONS LIKELY TO HAVE DISCOVERABLE INFORMATION PLAINTIFF MAY USE TO SUPPORT ITS CLAIMS OR DEFENSES, UNLESS SOLELY FOR IMPEACHMENT

David J. Masilotti (to be contacted only through the undersigned counsel)
109 Centerpoint Boulevard
New Castle, Delaware  19720-4180
Mr. Masilotti has knowledge relevant to Plaintiff's claims and its defenses to the counterclaims.

Truee Dorsey (to be contacted only through the undersigned counsel)
109 Centerpoint Boulevard
New Castle, Delaware  19720-4180
Ms. Dorsey has knowledge relevant to Plaintiff's claims and its defenses to the counterclaims.

**EXHIBIT**
**4**

Frank Mooney (to be contacted only through the undersigned counsel)
109 Centerpoint Boulevard
New Castle, Delaware  19720-4180
Mr. Mooney has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

Daniel Roscioli (to be contacted only through the undersigned counsel)
109 Centerpoint Boulevard
New Castle, Delaware  19720-4180
Mr. Rioscioli has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

Joseph Talbot (to be contacted only through the undersigned counsel)
109 Centerpoint Boulevard
New Castle, Delaware  19720-4180
Mr. Talbot has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

Defendant Charles Minnick
Mr. Waldmann has knowledge relevant to Plaintiff's claims and its defenses to
the counterclaims.

Defendant Lyndol Hollingsworth
Mr. Hollingsworth has knowledge relevant to Plaintiff's claims and its defenses to
the counterclaims.

Defendant David Waldmann
Mr. Waldmann has knowledge relevant to Plaintiff's claims and its defenses to
the counterclaims.

Mrs. David Waldmann
6 Robin Road
Malvern, PA
Mrs. Waldmann has knowledge relevant to Plaintiff's claims and its defenses to
the counterclaims.

Kent Huffman
Phoenix Lamar Corporation/ DC Power Equipment LLC
8868 Research Boulevard, Austin, TX 78758
Mr. Huffman has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

Mitchell Savrick, Esq.
Savrick, Schumann, Johnson & McGarr
2901-G Bee Caves Road
Austin, Texas 78786
Mr. Savrick has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

Butch Hyden
P.O. Box 7492
Newark, DE 19714
Mr. Hyden has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

Kenneth Gabriel
32530 B Rancho Vista
Cathedral City, CA 92234
Mr. Gabriel has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

David W. Gresk
654 Sunset Avenue
Franklinville, NJ 08322
Mr. Gresk has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

Mr. Roberto Morales (to be contacted only through the undersigned counsel)
109 Centerpoint Boulevard
New Castle, DE 19720-4180
Mr. Morales has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

Mr. William Kern
9 Farragut Lane
New Castle, DE 19720
Mr. Kern has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

Reynaldo G. Batipps
Electronic Engineer
Dept. of Defense Pioneer Program
47042 Tate Road
Building 301 Room 216R
Patuxent River, MD 20670
Mr. Batipps has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

Walter Lassiter
NAVAIR's Unmanned Aerial Systems Support Equipment
Assistant Program Lead
Highway 547  Code 6761
Building 596 Second Floor
Lakehurst NJ 08733-5018
Mr. Lassiter has knowledge relevant to Plaintiff's claims and its defense to the
counterclaims.

Dennis J. Barone
1540 Cleland Course
Cleland Hghts
Wilmington DE 19805-0000
Mr. Barone has knowledge relevant to Plaintiff's claims and its defense to the
counterclaims.

*Second Address for Dennis Barone*

631 Wynn Wood Circle
Camden DE 19934

(B)    THE DESCRIPTION AND LOCATION OF DOCUMENTS, DATA
COMPILATIONS, AND TANGIBLE THINGS THAT ARE IN THE CUSTODY AND
CONTROL OF THE PLAINTIFF

Descriptions of the documents are as follows:

(1) emails, phone messages, correspondence, shipping documents, phone records

fax records, and other documents relating to communications and the delivery of tangible

things between Defendant Waldmann and one or more NMT Defendants ;

(2) emails, phone messages, fax records, account documents and other documents

relating to Tesla Industries accounts for California Department of Forestry, TACOM, and

U.S. Special Forces procurement at Fort Campbell, Kentucky;

(3) documents made Exhibits to the Verified Complaint and the Limited

Deposition of David Waldmann ;

(4) office memoranda and other documents relating to Tesla Industries' confidentiality and security procedures and the confidential nature and value of Plaintiff's confidential information and trade secrets; and

(5) documents produced previously in this case.


(C)     COMPUTATION OF DAMAGES

Tesla Industries' damages in this matter are not fully liquidated and are ongoing. Damages are believed to fall into the following non-exclusive categories:

(a) out of pocket expenses;

(b) lost production and delays in delivery;

(c) loss of prototypes, drawings, technical data and supplies;

(d) lost employee and officer time and productivity;

(e) lost sales;

(f) attorney fees to the extent recoverable.


(D)     INSURANCE

Not Applicable.

Dated: November 27, 2006                    **WERB & SULLIVAN**

                                            /s/ **Robert Wilcox**
                                            Brian A. Sullivan  (DE #2098)
                                            Robert D. Wilcox (DE #4321)
                                            Amy D. Brown    (DE #4077)
                                            300 Delaware Avenue, 13th Floor
                                            P.O. Box 25046
                                            Wilmington, DE 19899
                                            Telephone: (302) 652-1100
                                            Facsimile: (302) 652-1111
                                            E-mail rwilcox@werbsullivan.com

                                                and

                                            Paul E. Crawford (DE # 493)
                                            Connolly Bove Lodge & Hutz LLP
                                            1007 North Orange Street
                                            P.O. Box 2207
                                            Wilmington, DE 19899
                                            (302) 888-6262
                                            (302) 658-5614 (Facsimile)

                                            Attorneys for Tesla Industries, Inc.

# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TESLA INDUSTRIES, INC.,                    )
                                           )
            Plaintiff,                     )
                                           )        C.A. No. 06-055-GMS
        v.                                 )
                                           )
DAVID C. WALDMANN,                         )
LYNDOL W. HOLLINGSWORTH,                    )
CHARLES MINNICK a/k/a CHUCK MINNICK, and   )
NEW MILLENNIUM TOOLS, INC.,                 )
                                           )
            Defendants.                    )

**PLAINTIFF TESLA INDUSTRIES, INC.'S FOURTH AMENDED
DISCLOSURES PURSUANT TO RULE 26(a)(1) OF THE FEDERAL RULES OF
CIVIL PROCEDURE**

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Tesla Industries, Inc. makes the following amended disclosures in this action. Further discovery, investigation and research may produce additional relevant facts which may lead to changes in the disclosures set forth below. Although these disclosures are complete to the best of Plaintiff's knowledge, these disclosures are given without prejudice to Plaintiff's right to produce additional relevant evidence that may come to light during the course of this action. Furthermore, the disclosures are made without prejudice to Plaintiff's right to use or rely at trial or hearing on subsequently discovered information or on information omitted from these disclosures as a result of good faith oversight, error or mistake. Neither the fact of these disclosures nor their content is intended to be in any manner inconsistent with the Plaintiff's allegations in this action.

(A)    THE NAMES, AND IF KNOWN, CONTACT INFORMATION OF PERSONS LIKELY TO HAVE DISCOVERABLE INFORMATION PLAINTIFF MAY USE TO SUPPORT ITS CLAIMS OR DEFENSES, UNLESS SOLELY FOR IMPEACHMENT

David J. Masilotti (to be contacted only through the undersigned counsel)
109 Centerpoint Boulevard
New Castle, Delaware 19720-4180
Mr. Masilotti has knowledge relevant to Plaintiff's claims and its defenses to the counterclaims.



EXHIBIT
5

Truee Dorsey (to be contacted only through the undersigned counsel)
109 Centerpoint Boulevard
New Castle, Delaware  19720-4180
Ms. Dorsey has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

Frank Mooney (to be contacted only through the undersigned counsel)
109 Centerpoint Boulevard
New Castle, Delaware  19720-4180
Mr. Mooney has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

Daniel Roscioli (to be contacted only through the undersigned counsel)
109 Centerpoint Boulevard
New Castle, Delaware  19720-4180
Mr. Rioscioli has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

Joseph Talbot (to be contacted only through the undersigned counsel)
109 Centerpoint Boulevard
New Castle, Delaware  19720-4180
Mr. Talbot has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

Defendant Charles Minnick
Mr. Waldmann has knowledge relevant to Plaintiff's claims and its defenses to
the counterclaims.

Defendant Lyndol Hollingsworth
Mr. Hollingsworth has knowledge relevant to Plaintiff's claims and its defenses to
the counterclaims.

Defendant David Waldmann
Mr. Waldmann has knowledge relevant to Plaintiff's claims and its defenses to
the counterclaims.

Mrs. David Waldmann
6 Robin Road
Malvern, PA
Mrs. Waldmann has knowledge relevant to Plaintiff's claims and its defenses to
the counterclaims.

Kent Huffman
Phoenix Lamar Corporation/ DC Power Equipment LLC
8868 Research Boulevard, Austin, TX 78758
Mr. Huffman has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

Mitchell Savrick, Esq.
Savrick, Schumann, Johnson & McGarr
2901-G Bee Caves Road
Austin, Texas 78786
Mr. Savrick has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

Butch Hyden
P.O. Box 7492
Newark, DE 19714
Mr. Hyden has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

Kenneth Gabriel
32530 B Rancho Vista
Cathedral City, CA 92234
Mr. Gabriel has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

David W. Gresk
654 Sunset Avenue
Franklinville, NJ 08322
Mr. Gresk has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

Mr. Roberto Morales (to be contacted only through the undersigned counsel)
109 Centerpoint Boulevard
New Castle, DE 19720-4180
Mr. Morales has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

Mr. William Kern
9 Farragut Lane
New Castle, DE 19720
Mr. Kern has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

Reynaldo G. Batipps
Electronic Engineer
Dept. of Defense Pioneer Program
47042 Tate Road
Building 301 Room 216R
Patuxent River, MD 20670
Mr. Batipps has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

Walter Lassiter
NAVAIR's Unmanned Aerial Systems Support Equipment
Assistant Program Lead
Highway 547  Code 6761
Building 596 Second Floor
Lakehurst NJ 08733-5018
Mr. Lassiter has knowledge relevant to Plaintiff's claims and its defense to the
counterclaims.

Dennis J. Barone
1540 Cleland Course
Cleland Hghts
Wilmington DE 19805-0000
Mr. Barone has knowledge relevant to Plaintiff's claims and its defense to the
counterclaims.

*Second Address for Dennis Barone*

631 Wynn Wood Circle
Camden DE 19934

Roger Guillemete
11 Gull Circle
Northeast, MD 21901
Mr. Guillemete has knowledge relevant to Plaintiff's claims and its defense to the
counterclaims.

Angel Acevedo
2008 Ashkirk Drive
Newark, DE 19702
Mr. Acevedo has knowledge relevant to Plaintiff's claims and its defense to the
counterclaims.

Donald Stewart
2619 14th Avenue
Moline, Illinois 61265
Mr. Stewart has knowledge relevant to Plaintiff's claims and its defense to the
counterclaims.

(B)    THE DESCRIPTION AND LOCATION OF DOCUMENTS, DATA
COMPILATIONS, AND TANGIBLE THINGS THAT ARE IN THE CUSTODY AND
CONTROL OF THE PLAINTIFF

Descriptions of the documents are as follows:

(1) emails, phone messages, correspondence, shipping documents, phone records

fax records, and other documents relating to communications and the delivery of tangible

things between Defendant Waldmann and one or more NMT Defendants ;

(2) emails, phone messages, fax records, account documents and other documents

relating to Tesla Industries accounts for California Department of Forestry, TACOM, and

U.S. Special Forces procurement at Fort Campbell, Kentucky;

(3) documents made Exhibits to the Verified Complaint and the Limited

Deposition of David Waldmann ;

(4) office memoranda and other documents relating to Tesla Industries'

confidentiality and security procedures and the confidential nature and value of Plaintiff's

confidential information and trade secrets; and

(5) documents produced previously in this case.

(C)    COMPUTATION OF DAMAGES

Tesla Industries' damages in this matter are not fully liquidated and are ongoing.

Damages are believed to fall into the following non-exclusive categories:

(a) out of pocket expenses;

(b) lost production and delays in delivery;

(c) loss of prototypes, drawings, technical data and supplies;

(d) lost employee and officer time and productivity;

(e) lost sales;

(f) attorney fees to the extent recoverable.

(D)    INSURANCE

Not Applicable.

Dated: December 12, 2006                           WERB & SULLIVAN

Brian A. Sullivan  (DE #2098)
Robert D. Wilcox (DE #4321)
Amy D. Brown    (DE #4077)
300 Delaware Avenue, 13th Floor
P.O. Box 25046
Wilmington, DE 19899
Telephone: (302) 652-1100
Facsimile: (302) 652-1111
E-mail rwilcox@werbsullivan.com

and

Paul E. Crawford (DE # 493)
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 888-6262
(302) 658-5614 (Facsimile)

Attorneys for Tesla Industries, Inc.

# EXHIBIT 6

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

TESLA INDUSTRIES, INC., a Delaware )
Corporation, )
                                 )
                 Plaintiff, )
                                 )
v. )           Civil Action No. 06-55
                                 )
DAVID C. WALDMANN, LYNDOL W. )
HOLLINGSWORTH, CHARLES )
MINNICK a/k/a CHUCK MINNICK, and )
NEW MILLENNIUM TOOLS, INC., an )
Oregon Corporation, )
                                 )
                 Defendants. )
                                 )

## PLAINTIFF'S SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1 OF DEFENDANTS LYNDOL W. HOLLINGSWORTH, CHARLES MINNICK A/K/A CHUCK MINNICK AND NEW MILLENNIUM TOOLS, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF TESLA INDUSTRIES, INC.

In addition to the response previously provided, Tesla Industries, Inc., hereby, supplements its response to Interrogatory 1, without limiting the former response, as follows:

**INTERROGATORY NO. 1**

State the names, addresses, and relationship to you of all persons known to you

who have knowledge of any facts pertaining to the happening or circumstances or results

of the allegations made by you in your Verified Complaint including, but not limited to,

any damages which you allege.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1**

EXHIBIT

**6**

David J. Masilotti (to be contacted only through the undersigned counsel)
109 Centerpoint Boulevard
New Castle, Delaware 19720-4180
Mr. Masilotti has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.


Truee Dorsey (to be contacted only through the undersigned counsel)
109 Centerpoint Boulevard
New Castle, Delaware 19720-4180
Ms. Dorsey has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

Frank Mooney (to be contacted only through the undersigned counsel)
109 Centerpoint Boulevard
New Castle, Delaware 19720-4180
Mr. Mooney has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

Daniel Roscioli (to be contacted only through the undersigned counsel)
109 Centerpoint Boulevard
New Castle, Delaware 19720-4180
Mr. Rioscioli has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

Joseph Talbot (to be contacted only through the undersigned counsel)
109 Centerpoint Boulevard
New Castle, Delaware 19720-4180
Mr. Talbot has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

Defendant Charles Minnick
Mr. Waldmann has knowledge relevant to Plaintiff's claims and its defenses to
the counterclaims.

Defendant Lyndol Hollingsworth
Mr. Hollingsworth has knowledge relevant to Plaintiff's claims and its defenses to
the counterclaims.

Defendant David Waldmann
Mr. Waldmann has knowledge relevant to Plaintiff's claims and its defenses to
the counterclaims.

Mrs. David Waldmann
6 Robin Road
Malvern, PA
Mrs. Waldmann has knowledge relevant to Plaintiff's claims and its defenses to
the counterclaims.


Kent Huffman
Phoenix Lamar Corporation/ DC Power Equipment LLC
8868 Research Boulevard, Austin, TX 78758
Mr. Huffman has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

Mitchell Savrick, Esq.
Savrick, Schumann, Johnson & McGarr
2901-G Bee Caves Road
Austin, Texas 78786
Mr. Savrick has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

Butch Hyden
P.O. Box 7492
Newark, DE 19714
Mr. Hyden has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

Kenneth Gabriel
32530 B Rancho Vista
Cathedral City, CA 92234
Mr. Gabriel has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

David W. Gresk
654 Sunset Avenue
Franklinville, NJ 08322
Mr. Gresk has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

Mr. Roberto Morales (to be contacted only through the undersigned counsel)
109 Centerpoint Boulevard
New Castle, DE 19720-4180
Mr. Morales has knowledge relevant to Plaintiff's claims and its defenses to the
counterclaims.

Mr. William Kern
9 Farragut Lane
New Castle, DE 19720
Mr. Kern has knowledge relevant to Plaintiff's claims and its defenses to the counterclaims.

Reynaldo G. Batipps
Electronic Engineer
Dept. of Defense Pioneer Program
47042 Tate Road
Building 301 Room 216R
Patuxent River, MD 20670
Mr. Batipps has knowledge relevant to Plaintiff's claims and its defenses to the counterclaims.

Walter Lassiter
NAVAIR's Unmanned Aerial Systems Support Equipment
Assistant Program Lead
Highway 547  Code 6761
Building 596 Second Floor
Lakehurst NJ 08733-5018
Mr. Lassiter has knowledge relevant to Plaintiff's claims and its defense to the counterclaims.

Dennis J. Barone
1540 Cleland Course
Cleland Hghts
Wilmington DE 19805-0000
Mr. Barone has knowledge relevant to Plaintiff's claims and its defense to the counterclaims.

*Second Address for Dennis Barone*

631 Wynn Wood Circle
Camden DE 19934

Roger Guillemete
11 Gull Circle
Northeast, MD 21901
Mr. Guillemete has knowledge relevant to Plaintiff's claims and its defense to the counterclaims.

Angel Acevedo
2008 Ashkirk Drive
Newark, DE 19702
Mr. Acevedo has knowledge relevant to Plaintiff's claims and its defense to the
counterclaims.

Donald Stewart
2619 14th Avenue
Moline, Illinois 61265
Mr. Stewart has knowledge relevant to Plaintiff's claims and its defense to the
counterclaims.

Dated: December 20, 2006                     Werb & Sullivan

                                             Brian A. Sullivan (DE # 2098)
                                             Robert D. Wilcox (DE # 4321)
                                             Amy D. Brown (DE # 4077)
                                             300 Delaware Avenue, 13th Floor
                                             P.O. Box 25046
                                             Wilmington, DE 19899
                                             Telephone: (302) 652-1100
                                             Telecopier: (302) 652-1111


                                             and


                                             Paul E. Crawford (DE # 493)
                                             Connolly Bove Lodge & Hutz LLP
                                             1007 North Orange Street
                                             P.O. Box 2207
                                             Wilmington, DE 19899
                                             (302) 888-6262
                                             (302) 658-5614 (Facsimile)


                                             Attorneys For Tesla Industries, Inc.

# Exhibit 7

```
 1              IN THE UNITED STATES DISTRICT COURT

 2              IN AND FOR THE DISTRICT OF DELAWARE

 3                         -  -  -

 4    TESLA INDUSTRIES, INC,          :       Civil Action
                                      :
 5              Plaintiff,            :
                                      :
 6                                    :
            v.                        :
 7                                    :
      DAVID C. WALDMANN, LYNDOL W.    :
 8    HOLLINGSWORTH, CHARLES          :
      MINNICK a/k/a CHUCK MINNICK,    :
 9    and NEW MILLENNIUM TOOLS, INC., :
                                      :
10              Defendants.           :       No. 06-055-GMS

11                         -  -  -

12                    Wilmington, Delaware
                    Thursday, January 18, 2007
13                         9:15 a.m.
                    Telephone Conference
14
                           -  -  -
15
      BEFORE:  HONORABLE GREGORY M. SLEET,
16
      APPEARANCES:
17
                BRIAN A. SULLIVAN, ESQ.,
18              ROBERT D. WILCOX, ESQ., and
                AMY RAEANN WARNER, ESQ.
19              Werb & Sullivan

20                         Counsel for Plaintiff

21              JOHN D. DEMMY, ESQ.
                Stevens & Lee
22                   -and-
                JOHN A. ADAMS, ESQ.
23              Susan Widman & Brennan, P.C.
                (King of Prussia, PA)

24
                           Counsel for Defendant
25                         Waldmann
```

EXHIBIT

7

1   APPEARANCES CONTINUED:

2           LAUREN E. MAGUIRE, ESQ.
            Ashby & Geddes
3                   -and-
            RODNEY R. SWEETLAND, III, ESQ., and
4   IAN TARONJI, ESQ.
            Adduci, Mastriani & Schaumberg, LLP
5   (Washington, D.C.)

6                           Counsel for Defendants
                            New Millennium Tools, Inc.,
7                           Hollingsworth, and Minnick

8               -  -  -

9           THE COURT:  Good morning.

10          UNIDENTIFIED SPEAKER:  Good morning, Your Honor.

11          THE COURT:  Who is on the line for plaintiff,

12  counsel?

13          MR. WILCOX:  Robert Wilcox for the plaintiff

14  Tesla Inc.  I am joined by Brian Sullivan and Raeann Warner,

15  both attorneys at Werb & Sullivan.

16          THE COURT:  For defendant.

17          MR. ADAMS:  John Adams for defendant Waldmann.

18          MS. MAGUIRE:  Lauren Maguire in Wilmington for

19  the NMT defendants.

20          MR. SWEETLAND:  This is Rodney Sweetland and Ian

21  Tarongi in Washington, D.C. for the EMT defendants.

22          THE COURT:  Did we get everybody?

23          So this is the second conference for the purpose

24  of taking up discovery disputes.  We have some 12 or 13

25  items here.  It appears the parties are not getting along

1    very well.  Is that a correct assumption here?

2              UNIDENTIFIED SPEAKER:  I believe, Your Honor.

3              THE COURT:  Are not getting along or are getting

4    along?

5              UNIDENTIFIED SPEAKER:  Are not.

6              THE COURT:  We are going to take these matters

7    up.  First I want to inquire as to whether any of them have

8    been resolved.

9              MR. SWEETLAND:  I believe that the summary that

10   went to Your Honor, which was a very broad overview, is

11   still extant.  There were subsidiary issues that have been

12   resolved between the parties prior to this call, I

13   understand.

14             THE COURT:  Okay.  I gather everyone concurs in

15   that view?

16             MR. WILCOX:  Your Honor, we did receive some

17   documents late yesterday afternoon.  We don't believe they

18   really address most of our concerns.  But I did want to

19   acknowledge that we received them.

20             THE COURT:  Let's take up NMT's issues.

21             MR. SWEETLAND:  Your Honor, we have eight

22   issues, the first of which is a continuation of an issue

23   that was raised during our initial conference on October

24   20th.

25             THE COURT:  You have eight issues.  I see four

4

1    bullets.

2              MR. SWEETLAND:  Right.  But within those four,

3    some are interrogatories, some are requests for production.

4    This is by topic.

5              THE COURT:  Counsel, we are not going to stay on

6    the phone all morning on this.  Do you understand?

7              MR. SWEETLAND:  I understand.  I will be --

8              THE COURT:  That --

9              MR. SWEETLAND:  -- very brief.

10             THE COURT:  That is not directed at you --

11   counsel, listen for my voice.  Okay?  When you hear my

12   voice, shut up.  All right?  Is that understood?

13             MR. SWEETLAND:  Yes, Your Honor.

14             MR. SULLIVAN:  Yes, Your Honor.

15             Paul Crawford, one of the attorneys for the

16   plaintiffs, unfortunately, is sick.  And he was going to

17   join the conference this morning.  Given, Your Honor,

18   really, the number of issues, discovery issues that are

19   pending, Mr. Crawford's suggestion would have been that each

20   party ought to take two or three primary ones and really

21   stick to those and bring them before Your Honor.

22             THE COURT:  Thank you, Mr. Sullivan.  We will

23   see.

24             I intended to be just as rude as I just sounded,

25   because I am not happy.

1          MR. SULLIVAN:  Understood, Your Honor.

2          THE COURT:  Let's go, counsel.

3          MR. SWEETLAND:  The first issue, Your Honor, is

4    damages during the October 20th conference.  Your Honor

5    ordered Tesla to produce discovery in response to our

6    damages request.  To date, we have yet to receive any

7    documents that support the damages allegations.

8          We received an expert witness report on December

9    29th that alleges over a million dollars in lost sales.  And

10   it references as a base computation such items as tax

11   returns.  We have yet to receive a single tax return.  We

12   have yet to receive any profit-and-loss statements.  We have

13   yet to receive any internal accounts receivable.

14         THE COURT:  I got your point, counsel.  Let's

15   get a response.

16         MR. ADAMS:  Defendant Waldmann joins in that

17   request.

18         THE COURT:  Let's get a response.  Who will

19   respond?

20         MR. WILCOX:  Your Honor, we certainly are

21   willing to provide everything that was provided to the

22   expert.  We recognize they are entitled to the documents

23   that, every document that the expert reviewed.  I will make

24   sure that gets done in the next three or four days.

25         As far as the tax returns, the same is true.  We

1     will produce them.

2                We think to the extent there is personal

3     information, it should be redacted.  We would expect we can

4     resolve that with counsel.  I am not sure we have an issue

5     here.

6                MR. SWEETLAND:  Your Honor, if we get all tax

7     returns, including ones -- recent ones -- for whatever

8     reason, the expert didn't rely on the four most recent years

9     of tax returns -- we believe that we need those as well.

10    Those are the years in which Tesla has made an allegation

11    there has been lost sales.  If we get the tax returns and

12    the underlying data for the tax returns, then there is no

13    issue.

14                THE COURT:  Any difficulty with that, Mr.

15    Wilcox?

16                MR. WILCOX:  No, Your Honor.  The question, of

17    course, becomes as to what are underlying documents.

18    Theoretically, every financial document, every invoice,

19    every sale becomes part of the underlying documents.  I

20    would hope we could resolve that issue.

21                We will give the tax returns and the stuff --

22    the documents that were given to the expert.

23                THE COURT:  Is that sufficient for your needs,

24    Mr. Sweetland?

25                MR. SWEETLAND:  It is, Your Honor.

1          THE COURT:  Okay.  Next issue.

2          MR. SWEETLAND:  The second item is an

3    interrogatory answer, it is No. 22.  It is information

4    relating to allegations that Tesla has made in the

5    marketplace concerning any misconduct by my clients.  This

6    is in support of our Lanham Act allegation.  During Mr.

7    Masilotti's, the principal of Tesla, deposition, he

8    indicated he was unable to recall all the people that he had

9    talked to about what our client, my clients have allegedly

10   done.

11          Last week we received in discovery a document

12   that was apparently sent out via e-mail to some unidentified

13   number of Tesla contacts in the government contracting

14   industry.  We just want to know -- we need to know who that

15   went to, because it makes allegations of misconduct in the

16   marketplace by our clients, which goes to the Lanham Act

17   claim.  We believe the only way to answer that, because

18   during the deposition Mr. Masilotti was unable to recall the

19   full extent of it, is in the context of an interrogatory

20   response.

21          MR. ADAMS:  Mr. Waldmann joins in that request,

22   Your Honor.

23          THE COURT:  Can I assume that Waldmann joins in

24   each of the EMT requests?

25          MR. ADAMS:  I believe, Your Honor.

1          THE COURT:  You don't have to chirp up each

2     time, counsel.

3          MR. WILCOX:  Your Honor, we will certainly

4     identify the one communication in question.  We just don't

5     think there are a lot of communications of the type that the

6     defendants are looking for.  But obviously, I wasn't aware

7     that the information they got did not include the name of

8     the recipient.  We will get that to them.

9          THE COURT:  Within the same three-day time frame

10    that the other information is going to be provided.

11          MR. WILCOX:  Absolutely, Your Honor.

12          THE COURT:  Mr. Sweetland.

13          MR. SWEETLAND:  That is fine, if we have that

14    proffer, Your Honor.

15          THE COURT:  Next item.

16          MR. SWEETLAND:  The third item, Your Honor,

17    relates to, in the complaint, there is referenced a private

18    investigation that occurred at the inception or prior to the

19    litigation.  In the affidavit of Mr. Masilotti attached to

20    the complaint, in support of their request for preliminary

21    injunction, there were 14 items that were identified as

22    having been obtained as a result of the investigation.  We

23    also know that included in that investigation was a

24    tape-recorded conversation with David Waldmann.

25          We are requesting that the private

1    investigator's report include the tape-recorded statement,

2    not the transcript but the tape-recorded statement itself

3    with our co-defendant be provided.  Our basis for that is,

4    of course, under Rule 26 any statement of a party is

5    discoverable, and based upon the revelation of the result of

6    the private investigator's investigation, we believe that

7    there has been a subject matter and issue waiver of all that

8    material.

9                MR. ADAMS:  Your Honor, Waldmann would add to

10   that my client was terminated due to the investigation,

11   which we think therefore we are entitled to it.  That was

12   the basis of the termination.

13               Number two, that there has been allegations that

14   my client destroyed e-mails that was made in the deposition

15   at the end of the discovery period.  We believe this issue

16   will show that e-mails were not destroyed by my clients.  He

17   was gone by the time the e-mails were destroyed.  They were

18   in fact destroyed by Mr. Masilotti.

19               THE COURT:  Counsel, your name?

20               MR. ADAMS:  John Adams for defendant Waldmann,

21   Your Honor.

22               MR. WILCOX:  Your Honor, I think there are a

23   couple of different issues there.  I think we are kind of

24   getting off the primary issue.

25               As far as the allegation as far as the

1    disruption of e-mails, I mean, that's a question of -- you

2    know, an issue of fact.  We are at this point undertaking an

3    extensive and very expensive review of the hard drive of Mr.

4    Waldmann's computer.  We expect to be producing documents

5    that we believe will strongly support our suggestion that

6    those documents, there was a tremendous amount of material

7    deleted.  I don't know where the allegation comes from, that

8    my client was deleting information from the defendants'

9    computer.  That's to me just a bald allegation.

10          As far as the investigation report, we think

11   it's protected under Rule 26.  It's an investigation done at

12   the direction of attorneys, and, you know, it was prepared

13   in anticipation of litigation.

14          Now, the answer may be different with regard to

15   the witness statement, the recorded statement of the

16   witness.  And we are willing to take, obviously, the Court's

17   guidance on that.

18          The real issue here, if we are talking about

19   documents on a hard drive, one of the defendants in this

20   case has acknowledged that his hard drive, he removed it

21   from his computer and put it in a place he referred to as

22   very difficult to find.  We think we are entitled to get all

23   the documents off that hard drive and find out what's going

24   on with that.

25          That's the kind of issue we have been dealing

1   with, Your Honor.

2           MR. SWEETLAND:  Your Honor, I thought I would

3   respond to that when it was -- I can address that now.

4           THE COURT:  You can address that later, when we

5   come to it.

6           MR. ADAMS:  Your Honor, I would like to add,

7   when he was terminated, they had an e-mail in his possession

8   that came from an account.  It was not a Tesla e-mail

9   account.  It was one of his (inaudible) account.  We believe

10  there is an allegation --

11          THE COURT:  Counsel, I have no idea what you are

12  talking about.  Let me be real frank:  As I understand it,

13  when we started, this portion of the discussion has to do

14  with the results of a private investigation that was

15  commissioned.  Is that correct?

16          MR. ADAMS:  Yes, Your Honor, that is correct.

17          THE COURT:  And there is a desire on behalf of

18  the NMT defendants to have produced to them the report

19  concerning a particular witness who was the subject of this

20  investigation.  Is that correct?

21          MR. ADAMS:  No, Your Honor.  We want the entire

22  report.

23          THE COURT:  It appears that counsel for

24  plaintiff is prepared to provide the report of the witness.

25  That is not at issue.  Is that correct?

1          MR. WILCOX:  There is a recorded witness

2    statement, Your Honor.

3          THE COURT:  In whatever form, you indicated, I

4    think, that you were prepared to accept the guidance of the

5    Court on that.

6          MR. WILCOX:  Yes, Your Honor.

7          THE COURT:  What is the basis or would be the

8    basis for withholding the recorded witness statement?

9          MR. WILCOX:  That it was prepared as part of a

10   pre-litigation investigation, Your Honor.

11         THE COURT:  Do you wish to assert that position

12   this morning?  Or are you prepared to provide the other side

13   with the report or the statement, the recorded statement?

14         MR. WILCOX:  That is still our position, Your

15   Honor, with the guidance of the Court.

16         THE COURT:  You have raised the general issue or

17   the general objection to providing the work of the

18   investigator generally.  Is that correct?  You claim that it

19   is work product.

20         MR. WILCOX:  That's correct.

21         THE COURT:  So I don't know why we wouldn't

22   include the witness statement, why you wouldn't include that

23   within your contentions regarding work product.

24         MR. WILCOX:  We are including that, Your Honor.

25         THE COURT:  You essentially contend that an

1      investigator was hired.

2                    MR. WILCOX:  That's correct.

3                    THE COURT:  And that the fruits of that

4      investigators's labors are somehow protected by Rule 26.

5                    MR. WILCOX:  That's correct.

6                    THE COURT:  Elaborate on that a little bit more

7      for me.

8                    MR. WILCOX:  Your Honor, that was done in

9      connection with retention -- you know, the plaintiff was

10     shocked to realize there was a problem, and realized early

11     on that there was likely to be some litigation.  There was a

12     suspension of one of the defendants here.  A law firm was

13     retained, and under the guidance of the law firm an

14     investigator did an internal review of various materials.

15                   Now, the witness statement in question, the

16     recorded statement, was taken not by the outside

17     investigator but by an in-house security guy who had been

18     brought on.  I don't want to mislead the Court on that.  It

19     was not recorded by the investigator, the outside

20     investigator.  It was taken by an in-house security

21     consultant.

22                   THE COURT:  Okay.

23                   MR. SWEETLAND:  Your Honor, if I may, whenever

24     the Court has concluded, address one of these issues.

25                   THE COURT:  Yes.

14

1          MR. SWEETLAND:  From our perspective, again,

2   Your Honor is correct there are really two subsidiary issues

3   to this.  There is the issue of a tape-recorded statement of

4   a party defendant, which we believe under black-letter law

5   is discoverable under any circumstances, regardless of who

6   obtained it or why.  He is a party defendant.  That is not,

7   we don't believe, a significant legal issue.

8          The second issue, as to the discoverability of

9   the fruits of the private investigator, we believe that

10  there has been a waiver because at least 14 separate items

11  that were discovered by that private investigator were

12  explicitly referenced in the complaint and the affidavit

13  that was attached in support of it.  Even if the work

14  product privilege did apply, and it may very well have

15  initially, when the plaintiffs chose to include the fruits

16  of the investigator's research in the moving documents that

17  initiated the case, they put that issue in this litigation.

18          THE COURT:  Okay.  So Mr. Sweetland has put a

19  finer point on the discussion.  Mr. Wilcox, why don't you

20  address first the contention that this is, after all, the

21  statement of a party, albeit the product of an in-house

22  investigation, nonetheless, a statement of a party and

23  therefore subject to production.

24          MR. WILCOX:  I don't agree with Mr. Sweetland

25  that it is necessarily black-letter law that it somehow cuts

1    through the privilege.  We are all aware that work product

2    is a qualified privilege.

3            Again, I would kind of seek the guidance of the

4    Court on that.  Obviously, I don't feel as strongly about

5    that particular issue, about the tape recording, as I do

6    about the --

7            THE COURT:  Let me interrupt, because this is

8    the kind of thing that judges find time-wasteful.  I think

9    that this is something, this particular, very narrow issue,

10   is something that should have been capable of being worked

11   out by the parties.  Whether it is black-letter law or not,

12   it is a statement of a party.  You might have imagined that

13   I was probably, most judges would probably say, you have got

14   to give that over.  Wouldn't you reasonably anticipate that

15   kind of ruling?

16           MR. WILCOX:  That is fine, Your Honor.  We

17   accept that ruling, and we will turn it over.

18           THE COURT:  What I am asking for is a little

19   better exercise of your discretion as lawyers in the future

20   on these kinds of matters.

21           So let's talk about the waiver.  Why don't you

22   respond to the contentions that you have waived work

23   product.

24           MR. WILCOX:  I don't believe we have waived work

25   product, Your Honor.  There were references to the fact that

1   there was an investigation report.  The report clearly

2   itself was not attached to the complaint and has not been

3   disclosed anywhere in there.  The fact that an investigation

4   itself was done doesn't, in my view and under our review of

5   the law, constitute a waiver of the contents of the report

6   itself.

7          MR. ADAMS:  Your Honor, I would say, if they are

8   going to take that position, they can't say at trial that

9   they did an investigation of my client, they terminated him

10  based on the investigation, and they are not going to turn

11  it over.

12         THE COURT:  I agree with you.

13         MR. WILCOX:  We don't need the investigative

14  report at trial to prove the reason --

15         MR. ADAMS:  You are going to have a hard time

16  saying why he was terminated, what is the reason why you let

17  him go.

18         THE COURT:  Counsel, you will address your

19  remarks to the Court and you won't interrupt your opponent

20  like that.

21         Had you finished, counsel?

22         MR. ADAMS:  Yes, Your Honor.

23         THE COURT:  Had you finished, Mr. Wilcox?

24         MR. WILCOX:  Your Honor, I don't believe we

25  intend to introduce the report at trial.  Obviously, if we

1    intended to introduce it at trial, we would have already

2    produced it.

3            MR. ADAMS:  Your Honor, as far as referencing,

4    if they want to tell the jury they did an investigation and

5    based on that investigation they didn't pay my client the

6    money he was owed and they terminated employment, they

7    weren't entitled to the investigation.

8            THE COURT:  Is that the intended use of this

9    material?

10           MR. WILCOX:  We are not -- we don't need the

11   investigative report at trial, Your Honor.

12           THE COURT:  Not the report.  He contends that

13   you might desire to reference the report before the jury and

14   that should be precluded as well if you are not going to

15   turn it over and give them a fair opportunity to challenge

16   the report.

17           MR. WILCOX:  That seems to strike me as an issue

18   for a motion in limine, Your Honor.

19           THE COURT:  Probably right.  But you must

20   understand that he is probably going to have a fairly strong

21   position in limine should you at this point determine that

22   you are not going to turn this over.

23           MR. WILCOX:  I am aware of that, Your Honor.

24           THE COURT:  I am not going to order that you

25   turn it over at this point.  But remember the discussion

1    here today.  Of course, we are having it transcribed.

2                The next matter.

3                MR. SWEETLAND:  Your Honor, I will wrap up with

4    two more issues.

5                The first is, we believe that e-mails have been

6    withheld in response to numerous interrogatories.

7    Approximately nine Tesla employees identified at the

8    inception of the case who had discoverable information

9    relate to this.  Of those nine, only two have had a

10   substantial number of e-mails supplied.  Three have had no

11   e-mails, and Mr. Masilotti, who describes himself as the

12   chief cook and bottle washer of Tesla, the plaintiff, there

13   is only two e-mails from him.  We find it inexplicable as to

14   the absence of e-mails.

15               THE COURT:  Where are the e-mails?

16               MR. WILCOX:  Your Honor, we have been through

17   this issue multiple times.  There has been much testimony

18   about it at the depositions of any witnesses that the

19   defendants wanted to take.  Everything has been produced

20   that's out there.  The company did not -- I mean, it seems

21   to me that a lot of the issues that are being raised by the

22   defendants, and I think it is especially true with regard to

23   what they regard as insufficient responses to requests for

24   admissions, which has been a huge issue regarding

25   authenticity of various types of documents, they just don't

1    like the answer.  They are somehow asking the Court to

2    direct us to give a particular answer that doesn't square

3    with the facts, as we see them.

4              THE COURT:  So your point is you have produced

5    all the e-mails that ought to be produced.

6              MR. WILCOX:  That's correct.

7              THE COURT:  Counsel, what else would you have

8    him do?

9              MR. SWEETLAND:  If he is willing to represent

10   that to Your Honor, he set that in stone, and I will move

11   along.

12             THE COURT:  He is an officer of the Court.  We

13   will have to accept that recommendation.  I will accept it.

14   I have no reason not to.  I don't think you do, either.

15             There is a desire to extend the time to complete

16   expert discovery.  I don't have an objection to that

17   necessarily.  Does the other side?  Is this a joint request?

18   Whose request is this?

19             MR. SWEETLAND:  This was the NMT defendants,

20   Your Honor.

21             THE COURT:  Is there an objection from Tesla?

22             MR. WILCOX:  To the extent there is a short

23   extension, Your Honor, that would be fine.  But we have

24   asked for cooperation on a number of discovery issues and we

25   haven't gotten any extensions -- well, I won't say we

1    haven't gotten any.  But I guess we should have asked the

2    Court for all our extensions.

3              THE COURT:  The only entity that is empowered to

4    grant an extension or amendment to the schedule is the

5    Court.  I want you all to keep that in mind.

6              MR. WILCOX:  Yes, Your Honor.  We accept the

7    Court's guidance on this again, of course.  We would consent

8    to a short extension of the time for discovery.  We don't

9    believe it is necessary.  I think the Court is making it

10   very clear it wants us to be cooperative.

11             THE COURT:  What is the reason for NMT's

12   request?

13             MR. SWEETLAND:  We are unable to even initiate

14   the deposition of the plaintiff's experts because we haven't

15   received this underlying information.  We, for instance, had

16   discovery requests asking for any documents provided to or

17   received from expert witnesses.  We received none of that.

18   At the beginning of this call --

19             THE COURT:  Some of the information that we

20   discussed earlier in the call would fall into that category.

21             MR. SWEETLAND:  Yes, Your Honor.

22             MR. ADAMS:  Our deadline for producing experts

23   is tomorrow.

24             THE COURT:  For producing expert reports and/or

25   deposing them as well?

1      MR. ADAMS:  To produce reports.  We can't do

2  that because we don't even know all this information.

3      THE COURT:  So you are requesting an extension

4  of the entire expert process, the production of opening

5  reports, rebuttals, then the time to complete expert

6  discovery.  Is that correct?

7      MR. SWEETLAND:  No, Your Honor.  We would only

8  request time to do the defendants' rebuttal reports to the

9  plaintiff's reports.  We do not, the NMT defendants do not

10  anticipate providing affirmative evidence for the

11  counterclaims reports.  We only need the time, some period

12  of time after this production is effected in which to depose

13  their experts and determine whether or not we are going to

14  provide counter-experts.

15      MR. WILCOX:  Your Honor, Mr. Sweetland is

16  correct.  The plaintiff has produced the reports in a timely

17  fashion as directed by the Court previously.  We said we

18  would give them the documents in three days.

19      THE COURT:  How much time do you need, counsel?

20      MR. SWEETLAND:  Twenty days for us to do our

21  rebuttals.

22      THE COURT:  Any difficulty with that, counsel?

23      MR. WILCOX:  No.  That is fine, Your Honor.  But

24  I do want to make it clear why I don't accept that we

25  haven't produced any of the documents.

1                THE COURT:  I understand your position.

2                What would that be, Ms. Walker?

3                MS. WALKER:  February 7.

4                THE COURT:  We will grant until February 7 for

5    the purpose of producing the NMT rebuttal reports.  What is

6    the current cutoff for expert discovery?

7                MR. SWEETLAND:  I believe it's the 27th or 28th.

8                THE COURT:  Okay.  I skipped over deficiencies

9    in admissions.  Is this on both, all three parties' -- no,

10   it is not.  It is just on NMT's list of issues.

11               MR. SWEETLAND:  Yes, Your Honor.

12               THE COURT:  What is the problem that you have

13   with the plaintiff's responses to requests for admissions?

14   It was alluded to earlier I think by Mr. Wilcox.  Is that

15   correct?

16               MR. SWEETLAND:  Yes, Your Honor.  Our problem is

17   they have refused to admit the authenticity of documents

18   that were produced by them and that were derived from their

19   website.  They said that they were unable to admit or

20   respond, for instance, that catalogs that we received from

21   their website downloaded were kept in the ordinary course of

22   business.  These were housekeeping requests for admission.

23               THE COURT:  Hold on.

24               Is that correct, counsel?

25               MR. WILCOX:  Your Honor, we went through those

1    requests for admissions, I believe it was 236 of them, very

2    carefully.  They asked whether a catalog was available on

3    the Tesla Industries website as of a particular date.  They

4    asked us to admit that documents produced, created by

5    defendant Waldmann at a time when we think he was working

6    for a third party, was scheming to leave the company, and

7    was, for lack of a better word, stealing the trade secrets,

8    were produced in the ordinary course of business.

9              The first issue is an issue of verification, are

10   we prepared to admit for all purposes the particular dates

11   on which information was available on the website?  No.  As

12   to are we prepared to admit the documents created by an

13   employee who we attribute, shall we say, improper motives to

14   were prepared in the ordinary course of business?  No.

15             THE COURT:  I got your point.  Counsel, that

16   does not seem unreasonable.

17             MR. SWEETLAND:  Your Honor, we thought it was a

18   housekeeping matter when we proposed --

19             THE COURT:  Clearly, now you understand this is

20   not just a housekeeping matter.  Wouldn't some further

21   meet-and-confer help further sharpen the focus on these

22   particular issues, that is the admissions?

23             MR. SWEETLAND:  We are happy to talk further

24   about them if we can come back and talk to you later if it

25   doesn't work out.

1                THE COURT:  You have one more opportunity -- I

2    suggest to all of you you use it wisely -- to come back

3    before me before I send you to a discovery master.

4                MR. SWEETLAND:  I believe with that, Your Honor,

5    the NMT defendants' issues are completed for this call.

6                THE COURT:  Let's go with Tesla.

7                MR. WILCOX:  Thank you, Your Honor.  For Tesla

8    Industries.

9                I am going to try to narrow down our request

10   here.  We asked for copies of patent applications from the

11   NMT defendants.  We believe that those were based in part

12   upon technology that was improperly obtained from our

13   client.  And, quite frankly, we just haven't gotten those

14   yet.  We just think -- I don't understand why we haven't.  I

15   think they are clearly discoverable and should be produced.

16                THE COURT:  How about that?

17                MR. SWEETLAND:  Your Honor, I am holding the

18   Bates-numbered applications of which he speaks.  I am under

19   the impression -- this is at Bates No. NMT NIM2478 to Bates

20   No. 2488.  I believe that they have been produced.  I will

21   re-scan, have them re-scanned and sent to Mr. Wilcox.

22                THE COURT:  Before you do that, why don't we

23   have Mr. Wilcox check and see again whether he has got them.

24                MR. WILCOX:  Your Honor, what I would suggest --

25   I accept Mr. Sweetland's representation as to whether a

1  particular patent application has been produced.  What I

2  would ask is that he agree to produce all the requested

3  patent applications.  If they haven't been produced, then I

4  ask that they be produced.  If they have, I withdraw,

5  obviously, our objection.

6              THE COURT:  Mr. Sweetland, are you making the

7  representation that you have produced all of the requested

8  patent applications?

9              MR. SWEETLAND:  I cannot say that, because I

10  didn't personally make that production.

11              THE COURT:  Then you do need to go back and

12  check with whomever it is that was involved directly in this

13  process.

14              MR. WILCOX:  I will offer to the Court that we

15  will produce any one that remains available.  One of them

16  has been abandoned, (inaudible) original application.  We

17  have the drawings, but we don't have the provisional patent

18  application for the one that was abandoned.  But we will

19  certainly produce all materials that are extant.

20              MR. SWEETLAND:  Your Honor, I am a little

21  concerned about that.  I mean, to the extent -- just because

22  the application was never fully prosecuted doesn't mean that

23  it shouldn't be produced.  It is a matter of -- I cannot say

24  to the Court, Your Honor, that the provisional patent

25  application, it's a lesser process, as Your Honor is aware,

1    than a full-blown one that has been professionally

2    prosecuted.

3              There was a layperson, Mr. Hollingsworth, two

4    applications that I believe he did himself.  I know because

5    I am looking at the handwritten cover sheet for one of the

6    applications that exists.  I cannot say that the handwritten

7    application in a completed -- although I have the drawing, I

8    don't have the handwritten application, I don't know what

9    its status is.  If he has it, we will produce it.  If he

10   doesn't have it, I will find out and tell Mr. Wilcox why he

11   doesn't have it, and we will attempt to get it using

12   whatever process is necessary from the PTO, across the river

13   from us.

14              THE COURT:  I am satisfied.

15              MR. SWEETLAND:  I am, too, Your Honor.

16              THE COURT:  Hollingsworth and Minnick responses

17   to interrogatories.

18              MR. WILCOX:  If I may address the production of

19   documents issue.  Sorry to step back.

20              I made reference earlier to concerns and

21   evidence that one of the defendants has, or at least

22   communicated, told another defendant that he has removed his

23   hard drive from his computer and put it in a place that

24   would be very difficult to find it.  That is the kind of --

25   I am sure I don't need to explain to the Court our concerns

1    about that.

2                    THE COURT:  Sure.

3                    MR. WILCOX:  We vehemently believe that we are

4    entitled to documents from that hard drive and to an

5    explanation of how that happened.

6                    THE COURT:  All right.

7                    MR. SWEETLAND:  Your Honor, the hard drive in

8    question was a D drive, a backup drive to a computer that

9    was in Mr. Hollingsworth's possession, used for work not

10   with the NMT entity but with his prior employer.  At or

11   about the beginning of this case, that computer -- he ceased

12   work for this prior company, D.C. Power.  The C drive was

13   unsalvageable from the computer, and whatever information on

14   there was lost before the commencement of the case.  The D

15   drive was a backup drive containing system files and images.

16   And the overwhelming majority of the issues, upon review,

17   three attorneys from this office, including myself, have

18   reviewed the contents of that, and those documents, those

19   images were captured, with the exception of approximately

20   seven images, which were pictures of Mr. Hollingsworth's

21   wife and daughter's Halloween costumes and three items which

22   I can only characterize as being off-color jokes.  Those

23   documents were produced electronically yesterday, and should

24   arrive by Federal Express this morning at Mr. Sullivan's

25   office.

1              THE COURT:  Counsel?

2              MR. WILCOX:  That really doesn't address -- I

3    don't want to go into the fact as to when Mr. Hollingsworth

4    was working for other people.  We think that is the computer

5    from which crucial communications took place.  And really,

6    the problem is that the removal of that hard drive -- and I

7    don't understand how any defendant or any party can say to

8    another party legitimately after litigation has begun that

9    he has removed a hard drive and put it in a place where it

10   is very difficult to find.  And when we received a copy of

11   that e-mail, that was designated as attorneys' eyes only.

12   And I will address that concern.  That is a tremendous

13   concern we have here.  We think we are entitled to a greater

14   explanation than we have received to date.

15             MR. SWEETLAND:  Your Honor, that D drive is in a

16   safe place.  It is in my firm's office.  It is installed.

17   We had our computer technician install it, because it was a

18   standalone.  We had it installed.  Not one, but three

19   attorneys have gone through it.  Every e-mail that was on

20   that hard drive was produced yesterday.  The only things

21   that weren't produced were a handful of images that deal

22   with, A, Mr. Hollingsworth's wife and daughter, or, B, the

23   sort of images that get bantered around as jokes.

24             We don't know what more we can do.

25             THE COURT:  Mr. Sweetland, what is it you would

1    have them do?  Are you asking for the production of the

2    drive itself?

3            MR. WILCOX:  Yes, we are, Your Honor.  We have

4    asked for that repeatedly.

5            THE COURT:  Mr. Sweetland.

6            MR. SWEETLAND:  We believe that is unnecessary.

7    Obviously, if Your Honor orders it, we will do it.  But we

8    have conducted what we believe -- other than the systems

9    files on that drive, the things that make different programs

10   work, we have produced what we believe, upon the review of

11   three attorneys, to be everything that exists on there, with

12   the exception of those handful of personal documents.

13           THE COURT:  Under the circumstances, given the

14   contentions that have been exchanged here today, arguments

15   that have been made and allegations, I am going to order the

16   production of the D drive to the other side for use by

17   designated computer experts in the examination of the

18   contents of that drive.  Obviously, anything that is not

19   pertinent, that is not relevant to a claim or defense or

20   likely to lead to reasonably, reasonably calculated to lead

21   to the discovery of admissible evidence should not become a

22   part of the record in this case.  I am talking about

23   personal information, described here at least in part as

24   possibly off-color in nature.

25           This process is not going to be used to

1    embarrass anyone.  Is that clear?

2              MR. WILCOX:  Your Honor, it is.

3              The Court had ordered previously, upon the

4    stipulation of parties, that e-mails that were produced from

5    certain computers be turned over to what was called an

6    e-mail account officer who would conduct a relevance review.

7    What we would suggest is that once the forensic analysis is

8    done, that information is sent directly to the third party,

9    who essentially is acting as a magistrate or master, and

10   that he make those determinations.  That protects

11   Hollingsworth, we believe.

12             MR. SWEETLAND:  Your Honor, may I ask for

13   clarification that the physical turnover be given, too, so

14   we have a chain of custody.  I saw the package come in.

15             THE COURT:  Counsel, you can work that out.

16             MR. SWEETLAND:  We will work that out.

17             THE COURT:  Let's talk about NMT's designation

18   of documents.

19             MR. WILCOX:  We entered into a stipulated order

20   with the best of intentions that provided that certain items

21   be deemed confidential, could be stamped confidential, and

22   go to a restricted group.

23             THE COURT:  Is it your contention there has been

24   over-designation?

25             MR. WILCOX:  Yes, Your Honor.

1          THE COURT:  Counsel, you guys can't talk about

2   this?

3          MR. SWEETLAND:  Your Honor, may I just briefly

4   respond?

5          THE COURT:  Yes.

6          MR. SWEETLAND:  We have received no Bates number

7   identification of -- we have just received a blanket request

8   that we, again, we take a second look at our designations.

9   We have done that.  The protective order in this case, the

10  stipulated protective order, provides under Paragraph 4 that

11  if there is a problem with the designation, then the side

12  that has the problem should tell the other side what the

13  documents are.

14         THE COURT:  That hasn't happened?

15         MR. SWEETLAND:  No.

16         THE COURT:  Then this isn't ripe for discussion

17  today.  Do you agree that hasn't happened, counsel?

18         MR. WILCOX:  Your Honor, I don't agree.  But I

19  will remedy any deficiencies.  I think we have made it

20  extremely clear what items we are talking about.  And they

21  have made a redesignation.  The problem with the

22  redesignation is that now the Bates numbers are all messed

23  up and it's hard to tell.

24         This is probably not something the Court needs

25  to be involved with.  I would be satisfied if the Court

1     would give a sense that he doesn't expect over-designation

2     of the issues.  I don't understand why we can't work this

3     one out.

4             THE COURT:  Clearly, counsel need to be prudent

5     in your designations of documents as confidential.  There is

6     a process that you have outlined for yourselves in the

7     confidentiality agreement you negotiated that is designed to

8     take care of this and keep the Court out.  So I would ask

9     you to adhere to that process, be reasonable about it, not

10     be overly litigious.

11             That is my guidance to you.

12             MR. SULLIVAN:  Your Honor, may I ask, the

13     problem is, we are talking about hundreds and potentially

14     thousands of documents.  To place the burden on us to go

15     through, really, I would suggest that they designated 75

16     percent of their documents as attorneys' eyes only...

17             THE COURT:  That doesn't sound right.

18             MR. SULLIVAN:  ...for us to have to go through

19     and tell them what the Bates numbers are, number one, we

20     reviewed it once and then it was sent a second time --

21             THE COURT:  I think what you will ask me to do

22     is instruct them to go back and redesignate.

23             MR. SULLIVAN:  Yes, sir.

24             THE COURT:  So ordered.  That's it.  That is the

25     end of that discussion.

1          Let's go on to the next matter, Waldmann's

2    production of documents.

3          MR. WILCOX:  Thank you, Your Honor.

4          Our concern here is that we have not received

5    substantial documents from Mr. Waldmann relating to

6    electronic mail messages that we believe were sent.  There

7    is instances in which sequences are missing.  We know that

8    Mr. Waldmann sent a tremendous number of e-mails.  I really

9    think this also covers some of the NMT defendants.  We have

10   situations in which, just in a logical sense, there had to

11   have been a responsive e-mail.  With regard to Mr. Minnick,

12   we were promised those would be produced and have been

13   produced.

14         As to Mr. Waldmann, we just have not received

15   e-mails, copies of e-mails, copies of his communications

16   with other parties.  We think we are entitled to them.  If

17   counsel says they don't exist, I guess they don't exist.

18         MR. ADAMS:  Your Honor, I wrote them a letter

19   and told them we produced everything we have.  I don't know

20   what they want me to do.  I did tell them when I spoke to my

21   client last there were some documents that were created

22   after the last document production, which is sometime in

23   November, which we will supplement because there had been

24   some communications after that.  We will supplement that.

25   We are in the process of doing that right now.

1              THE COURT:  All right.  That is where it will

2     have to stay for now.

3              What about the interrogatories?

4              MR. ADAMS:  The supplementation should be done

5     by tomorrow.  I told them last week I would supplement the

6     interrogatories.

7              MR. WILCOX:  We need the documents relating -- I

8     am sorry.  We need the documents that form the basis for the

9     interrogatory answers as well.

10             MR. ADAMS:  We have produced everything we have.

11    There is some documents newly created.  We will produce

12    those, which I agreed to do by a letter.

13             MR. WILCOX:  As far as documents relating to

14    communications with third parties and former customers of my

15    client, that seems to be a major source of, a major weakness

16    in the discovery request.  I accept Mr. Adams'

17    representations.

18             THE COURT:  All right.  Thank you, counsel.

19             As far as Waldmann's issues are concerned, did

20    we take them up when we were discussing NMT's issues or are

21    there separate issues?

22             MR. ADAMS:  There is a couple left.  Number one,

23    Your Honor, point one, document requests.  Their response is

24    that they will allow me to come and look and review the

25    documents.  They have not done so.

1          MR. SULLIVAN:  We are not sure what your issues

2    are there.  We probably need to talk to you about it.  We

3    think we have produced documents --

4          THE COURT:  Address your comments to the Court.

5          MR. SULLIVAN:  I am sorry, Your Honor.  This is

6    Brian Sullivan speaking.

7          We are willing to speak to Mr. Adams about that.

8    We think we have produced everything that he is entitled to

9    see.  We are not quite sure what his complaint is.  We are

10   willing to talk to him about it.  I don't think we are

11   withholding anything we haven't produced.

12          MR. WILCOX:  We are not asking to come to some

13   warehouse somewhere.  There is nothing for him to see that

14   we haven't produced.  In other words, it's not like we have

15   got a box of documents here that we will only produce if he

16   comes to our offices.  That is not what we are doing.

17          MR. ADAMS:  Your Honor, why didn't they say that

18   in the response?

19          THE COURT:  I don't have time to go into that,

20   counsel.

21          Let's talk about deficiencies in plaintiff's

22   response to interrogatories.

23          MR. ADAMS:  Your Honor, the deficiencies I am

24   specifically looking at, Interrogatories No. 125 and 126,

25   which deal with their damages calculations.

1          THE COURT:  Have you and your opponent talked

2    about this?

3          MR. ADAMS:  I sent them a letter and they never

4    responded to me.

5          THE COURT:  I asked have you talked about it?

6          MR. ADAMS:  We talked on the phone in general,

7    yes, we have.  And they keep telling us they will get back

8    to it, and he never gives me an answer.

9          MR. WILCOX:  Your Honor, I may.  We told -- I am

10   not sure that this is a different issue than the -- all I

11   can tell the Court is we will provide whatever documents --

12         THE COURT:  It sounds like the same issue we

13   discussed with NMT.

14         MR. WILCOX:  It does, Your Honor.

15         MR. ADAMS:  Your Honor, this is an interrogatory

16   request.  It is not a production of documents.  If they want

17   to supplement the interrogatories by the documents produced

18   to answer that, that is fine with me.

19         THE COURT:  Is that fine with you, counsel, on

20   the other side?

21         UNIDENTIFIED SPEAKER:  Does this have to do with

22   damages?

23         MR. WILCOX:  Yes.

24         MR. SULLIVAN:  We provided an expert report.  We

25   provided the documents that have been provided to the

1    expert.

2              MR. ADAMS:  None of the documents have been

3    provided to the expert, number one.  No. 2 --

4              THE COURT:  Counsel, clearly, this is something

5    that you don't disagree about in terms of whether the items

6    should be provided.  You disagree about whether they were in

7    fact provided.  So that you need to work out.  Okay?

8              MR. WILCOX:  Your Honor, I will make the same

9    representation that we made with regard to the other -- to

10    the documents related to the other damages issues.  To the

11    extent that the interrogatory also needs to be supplemented,

12    we will do that as well, after consulting with Mr. Adams,

13    which I would suggest we do.

14              THE COURT:  Acceptable, Mr. Adams?

15              MR. ADAMS:  Yes, sir.

16              THE COURT:  What about this contention about the

17    plaintiff's designation of documents?  What is that all

18    about?

19              MR. ADAMS:  I am not complete with my other

20    items, sir.

21              THE COURT:  Yes, you are, because I got to go.

22              MR. ADAMS:  I got some very important things,

23    Your Honor.

24              THE COURT:  I have a criminal matter where the

25    parties are out in the courtroom right now waiting for my

1   arrival.

2              MR. ADAMS:  I am sorry.

3              THE COURT:  Your matter is more important, is

4   that what you are telling me?

5              MR. ADAMS:  No.

6              THE COURT:  There is somebody out there waiting

7   to go to jail.

8              MR. ADAMS:  I used to be a criminal attorney.  I

9   understand.

10             THE COURT:  I don't used to be a judge.  I am a

11  judge today.  You are finished with the other item.  You

12  have a few minutes on this last one.

13             MR. ADAMS:  I ask for the same thing that Tesla

14  asked for, they have over-designated virtually every

15  document in this case.  No document is confidential and no

16  document is attorney-client.

17             THE COURT:  Counsel, you have got to be more

18  professional in the conduct of this matter generally.  That

19  comment goes to all of you.  Cut it out.  You have got one

20  more opportunity with me, and if I have to hear crap like

21  this, and I do mean crap, there is going to be a problem.

22             Counsel, we are done.

23             (Conference concluded at 10:05 a.m.)

24  Reporter:  Kevin Maurer

25

# Exhibit 8

## ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.

### ATTORNEYS AT LAW

V. JAMES ADDUCI II
LOUIS S. MASTRIANI
TOM M. SCHAUMBERG
BARBARA A. MURPHY
HARVEY B. FOX
WILL E. LEONARD
JAMES TAYLOR, JR.
MAUREEN F. BROWNE
MICHAEL G. McMANUS
RODNEY R. SWEETLAND, III
MICHAEL L. DOANE
WILLIAM C. SJOBERG
PAUL G. HEGLAND
DAVID F. NICKEL
SARAH E. HAMBLIN*
MARK R. LEVENTHAL
S. ALEX LASHER
ANDREA B. MILLER*
*ADMITTED TO A BAR OTHER THAN D.C.

1200 SEVENTEENTH STREET, N.W.
WASHINGTON, D.C. 20036
Telephone: (202) 467-6300
Facsimile: (202) 466-2006
e-mail: [lastname]@adduci.com
www.adduci.com

OF COUNSEL

ROBERT A. WESTERLUND
DAVID G. POSZ
JAMES E. BARLOW*
GREGORY C. ANTHES
JOHN C. STEINBERGER

AFFILIATE

AM&S TRADE SERVICES, LLC
CARLOS MOORE, PRESIDENT

December 14, 2006

## VIA ELECTRONIC MAIL

Brian A. Sullivan, Esq.
Werb & Sullivan
300 Delaware Avenue
P.O. Box 25046
Wilmington, Delaware 19899

      Re:    Tesla Industries v. David Waldmann, *et al.*

Dear Mr. Sullivan:

      This letter is sent pursuant to Fed. R. Civ. P. 37(c)(1).

      Any discovery request was due October 31, 2006, to meet the November 30, 2006, close of discovery in this case. Nonetheless, on November 16, 2006, Tesla served a "First Amended Disclosure Statement," identifying two new witnesses (D. Gresk and R. Morales). The substance of the information possessed by these witnesses was not set forth with any degree of specificity. On November 20, 2006, Tesla served a "Second Amended Disclosure" identifying three additional witnesses (W. Kern, R. Batipps and W. Lassiter). Again, the substance of the information possessed by these witnesses was not identified.

      On November 27, 2006, Tesla served a "Third Amended Disclosure," identifying yet another previously undisclosed witness (D. Barone), again failing to identify the substance of the information possessed. This was followed by a December 12, 2006, "Fourth Amended Disclosure," identifying three entirely new witnesses (R. Guillemete, A. Acevedo and D. Stewart) without any definite identification of the information they possessed.



EXHIBIT
8

Brian A. Sullivan, Esq.
December 14, 2006
Page 2

        None of these nine new witnesses was ever set forth in a supplemental response to the NMT Defendants' Interrogatory No. 1 as required by Rule 26(e)(1) and none of them was disclosed in time to be the subject of any discovery.

        In light of Tesla's complete failure to effect disclosure of these witnesses within the prescribed discovery period, I request that you explain how the NMT Defendants have not been prejudiced and why these witnesses should not be excluded from testimony at trial by operation of Rule 37(c)(1). *See, e.g., Roger Edwards, LLC v. Fiddes & Son, Ltd.*, 216 F.R.D. 18 (D. Me. 2003). This request is made in anticipation of a motion *in limine* on this issue.

                                    Sincerely yours,

                                    Rodney R. Sweetland, III

RRS:jep
cc:    Robert D. Wilcox, Esq.
       Paul E. Crawford, Esq.
       John A. Adams, Esq.
       Steven J. Balick Esq.
NMT303006