# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TESLA INDUSTRIES, INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> DAVID C. WALDMANN, LYNDOL W. HOLLINGSWORTH, CHARLES MINNICK a/k/a CHUCK MINNICK, and NEW MILLENNIUM TOOLS, INC., an Oregon Corporation, <br><br> Defendants. | Civil Action No. 06-55 |

## PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE TRIAL ON UNPLEADED ISSUE

Brian A. Sullivan (#2098)
Robert D. Wilcox (#4321)
Amy D. Brown (#4077)
WERB & SULLIVAN
300 Delaware Avenue, 13th Floor
P.O. Box 25046
Wilmington, Delaware 19899
Telephone: 302-652-1100
bsullivan@werbsullivan.com

Paul E. Crawford (#493)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
Telephone: 302-888-6262
pcrawford@cblh.com

Attorneys for Plaintiff
Tesla Industries Inc.

## Introduction

Less than a few days ago defendants, for the first time, raised the prospect of including alleged tax evasion by Plaintiff as an issue in this case (See 04/03/07 email from defendants' counsel attached as Exhibit A). Plaintiff objects to inclusion of this prejudicial, unpleaded and irrelevant issue into this case.

## Nature and Stage of Procedures

There are four defendants in this case. Separate Answers to the January 27, 2006 Complaint (D.I. 1) have been filed (DI 26 and 27) by Defendants. Defendant, David C. Waldmann, filed his Answer, Affirmative Defenses and Counterclaims on March 27, 2006 (D.I. 26). The other Defendants, Lyndol Hollingsworth, Charles Minnick, individuals, and New Millenium Tools, Inc. ("NMT"), an Oregon corporation, also filed their Answer and Counterclaim on March 27, 2006 (D.I. 27). Neither of these filings by Defendants mention any alleged tax evasion by Plaintiff.

## Argument

This is a jury trial. There are numerous pleaded issues in this case ranging from misappropriation of trade secrets, (Complaint ¶¶ 27-44), to violation of Delaware's Wage Payment Law (D.I. 26 Waldmann Answer and Counterclaim ¶¶3-21, 26-33). But nowhere is there any mention of Plaintiff's tax returns. The same is true of Defendants response to Plaintiff's discovery.

Plaintiff's tax returns were provided during expert discovery to support Plaintiff's damage claims. Defendants now apparently intend to create a mini-trial regarding their accuracy

in order to prejudice the jury and distract then from the gravity of Defendants actions. This diversionary tactic should not be countenanced.

Fed. R. Evid. 401 states that "'relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." No such relevance exists here because tax evasion is not at issue in this case. Moreover, as already admitted in Defendants Motion in Limine (D.I. 135 at 3-4) prejudicial, confusing or misleading evidence that will only waste the jury's time warrants its exclusion.

### Conclusion

The Internal Revenue Service, not this Court, is the forum for tax evasion questions. Plaintiff's apparent attempt to inject bogus tax evasion into this case should not be permitted.

Respectively submitted,

Dated: April 5, 2007

*/s/ Robert D. Wilcox*
Robert D. Wilcox (#4321)

# Exhibit A

## Paul E. Crawford

| | |
|---|---|
| From: | Rodney Sweetland [Sweetland@adduci.com] |
| Sent: | Tuesday, April 03, 2007 3:08 PM |
| To: | Brian A. Sullivan; John A. Adams; David Nickel; SBalick |
| Cc: | Paul E. Crawford; Robert Wilcox; Amy D. Brown |
| Subject: | RE: Tesla/Waldmann |

Dear Mr. Sullivan:

1. In response to your inquiry, I do not anticipate that the NMT Defendants will be relying upon the Fifth Amendment at trial.

2. In light of the apparent tax irregularities by Tesla Industries, Inc. and his personal exposure to prosecution for willful failure to file corporate income tax returns and tax evasion as president of Tesla, please advise whether Mr. Masilotti will be asserting his Fifth Amendment rights at trial.

3. Please apprise me of when we may expect Tesla's portion of the pretrial order that was due on March 30, 2007.

Your response to items 2 and 3 would be appreciated by the close of business today.

Thank you.

/s/

Rodney R. Sweetland, III, Esq.
Adduci, Mastriani & Schaumberg, L.L.P.
Telephone: (202) 467-6300
sweetland@adduci.com

THIS ELECTRONIC MESSAGE AND ATTACHMENTS, IF ANY, ARE INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY NAMED ABOVE (OR THOSE PROPERLY ENTITLED TO ACCESS THE INFORMATION) AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, ATTORNEY-WORK PRODUCT OR OTHERWISE EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.  IF THE READER OF THIS TRANSMISSION IS NOT THE INTENDED OR AN AUTHORIZED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY UNAUTHORIZED DISTRIBUTION, DISSEMINATION, OR COPYING OF THIS TRANSMISSION AND THE ATTACHMENTS, IF ANY, IS PROHIBITED.

IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY COLLECT CALL (202) 467-6300, BY FACSIMILE (202) 466-2006, OR BY ELECTRONIC MAIL ams@adduci.com.

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2007, a true and correct copy of the foregoing PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE TRIAL ON UNPLEADED ISSUE was caused to be served on the following via CM/ECF filing and which has also been served by electronic mail on:

John D. Demmy
Stevens & Lee
1105 North Market Street
7th Floor
Wilmington, Delaware 19801
jdd@stevenslee.com

Steven J. Balick
John G. Day
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, Delaware 19899
sbalick@ashby-geddes.com

John A. Adams
Adam C. Gerber
Susanin, Widman & Brennan, P.C.
South Gulph Road, Suite 240
King of Prussia, PA 19406

Louis S. Mastriani
Rodney R. Sweetland, III
David F. Nickel
Adduci, Mastriani & Schaumberg, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, District of Columbia 20036-3006

/s/ Robert D. Wilcox
Robert D. Wilcox, Esquire (#4321)
rwilcox@werbsullivan.com