## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

TESLA INDUSTRIES, INC.,                )

Plaintiff,                )

v.                )

DAVID C. WALDMANN, LYNDOL W.           )
HOLLINGSWORTH, CHARLES MINNICK         )
a.k.a. CHUCK MINNICK, and NEW          )
MILLENNIUM TOOLS, INC.,                )

Defendants.                )

**REDACTED PUBLIC VERSION**

C.A. No. 06-55-GMS

### NMT DEFENDANTS' MOTION *IN LIMINE* NO. 3:  TO PRECLUDE
### TESLA COUNSEL OR WITNESSES FROM REFERENCING
### A CRIMINAL INVESTIGATION THAT TESLA PRECIPITATED

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone:  (302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants Lyndol W. Hollingsworth, Charles Minnick and New Millennium Tools, Inc.*

*Of Counsel:*

Louis S. Mastriani
Rodney R. Sweetland, III
David F. Nickel
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, DC  20036
Telephone:  (202) 467-6300

Dated:  April 5, 2007

## <u>TABLE OF CONTENTS</u>

I.      SUMMARY ................................................................................................................... 1

II.     FACTS .......................................................................................................................... 1

III.    ARGUMENT ................................................................................................................ 2

        A.      The Investigation Is Not Relevant ................................................................. 2

        B.      Even If Relevant, Evidence of the Investigation Is Unfairly
                Prejudicial ....................................................................................................... 3

IV.     CONCLUSION ............................................................................................................. 5

# TABLE OF AUTHORITIES

## Cases

*Arlio v. Lively*, 474 F.3d 46 (2d Cir. 2007) ................................................................. 3

*Barker v. Deere & Co.*, 60 F.3d 158 (3d Cir. 1995) ........................................................ 3

*Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*,
    448 F.3d 573 (2d Cir. 2006) .................................................................................. 3

*Coleman v. Home Depot, Inc.*, 306 F.3d 1333 (3d Cir. 2002) ...................................... 3, 4

*Fid. Nat'l Title Ins. Co. of New York v. Intercounty Nat'l Title Ins. Co.*,

    No. 00C 5658, 00C 7086 2003 WL 2005233 (N.D. Ill. 2003) .............................. 4

## Other Authorities

2 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence*

    § 401. 04[2][a] (2d ed. 2006) .................................................................................. 3

## Rules

Fed. R. Evid. 401 ............................................................................................................ 2

Fed. R. Evid. 402 ............................................................................................................ 1

Fed. R. Evid. 403 ...................................................................................................... 1, 3, 4

Fed. R. Evid. 803(8)(C) ................................................................................................. 4

The NMT Defendants, by counsel and pursuant to Fed. R. Evid. 402 and 403 and D. Del. LR 7.1.3, respectfully submit this Motion *in Limine* to Preclude Tesla Industries, Inc. ("Tesla") and its counsel from mentioning or referencing a pending federal investigation into alleged wrongdoing by Defendants.

## I.    SUMMARY

At Tesla's urging, the FBI is investigating the Defendants in connection with Tesla's allegations in this matter. The existence of this investigation, however, does not tend to make probable the existence of any fact that is of consequence to the determination of this civil action and is not relevant. Therefore, it should not be admissible under Fed. R. Evid. 402. To the extent that such information is deemed to be relevant, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Therefore, it should not be admissible under Fed. R. Evid. 403.

## II.    FACTS

There is little question that the criminal investigation at issue was initiated by Tesla's President, Mr. David Masilotti.

**REDACTED**

Deposition of D. Masilotti, at 37:18-38:2, attached as Exhibit 1. .

**REDACTED**

1

On or about February 13, 2007, Defendant Charles Minnick was contacted by a special agent working out of the FBI's Portland, Oregon field office to make inquiries regarding the allegations made by Tesla in this matter. Apparently, Tesla has made criminal allegations against all of the Defendants in this action. Upon information and belief, a different special agent contacted Defendant Waldmann around the same time.

On March 8, 2007, the United States Attorney's Office in Wilmington issued a Subpoena for Documents to counsel for the NMT Defendants Rodney R. Sweetland, III. *See* Exhibit 2. Counsel for the NMT Defendants had declined to produce these materials without a subpoena. *Id.* Pursuant to the Stipulated Protective Order in this matter, NMT contacted each party requesting their permission to produce the responsive information and documents to the FBI and Mr. Audet, criminal defense counsel retained by Mr. Minnick in response to the FBI investigation. *See* Exhibit 3. Tesla permitted NMT to produce responsive documents to the FBI, but refused to permit NMT to produce the documents to Mr. Audet. *See* Exhibit 4. Tesla revealed its machinations in the April 3, 2007 email from its counsel to counsel for NMT (*see* Exhibit 5), in which counsel inquired whether the Defendants would assert their Fifth Amendment Right "in light of the apparent criminal investigation..." *Id.* Thus, it appears as if Tesla has precipitated a criminal investigation to create prejudice against Defendants in the current civil action.

## III.    ARGUMENT

### A.    The Investigation Is Not Relevant

Fed. R. Evid. 401 states that "'relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Id.* "If an item of evidence tends to prove a fact that is of consequence to the determination of the action, it is relevant. If it

does not tend to prove a material fact, it is irrelevant." 2 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 401. 04[2][a], at 401-19 (2d ed. 2006). "A material fact is one that would affect the outcome of the suit under the governing law." *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 579 (2d Cir. 2006) (internal quotation marks omitted); *see also Barker v. Deere & Co.*, 60 F.3d 158 (3d Cir. 1995) (In products liability matter where rider of tractor was knocked out of seat by flying object, district court decision to allow irrelevant evidence of previous tractor rollover injuries was not harmless and opinion was reversed); *Arlio v. Lively*, 474 F.3d 46 (2d Cir. 2007) (District court granted judgment for police officer in civil rights action and Court of Appeals vacated the judgment because court below allowed evidence of prior arbitration regarding police officer's suspension, which was not material to officer's civil rights claims).

In this matter, the existence of a criminal investigation into the allegations against the Defendants, which admittedly was initiated by Tesla's President, does not tend to prove any fact that would affect the outcome of Tesla's claims. Evidence of the investigation does not tend to prove whether Tesla owns any trade secrets or that such alleged trade secrets were misappropriated. Therefore, this Court should preclude Tesla from any mention or reference to any criminal investigation into these acts as these facts are irrelevant.

**B.    Even If Relevant, Evidence of the Investigation Is Unfairly Prejudicial**

Fed. R. Evid. 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Rule 403 recognizes that a cost/benefit analysis must be employed to determine whether to admit evidence; relevance alone does not ensure its admissibility. *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1343 (3d Cir. 2002)

3

(Third Circuit held that district court hearing a Title VII case did not abuse its discretion in excluding Equal Employment Opportunity Commission (EEOC) letter of determination from evidence on basis that its low probative value was substantially outweighed by problems created by its introduction, primarily undue delay that would be involved in rebuttal of allegations of systematic discrimination raised in letter.).[1] *See also, Fid. Nat'l Title Ins. Co. of New York v. Intercounty Nat'l Title Ins. Co.,* No. 00C 5658, 00C 7086 2003 WL 2005233, at *10 (N.D. Ill. 2003) ("The probative value of an ongoing criminal investigation is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury.") (Opinion attached to this Motion as Exhibit 6.)

In this matter, the probative value of the fact of a pending federal investigation will be far outweighed by the danger of unfair prejudice to the Defendants, waste of time and needless presentation of cumulative evidence. First, a jury is likely to assume wrongdoing on the part of the Defendants if it knows that the FBI or others are investigating these matters.    Further, evidence of the investigation does not enlighten a jury as to whether Tesla's alleged trade secrets are in fact trade secrets, and if so, whether they were misappropriated by Defendants. It would represent a grave miscarriage of justice to permit a plaintiff in a civil case to foment a related criminal investigation immediately before trial, and then use the existence of these criminal allegations to buttress its civil case.

---

[1] Fed. R. Evid. 403 applies to evidence otherwise admissible under Fed. R. Evid. 803(8)(C) which states that factual findings resulting from government investigations are not excluded by the hearsay rules. *See, e.g., Coleman,* 306 F.3d at 1343 (internal citations omitted).

IV.    **CONCLUSION**

By virtue of the above, the NMT Defendants respectfully request an order precluding Tesla's attorneys and witnesses from mentioning or otherwise referencing the criminal investigation into alleged conduct by the Defendants.

ASHBY & GEDDES

*/s/ John G. Day*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants Lyndol W. Hollingsworth, Charles Minnick and New Millennium Tools, Inc.*

*Of Counsel:*

Louis S. Mastriani
Rodney R. Sweetland, III
David F. Nickel
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, DC 20036
Telephone: (202) 467-6300
Facsimile: (202) 466-2006

Dated: April 5, 2007
179480.1

# EXHIBIT 1

**REDACTED**

# EXHIBIT 2

# United States District Court

## DISTRICT OF DELAWARE

TO: Rodney R. Sweetland, III, Esquire
Adduci, Mastriani & Shaumberg
1200 17th Street, NW, 5th Floor
Washington, DC 20036

07-P-03-IHE-01

**SUBPOENA TO TESTIFY
BEFORE GRAND JURY**

SUBPOENA FOR:
DOCUMENT(S) OR OBJECT(S)

**YOU ARE HEREBY COMMANDED** to appear and testify before the Grand Jury of the
United States District Court at the place, date, and time specified below.

| PLACE | COURTROOM |
|-------|-----------|
| J. Caleb Boggs Federal Building Room 3001 844 King Street Wilmington, DE 19801 | Grand Jury Room-3rd flr |
| | DATE AND TIME |
| | April 3, 2007 at 9:00 am |

**YOU ARE ALSO COMMANDED** to bring with you the following document(s) or object(s):

See Attachment.

NOTE: In lieu of appearance, documents may be sent via U.S. Mail to Ilana H.
Eisenstein, AUSA at United States Attorney's Office at the address below.

This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer
acting on behalf of the court.

| CLERK | DATE |
|-------|------|
| Peter T. Dalleo | March 8, 2007 |
| (BY DEPUTY CLERK) *Evette Watson* | |

| This subpoena is issued on application of the United States of America. Colm F. Connolly United States Attorney | NAME, ADDRESS AND PHONE NUMBER OF ASSISTANT U.S. ATTORNEY Ilana H. Eisenstein, AUSA The Nemours Building 1007 Orange Street, Suite 700 Wilmington, DE 19899-2046 302-573-6277   ext. 154 |
|---|---|

**EXHIBIT**

**2**

## RETURN OF SERVICE [1]

| RECEIVED BY SERVER | DATE | PLACE |
|---|---|---|
| SERVED | DATE | PLACE |

| SERVED ON (PRINT NAME) | |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICE | TOTAL |
|---|---|---|

## DECLARATION OF SERVER [2]

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
          *Date*

_____
*Signature of Server*

_____
*Address of Server*

ADDITIONAL INFORMATION

(1) As to who may serve a subpoena and the manner of its service see Rule 17(d), Federal Rules of Criminal Procedure, or Rule 45(c), Federal Rules of Civil Procedure.
(2) "Fees and mileage need not be tendered to the witness upon service of a subpoena issued on behalf of the United States or an officer or agency thereof (Rule 45(c), Federal Rules of Civil Procedure; Rule 17(d), Federal Rules of Criminal Procedure) or on behalf of certain indigent parties and criminal defendants who are unable to pay such costs (28 U.S.C. § 1825, Rule 17(b) Federal Rules of Criminal Procedure)".

# ATTACHMENT

**TO:**  Rodney R. Sweetland, III, Esquire
Adduci, Mastriani & Shaumberg
1200 17th Street, NW, 5th Floor
Washington, DC 20036

Any discovery produced or received in the civil proceeding, *Tesla Industries. Inc. v. David C. Waldman, et. al.*, C.A. No. 06-055-GMS (D. Del.), including:

(1)  Transcripts of all depositions taken in this matter;

(2)  Copies of all documents produced or received in civil discovery in this matter; and

(3)  Copies of all requests for discovery, including but not limited to interrogatories and requests for production.

# EXHIBIT 3

ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.

ATTORNEYS AT LAW

V. JAMES ADDUCI II
LOUIS S. MASTRIANI
TOM M. SCHAUMBERG
BARBARA A. MURPHY
HARVEY B. FOX
WILL E. LEONARD
MUNFORD PAGE HALL, II
MICHAEL G. McMANUS
RODNEY R. SWEETLAND, III
MICHAEL L. DOANE
WILLIAM C. SJOBERG
PAUL G. HEGLAND
DAVID F. NICKEL
SARAH E. HAMBLIN*
MARK R. LEVENTHAL
S. ALEX LASHER
ANDREA B. MILLER
IAN A. TARONJI*

*ADMITTED TO A BAR OTHER THAN DC

1200 SEVENTEENTH STREET, N.W.
WASHINGTON, D.C. 20036
Telephone: (202) 467-6300
Facsimile: (202) 466-2006
e-mail: [lastname]@adduci.com
www.adduci.com

OF COUNSEL

ROBERT A. WESTERLUND
DAVID G. POSZ
JAMES E. BARLOW*
JAMES TAYLOR, JR.
GREGORY C. ANTHES
JOHN C. STEINBERGER

AFFILIATE

AM&S TRADE SERVICES, LLC
CARLOS MOORE, PRESIDENT

March 14, 2007

## VIA ELECTRONIC MAIL and FIRST CLASS MAIL

Brian A. Sullivan, Esq.
WERB & SULLIVAN
300 Delaware Avenue
P.O. Box 25046
Wilmington, Delaware 19899

John A. Adams, Esq.
SUSANIN, WIDMAN & BRENNAN, P.C.
455 South Gulph Road, Suite 240
King of Prussia, Pennsylvania 19406

Re:    Tesla Industries v. David Waldmann, *et al.*;
       Delaware Dist. Court Case No. C.A. No. 06-55-GMS

Dear Messrs. Sullivan and Adams:

Pursuant to Paragraphs 6(g), 7(f) and 18 of the Stipulated Protective Order Regarding Confidentiality ("Protective Order"), please be advised that counsel for Lyndol W. Hollingsworth, Charles Minnick and New Millennium Tools, Inc. (collectively referred to as the "NMT Defendants") received the enclosed Subpoena *Ad Testificandum* and *Duces Tecum* ("Subpoena"), issued by the United States Attorney's Office in Wilmington, Delaware. Documents responsive to the Subpoena include, *inter alia*, documents and things designated by the parties as either "Confidential" or "Attorneys' Eyes Only" subject to the Protective Order. Accordingly, please advise in writing whether you object to the production of such materials to the United States Attorney's Office in response to the Subpoena. Additionally, please advise whether you object to the disclosure of these materials to the NMT Defendants' counsel, Mr. David Audet of Portland, Oregon, who has been retained in regards to the Subpoena.

Thank you for your anticipated cooperation in this matter.

Very truly yours,

David F. Nickel

DFN:llk
Enclosure
cc:    All Counsel of Record

NMT302507

EXHIBIT
3

# United States District Court

—————— DISTRICT OF DELAWARE ——————

TO: Rodney R. Sweetland, III, Esquire
    Adduci, Mastriani & Shaumberg
    1200 17th Street, NW, 5th Floor
    Washington, DC  20036

07-P-03-IHE-01

**SUBPOENA TO TESTIFY
BEFORE GRAND JURY**

SUBPOENA FOR:
DOCUMENT(S) OR OBJECT(S)

**YOU ARE HEREBY COMMANDED** to appear and testify before the Grand Jury of the United States District Court at the place, date, and time specified below.

| PLACE | COURTROOM |
|---|---|
| J. Caleb Boggs Federal Building<br>Room 3001<br>844 King Street<br>Wilmington, DE 19801 | Grand Jury Room-3rd flr |
| | DATE AND TIME |
| | April 3, 2007 at 9:00 am |

**YOU ARE ALSO COMMANDED** to bring with you the following document(s) or object(s):

See Attachment.

NOTE: In lieu of appearance, documents may be sent via U.S. Mail to Ilana H. Eisenstein, AUSA at United States Attorney's Office at the address below.

This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| CLERK | DATE |
|---|---|
| Peter T. Dalleo | March 8, 2007 |
| (BY DEPUTY CLERK)<br>*Ciotti Waksa* | |

| This subpoena is issued on application of the United States of America.<br><br>Colm F. Connolly<br>United States Attorney | NAME, ADDRESS AND PHONE NUMBER OF ASSISTANT U.S. ATTORNEY<br><br>Ilana H. Eisenstein, AUSA<br>The Nemours Building<br>1007 Orange Street, Suite 700<br>Wilmington, DE 19899-2046<br>302-573-6277  ext. 154 |

## RETURN OF SERVICE [1]

| RECEIVED BY SERVER | DATE | PLACE |
|---|---|---|
| SERVED | DATE | PLACE |

| SERVED ON (PRINT NAME) | |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICE | TOTAL |
|---|---|---|

## DECLARATION OF SERVER [2]

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
　　　　　　　　　　*Date*

_____
*Signature of Server*

_____
*Address of Server*

ADDITIONAL INFORMATION

(1) As to who may serve a subpoena and the manner of its service see Rule 17(d), Federal Rules of Criminal Procedure, or Rule 45(d), Federal Rules of Civil Procedure.
(2) "Fees and mileage need not be tendered to the witness upon service of a subpoena issued on behalf of the United States or an officer or agency thereof (Rule 45(d), Federal Rules of Civil Procedure; Rule 17(d), Federal Rules of Criminal Procedure) or on behalf of certain indigent parties and criminal defendants who are unable to pay such costs (28 U.S.C. § 1825, Rule 17(b) Federal Rules of Criminal Procedure)".

## ATTACHMENT

**TO:**   Rodney R. Sweetland, III, Esquire
Adduci, Mastriani & Shaumberg
1200 17th Street, NW, 5th Floor
Washington, DC 20036

Any discovery produced or received in the civil proceeding, *Tesla Industries, Inc. v. David C. Waldman, et. al.*, C.A. No. 06-055-GMS (D. Del.), including:

(1)   Transcripts of all depositions taken in this matter;

(2)   Copies of all documents produced or received in civil discovery in this matter; and

(3)   Copies of all requests for discovery, including but not limited to interrogatories and requests for production.

# EXHIBIT 4

**From:**   Carol Dougherty [CDougherty@werbsullivan.com] on behalf of Brian A. Sullivan [BSullivan@werbsullivan.com]
**Sent:**   Tuesday, March 20, 2007 2:43 PM
**To:**     David Nickel; Rodney Sweetland
**Cc:**     Robert Wilcox; Paul E. Crawford; John A. Adams; SBalick
**Subject:** Tesla/Waldmann

David:

This is in response to your letter of March 14, 2007.  Please be advised that Tesla Industries has no objection to your offices providing the documents to the U.S. Attorney's office in Wilmington, Delaware in response to the March 8, 2007 Subpoena attached to your letter.  It is our belief that the U.S. Attorney's office is experienced and has procedures in place to protect the confidentiality of the documents designated at either "Confidential" or "Attorneys Eyes Only".

We do request that you please provide us with a list of the documents, including reference to the applicable Bates numbers, which you provide to the U.S. Attorney's office in response to the Subpoena.

Please be further advised that we do not agree and, therefore, object to the disclosure of these materials to the NMT defendants counsel in Portland, Oregon, apparently retained in regards to the Subpoena.

In the event you have any questions in this regard, please let us know.  Thank you for your consideration.


Brian A. Sullivan
Werb & Sullivan
300 Delaware Avenue, 13th Floor
P.O. Box 25046
Wilmington, Delaware  19899
Telephone:  (302) 652-1100
Facsimile:  (302) 652-1111
E-mail:  bsullivan@werbsullivan.com

CONFIDENTIALITY NOTICE
UNAUTHORIZED INTERCEPTION IS PROHIBITED BY FEDERAL LAW [Electronic Communications Privacy Act of 1986, 18 U.S.C. 2701(a) and 2702(a)]

This message is being sent by Werb & Sullivan, a law firm. It is intended exclusively for the individuals and entities to which it is addressed. This communication, including any attachments, may contain information that is proprietary, privileged, confidential, or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by email and delete all copies of this message.



EXHIBIT
4

# EXHIBIT 5

# REDACTED

-----Original Message-----
**From:** Carol Dougherty [mailto:CDougherty@werbsullivan.com]**On Behalf Of** Brian A. Sullivan
**Sent:** Tuesday, April 03, 2007 1:35 PM
**To:** John A. Adams; Rodney Sweetland; David Nickel; SBalick
**Cc:** Paul E. Crawford; Robert Wilcox; Amy D. Brown
**Subject:** FW: Tesla/Waldmann

Counsel,

As we review the witness list in connection with the proposed pre-trial Order, we need both the NMT parties and Mr. Waldmann to provide a response to the following question in light of the apparent criminal investigation by the FBI, U.S. Attorney's Office, and NCIS: In connection with their testimony at trial, will any of the NMT parties or Mr. Waldmann assert the 5th Amendment as a privilege against testimony. If so, we believe that the assertion of any such 5th Amendment rights will interfere with the orderly presentation of all relevant evidence and testimony for the civil trial in this matter.

Please respond by close of business today, which will be appreciated.


Brian A. Sullivan, Esquire
Werb & Sullivan
300 Delaware Avenue, 13th Floor
P.O. Box 25046
Wilmington, Delaware 19899
Telephone: (302) 652-1100
Facsimile: (302) 652-1111
E-mail: bsullivan@werbsullivan.com

CONFIDENTIALITY NOTICE
UNAUTHORIZED INTERCEPTION IS PROHIBITED BY FEDERAL LAW [Electronic Communications Privacy
Act of 1986, 18 U.S.C. 2701(a) and 2702(a)]

This message is being sent by Werb & Sullivan, a law firm. It is intended exclusively for the individuals and entities to which it is addressed. This communication, including any attachments, may contain information that is proprietary, privileged, confidential, or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by email and delete all copies of this message.



EXHIBIT
5

# EXHIBIT 6

Westlaw.

Not Reported in F.Supp.2d                                                                    Page 1
Not Reported in F.Supp.2d, 2003 WL 2005233 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.2d)

**H**
Briefs and Other Related Documents
Fidelity Nat. Title Ins. Co. of New York v. Inter-
county Nat. Title Ins. Co.N.D.Ill.,2003.Only the
Westlaw citation is currently available.
United States District Court,N.D. Illinois, Eastern Di-
vision.
FIDELITY NATIONAL TITLE INSURANCE
COMPANY OF NEW YORK, Plaintiff,
v.
INTERCOUNTY NATIONAL TITLE INSURANCE
COMPANY, et al., Defendants.
STEWART TITLE GUARANTY COMPANY,
Plaintiff,
v.
FIDELITY NATIONAL TITLE INSURANCE CO.
OF NEW YORK, Defendant.
No. 00 C 5658, 00 C 7086.

April 30, 2003.

*MEMORANDUM OPINION AND ORDER*
CONLON, J.
*1 Fidelity National Title Insurance Company of
New York ("Fidelity") sues remaining defendants In-
tercounty Title Company, Intercounty National Title
Insurance Co. ("INTIC"), Susan Peloza and Terry
Cornell (collectively, "the Intercounty defendants"),
Stewart Title Company, Stewart Title Guaranty Com-
pany ("Stewart") and Stewart Information Services
Corp. (collectively, "the Stewart defendants") and
Jack Hargrove to recover damages caused by an al-
legedly fraudulent scheme to loot millions of dollars
from real estate escrow accounts held first by Inter-
county Title Company of Illinois ("Old Intercounty")
and later by Intercounty Title Company ("New Inter-
county"). The Intercounty defendants, along with
INTIC Holding Co. ("INTIC Holding") (collectively,
"counterplaintiffs"), counterclaim for damages
caused by Fidelity and bring a third party complaint
against Fidelity National Financial, Inc. ("Fidelity
Financial") and Fidelity Financial's senior vice pres-
ident Thomas Simonton (collectively,
"counterdefendants"). Stewart brings a related case
against Fidelity for tortious interference with con-
tract. The two cases are consolidated for trial.

Five of Fidelity's claims remain for trial: fraudulent
concealment (Count I) brought on Fidelity's own be-
half against the Intercounty defendants and Hargrove;
breach of fiduciary duty (Count II) brought as assign-
ee and/or subrogee of the escrow beneficiaries
against New Intercounty and INTIC, Peloza, Cornell
and Hargrove as alter egos of New Intercounty and/or
ITI Enterprises; violation of the Illinois Title Insur-
ance Act, 215 ILCS § 155/21(a) (Count VI), brought
as assignee and/or subrogee of the escrow beneficiar-
ies against the Intercounty defendants and Hargrove;
unjust enrichment (Count VII) brought as assignee
and/or subrogee of the escrow beneficiaries against
the Stewart defendants; and conversion (Count VIII)
brought as assignee and/or subrogee of the escrow
beneficiaries against New Intercounty and Hargrove.
The counterplaintiffs have seven pending claims:
breach of contract brought by INTIC against Fidelity
(Counts III and IV); breach of fiduciary duty (Count
V) brought by INTIC and New Intercounty against
Fidelity and Simonton; fraud (Count VII) brought by
INTIC, New Intercounty, INTIC Holding and Peloza
against counterdefendants; fraud (Counts VIII and
IX) brought by INTIC, New Intercounty and INTIC
Holding against counterdefendants; and negligent
misrepresentation (Count X) brought by INTIC, New
Intercounty, INTIC Holding against Fidelity. Stewart
has a claim for tortious interference with contract
against Fidelity. All other claims have been dis-
missed or defaulted. All parties move *in limine* to bar
evidence at trial.

DISCUSSION

I. Standard of Review

The background of these cases is discussed in the
court's orders addressing the parties' summary judg-
ment motions. *See Fidelity Nat'l Title Ins. Co. of New
York v. Intercounty Nat'l Title Ins. Co., 2002 WL
1466806 (N.D.Ill. July 8, 2002); Fidelity Nat'l Title
Ins. Co. of New York v. Intercounty Nat'l Title Ins.
Co., 2001 WL 1414517 (N.D.Ill. Nov. 13, 2001)*.
Evidence is excluded on a motion *in limine* only if
the evidence is clearly inadmissible for any purpose.
*See Hawthorne Partners v. AT & T Technologies,*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT
6

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 2005233 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.2d)

831 F.Supp. 1398, 1400 (N.D.Ill.1993). Motions *in limine* are disfavored; admissibility questions should be ruled upon as they arise at trial. *Id.* Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy and prejudice to be resolved in context. *Id.* at 1401. Denial of a motion *in limine* does not indicate evidence contemplated by the motion will be admitted at trial. Instead, denial of the motion means the court cannot or should not determine whether the evidence in question should be excluded before trial. *United States v. Connelly,* 874 F.2d 412, 416 (7th Cir.1989).

## II. Fidelity's Motions *in Limine*

### A. Insurance Coverage

**\*2** Fidelity moves to bar evidence relating to its insurance coverage. The Intercounty defendants do not object to the extent Fidelity seeks to bar reference to its insurance as proof of wrongdoing or as a possible source of compensation. Rather, the Intercounty and Stewart defendants argue that evidence relative to Fidelity's insurance claim may be relevant to the disputed issue of control over the escrow accounts. The Stewart defendants further claim evidence relating to Fidelity's insurance coverage may be used to refute Fidelity's possible arguments.

Federal Rule of Evidence 411 provides:
Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully. This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership or control, or bias or prejudice of a witness.

Rule 411 was adopted to address the concern that "knowledge of the presence or absence of liability insurance would induce juries to decide cases on improper grounds." Advisory Committee Notes to Fed.R.Evid. 411. Although the Intercounty defendants' argument tracks the language of the rule, they fail to offer evidence that Fidelity made any statement to its insurance carrier bearing on the issue of control over the escrow accounts. Similarly, the Stewart defendants claim that Fidelity "may have made statements or taken positions inconsistent with its positions in this action," but fail to provide any evidence of Fidelity's purported statements or inconsistent positions. Stewart Response at 2. The Intercounty defendants acknowledge that Fidelity was not forthcoming with this information during discovery. Intercounty Response at 2. This motion is predicated on speculation. Trial is not the appropriate forum to conduct a potentially prejudicial fishing expedition. Therefore, Fidelity's motion to exclude insurance coverage evidence is meritorious.

The Stewart defendants' other arguments lack merit. They claim that evidence of Fidelity's insurance coverage is necessary to rebut theoretical arguments by Fidelity that: (1) Stewart "would have acted the same as Fidelity" in allowing a deficiency in New Intercounty's escrow account in 2000; and (2) Stewart considered "purchasing title reinsurance in the early 1990s." Stewart Response at 2. This argument is also speculative and not based on the issues framed in the pretrial order or Fidelity's trial brief. The Stewart defendants implicitly acknowledge that any evidence offered by Fidelity to show Stewart considered purchasing reinsurance is inadmissible under Rule 411 as it would "suggest negligent behavior or other wrongdoing." *Id.* Absent evidence supporting an exception to Rule 411, Fidelity's motion to bar evidence relating to its insurance coverage must be granted.

### B. Frank Casillas

Fidelity moves to bar former Illinois Department of Financial Institutions ("Department") director Frank Casillas from testifying at trial, claiming his testimony would violate a Department confidentiality regulation. Section 8100.3000 of the Illinois Administrative Code provides:
**\*3** Information or documents obtained by employees of the Department in the course of any examination, audit, visit, registration, certification, review, licensing or investigation pursuant to the Act, shall, *unless made a matter of public record,* be deemed confidential. Employees are hereby prohibited from making disclosure of such confidential information or production of documents or any other non-public records of the Department or other governmental agency, un-

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                      Page 3
Not Reported in F.Supp.2d, 2003 WL 2005233 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.2d)

less the Director or the Director's authorized repres-
entative authorizes the disclosure of such information
or the production of such documents as not being
contrary to the public interest.

(emphasis added). Fidelity did not object to Casillas'
disclosure of alleged confidential information at his
deposition. *See* Motion at Ex. A. Nor did Fidelity ob-
ject or request a protective order when the Inter-
county defendants attached Casillas' deposition tran-
script to their claim summary filed in September
2002. More importantly, Fidelity attached Casillas'
entire deposition transcript to its motion. *Id.* Nor has
Fidelity established it has standing to enforce Casil-
las' obligations under the confidentiality regulation.
Moreover, Fidelity has already made public the in-
formation it seeks to shield from disclosure at trial.
Under these circumstances, Fidelity's motion must be
denied.

Fidelity's reliance on the court's opinion addressing
the Stewart defendants' summary judgment motion
does not change this result. In a footnote, the court
stated:
Fidelity cannot rely on Simonton's conversation with
Harry Stirnwell at the Illinois Department of Finan-
cial Institutions to show reasonable inquiry. Stirn-
well was prohibited from disclosing confidential fin-
ancial information to third parties. *See* 215 Ill. Ad-
min. Code § 8100.3000; Def. 56.1 Facts at ¶ 93.

*Fidelity, 2001 WL 1414517, at *5 n. 2.* Contrary to
Fidelity's position, the court did not rule that Fidelity
was precluded from relying on Simonton's conversa-
tion with Stirnwell at all. Rather, the court found that
on summary judgment, Fidelity failed to show reas-
onable inquiry based upon Simonton's asking for in-
formation that Stirnwell was prohibited by regula-
tion from releasing. *Id.* Therefore, Fidelity's motion
to bar Frank Casillas' testimony must be denied.

### C. Assignments

Finally, Fidelity moves to bar evidence challenging
the validity of approximately 1,900 assignments un-
derlying Counts II, VI, VII and VIII. In its claim
summary filed in September 2002, Fidelity recog-
nized it is required to prove additional elements asso-

ciated with its assignments. *See* Summary at 4. Spe-
cifically, Fidelity must show each escrow beneficiary
intended to transfer to Fidelity all of the assignor's
right, title or interest in the subject of the assignment.
*Board of Managers of the Medinah on the Lake
Homeowners Ass'n v. Bank of Ravenswood, 295
Ill.App.3d 131, 134-35, 692 N.E.2d 402, 405 (3rd
Dist.1998).* Once established, an assignment places
the assignee in the shoes of the assignor. *Board of
Managers, 295 Ill.App.3d at 135, 692 N.E.2d at 405.*

*4 Contrary to Fidelity's position, the Intercounty and
Stewart defendants are entitled to put Fidelity's proof
to the test by challenging Fidelity's right to bring its
claims for the benefit of the escrow beneficiaries. Un-
like the defendants in the controlling cases cited by
Fidelity, the Intercounty and Stewart defendants do
not claim the assignments fail for lack of considera-
tion. *See Liu v. T & H Machine, Inc., 191 F.3d 790,
796 (7th Cir.1996); Elzinga & Volkers, Inc. v. LSSC
Corp., 47 F.3d 879, 882 (7th Cir.1995); Matter of As-
sured Fastener Products Corp., 773 F.2d 105, 107
(7th Cir.1985).* Rather, the Intercounty and Stewart
defendants accept the purported assignments on their
face, but challenge Fidelity's right to pursue the relief
sought in this action under the terms of the assign-
ments, some of which are unexecuted. *See Board of
Managers, 295 Ill.App.3d at 134, 692 N.E.2d at 405*
("When the assignment has not been reduced to writ-
ing, the parties' intentions must be determined based
upon the instruments executed as well as the sur-
rounding circumstances"). The Intercounty and Stew-
art defendants have the right to challenge Fidelity's
ability to prove essential elements of its case. There-
fore, Fidelity's motion to bar evidence contesting the
assignments must be denied.

### III. The Intercounty Defendants' Motions *in Limine*

#### A. Cornell's Prior Acts

The Intercounty defendants move to bar evidence re-
lating to Cornell's prior bad acts, including evidence
relating to sanctions imposed in this court for send-
ing a threatening letter to Fidelity's counsel and then
denying this conduct under oath; his 1996 guilty plea
in state court for contempt of court; and his settle-
ment of a fraud complaint brought by the Illinois De-

Not Reported in F.Supp.2d                                                   Page 4
Not Reported in F.Supp.2d, 2003 WL 2005233 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.2d)

partment of Professional Regulation. Rule 404(a) provides in relevant part:

Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except ... as provided in Rules 607, 608, and 609.

Fidelity responds by claiming Cornell's conduct falls within Rule 608 and 609.

Rule 608 authorizes the use of evidence concerning character for truthfulness or untruthfulness only when a witness' credibility is at issue. Specifically, Rule 608(b) grants the court discretion to allow cross-examination as to specific instances of bad conduct that may be probative of truthfulness or untruthfulness.

The Intercounty defendants do not assert that Cornell's conduct lacks probative value on the issue of credibility. Rather, they argue the probative value of Cornell's prior acts is substantially outweighed by the danger of unfair prejudice, and therefore prior bad act evidence should be excluded under Rule 403. However, the court cannot make this determination until it hears Cornell's testimony on direct examination. If Cornell's testimony contradicts Fidelity's evidence, the jury will be called on to resolve the inconsistencies based on credibility. The probative value of Cornell's prior bad acts, including his conduct during this litigation, to impeach his credibility potentially outweighs the danger of unfair prejudice. If Cornell does not testify, his credibility will not be at issue and evidence of his prior acts is inadmissible under Rule 404(a). The Intercounty defendants' motion must be denied as premature. However, Fidelity shall not refer to bad acts directly or indirectly in the jury's presence before and unless the court rules this evidence is admissible.

### B. Personal Expenses and Investments

*5 The Intercounty defendants move to bar evidence that Peloza and Cornell drafted checks from corporate accounts to pay for personal expenses and investments, including Peloza's investment in a casino. In their motion, they acknowledge that this evidence is relevant to Fidelity's alter ego claim in Count II. See

Motion at 1, citing Fidelity, 2002 WL 1466806, at *7-8. Nevertheless, they claim that Fidelity should be barred from discussing the details of the transactions because the jury may improperly use this evidence to find that the Intercounty defendants received ill-gotten gains from the escrow accounts at issue. Alternatively, the Intercounty defendants offer to stipulate to the transactions to prevent Fidelity from introducing this evidence at trial.

Fidelity is not required to accept the Intercounty defendants' offer to stipulate. See Fryer v. United States, 243 F.3d 1004, 1010 (7th Cir.2001), quoting United States v. Allen, 798 F.2d 985, 1001 (7th Cir.1986)("a party is not required to accept a judicial admission of his adversary, but may insist on proving the fact"). Instead, Fidelity may offer evidence of the transactions "as long as the probative value of the proof still exceeds the prejudicial effect, taking into account the offer to stipulate." Allen, 798 F.2d at 1102. Contrary to the Intercounty defendants' position, a reasonable jury could infer that the Intercounty defendants participated in the alleged escrow Ponzi scheme with ITI Enterprises based on the improper transfer of funds. See Fidelity, 2002 WL 1466806, at *5. Therefore, the Intercounty defendants have not established the probative value evidence that Peloza and Cornell misused corporate funds is substantially outweighed by unfair prejudice.

Nor have the Intercounty defendants established the probative value of Peloza's casino investment is substantially outweighed by its prejudicial effect. According to the Intercounty defendants, media coverage in February regarding the proposed casino's ties to organized crime "raises a serious specter of jury prejudice toward Ms. Peloza, and by extension to the other" Intercounty defendants. Motion at 4. As the Intercounty defendants concede, the media reports did not mention Peloza. Motion at 3-4. Nor has media coverage been shown pervasive or recent enough to raise the likelihood of prejudice.[FN1] Therefore, the Intercounty defendants' motion must be denied.

> FN1. Because of the parties' continuing failure to submit objective jury instructions and acceptable verdict forms, trial has been delayed indefinitely.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 2005233 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.2d)

Page 5

### C. Security Deposit

The Intercounty defendants move to bar evidence relating to a statutory security deposit posted with the Illinois Department of Financial Security. Specifically, the Intercounty defendants seek to prevent Fidelity from introducing evidence suggesting that they improperly pledged the statutory security deposit as collateral for a personal loan. According to the Intercounty defendants, Fidelity's ambiguous evidence "has no relevance to the proof of any of the parties' claims in this case." Motion at 1-2.

*6 To the contrary, evidence showing that the Intercounty defendants used the statutory security deposit as collateral for a personal loan is relevant to Fidelity's Illinois Title Insurance Act claim. The Illinois Title Insurance Act prohibits "untrustworthiness or incompetence in transacting business in a manner that endangers the public." 215 ILCS § 155/21(a). Fidelity intends to show the Intercounty defendants' untrustworthiness or incompetence through their personal use of funds pledged as security for the public. The purported ambiguity of the bank records on this issue goes to the weight of the evidence, not its admissibility. Moreover, potential jury confusion created by the admissibility of this evidence may be negated by appropriate cautionary instructions. Under these circumstances, the Intercounty defendants' motion must be denied.

### D. Attorney-Client Privilege

The Intercounty defendants move to bar Fidelity's witnesses from testifying to matters on which they invoked the attorney-client privilege during their depositions. Fidelity responds that the court should wait until trial to resolve this issue.

Parties may not assert a privilege as a shield against discovery and then convert their invocation of the privilege to a sword by testifying about purportedly privileged matters at trial. *See* Harris v. City of Chicago, 266 F.3d 750, 754 (7th Cir.2001), *quoting* McGahee v. Massey, 667 F.2d 1357, 1362 (11th Cir.1982)("A defendant cannot have it both ways ... [He may not] testify in attack ... and at the same time seek refuge behind the shield of [privilege]").

However, the Intercounty defendants fail to provide any specific information regarding the subject matter of the purported privileged testimony. On this inadequate record, the court cannot assess whether the Intercounty defendants would be unfairly prejudiced if Fidelity's witnesses waive the attorney-client privilege at trial. If the Intercounty defendants obtained information on the privileged matters from other reliable sources, they may not suffer any harm. On the other hand, if Fidelity's witnesses are the only source of critical information, or their testimony impacts the credibility of the Intercounty defendants' witnesses, the prejudicial nature of the testimony may warrant an order barring the use of the purportedly privileged evidence. The Intercounty defendants' motion must be denied.

### E. William J. Pollard's Expert Testimony

Finally, the Intercounty defendants move to bar Fidelity's liability expert, William J. Pollard, from offering testimony as to Peloza and Cornell's knowledge and beliefs regarding the state of Old Intercounty's escrow account. As the Intercounty defendants point out, the court previously found that Pollard's testimony as to what the Stewart defendants knew or should have known regarding the escrow account lacked foundation. *Fidelity,* 2001 WL 14145178, at *6. In its response, Fidelity fails to provide any foundation for Pollard's anticipated testimony. Therefore, the Intercounty defendants' motion is meritorious.

### IV. The Stewart Defendants' Motions *in Limine*

### A. Theresa Crane

*7 The Stewart defendants move to bar Theresa Crane from testifying because Fidelity failed to disclose her in its initial and supplemental Rule 26 disclosures. Rule 26 requires a party to provide "the name and if, known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses ..., identifying the subjects of the information." Fed.R.Civ.P. 26(a)(1)(A). A party must supplement or amend its disclosures if it learns that the information disclosed or the response

Not Reported in F.Supp.2d                                                    Page 6
Not Reported in F.Supp.2d, 2003 WL 2005233 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.2d)

is "incomplete or incorrect and if the additional corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed.R.Civ.P. 26(e)(1). To ensure compliance with these discovery requirements, Rule 37 provides "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) ... is not, unless such failure is harmless, permitted to use as evidence at a trial ... any witness or information not so disclosed." Fed.R.Civ.P. 37(c)(1). "[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." Salgado v. Gen. Motors Corp., 150 F.3d 735, 742 (7th Cir.1998).

Fidelity claims it was justified in not disclosing Crane because she was identified as a possible witness during discovery. The advisory committee notes to Rule 26(e) provide in relevant part:

There is, however, no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process, as when a witness not previously disclosed is identified during the taking of a deposition ...

During her deposition, Claire Allen identified Crane as a person who may have knowledge of Old Intercounty's real estate closing procedures. Response at Ex. C. Crane also was identified in defendant Michel Thyfault's initial disclosures under Rule 26(a). Motion at Ex. B. Under these circumstances, Fidelity was not obligated to supplement its Rule 26(a) disclosures to identify Crane. See Weiland v. Linear Construction, Ltd., 2002 WL 31307622, at *2-3 (N.D.Ill. Oct. 15, 2002)(Rule 26(e) duty to supplement initial disclosures was satisfied when other party learned of witnesses during discovery). Nor has any resulting prejudice been shown. Therefore, Fidelity's non-disclosure of Crane was both justified and harmless. The Stewart defendants' motion lacks merit.

B. Documents Produced After Close of Discovery

The Stewart defendants move to exclude Fidelity's proposed trial exhibits nos. 336 and 337 pursuant to

Rule 37(c)(1) because Fidelity produced the approximately 3,000 documents nearly one year after discovery closed. The exhibits must be excluded from evidence unless Fidelity shows its failure to produce the documents timely was either justified or harmless. Finley v. Marathon Oil Co., 75 F.3d 1225, 1230 (7th Cir.1996).

*8 Fidelity has shown the failure to timely produce exhibits nos. 336 and 337 is harmless. The documents comprising exhibit no. 336 are Stewart title insurance polices. Stewart did not object to the authenticity of these documents in the pretrial order. Moreover, Fidelity claims exhibit no. 337 does not relate to its unjust enrichment claim against Stewart. Rather, exhibit no. 337 relates to Fidelity's claims against the Intercounty defendants, who have not objected to the late production of these documents. Under these circumstances, Fidelity's tardy production is harmless and the Stewart defendants' motion must be denied.

C. Bruce Burton's Expert Testimony

The Stewart defendants move to bar Fidelity's damage expert Bruce Burton from testifying regarding the future of its business relationship with Old Intercounty. In response, Fidelity points out that the Stewart defendants' damages expert William B. Metzdorff based his calculations on the assumption that Stewart's business relationship with Old Intercounty would continue until the end of their contract term in November 2009. Fidelity claims that Burton's testimony challenges this assumption underlying Metzdorff's damage calculations.

Just as Metzdorff was entitled to assume the Stewart defendants' relationship with Old Intercounty would have continued until November 2009, Burton was entitled to assume it would have ended earlier based on his review of the evidence. Disputes between the parties' experts about assumptions and conclusions are appropriate grounds for exploration on direct and cross-examination. The weight and probative value of expert analyses are for the jury to determine. See Medcom Holding Co. v. Baxter Travenol Laboratories, 106 F.3d 1388, 1400 (7th Cir.1997). Therefore, the Stewart defendants' motion must be denied.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                          Page 7
Not Reported in F.Supp.2d, 2003 WL 2005233 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.2d)

### D. William J. Pollard's Expert Testimony

The Stewart defendants move to bar Pollard from testifying as an expert. However, they do not contest Pollard's testimony to the extent he summarizes the escrow account transactions. Rather, they seek to bar any testimony: (1) regarding the propriety of the escrow account transactions; (2) based on inadmissible evidence; and (3) concluding that a $54 million shortage in the Old Intercounty escrow account was shifted to the New Intercounty escrow account. Hargrove joins in Stewart's motion.

Fidelity bears the burden of establishing the admissibility of Pollard's testimony by a preponderance of the evidence. *Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 581 (1993)*. Federal Rule of Evidence 702 provides:
If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise.

As the Stewart defendants point out, experts are not allowed to testify to legal conclusions. *Harbor Ins. Co. v. Continental Bank Corp., 922 F.2d 357, 367 (7th Cir.1990); Panter v. Marshall Field & Co., 646 F.2d 271, 294 n. 6 (7th Cir.1981)*("It is not for witnesses to instruct the jury as to applicable principles of law, but the judge"). Nevertheless, experts may testify to sound professional standards and identify departures from them. *See West v. Waymire, 114 F.3d 646, 652 (7th Cir.1997)*.

*9 The record does not reveal whether the professional standards applicable to escrow accounts are within Pollard's expertise. In any event, much of Pollard's opinion is based on inferences drawn from underlying records rather than on his accounting expertise. Specifically, Pollard opines that the escrow cash shortages were caused by improper transfers and the Stewart defendants knew or should have known of the escrow cash shortages. Motion at Ex. A. The ultimate question for the jury to resolve is whether Old Intercounty perpetrated a Ponzi scheme that resulted in the escrow cash shortages under the Stewart de-

fendants' watch. *See* Fidelity's response to Stewart's motion to bar evidence relating to Old Intercounty's defeasance program at 3. Pollard is no more qualified than the jury to answer this question.

Apparently recognizing this problem, Fidelity's response focuses exclusively on the objective, rather than subjective, nature of Pollard's work in tracing escrow funds. Federal Rule of Evidence 703 is explicit that materials on which an expert bases an opinion need not be admissible, provided that it is first established that a responsible expert relies on similar materials in formulating a professional opinion and the opposing party has had a chance to review the materials before trial. *Peabody Coal Co. v. Director, Office of Workers' Comp. Programs, 165 F.3d 1126, 1128 (7th Cir.1999)*. The Stewart defendants fail to provide evidence that these conditions cannot be satisfied. Therefore, the Stewart defendants' motion to bar Pollard's testimony on this basis must be denied.

Nevertheless, Pollard may not testify regarding the propriety of the transactions or whether the Stewart defendants knew or should have known of the escrow shortages. This is not a case like *Maiz v. Virani, 253 F.3d 641, 666-67 (11th Cir.2001)*, where the expert's opinion was based on assumptions developed by counsel. Pollard's report does not assume comparable facts, but rather unequivocally concludes that the escrow transactions at issue were improper and the Stewart defendants knew or should have known about the shortages. Motion at Ex. A. " '[T]estimony that does little more than tell the jury what result to reach is unhelpful and thus inadmissible." *Dahlin v. Evangelical Child and Family Agency, 2002 WL 31834881, at *3 (N.D.Ill.Dec. 18, 2002), quoting Woods v. Lecureux, 110 F.3d 1215, 1221 (6th Cir.1997)*.

Finally, the Stewart defendants take issue with Pollard's conclusion that a $54 million shortage in the Old Intercounty escrow accounts was transferred to the New Intercounty escrow accounts. Specifically, the Stewart defendants claim Pollard only reviewed liabilities, and not assets, in reaching his conclusion. The Stewart defendants' objection to Pollard's conclusion is more appropriately the subject of cross-examination. *See Stutzman v. CRST, Inc., 997 F.2d*

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2003 WL 2005233 (N.D.Ill.)

(Cite as: Not Reported in F.Supp.2d)

291, 296 (7th Cir.1993)("Experience and knowledge establish the foundation for an expert's testimony; the accuracy of such testimony is a matter of weight and not admissibility"). The Stewart defendants do not challenge Pollard's qualifications as an expert. Therefore, the motion must be denied on this basis.

### E. Defeasance Program

*10 Finally, the Stewart defendants move to bar all evidence relating to Old Intercounty's defeasance program. According to the Stewart defendants, evidence relating to Old Intercounty's defeasance program is irrelevant to Fidelity's unjust enrichment claim as the purported subrogee and/or assignee of the escrow beneficiaries. Fidelity counters by asserting, "Stewart knew that Old Intercounty was in desperate financial straits (indeed, it was insolvent), and knew of Old Intercounty's 'improper escrow transfers,' and yet Stewart did not blow the whistle on Old Intercounty, but instead exercised its great leverage to wring (among other concessions) payment from Old Intercounty on defeasance losses that Stewart would otherwise have had to pay itself." Response at 4. In addition, Fidelity argues the defeasance program is relevant to the Stewart defendant's tortious interference claim because the parties' declining relationship under the program calls Metzdorff's assumptions about the continuation of Stewart's relationship with Old Intercounty into question. The Stewart defendants concede that their communications with Old Intercounty over the defeasance program were "sometimes acrimonious." Motion at 5. Based on this record, evidence concerning Old Intercounty's defeasance program is not clearly inadmissible. Therefore, the Stewart defendants' motion must be denied.

### V. Hargrove's Motions *in Limine*

#### A. Name Confusion

Hargrove moves to bar counsel and witnesses from using the phrase "Hargrove and Capriotti" at trial. According to Hargrove, use of the phrase "will potentially create prejudicial confusion in the minds of the jurors, in lumping [he and Capriotti] together." Motion at 2. However, Hargrove fails to demonstrate that it is inappropriate for counsel to refer to him in connection with Capriotti. The jury will be instructed that they must consider each claim against each party separately. Accordingly, Hargrove's motion must be denied.

#### B. Criminal Investigation

Hargrove moves to bar evidence that he is the subject of an ongoing criminal investigation. In his answer and at his deposition, Hargrove invoked his Fifth Amendment privilege against self-incrimination. According to Fidelity, it "has every reason to expect that Hargrove will take the Fifth Amendment when called to testify at trial." Response at 2. Fidelity claims the right to test Hargrove's assertion of the privilege at trial by questioning him about an ongoing criminal investigation. Fidelity's argument is frivolous.

Fidelity fails to establish an evidentiary basis for questioning Hargrove about an ongoing criminal investigation. Indeed, Fidelity does not challenge the validity of Hargrove's assertion of the privilege against self-incrimination. *See In re Folding Carton Antitrust Litigation,* 609 F.2d 867, 871 (7th Cir.1979)("When a witness can demonstrate any possibility of prosecution that is more than fanciful he has demonstrated a reasonable fear of prosecution sufficient to meet constitutional muster"). Rather, Fidelity focuses exclusively on adverse inferences to be drawn from Hargrove's invocation of the privilege. Although an adverse inference may be drawn by a witness' assertion of the Fifth Amendment in a civil case, the court may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury. *In re High Fructose Corn Syrup Antitrust Litigation,* 295 F.3d 651, 663 (7th Cir.2002). A party may argue the adverse inference without pursuing questions about an ongoing criminal investigation. The probative value of an ongoing criminal investigation is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury. Hargrove's motion must be granted.

#### C. Statute of Limitations

*11 Based on the statute of limitations, Hargrove

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

moves to bar Fidelity from presenting evidence occurring prior to September 15, 1995 on its fraudulent concealment. Hargrove fails to cite any support for his position that evidence outside the limitations period is automatically irrelevant. To the contrary, prior conduct that is not actionable may be relevant for other purposes. *See, e.g., United Air Lines, Inc. v. Evans,* 431 U.S. 533, 558 (1977)(acts occurring outside the filing period "may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue, but separately considered, it is merely an unfortunate event in history which has no present legal consequences"). Hargrove fails to establish events occurring prior to September 1995 are irrelevant to Fidelity's claims. Therefore, his motion must be denied.

**VI. Simonton's Motion *in Limine***

Simonton moves to bar evidence relating to audiotapes produced by the Intercounty defendants after discovery closed. The Intercounty defendants have not listed the challenged audiotapes as exhibits in the pretrial order. Motion at 1. Nor did the Intercounty defendants respond to Simonton's motion. To the extent Simonton seeks to preclude the Intercounty defendants from using the audiotapes at trial, his motion will be granted.

However, Simonton's motion must be denied as to the Stewart defendants because they listed the audiotapes as exhibits in the pretrial order. Motion at 1. As the Stewart defendants point out in their response, Simonton fails to provide any basis for precluding them from introducing the audiotapes at trial simply because of the Intercounty defendants' tardy disclosure. Therefore, Simonton's motion must be denied as to the Stewart defendants.

**CONCLUSION**

Fidelity's motion to bar references to their insurance coverage, the Intercounty defendants' motion to exclude Pollard's testimony regarding others' knowledge or state of mind and Hargrove's motion to bar evidence regarding an ongoing criminal investigation are granted. The Stewart defendants' motion to bar Pollard's testimony and Simonton's motion to exclude

the audiotapes are granted in part and denied in part. All remaining motions *in limine* are denied.

N.D.Ill.,2003.
Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.
Not Reported in F.Supp.2d, 2003 WL 2005233 (N.D.Ill.)

Briefs and Other Related Documents (Back to top)

• 2007 WL 596682 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Plaintiff's Motion to Strike Expert Report of Martin W. Terpstra (Jan. 17, 2007)

• 2006 WL 1415689 (Trial Pleading) The Stewart Defendants' Answer to Counts III, V, and IX of the Amended Complaint (Apr. 19, 2006) Original Image of this Document (PDF)

• 2004 WL 3674392 () Affidavit of William J. Pollard Submitted IN Support of Plaintiff's Motion for Entry of Judgment against Laurence W. Capriotti (Sep. 29, 2004) Original Image of this Document (PDF)

• 2004 WL 3670658 () Affidavit of William J. Pollard Submitted in Support of Plaintiff's Motion for Entry of Judgment against Wholesale Real Estate Services, Inc., Formerly Known as Intercounty Title Company of Illinois (Sep. 27, 2004) Original Image of this Document (PDF)

• 2004 WL 3710456 () Affidavit of William J. Pollard Submitted in Support of Plaintiff's Motion for Entry of Judgment against Laurence W. Capriotti (Sep. 27, 2004) Original Image of this Document (PDF)

• 2004 WL 3685869 (Trial Motion, Memorandum and Affidavit) Plaintiff's Motion for Determination of Final Judgment (May 12, 2004) Original Image of this Document (PDF)

• 2004 WL 2282244 (Trial Motion, Memorandum and Affidavit) Fidelity's Response in Opposition to Hargrove's Rule 50(a) Motion for Judgment As A Matter of Law (Apr. 23, 2004) Original Image of this Document with Appendix (PDF)

• 2004 WL 2282243 (Trial Motion, Memorandum and Affidavit) Fidelity's Response in Opposition to the Stewart Parties' Rule 50 Motion for Judgment as a Matter of Law (Apr. 21, 2004) Original Image of this

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d    Page 10
Not Reported in F.Supp.2d, 2003 WL 2005233 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.2d)

Document with Appendix (PDF)

• 2004 WL 3770273 (Trial Motion, Memorandum and Affidavit) Fidelity's Response in Opposition to the Stewart Parties' Rule 50 Motion for Judgment as a Matter of Law (Apr. 21, 2004) Original Image of this Document (PDF)

• 2004 WL 2282241 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of the Stewart Companies' Request to Admit November 1995 Chicago Magazine Article (Apr. 19, 2004) Original Image of this Document with Appendix (PDF)

• 2004 WL 2282242 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of the Stewart Companies Request to Admit Statements Made at Summer 1995 Casillas Meeting (Apr. 19, 2004) Original Image of this Document (PDF)

• 2004 WL 2282240 (Trial Motion, Memorandum and Affidavit) Memorandum of the Stewart Companies' in Opposition to Admission of Hearsay from Fidelity's Proposed Witness Michael Gallaiier (Apr. 15, 2004) Original Image of this Document (PDF)

• 2004 WL 2282239 (Trial Motion, Memorandum and Affidavit) Fidelity's Response to the Joint Motion to Amend Trial Time Allocation and, in the Alternative, Fidelity's Motion to Eliminate Percentage Allocations (Apr. 2, 2004) Original Image of this Document with Appendix (PDF)

• 2004 WL 2282233 (Trial Motion, Memorandum and Affidavit) Hargrove's Response to the Plaintiff's Motion in Limine to Bar Defendants from Calling Edwin C. Thomas, III as a Witness at Trial (Mar. 25, 2004) Original Image of this Document with Appendix (PDF)

• 2004 WL 2282235 (Trial Motion, Memorandum and Affidavit) Hargrove's Joinder in the Stewart Parties Response, and his additional response to fidelity's motion to bar reference to it's due diligence (Mar. 25, 2004) Original Image of this Document with Appendix (PDF)

• 2004 WL 2282236 (Trial Motion, Memorandum and Affidavit) Stewart Parties' Response to Plaintiff's Motion in Limine to Bar Defendants from Calling Edwin C. Thomas, III as a Witness at Trial (Mar. 25, 2004) Original Image of this Document with Appendix (PDF)

• 2004 WL 2282237 (Trial Motion, Memorandum and Affidavit) Stewart Parties' Response to Fidelity's

Motion to Bar Reference to Fidelity's Due Diligence (Mar. 25, 2004) Original Image of this Document with Appendix (PDF)

• 2004 WL 2282238 (Trial Motion, Memorandum and Affidavit) Stewart Parties' Response to Fidelity's Motion in Limine to bar Evidence Regarding the Settlement Between Fidelity and the Intic Defendants (Mar. 25, 2004) Original Image of this Document with Appendix (PDF)

• 2004 WL 3685870 (Trial Motion, Memorandum and Affidavit) Stewart Parties' Motion in Limine to bar Testimony of William Pollard and to Instruct the Jury to Draw an Adverse Inference from Fidelity's Violation of a Discovery Order and Destruction of Documents (Mar. 15, 2004) Original Image of this Document (PDF)

• 2004 WL 3685871 (Trial Motion, Memorandum and Affidavit) Stewart Parties' Motion in Limine to Bar Untimely Deloitte & Touche Exhibits (Mar. 15, 2004) Original Image of this Document (PDF)

• 2004 WL 3685872 (Trial Motion, Memorandum and Affidavit) Plaintiff's Motion in Limine to Bar Defendants from Calling Edwin C. Thomas, III as a Witness at Trial (Mar. 15, 2004) Original Image of this Document (PDF)

• 2003 WL 23417788 (Trial Motion, Memorandum and Affidavit) Parties' Joint Motion for Reservation of the Clerk's Deps Unit (Oct. 16, 2003) Original Image of this Document (PDF)

• 2003 WL 23417778 (Trial Motion, Memorandum and Affidavit) Joint Motion to Set Trial Date (Aug. 29, 2003) Original Image of this Document (PDF)

• 2003 WL 23831911 (Trial Motion, Memorandum and Affidavit) Fidelity's Response to Stewart Parties' Motion to Depose Theresa Crane (Jun. 3, 2003) Original Image of this Document with Appendix (PDF)

• 2003 WL 23417769 (Trial Motion, Memorandum and Affidavit) Stewart Parties' Amended Motion for Leave to Take the Deposition of Theresa Crane (Jun. 2, 2003) Original Image of this Document with Appendix (PDF)

• 2003 WL 23417756 (Trial Motion, Memorandum and Affidavit) Joint Motion to Voluntarily Dismiss Certain Claims with Prejudice (May 27, 2003) Original Image of this Document (PDF)

• 2003 WL 23831907 (Trial Motion, Memorandum and Affidavit) Fidelity's Response to Motion to

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                       Page 11
Not Reported in F.Supp.2d, 2003 WL 2005233 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.2d)

Quash subpoena (Apr. 24, 2003) Original Image of this Document with Appendix (PDF)

• 2003 WL 23417750 (Trial Motion, Memorandum and Affidavit) Intic Parties' Motion to Quash Subpoena (Apr. 23, 2003) Original Image of this Document with Appendix (PDF)

• 2003 WL 24241712 () (Report or Affidavit of Steve Cain) (Apr. 8, 2003)

• 2003 WL 23831904 (Trial Motion, Memorandum and Affidavit) Fidelity's Response to the Intic Defendants' Motion to Voluntarily Dismiss Certain Claims (Apr. 4, 2003) Original Image of this Document (PDF)

• 2003 WL 23417743 (Trial Motion, Memorandum and Affidavit) Intic Parties' Motion to Voluntarily Dismiss Certain Claims (Mar. 27, 2003) Original Image of this Document (PDF)

• 2003 WL 23417735 (Trial Motion, Memorandum and Affidavit) Intic Parties' Motion to Quash Subpoena (Mar. 11, 2003) Original Image of this Document with Appendix (PDF)

• 2003 WL 23831897 (Trial Motion, Memorandum and Affidavit) Intic Parties' Supplemental Response to Fidelity's Motion to ""Sanction" Regarding Disputed Documents (Mar. 11, 2003) Original Image of this Document with Appendix (PDF)

• 2003 WL 23831872 (Trial Motion, Memorandum and Affidavit) Fidelity's Response to Stewart's Motion In Limine to Bar the Testimony of William J. Pollard (Mar. 7, 2003) Original Image of this Document (PDF)

• 2003 WL 23831873 (Trial Motion, Memorandum and Affidavit) Fidelity's Response to Stewart's Motion in Limine to Bar Fidelity's Use of Certain Documents (Mar. 7, 2003) Original Image of this Document with Appendix (PDF)

• 2003 WL 23831875 (Trial Motion, Memorandum and Affidavit) Fidelity's Response to Stewart's Motion in Limine to Bar Theresa Crane as a Witness (Mar. 7, 2003) Original Image of this Document with Appendix (PDF)

• 2003 WL 23831877 (Trial Motion, Memorandum and Affidavit) Fidelity's Response to Stewart Guaranty's Motion in Limine to Preclude Expert Testimony ""Predicting Future Events" by Bruce Burton (Mar. 7, 2003) Original Image of this Document with Appendix (PDF)

• 2003 WL 23831878 (Trial Motion, Memorandum and Affidavit) Fidelity's Response to the Motion in Limine of the Intic Defendants Regarding the Attorney-Client Privilege (Mar. 7, 2003) Original Image of this Document (PDF)

• 2003 WL 23831880 (Trial Motion, Memorandum and Affidavit) Fidelity's Response to the Motion in Limine of the Intic Defendants Rega Certain Expert Testimony (Mar. 7, 2003) Original Image of this Document (PDF)

• 2003 WL 23831881 (Trial Motion, Memorandum and Affidavit) Fidelity's Response to the Motion of the Intic Defendants to Bar Evidence Regarding Funds Pledged by them to the Illinois Department of Financial Institutions (Mar. 7, 2003) Original Image of this Document with Appendix (PDF)

• 2003 WL 23831883 (Trial Motion, Memorandum and Affidavit) Fidelity's Response to Hargrove's Motion in Limine on the Basis of the Statute of Limitations (Mar. 7, 2003) Original Image of this Document (PDF)

• 2003 WL 23831885 (Trial Motion, Memorandum and Affidavit) Fidelity's Response to Hargrove's Motion in Limine Regarding Name Confusion (Mar. 7, 2003) Original Image of this Document (PDF)

• 2003 WL 23831886 (Trial Motion, Memorandum and Affidavit) Fidelity's Response to the Motion in Limine of the Intic Defendants to Bar Certain Character and Specific Act Evidence (Mar. 7, 2003) Original Image of this Document (PDF)

• 2003 WL 23831888 (Trial Motion, Memorandum and Affidavit) Fidelity's Response to the Motion in limine of the Intic Defendants to Bar Evidence Tending to Show the Mismanagement of Escrowed Funds by One or More of the Intic Defendants (Mar. 7, 2003) Original Image of this Document (PDF)

• 2003 WL 23831892 (Trial Motion, Memorandum and Affidavit) Fidelity's Response to Stewart's Motion to bar Evidence Relating to old Intercounty's Defeasance Program (Mar. 7, 2003) Original Image of this Document with Appendix (PDF)

• 2003 WL 23831901 (Trial Motion, Memorandum and Affidavit) The Intic Parties' Response to Fidelity's Motion to Bar Reference to Insurance Coverage (Mar. 7, 2003) Original Image of this Document (PDF)

• 2003 WL 23417084 (Trial Motion, Memorandum

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 2005233 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.2d)

and Affidavit) Plaintiff's Motion to Bar References at Trial to Plaintiff's Insurance Coverage (Feb. 27, 2003) Original Image of this Document (PDF)

• 2003 WL 23417085 (Trial Motion, Memorandum and Affidavit) Motion to Bar the Testimony of Frank Casillas as Violative of the DFI's Confidentiality Regulation (Feb. 27, 2003) Original Image of this Document with Appendix (PDF)

• 2003 WL 23417086 (Trial Motion, Memorandum and Affidavit) Plaintiff's Motion to Exclude from Trial Evidence Contesting Fidelity's Assignments (Feb. 27, 2003) Original Image of this Document (PDF)

• 2003 WL 23417088 (Trial Motion, Memorandum and Affidavit) Plaintiff's Rule 56(d) Motion to Specify for Trial Material Facts that Appear Without Substantial Controversy (Feb. 27, 2003) Original Image of this Document with Appendix (PDF)

• 2003 WL 23417091 (Trial Motion, Memorandum and Affidavit) Thomas Simonton's Motion to Exclude Late-Disclosed Audiotapes (Feb. 27, 2003) Original Image of this Document with Appendix (PDF)

• 2003 WL 23417096 (Trial Motion, Memorandum and Affidavit) The INTIC Parties' Motions in Limine (Feb. 27, 2003) Original Image of this Document with Appendix (PDF)

• 2003 WL 23417101 (Trial Motion, Memorandum and Affidavit) Stewart Parties' Motion in Limine to Bar Expert Testimony by William Pollard (Feb. 27, 2003) Original Image of this Document with Appendix (PDF)

• 2003 WL 23417108 (Trial Motion, Memorandum and Affidavit) Stewart Parties' Motion in Limine to Bar Fidelity from Calling Theresa Crane as a Witness at Trial (Feb. 27, 2003) Original Image of this Document with Appendix (PDF)

• 2003 WL 23417113 (Trial Motion, Memorandum and Affidavit) Stewart Guaranty's Motion in Limine to Preclude Expert Testimony Predicting Future Events by Bruce Burton (Feb. 27, 2003) Original Image of this Document with Appendix (PDF)

• 2003 WL 23417119 (Trial Motion, Memorandum and Affidavit) Stewart Parties' Motion in Limine to Bar Fidelity from Using Documents not Produced During Discovery (Feb. 27, 2003) Original Image of this Document with Appendix (PDF)

• 2003 WL 23417122 (Trial Motion, Memorandum

and Affidavit) Stewart Parties' Motion in Limine to Bar Evidence Relating to Old Intercounty's Defeasance Program (Feb. 27, 2003) Original Image of this Document with Appendix (PDF)

• 2003 WL 23831869 (Trial Motion, Memorandum and Affidavit) Hargrove's Trial Brief and Points and Authorities (Feb. 27, 2003) Original Image of this Document with Appendix (PDF)

• 2003 WL 24255371 (Trial Motion, Memorandum and Affidavit) Stewart Parties' Motion in Limine to Bar Fidelity from Calling Theresa Crane as a Witness at Trial (Feb. 27, 2003) Original Image of this Document (PDF)

• 2003 WL 24255372 (Trial Motion, Memorandum and Affidavit) Stewart Parties' Motion in Limine to Bar Expert Testimony by William Pollard (Feb. 27, 2003) Original Image of this Document (PDF)

• 2003 WL 24255373 (Trial Motion, Memorandum and Affidavit) Jack L. Hargrove's Motions in Limine (Feb. 27, 2003) Original Image of this Document (PDF)

• 2003 WL 24255375 (Trial Motion, Memorandum and Affidavit) Stewart Guaranty's Motion in Limine to Preclude Expert Testimony Predicting Future Events by Bruce Burton (Feb. 27, 2003) Original Image of this Document (PDF)

• 2003 WL 24255376 (Trial Motion, Memorandum and Affidavit) Hargrove's Trial Brief and Points and Authorities (Feb. 27, 2003) Original Image of this Document (PDF)

• 2003 WL 23417135 (Trial Motion, Memorandum and Affidavit) Plaintiff's Motion to Voluntarily Dismiss Certain Claims Without Prejudice (Feb. 24, 2003) Original Image of this Document (PDF)

• 2003 WL 24255374 (Trial Motion, Memorandum and Affidavit) Plaintiff's Motion to Voluntarily Dismiss Certain Claims Without Prejudice (Feb. 24, 2003) Original Image of this Document (PDF)

• 2003 WL 23417130 (Trial Motion, Memorandum and Affidavit) Stewart Defendants' Motion to Compel Compliance with Subpoena by Anne Coon (Feb. 21, 2003) Original Image of this Document with Appendix (PDF)

• 2003 WL 23831868 (Trial Motion, Memorandum and Affidavit) Intic Parties' Response to Fidelity's Motion to Sanction (Feb. 21, 2003) Original Image of this Document (PDF)

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

- 2003 WL 23417727 (Trial Motion, Memorandum and Affidavit) Motion to Enlarge Referral to Include Six Additional Forgeries on the Intic Defendants' Trial Exhibit List (Feb. 4, 2003) Original Image of this Document with Appendix (PDF)

- 2003 WL 23417082 (Trial Motion, Memorandum and Affidavit) New Intercounty's Motion for Default Against Iti Enterprises, Inc. (Feb. 3, 2003) Original Image of this Document (PDF)

- 2003 WL 23417080 (Trial Motion, Memorandum and Affidavit) Motion to Withdraw (Jan. 30, 2003) Original Image of this Document (PDF)

- 2003 WL 23417070 (Trial Motion, Memorandum and Affidavit) Tile INTIC Parties' Memorandum Joining Fidelity's Motion for Entry of Defaults and in Opposition to Fidelity's Request for Reallocation of Trial Time (Jan. 24, 2003) Original Image of this Document (PDF)

- 2003 WL 23831865 (Trial Motion, Memorandum and Affidavit) The Intic Parties' Memorandum Joining Fidelity's Motion For Entry of Defaults and in Opposition To Fidelity's Request for Reallocation of Trial Time (Jan. 24, 2003) Original Image of this Document (PDF)

- 2003 WL 23831867 (Trial Motion, Memorandum and Affidavit) Stewart Defendants' Response to Fidelity's Motion to Default Certain Defendants and to re-Allocate Their Trial Time (Jan. 24, 2003) Original Image of this Document with Appendix (PDF)

- 2003 WL 23417072 (Trial Motion, Memorandum and Affidavit) Motion to Withdraw (Jan. 23, 2003) Original Image of this Document with Appendix (PDF)

- 2003 WL 23417076 (Trial Motion, Memorandum and Affidavit) Motion to Default Certain Defendants and to Re-Allocate Their Trial Time (Jan. 23, 2003) Original Image of this Document with Appendix (PDF)

- 2003 WL 23417071 (Trial Motion, Memorandum and Affidavit) Stewart Defendants' Agreed Motion for Reservation of the Clerk's Deps Unit (Jan. 22, 2003) Original Image of this Document (PDF)

- 2002 WL 32450449 (Trial Motion, Memorandum and Affidavit) INTIC Parties' Conditional Emergency Motion for Leave to File Substitute Appearance of Counsel (Nov. 18, 2002) Original Image of this Document (PDF)

- 2002 WL 32971040 (Trial Motion, Memorandum and Affidavit) Plaintiff's Memorandum in Support of Entry of Judgment Against Capjac Investment Group, Inc. (Oct. 25, 2002) Original Image of this Document (PDF)

- 2002 WL 32450448 (Trial Motion, Memorandum and Affidavit) Motion to File Supplemental Declaration of Myron M. Cherry Under Seal (Sep. 12, 2002) Original Image of this Document (PDF)

- 2002 WL 32693109 (Trial Motion, Memorandum and Affidavit) Stewart Defendants' Reply in Support of Their Motion to Strike Fidelity's Jury Demand (Sep. 8, 2002) Original Image of this Document (PDF)

- 2002 WL 32450445 (Trial Motion, Memorandum and Affidavit) Fidelity's Memorandum on Its Jury Trial Right for Its Unjust Enrichment Claim (Sep. 4, 2002) Original Image of this Document (PDF)

- 2002 WL 32450447 (Trial Motion, Memorandum and Affidavit) Plaintiff's Motion to Voluntarily Dismiss Certain Claims Without Prejudice (Sep. 4, 2002) Original Image of this Document (PDF)

- 2002 WL 32693105 (Trial Motion, Memorandum and Affidavit) Fidelity's Memorandum on Its Jury Trial Right for Its Unjust Enrichment Claim (Sep. 4, 2002) Original Image of this Document (PDF)

- 2002 WL 32971039 (Trial Motion, Memorandum and Affidavit) Plaintiff's Motion to Voluntarily Dismiss ocketed Certain Claims Without Prejudice (Sep. 4, 2002) Original Image of this Document (PDF)

- 2002 WL 32693102 (Trial Motion, Memorandum and Affidavit) Reply to Fidelity's Response to Motion to Stay Proceedings on Attorneys' Fees (Aug. 9, 2002) Original Image of this Document (PDF)

- 2002 WL 32693100 (Trial Motion, Memorandum and Affidavit) Fidelity's Response To Ms. Peloza and Mr. Cornell's Motion To Stay Proceedings On Attorneys' Fees (Aug. 8, 2002) Original Image of this Document with Appendix (PDF)

- 2002 WL 32450441 (Trial Motion, Memorandum and Affidavit) Motion to Stay Proceedings on Attorneys' Fees (Aug. 7, 2002) Original Image of this Document (PDF)

- 2002 WL 32971041 (Trial Motion, Memorandum and Affidavit) Motion to Stay Proceedings on Attorneys' Fees (Aug. 7, 2002) Original Image of this Document (PDF)

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 2005233 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.2d)

Page 14

- 2002 WL 32450432 (Trial Motion, Memorandum and Affidavit) Supplemental Memorandum in Support of Motion to Withdraw (Aug. 6, 2002) Original Image of this Document (PDF)
- 2002 WL 32450424 (Trial Motion, Memorandum and Affidavit) Motion to Withdraw (Jul. 24, 2002) Original Image of this Document (PDF)
- 2002 WL 32450417 (Trial Motion, Memorandum and Affidavit) Limited Motion to Reconsider Single Issue in Court's Memorandum Opinion and Order Dated July 3, 2002 (Jul. 12, 2002) Original Image of this Document (PDF)
- 2002 WL 32450410 (Trial Motion, Memorandum and Affidavit) Joint Motion for Reassignment of Cases as Related (Apr. 12, 2002) Original Image of this Document with Appendix (PDF)
- 2002 WL 32693098 (Trial Motion, Memorandum and Affidavit) Plaintiff's Response to Mr. Cornell's Objections to the March 7 2002 Report and Recommendation (Apr. 12, 2002) Original Image of this Document with Appendix (PDF)
- 2002 WL 32450404 (Trial Motion, Memorandum and Affidavit) Terry Cornell's Motion for Leave to File Table of Contents and Table of Authority and Objections to Magistrate Judge's Report and Recommendation Exceeding 15 Pages (Mar. 22, 2002) Original Image of this Document (PDF)
- 2002 WL 32450400 (Trial Motion, Memorandum and Affidavit) Fidelity's Motion for Entry of an Order Setting the Fees and Expenses Relating to Sanctions Order (Mar. 19, 2002) Original Image of this Document with Appendix (PDF)
- 2002 WL 32693093 (Trial Motion, Memorandum and Affidavit) Plaintiff's Response to Susan Peloza's Objections to the Sanctions Order (Mar. 11, 2002) Original Image of this Document with Appendix (PDF)
- 2002 WL 32693088 (Trial Motion, Memorandum and Affidavit) Plaintiff's Post-Hearing Reply Brief in Support of Its Motion for Sanctions Against Terry Cornell (Feb. 19, 2002) Original Image of this Document (PDF)
- 2002 WL 32693082 (Trial Motion, Memorandum and Affidavit) Defendant/Counter-Plaintiff Terry Cornell's Post-Hearing Brief in Opposition to Fidelity's Motion for Sanctions Against Terry Cornell (Feb. 5, 2002) Original Image of this Document with Appendix (PDF)

- 2002 WL 32963577 () Transcript of Proceedings (Jan. 7, 2002) Original Image of this Document (PDF)
- 2002 WL 33003964 () Transcript of Proceedings before the Honorable Magistrate Geraldine Soat Brown (Jan. 7, 2002) Original Image of this Document (PDF)
- 2001 WL 34483578 (Trial Motion, Memorandum and Affidavit) Motion for Correction and/or Clarification of Court Order (Dec. 20, 2001) Original Image of this Document with Appendix (PDF)
- 2001 WL 34670647 (Trial Motion, Memorandum and Affidavit) Fidelity's Response to the Stewart Defendants' Motion in Limine to Preclude Expert Testimony Predicting Future Events by Bruce Burton (Dec. 17, 2001) Original Image of this Document with Appendix (PDF)
- 2001 WL 34670692 (Trial Motion, Memorandum and Affidavit) Fidelity's Response to the Stewart Defendants' Motion in Limine to Strike Fidelity's Exhibit List (Dec. 17, 2001) Original Image of this Document (PDF)
- 2001 WL 34670695 (Trial Motion, Memorandum and Affidavit) Fidelity's Response to Stewart's Motion to Preclude Introduction of Witnesses' Invocations of Fifth Amendment Privileges (Dec. 17, 2001) Original Image of this Document with Appendix (PDF)
- 2001 WL 34670700 (Trial Motion, Memorandum and Affidavit) Fidelity's Response to Stewart's Motion to Bar All Pre-1995 Evidence (Dec. 17, 2001) Original Image of this Document (PDF)
- 2001 WL 34670704 (Trial Motion, Memorandum and Affidavit) Fidelity's Response to Stewart's Motion In Limine to Bar the Testimony of Jonathan Vanderveen (Dec. 17, 2001) Original Image of this Document (PDF)
- 2001 WL 34670706 (Trial Motion, Memorandum and Affidavit) Fidelity's Response to Stewart's Motion In Limine to Bar the Testimony of William J. Pollard (Dec. 17, 2001) Original Image of this Document with Appendix (PDF)
- 2001 WL 34483577 (Trial Motion, Memorandum and Affidavit) Fidelity's Motion to Consolidate Fidelity/Stewart Title Claims (Dec. 7, 2001) Original Image of this Document (PDF)

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

- 2001 WL 34670685 (Trial Motion, Memorandum and Affidavit) Plaintiff's Response to Stewart's Motion to Strike Plaintiff's Jury Demand (Dec. 7, 2001) Original Image of this Document (PDF)

- 2001 WL 34670688 (Trial Motion, Memorandum and Affidavit) Fidelity's Response to Stewart's Motion to Bifurcate (Dec. 7, 2001) Original Image of this Document (PDF)

- 2001 WL 34873232 (Trial Motion, Memorandum and Affidavit) Fidelity's Motion to Consolidate Fidelity/Stewart Title Claims (Dec. 7, 2001) Original Image of this Document (PDF)

- 2001 WL 34868092 () (Transcript) (Dec. 2, 2001) Original Image of this Document (PDF)

- 2001 WL 34483565 (Trial Motion, Memorandum and Affidavit) Stewart Defendants' Motion Inlimine to Bar the Proposed Expert Testimony of Jonathan Vanderveen (Nov. 30, 2001) Original Image of this Document (PDF)

- 2001 WL 34483566 (Trial Motion, Memorandum and Affidavit) Stewart Defendants' Corrected Motion in Limine to Strike Fidelity's Exhibit List (Nov. 30, 2001) Original Image of this Document with Appendix (PDF)

- 2001 WL 34483569 (Trial Motion, Memorandum and Affidavit) Plaintiff's Motion to bar References to Plaintiff's Insurance Coverage (Nov. 30, 2001) Original Image of this Document (PDF)

- 2001 WL 34483571 (Trial Motion, Memorandum and Affidavit) Motion in Limine to Bar Evidence and Testimony Regarding Fidelity's Conduct and Its ""Primary Liability" (Nov. 30, 2001) Original Image of this Document (PDF)

- 2001 WL 34483572 (Trial Motion, Memorandum and Affidavit) Plaintiff's Motion in Limine to Exclude Evidence-Hargrove Collateral (Nov. 30, 2001) Original Image of this Document (PDF)

- 2001 WL 34484261 (Trial Motion, Memorandum and Affidavit) Defendant's Motion to Bar References to Defendant's Insurance Coverage (Nov. 30, 2001) Original Image of this Document (PDF)

- 2001 WL 34484270 (Trial Motion, Memorandum and Affidavit) Plaintiff's Motion in Limine to Strike Defendant's Exhibit List (Nov. 30, 2001) Original Image of this Document with Appendix (PDF)

- 2001 WL 34670681 (Trial Motion, Memorandum and Affidavit) Plaintiff's Post-Hearing Reply Brief in Support of Its Motion to Compel and for Sanctions Against Susan Peloza (Nov. 30, 2001) Original Image of this Document (PDF)

- 2001 WL 34873209 (Trial Motion, Memorandum and Affidavit) Plaintiff's Motion in Limine to Exclude Evidence--Hargrove Collateral (Nov. 30, 2001) Original Image of this Document (PDF)

- 2001 WL 34873210 (Trial Motion, Memorandum and Affidavit) Motion in Limine to Bar Evidence and Testimony Regarding Fidelity's Conduct and its ""Primary Liability'" (Nov. 30, 2001) Original Image of this Document (PDF)

- 2001 WL 34873211 (Trial Motion, Memorandum and Affidavit) Stewart Defendants' Motion in Limine to Bar the Proposed Expert Testimony of Jonathan Vanderveen (Nov. 30, 2001) Original Image of this Document (PDF)

- 2001 WL 34483560 (Trial Motion, Memorandum and Affidavit) Stewart Defendants' Motion in Limine to Bar the Proposed Expert Testimony of William J. Pollard (Nov. 29, 2001) Original Image of this Document with Appendix (PDF)

- 2001 WL 34483562 (Trial Motion, Memorandum and Affidavit) Stewart Defendants' Motion in Limine to Bar Irrelevant Pre-1995 Evidence (Nov. 29, 2001) Original Image of this Document (PDF)

- 2001 WL 34483563 (Trial Motion, Memorandum and Affidavit) Stewart Defendants' Motion in Limine to Strike Fidelity's Exhibit List (Nov. 29, 2001) Original Image of this Document (PDF)

- 2001 WL 34483574 (Trial Motion, Memorandum and Affidavit) Terry Cornell's Emergency (and Alternative) Motion to Compel Attendance of Witness at Evidentiary Hearing and Request for Sanctions (Nov. 29, 2001) Original Image of this Document with Appendix (PDF)

- 2001 WL 34873212 (Trial Motion, Memorandum and Affidavit) Stewart Defendants' Motion in Limine to Strike Fidelity's Exhibit List (Nov. 29, 2001) Original Image of this Document (PDF)

- 2001 WL 34873213 (Trial Motion, Memorandum and Affidavit) Stewart Defendants' Motion in Limine to Bar Irrelevant Pre-1995 Evidence (Nov. 29, 2001) Original Image of this Document (PDF)

- 2001 WL 34483575 (Trial Motion, Memorandum and Affidavit) Defendant Capriotti's Motion for Substitution of Counsel (Nov. 28, 2001) Original Image

Not Reported in F.Supp.2d                                                      Page 16
Not Reported in F.Supp.2d, 2003 WL 2005233 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.2d)

of this Document with Appendix (PDF)

• 2001 WL 34873216 (Trial Motion, Memorandum and Affidavit) Motion in Limine to Preclude Fidelity's Introduction or Use Against the Stewart Defendants of Witness' Invocations of Their 5th Amendment Privileges (Nov. 28, 2001) Original Image of this Document (PDF)

• 2001 WL 34483558 (Trial Motion, Memorandum and Affidavit) The INTIC Defendants' Emergency Omnibus Motion to: (1) Strike Fidelity's Motion for Sanctions Against Terry Cornell; (2) Strike Fidelity's Motion to Compel and for Sanctions Against Susan Peloza; (3) Enter Judgment Against Fidelity on All of its Clai ms Asserted Herein Against the INTIC Defendants; (4) Enjoin Fidelity from its Continued Engagement of Persons Whose Purpose is to Follow, Harass, Intimidate, or Physically Injure the INTIC Defendants; (5) Award the INTIC Defendants Their Attorneys' F (Nov. 27, 2001) Original Image of this Document with Appendix (PDF)

• 2001 WL 34873243 (Trial Motion, Memorandum and Affidavit) The Intic Defendants' Memorandum of Law in Support of Motion for Summary Judgment and Request for Oral Argument (Aug. 22, 2001) Original Image of this Document (PDF)

• 2001 WL 34873217 (Trial Motion, Memorandum and Affidavit) Stewart's Memorandum in Support of Motion for Summary Judgment (Aug. 17, 2001) Original Image of this Document (PDF)

• 2001 WL 34873218 (Trial Motion, Memorandum and Affidavit) Stewart Defendants' Motion for Summary Judgement (Aug. 17, 2001) Original Image of this Document (PDF)

• 2001 WL 34873219 (Trial Motion, Memorandum and Affidavit) Plaintiff's Memorandum in Support of Its Motion for Partial Summary Judgment Against Intercounty Title Company (Aug. 17, 2001) Original Image of this Document (PDF)

• 2001 WL 34873220 (Trial Motion, Memorandum and Affidavit) Plaintiff's Motion for Partial Summary Judgment Against Intercounty Title Company (Aug. 17, 2001) Original Image of this Document (PDF)

• 2001 WL 34904972 (Trial Motion, Memorandum and Affidavit) Plaintiff's Memorandum in Support of its Motion for Partial Summary Judgment Against Intercounty Title Company (Aug. 17, 2001) Original Image of this Document (PDF)

• 2001 WL 34905104 (Trial Motion, Memorandum and Affidavit) Plaintiff's Motion for Partial Summary Judgment against Intercounty Title Company (Aug. 17, 2001) Original Image of this Document (PDF)

• 2001 WL 34873239 (Trial Motion, Memorandum and Affidavit) Plaintiff's Motion to Compel Production of Documents from Susan Peloza and Also for Sanctions (Aug. 10, 2001) Original Image of this Document (PDF)

• 2001 WL 34883505 () (Partial Testimony) (Aug. 10, 2001) Original Image of this Document (PDF)

• 2001 WL 34902058 () Session III (Aug. 10, 2001) Original Image of this Document (PDF)

• 2001 WL 34902059 () (Partial Testimony) (Aug. 7, 2001) Original Image of this Document (PDF)

• 2001 WL 34873240 (Trial Motion, Memorandum and Affidavit) Plaintiff's Motion to Compel Susan Peloza's Deposition to Take Place on August 13 or 14, 2001 or in the Alternate to Reset the Deadline for Filing Dispositive Motions to August 24, 2001 (Aug. 6, 2001) Original Image of this Document (PDF)

• 2001 WL 34902060 () (Partial Testimony) (Aug. 6, 2001) Original Image of this Document (PDF)

• 2001 WL 34873236 (Trial Motion, Memorandum and Affidavit) Fidelity's Motion to Compel Deposition of William Craig (Jul. 27, 2001) Original Image of this Document (PDF)

• 2001 WL 34873237 (Trial Motion, Memorandum and Affidavit) Defendants Intercounty National Title Insurance Company, Intercounty Title Company, Intic Holding, Company, Susan Peloza and Terry Cornell's Emergency Motion to Compel Deposition of Fidelity's Rule 30(B)(6) Designee (Jul. 27, 2001) Original Image of this Document (PDF)

• 2001 WL 34873242 (Trial Motion, Memorandum and Affidavit) Motion to Compel Answers to Discovery (Jul. 25, 2001) Original Image of this Document (PDF)

• 2001 WL 34868085 () Rule 26(a)(2)(B) Report of Joseph E. Berlinski (Jul. 18, 2001) Original Image of this Document (PDF)

• 2001 WL 34868086 () Expert Report of Bruce W. Burton (Jul. 18, 2001) Original Image of this Document (PDF)

• 2001 WL 34868087 () Expert Report of William B. Metzdorff (Jul. 18, 2001) Original Image of this Document (PDF)

Not Reported in F.Supp.2d                                                          Page 17
Not Reported in F.Supp.2d, 2003 WL 2005233 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.2d)

• 2001 WL 34900799 () Expert Report of William B. Metzdorff (Jul. 18, 2001) Original Image of this Document (PDF)

• 2001 WL 34900800 () Rule 26(a)(2)(B) Report of JOSEPH E. BERLINSKI (Jul. 18, 2001) Original Image of this Document (PDF)

• 2001 WL 34900802 () (Report or Affidavit of Bernard J. Dump) (Jul. 18, 2001)

• 2001 WL 34901195 () Expert Report of Bruce W. Burton (Jul. 18, 2001) Original Image of this Document (PDF)

• 2001 WL 34868089 () Expert Report of Daniel P. Seymour (Jul. 17, 2001) Original Image of this Document (PDF)

• 2001 WL 34883500 () Oral and Videotaped Deposition of Lawrence A. Davis, III (Jul. 10, 2001) Original Image of this Document (PDF)

• 2001 WL 34873238 (Trial Motion, Memorandum and Affidavit) Stewart Defendants' Motion to Compel Production of Documents by Plaintiff Fidelity National Title Insurance Company of New York (Jun. 28, 2001) Original Image of this Document (PDF)

• 2001 WL 34883504 () (Partial Testimony) (Jun. 28, 2001) Original Image of this Document (PDF)

• 2001 WL 34836140 () Rule 26 (a)(2)(B) Report of Jonathan D. Vanderveen (Jun. 18, 2001) Original Image of this Document (PDF)

• 2001 WL 34868088 () (Report or Affidavit of Jonathan D. Vanderveen) (Jun. 18, 2001)

• 2001 WL 34868090 () (Report or Affidavit of William J. Pollard) (Jun. 18, 2001)

• 2001 WL 34885366 () Rule 26 (a)(2)(B) Report of William J. Pollard (Jun. 18, 2001) Original Image of this Document (PDF)

• 2001 WL 34885367 () Rule 26 (a)(2)(B) Report of Jonathan D. Vanderveen (Jun. 18, 2001) Original Image of this Document (PDF)

• 2001 WL 34900778 () (Report or Affidavit of J. Bushnell Nielsen) (Jun. 18, 2001)

• 2001 WL 34900801 () Rule 26 (a)(2)(B) Report of William J. Pollard (Jun. 18, 2001) Original Image of this Document (PDF)

• 2001 WL 34901196 () Expert Report of William B. Metzdorff (Jun. 18, 2001) Original Image of this Document (PDF)

• 2001 WL 34873254 (Trial Pleading) Answer and

Affirmative Defenses to Amended Counts VII, VIII and IX of the Counter-Complaint and Third-Party Complaint (Jun. 8, 2001) Original Image of this Document (PDF)

• 2001 WL 34873230 (Trial Motion, Memorandum and Affidavit) Motion to stay Production of Documents Pending Ruling on Objections to Magistrate's Discovery Order of June 6, 2001 (Jun. 7, 2001) Original Image of this Document (PDF)

• 2001 WL 34873235 (Trial Motion, Memorandum and Affidavit) Fidelity's Motion to Compel Intercounty National Title Insurance Company, Intercounty Title Company, Intic Holding Company, Susan Peloza, Terry Cornell, Their Accountant and Their Bank (May 25, 2001) Original Image of this Document (PDF)

• 2001 WL 34873260 (Trial Pleading) The Stewart Defendants' Answer to the Amended Complaint (May 14, 2001) Original Image of this Document (PDF)

• 2001 WL 34873258 (Trial Pleading) Hargrove's Answer or Response and Affirmative Defenses to Plaintiff's Amended Complaint (May 11, 2001) Original Image of this Document (PDF)

• 2001 WL 34883501 () Oral and Videotaped Deposition of Lawrence A. Davis, III (May 2, 2001) Original Image of this Document (PDF)

• 2001 WL 34873234 (Trial Motion, Memorandum and Affidavit) Emergency Motion to Compel (Apr. 24, 2001) Original Image of this Document (PDF)

• 2001 WL 34873256 (Trial Pleading) Defendant Alan L. Hurwick's Answer to Amended Complaint (Apr. 19, 2001) Original Image of this Document (PDF)

• 2001 WL 34873233 (Trial Motion, Memorandum and Affidavit) Emergency Motion to Compel (Apr. 10, 2001) Original Image of this Document (PDF)

• 2001 WL 34873253 (Trial Pleading) Answer and Affirmative Defenses to Counter-Complaint and Third-Party Complaint (Apr. 10, 2001) Original Image of this Document (PDF)

• 2001 WL 34873221 (Trial Motion, Memorandum and Affidavit) Hargrove's Motion to Dismiss Counts I, III, V and IX of the Amended Complaint and for Other Relief (Apr. 9, 2001) Original Image of this Document (PDF)

• 2001 WL 34873222 (Trial Motion, Memorandum

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 2005233 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.2d)

Page 18

and Affidavit) Stewart Defendants' Motion to Dismiss Plaintiff's Amended Complaint and Motion to Strike (Apr. 9, 2001) Original Image of this Document (PDF)

• 2001 WL 34873223 (Trial Motion, Memorandum and Affidavit) ITI Enterprises, Inc. and Wholesale Real Estate Services, Inc. Motion to Dismiss and Memorandum of Law in Support Threof (Apr. 9, 2001) Original Image of this Document (PDF)

• 2001 WL 34873224 (Trial Motion, Memorandum and Affidavit) Motion with Supporting Authorities to Stay or Dismiss This Case in Favor of Arbitration, or, Alternatively, to Strike and Dismiss the Amended Complaint (Apr. 9, 2001) Original Image of this Document (PDF)

• 2001 WL 34873227 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Motion to Dismiss Amended Complaint by Defendant Peter Waters (Apr. 9, 2001) Original Image of this Document (PDF)

• 2001 WL 34873255 (Trial Pleading) Defendant Capriotti's Answer to the Amended Complaint (Apr. 9, 2001) Original Image of this Document (PDF)

• 2001 WL 34873257 (Trial Pleading) ITI Enterprises, Inc.'s and Wholesale Real Estate Services, Inc.'s Answer to Amended Complaint (Apr. 9, 2001) Original Image of this Document (PDF)

• 2001 WL 34873259 (Trial Pleading) Hargrove's Answer or Response to Counts II, IV, VI, VII, VIII, X, XI and XII of Plaintiff's Amended Complaint (Apr. 9, 2001) Original Image of this Document (PDF)

• 2001 WL 34873228 (Trial Motion, Memorandum and Affidavit) Plaintiff Fidelity's Memorandum in Support of its Motion to Compel Responses to Written Discovery Directed to Defendants Capriotti, Hargrove and Hurwick (Mar. 23, 2001) Original Image of this Document (PDF)

• 2001 WL 34873252 (Trial Pleading) Amended Complaint (Mar. 2, 2001) Original Image of this Document (PDF)

• 2001 WL 34904969 (Trial Pleading) Amended Complaint (Mar. 2, 2001) Original Image of this Document (PDF)

• 2001 WL 34873225 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Motion to Dismiss Counterclaims and Third-Party Complaint (Feb. 20, 2001) Original Image of this Document (PDF)

• 2001 WL 34873226 (Trial Motion, Memorandum and Affidavit) Counterdefendant's and Third Party Defendants' Motion to Dismiss Counterclaim and Third Party Complaint (Feb. 20, 2001) Original Image of this Document (PDF)

• 2001 WL 34873229 (Trial Motion, Memorandum and Affidavit) Motion to Stay Proceedings Against Defendants Iti Enterprises, Inc. and Wholesale Real Estate Services, Inc. (Jan. 26, 2001) Original Image of this Document (PDF)

• 2001 WL 34904973 (Trial Motion, Memorandum and Affidavit) Fidelity's Motion to Dismiss Plaintiff's Complaint (Jan. 12, 2001) Original Image of this Document (PDF)

• 2001 WL 34873241 (Trial Motion, Memorandum and Affidavit) Fidelity's Memorandum in Support of Its Motion to Compel Responses to Written Discovery Directed to the Stewart Defendants (2001) Original Image of this Document (PDF)

• 2000 WL 34594445 (Trial Motion, Memorandum and Affidavit) Emergency Motion to Compel Expedited Responses, for Protective Order and to Enter Documents Under Seal (Dec. 29, 2000) Original Image of this Document (PDF)

• 2000 WL 34442698 (Trial Pleading) Complaint (Nov. 9, 2000) Original Image of this Document with Appendix (PDF)

• 2000 WL 34618544 (Trial Pleading) Complaint (Nov. 9, 2000) Original Image of this Document (PDF)

• 1:00CV07086 (Docket) (Nov. 09, 2000)

• 2000 WL 34594441 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of the Stewart Defendants' Motion to Dismiss Plaintiff's Complaint (Nov. 8, 2000) Original Image of this Document (PDF)

• 2000 WL 34594442 (Trial Motion, Memorandum and Affidavit) Stewart Defendants' Motion to Dismiss Plaintiff's Complaint (Nov. 8, 2000) Original Image of this Document (PDF)

• 2000 WL 34594444 (Trial Motion, Memorandum and Affidavit) Memorandum of Defendants Intercounty National Title Insurance Company, Intercounty Title Company, Intic Holding Company, Susan Peloza and Terry Cornell in Support of Their

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                    Page 19
Not Reported in F.Supp.2d, 2003 WL 2005233 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.2d)

Motion to Stay or Dismiss (Nov. 8, 2000) Original Image of this Document (PDF)

• 2000 WL 34594437 (Trial Motion, Memorandum and Affidavit) Motion to Dismiss Defendant, Michel Thyfault, from Counts I, III and V of Plaintiff's Complaint and, In the Alternative, for A More Definite Statement (Nov. 7, 2000) Original Image of this Document (PDF)

• 2000 WL 34594439 (Trial Motion, Memorandum and Affidavit) Memorandum of Defendant Laurence W. Capriotti in Support of Motion to Dismiss (Nov. 7, 2000) Original Image of this Document (PDF)

• 2000 WL 34594440 (Trial Motion, Memorandum and Affidavit) Motion of Defendant Laurence W. Capriotti to Dismiss (Nov. 7, 2000) Original Image of this Document (PDF)

• 2000 WL 34594438 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Motion to Dismiss by Defendant Peter Waters (Nov. 3, 2000) Original Image of this Document (PDF)

• 2000 WL 34594443 (Trial Motion, Memorandum and Affidavit) Memorandum of Jack L. Hargrove in Support of Motion to Dismiss Complaint (Nov. 3, 2000) Original Image of this Document (PDF)

• 2000 WL 34594436 (Trial Motion, Memorandum and Affidavit) Motion of Defendant Jack L. Hargrove to Dismiss, Stay or Abstain (Nov. 2, 2000) Original Image of this Document (PDF)

• 2000 WL 34442829 (Trial Pleading) Complaint (Sep. 15, 2000) Original Image of this Document with Appendix (PDF)

• 1:00cv05658 (Docket) (Sep. 14, 2000)

• 2000 WL 34590874 () Declaration of William J. Pollard (May 5, 2000) Original Image of this Document (PDF)

• 2000 WL 34443030 (Trial Motion, Memorandum and Affidavit) Stewart Parties' Opposition to Fidelity's Motion in Limine to Exclude from Trial All Evidence Contesting Fidelity's Assignments (Mar. 7, 2000) Original Image of this Document with Appendix (PDF)

• 2000 WL 34304566 (Trial Pleading) COMPLAINT (2000) Original Image of this Document with Appendix (PDF)

• 2000 WL 34304579 (Trial Motion, Memorandum and Affidavit) Jack L. Hargrove's Motions in Limine (2000) Original Image of this Document (PDF)

• 2000 WL 34304661 (Trial Motion, Memorandum and Affidavit) Joint Motion for Leave to Submit Revised Proposed Jury Instructions and Verdict Forms and Request for Status Conference (2000) Original Image of this Document with Appendix (PDF)

• 2000 WL 34590875 () Expert Report of Deloitte & Touche (2000) Original Image of this Document (PDF)

• 2000 WL 34590876 () (Transcript) (2000) Original Image of this Document (PDF)

• 2000 WL 34590877 () (Transcript) (2000) Original Image of this Document (PDF)

• 2000 WL 34590878 () (Transcript) (2000) Original Image of this Document (PDF)

• 2000 WL 34590879 () (Transcript) (2000) Original Image of this Document (PDF)

• 2000 WL 34590880 () (Transcript) (2000) Original Image of this Document (PDF)

• 2000 WL 34590978 () (Partial Testimony) (2000) Original Image of this Document (PDF)

• 2000 WL 34594458 (Trial Motion, Memorandum and Affidavit) Stewart Parties' Trial Brief (2000) Original Image of this Document (PDF)

• 2000 WL 34594448 (Trial Motion, Memorandum and Affidavit) Intic Parties' Trial Brief (2000) Original Image of this Document (PDF)

• 2000 WL 34594458 (Trial Pleading) Count Twelve to Counter-Complaint and Third-Party Complaint (2000) Original Image of this Document (PDF)

• 2000 WL 34601325 () (Partial Testimony) (2000) Original Image of this Document (PDF)

• 2000 WL 34601326 () (Partial Testimony) (2000) Original Image of this Document (PDF)

• 2000 WL 34601327 () (Partial Testimony) (2000) Original Image of this Document (PDF)

• 2000 WL 34601328 () (Partial Testimony) (2000) Original Image of this Document (PDF)

• 2000 WL 34614826 () (Transcript) (2000) Original Image of this Document (PDF)

• 2000 WL 34614845 () (Transcript) (2000) Original Image of this Document (PDF)

• 2000 WL 34614846 () (Transcript) (2000) Original Image of this Document (PDF)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.