**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| TESLA INDUSTRIES, INC., | ) | **REDACTED PUBLIC VERSION** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-55-GMS |
| | ) | |
| DAVID C. WALDMANN, LYNDOL W. HOLLINGSWORTH, CHARLES MINNICK a.k.a. CHUCK MINNICK, and NEW MILLENNIUM TOOLS, INC., | ) | |
| Defendants. | ) | |

**NMT DEFENDANTS' MOTION *IN LIMINE* NO. 4:  TO PRECLUDE MR. DAVID MASILOTTI FROM OFFERING LAY OPINION OR EXPERT TESTIMONY**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone:  (302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants Lyndol W. Hollingsworth, Charles Minnick and New Millennium Tools, Inc.*

*Of Counsel:*

Louis S. Mastriani
Rodney R. Sweetland, III
David F. Nickel
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, DC  20036
Telephone:  (202) 467-6300

Dated:  April 5, 2007
179481.1

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................ 1

II.   ARGUMENT ...................................................................................... 2

    A.   Mr. Masilotti Should be Precluded from Offering Lay Opinion
        Testimony Under Federal Rule of Evidence 701 ............................ 2

        1.   Lay Opinion Testimony of Mr. Masilotti is Not Helpful or
                Determinative of a Fact in Issue ......................................... 3

        2.   Mr. Masilotti's Expected Opinion Lay Testimony is Based
                on Technical and Specialized Knowledge .......................... 3

    B.   Mr. Masilotti Should Be Precluded From Offering Expert
        Testimony Under Federal Rule of Civil Procedure 26 ................... 4

    C.   Lay Opinion Testimony of Mr. Masilotti is Unfairly Prejudicial
        Under Federal Rule of Evidence 403 ............................................. 5

III.  CONCLUSION .................................................................................. 6

# TABLE OF AUTHORITIES

## Cases

*Applera Corp. v. MJ Research, Inc.*, 220 F.R.D. 13 (D. Conn. 2004)............................................5

*Heary Bros. Lightning Prot. Co., Inc., v. Lightning Prot. Inst.*,
   287 F. Supp. 2d 1038 (D. Ariz. 2003) ........................................................................3

*KW Plastics v. U.S. Can Co.*, 199 F.R.D. 687 (M.D. Ala. 2000) .................................... 2, 5

*Luce v. United States*, 469 U.S. 38 (1984)........................................................................5

*McCulloch v. Hartford Life & Accident Ins. Co.*, 223 F.R.D. 26 (D. Conn. 2004)........................4

*Randolph v. Collectramatic, Inc.*, 590 F.2d 844 (10th Cir. 1979) .................................................3

*State v. Brown*, 836 S.W. 530 (1992) ................................................................................4

*United States v. Calhoun*, 544 F.2d 291 (6th Cir. 1976) ............................................................5

*United States v. Rea*, 958 F.2d 1206 (2d Cir. 1992) .......................................................... 3, 5

## Other Authorities

Joseph Ferraro and Jacqueline M. Vernon, *Federal Rules of Evidence Amendments: Will
Proposed Changes to 701, 702 Narrow Gate to Expert Testimony in Patent Trials?*, 224
N.Y.L.J. S4 (2000)....................................................................................................2

## Rules

Fed. R. Civ. P. 26 ..................................................................................................... 2, 4

Fed. R. Civ. P. 26(a)(2)(B) .............................................................................................4

Fed. R. Civ. P. 37(c)(1) ..................................................................................................1

Fed. R. Evid. 401 ..........................................................................................................1

Fed. R. Evid. 402 ..........................................................................................................1

Fed. R. Evid. 701 Advisory Comm. Note ...................................................................... 2, 4

Fed. R. Evid. 702 ..........................................................................................................1

## I.    **INTRODUCTION**

NMT anticipates that Plaintiff Tesla Industries, Inc. ("Tesla") will attempt to elicit lay and/or expert opinion testimony from, at least, its President, Mr. Masilotti, relating to the alleged uniqueness or superiority of Tesla's products, as compared to other similar products available in the marketplace.[1] Mr. Masilotti has not provided an expert report, has not been identified as an expert witness in response to NMT's discovery requests, and lacks any foundation to provide opinion testimony related to alleged uniqueness or superiority of Tesla's products.    With the exception of its purported expert witnesses Messrs. Guillemette and Carter, Tesla has refused to provide any information relating to the alleged uniqueness or superiority of Tesla's products over its competitors.[2]    When specifically requested to identify any competitive products during discovery, Tesla refused to provide any information and/or documents responsive to such requests.  *See* Exhibit 1, at Tesla's Response to Request No. 7; Exhibit 2, at Tesla's Response to Request Nos. 43 and 44; and Exhibit 3, at Tesla's Response to Interrogatory No. 23.  In fact, with respect to NMT's request for Tesla to identify any competitor in the market of the alleged trade secrets, Tesla responded, "no documents responsive to the Request exist."    Exhibit 1, at Response to Request No. 7.  Accordingly, Mr. Masilotti should be precluded from offering lay or expert opinions.

---

[1] Even though this Court's standard form of Order and practice required Tesla to provide its draft Pretrial Order on or before March 30, 2007, as of the date of filing this Motion, Tesla has not provided Defendants with a list of expected witnesses at trial or a summary of each witnesses' expected testimony. Accordingly, this Motion is currently addressed to Mr. Masilotti, as NMT is not presently aware of any other Tesla witnesses that may offer opinion testimony.    NMT respectfully requests the right to supplement this Motion to include any other belatedly identified witness that may offer opinion testimony.

[2] Messrs. Carter and Guillemette previously provided their proposed expert opinions, which related to Tesla's NATO Connectors only and did not speculate as to any other of Tesla's products and/or alleged trade secrets, and, accordingly, each opinion is subject to NMT's *Daubert* motion, which will be filed shortly.

II.    **ARGUMENT**

The Fed. R. Civ. P. and the Fed. R. Evid. have been designed to work together to ensure full pre-trial disclosure and to minimize unfair surprise and prejudice during trial. *KW Plastics v. U.S. Can Co.*, 199 F.R.D. 687, 690 (M.D. Ala. 2000). Federal Rule of Evidence 701 channels "testimony that is actually expert testimony to Rule 702 . . . [ensuring] that a party will not evade the expert witness disclosure requirements set forth in Fed. R. Civ. P. 26 . . . by simply calling an expert witness in the guise of a layperson." Fed. R. Evid. 701 Advisory Comm. Note. The portion of a lay witness's testimony that is based upon scientific, technical or other specialized knowledge, "will be subject to the heightened scrutiny of Rule 702, and the corresponding disclosure requirements of the civil rules." Joseph Ferraro and Jacqueline M. Vernon, *Federal Rules of Evidence Amendments: Will Proposed Changes to 701, 702 Narrow Gate to Expert Testimony in Patent Trials?*, 224 N.Y.L.J. S4 (2000).

A.    **Mr. Masilotti Should be Precluded from Offering Lay Opinion Testimony Under Federal Rule of Evidence 701**

Under Federal Rule of Evidence 701, a lay witness may offer opinion testimony that is "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701 (2005). The Rule "does not distinguish between expert and lay *witnesses*, but rather between expert and lay *testimony*." Fed. R. Evid. 701 Advisory Comm. Note to 2000 Amendment (emphasis in original). Further, whether testimony qualifies as lay opinion or fact testimony is a question for the Court under Federal Rule of Evidence 104(a). *United States v. Rea*, 958 F.2d 1206, 1216-17 (2d Cir. 1992); *Randolph v. Collectramatic, Inc.*, 590 F.2d 844, 847 (10th Cir. 1979).

### 1.    Lay Opinion Testimony of Mr. Masilotti is Not Helpful or Determinative of a Fact in Issue

NMT expects that Mr. Masilotti will claim that he has significant experience in his field and will attempt to testify as to general standards and practices in the industry. The jury may overlook that Mr. Masilotti has no foundation to compare competitive products, as (a) he does not have a college, graduate and/or engineering degree[3] and (b) he verified that Tesla does not have any information or documents relating to competitors or competitive products.[4] Thus, opinion testimony by Mr. Masilotti would confuse the jury, which may understand his testimony to be that of an experienced expert, to the detriment of NMT. *See Heary Bros. Lightning Prot. Co., Inc., v. Lightning Prot. Inst.*, 287 F. Supp. 2d 1038, 1072-1074 (D. Ariz. 2003) (plaintiff's employee with 30-plus years of experience precluded from offering opinion testimony, where employee had no formal education beyond high school, and did not have specialized knowledge or expertise.)

### 2.    Mr. Masilotti's Expected Opinion Lay Testimony is Based on Technical and Specialized Knowledge

Much of Mr. Masilotti's expected testimony is clearly based on specialized and technical knowledge. Mr. Masilotti's knowledge on these topics is not the result of his education. Exhibit 4, at 11:8-14:2. Similarly, Mr. Masilotti does not have any knowledge of competitive products, as Tesla has repeatedly represented through discovery that it has no information or knowledge relating to competitors or competitive products. Exhibit 1, at Response to Request No. 7; Exhibit 2, at Response to Request Nos. 42 and 44; and Exhibit 3, at Response to Interrogatory No. 23. Rather, Mr. Masilotti's knowledge, if any, is solely based on his experience as President of Tesla

---

[3] See Masilotti Deposition, Exhibit 4, at 11:8-14:2.

[4] See Masilotti Verification attached to Exhibits 2 and 3.

and his design and manufacture of Tesla's products. As President, Mr. Masilotti may have knowledge regarding the products designed and sold by Tesla, but he does not have any knowledge regarding competitive products. In order to provide his expected testimony, Mr. Masilotti, while giving lay fact testimony as to Tesla's products, will likely opine with his theories as to how or why Tesla's products are allegedly unique or superior. This testimony will be tantamount to expert opinion testimony. *See McCulloch v. Hartford Life & Accident Ins. Co.*, 223 F.R.D. 26, 28 (D. Conn. 2004) (finding that in order to provide lay testimony, employee witnesses "must provide substantially more than a recital of facts about what they may have observed on the job. These witnesses will develop opinions specifically for trial..."). Mr. Masilotti's expected testimony,

> unless strictly limited to a narrative of [his] own work, without an explanation of the underlying technology, and without inferences, conclusions or opinions – would appear to fit squarely within the 'scientific, technical or other specialized knowledge' exclusion from Rule 701 and so would be subject to the provisions of Rule 702 and the corresponding disclosure requirements of Rule 26.

Fed. R. Evid. 701 Advisory Comm. Note (citing *State v. Brown*, 836 S.W. 530, 549 (1992)).

### B.    Mr. Masilotti Should Be Precluded From Offering Expert Testimony Under Federal Rule of Civil Procedure 26

Fed. R. Civ. P. 26(a)(2)(A) requires that parties disclose "the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Fed. R. Evid." Fed. R. Civ. P. 26(a)(2)(A). Mr. Masilotti has not been identified in response to NMT's discovery requests or pursuant to Fed. R. Civ. P. 26 as an expert witness.

Fed. R. Civ. P. 26(a)(2)(B), specifically, was designed "to minimize unfair surprise and prejudice resulting from sketchy and vague disclosure prior to trial." *KW Plastics*, 199 F.R.D. at 690. Tesla's failure to identify provide an expert report for Mr. Masilotti or to designate him as an expert would, if he were to provide opinion testimony, be a calculated decision to circumvent

the requirements of the federal rules by calling "expert witnesses in the guise of laypersons." *Applera Corp. v. MJ Research, Inc.,* 220 F.R.D. 13, 19 (D. Conn. 2004). The expected testimony of Mr. Masilotti amounts to unfair surprise and is prejudicial to NMT and, accordingly, Mr. Masilotti should be precluded from offering expert testimony.

### C.    Lay Opinion Testimony of Mr. Masilotti is Unfairly Prejudicial Under Federal Rule of Evidence 403

Lay opinions that pass the standard of admissibility under Rule 701 must still face relevancy limitations. *United States v. Rea,* 958 F.2d 1206, 1216 (2d Cir. 1992). This Court has the authority to preclude from trial any relevant evidence where its probative value is substantially outweighed by its prejudicial effect. Fed. R. Evid. 403 (2005); *see also Luce v. United States,* 469 U.S. 38, 41 n.4 (1984) (noting that, "[a]lthough the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials."). Under Rule 403, relevant evidence that is unfairly prejudicial, confuses the issues, misleads the jury, or wastes time, may be excluded by the court upon a finding that it substantially outweighs the probative value of the evidence. Fed. R. Evid. 403 (2005).

Courts are reluctant to permit testimony that, if admissible, may lead the jury to assign improper weight. *See United States v. Calhoun,* 544 F.2d 291, 294 (6th Cir. 1976) (disallowing opinion of a criminal defendant by a parole officer because of the implication that the defendant had prior criminal history resulting in unfair prejudice). As discussed above, witnesses with highly specialized knowledge are likely be perceived as "experts" or more qualified than the typical lay witness.

### III.    CONCLUSION

For the foregoing reasons, NMT requests that Mr. Masilotti be precluded from offering lay opinion or expert testimony at trial.

ASHBY & GEDDES

*/s/ John G. Day*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone:  (302) 654-1888
Facsimile:  (302) 654-2067
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants Lyndol W.
Hollingsworth, Charles Minnick and New
Millennium Tools, Inc.*

*Of Counsel:*

Louis S. Mastriani
Rodney R. Sweetland, III
David F. Nickel
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, DC  20036
Telephone:  (202) 467-6300
Facsimile:  (202) 466-2006

Dated: April 5, 2007
179481.1

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TESLA INDUSTRIES, INC.,                          )
                                                 )
            Plaintiff,                           )
                                                 )        C.A. No. 06-055-GMS
        v.                                       )
                                                 )
DAVID C. WALDMANN,                               )
LYNDOL W. HOLLINGSWORTH,                          )
CHARLES MINNICK a/k/a CHUCK MINNICK, and          )
NEW MILLENNIUM TOOLS, INC.,                       )
                                                 )
            Defendants.                          )

**RESPONSE OF PLAINTIFF TESLA INDUSTRIES, INC. TO DEFENDANTS
LYNDOL W. HOLLINGSWORTH, CHARLES MINNICK A/K/A CHUCK MINNICK
AND NEW MILLENNIUM TOOLS, INC.'S REQUEST FOR PRODUCTION
OF DOCUMENTS AND THINGS TO PLAINTIFF**

Tesla Industries, Inc. ("Tesla Industries") makes the following Responses and Objections

to the Request for Production of Documents.

## GENERAL OBJECTIONS

Tesla Industries makes the following General Objections to the individual

Requests and associated definitions and instructions. Because these General Objections apply to

each of the Requests, they are for convenience set forth immediately below and not repeated.

The assertion of the same, similar or additional objections in response to specific Requests does

not waive any of Tesla Industries' General Objections as set forth below:

1.    Tesla Industries objects to each Request to the extent it seeks discovery of

information protected by the attorney-client privilege or other privilege, or which otherwise

constitutes attorney or party work product or material prepared in anticipation of litigation.

2.    Tesla Industries objects to each Request to the extent it seeks to impose

obligations on Tesla Industries that are inconsistent with or greater than the obligations imposed


EXHIBIT

by the Federal Rules of Civil Procedure or any court order that may be entered that governs discovery.

3.     Tesla Industries objects to each Request to the extent it is vague.

4.     Tesla Industries objects to each Request as overbroad or unduly burdensome.

5.     Tesla Industries objects to each Request as calling for the production of documents that are irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

6.     Tesla Industries objects to each Request to the extent it seeks documents not within Tesla Industries' possession, custody or control.

7.     Tesla Industries objects to each Request to the extent it seeks documents which are a matter of public record.

8.     Tesla Industries objects to each Request to the extent it seeks documents protected from disclosure by any statute, regulation, protective order or non-disclosure agreement that is binding on Tesla Industries.

9.     Tesla Industries reserves the right to challenge the relevance or materiality of its responses to the Requests in any subsequent proceeding or trial of this or any other action.

10.     With respect to any documents that Tesla Industries may produce in response to the Discovery Requests, Tesla Industries does not waive, and specifically preserves, its right to object to the authenticity and/or the admissibility of any such documents in any subsequent proceeding, including the trial of this or any other action.

11.     Tesla Industries objects to the production of any "specifications or drawings" or any other such Trade Secret technical data or information, from products or other such Trade

Secret Technical Data as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

12.    The disclosure of any document that would, except for the fact of the disclosure, be subject to non-disclosure because of attorney-client privilege or other privilege, or which otherwise constitutes attorney or party work product or material prepared in anticipation of litigation, is inadvertent and not intended to constitute a waiver of such basis for non-disclosure.

13.    Tesla Industries also asserts the protections of any protective order entered in this case, and reserves the rights to designate any responsive documents as being exempt from or subject to limited dissemination as provided for therein.

14.    Tesla Industries objects to each Request to the extent it seeks documents which are protected from disclosure by statute, regulation, or order, including but not limited to a Department of Defense directive prohibiting the disclosure of classified and or confidential material.

15.    Tesla Industries objects to each Request to the extent it fails to differentiate between Trade Secrets and products incorporating things which may incorporate Trade Secrets.

16.    Tesla Industries objects to each Request to the extent that not all requested information is necessary for a determination that such Confidential information and Trade Secrets exist.

## DOCUMENT REQUESTS

## DOCUMENT REQUEST NO. 1:

Any documents reflecting or related to any communication between any of your agents, servants, employees or attorneys and DC Power Equipment relating to the Verified Complaint,

3

NMT, Hollingsworth, Minnick, Waldmann, this action, and/or Tesla Industries' alleged trade secrets identified in the Complaint.

**RESPONSE:**

Subject to the General Objections above and any other objection otherwise applicable, Tesla Industries will make documents responsive to the request available for inspection and/or copying at a mutually convenient time and place.

In addition to the General Objections above, Tesla Industries specifically objects to the production of materials responsive to the Request which were prepared by Tesla Industries (including its agent and employees) and/or its attorneys in anticipation of possible litigation, including notes of communications with DC Power Equipment.

**DOCUMENT REQUEST NO. 2:**

Any documents obtained from the personal and professional email accounts of Defendant Waldmann.

**RESPONSE:**

Subject to the General Objections above, labor laws and other applicable laws, and any other objection otherwise applicable, Tesla Industries will make documents responsive to the request available for inspection and/or copying at a mutually convenient time and place. Tesla Industries specifically objects to the Request to the extent that responsive documents have been made available to the NMT Parties by the E-Mail Account Officer. The Request is also vague, and Tesla Industries requests clarification of the specific accounts made the subject of the Request.

4

**DOCUMENT REQUEST NO. 3:**

Any documents reflecting or relating to communications between or among Tesla Industries and/or its counsel, Werb & Sullivan, and Minnick, Hollingsworth, Waldmann and/or the NMT Parties.

**RESPONSE:**

Subject to the General Objections above and any other objection otherwise applicable, Tesla Industries will make documents responsive to the request available for inspection and/or copying at a mutually convenient time and place. In addition, Tesla Industries objects to the unlimited request for communications relating to Waldmann as being unduly burdensome and overbroad, since he was an employee of Tesla Industries and the production of all documents relating to communications would be extremely burdensome and not reasonably calculated to lead to the discovery of evidence relating to the parties' claims and defenses.

**DOCUMENT REQUEST NO. 4:**

Any document reflecting or relating to the alleged trade secrets identified in the Verified Complaint, including but not limited to research and development, design drawings, marketing, advertising, promoting, sales and/or offers for sale of the alleged trade secrets.

**RESPONSE:**

Subject to the General Objections above and any other objection otherwise applicable, Tesla Industries will make documents responsive to the request available for inspection and/or copying at a mutually convenient time and place. To the extent the Request calls for all documents relating to the design and development of Tesla Industries' Confidential Information and Trade Secrets Tesla Industries objects, as it is overbroad, unduly burdensome. Not all such information is reasonably necessary to a determination that such Confidential Information and Trade Secrets exist.

**DOCUMENT REQUEST NO. 5:**

Any document reflecting or relating to Tesla Industries' "efforts to protect its information," as alleged in paragraphs 10-13 of the Verified Complaint.

**RESPONSE:**

Subject to the General Objections above and any other objection otherwise applicable, Tesla Industries will make documents responsive to the request available for inspection and/or copying at a mutually convenient time and place. Certain documents responsive to the Request have been provided previously in connection with the Limited Deposition of David Waldmann.

**DOCUMENT REQUEST NO. 6:**

Any documents reflecting or relating to the relevant market for the trade secrets alleged in the Verified Complaint.

**RESPONSE:**

In addition to the General Objections above and any other objection otherwise applicable, Tesla Industries objects to the Request as unreasonably vague. Further, Tesla Industries asserts that no documents responsive to the Request exist.

**DOCUMENT REQUEST NO. 7:**

Any document identifying or relating to any competitor in the market for sale of the trade secrets alleged in the Verified Complaint.

**RESPONSE:**

In addition to the General Objections above and any other objection otherwise applicable, Tesla Industries objects to the Request as unreasonably vague. Further, Tesla Industries asserts that no documents responsive to the Request exist.

**DOCUMENT REQUEST NO. 8:**

Any patent or patent application filed anywhere in the world by Tesla Industries relating to the trade secrets alleged in the Verified Complaint.

**RESPONSE:**

In addition to the General Objections above and any other objection otherwise applicable, Tesla Industries asserts that no documents responsive to the Request exist.

**DOCUMENT REQUEST NO. 9:**

Any analysis or opinion related to whether or not to file a patent application for the trade secrets alleged in the Verified Complaint.

**RESPONSE:**

In addition to the General Objections above and any other objection otherwise applicable, Tesla Industries asserts that no documents responsive to the Request exist.

**DOCUMENT REQUEST NO. 10:**

All documents referring or relating to the conception, research, development, testing, decision to develop, market and/or sell any product for all trade secrets alleged in the Verified Complaint including, without limitation, specifications and drawings for such products.

**RESPONSE:**

In addition to the General Objections above and any other objection otherwise applicable, Tesla Industries objects to the request as unintelligible.

**DOCUMENT REQUEST NO. 11:**

All documents referring or relating to the structure, operation, use, installation and/or instructions for use of any trade secret alleged in the Verified Complaint.

**RESPONSE:**

In addition to the General Objections above and any other objection otherwise applicable, Tesla Industries asserts that no documents responsive to the Request exist.

**DOCUMENT REQUEST NO. 12:**

All technical articles, conference papers, or technical or marketing presentations referring or relating to any alleged trade secret disclosed in the Verified Complaint, or the subject matter described, disclosed, or claimed in any such trade secret, including, but not limited to, all internal technical memoranda, by any of Tesla Industries' employees or former employees.

**RESPONSE:**

In addition to the General Objections above there are no technical articles, conference papers, or technical or marketing presentations responsive to the Request. To the extent the Request calls for public brochures, advertisements, catalogs or web sites such documents are to be provided.

**DOCUMENT REQUEST NO. 13:**

All documents that refer or relate to any communication with or demonstration to anyone not employed by Tesla Industries of any alleged trade secret described in the Verified Complaint.

**RESPONSE:**

In addition to the General Objections above, Tesla Industries believes there are none.

**DOCUMENT REQUEST NO. 14:**

Documents sufficient to determine the organizational structure and personnel of Tesla Industries, and its relationships to any parent, subsidiary, sister, or other affiliated corporations, including but not limited to research and/or development units, departments, divisions, or other entities responsible for the trade secrets disclosed, described, or claimed in the Verified Complaint.

**RESPONSE:**

Subject to the General Objections above and any other objection otherwise applicable, Tesla Industries will make documents responsive to the request available for inspection and/or copying at a mutually convenient time and place.

## DOCUMENT REQUEST NO. 15:

All documents referring or relating to your claim for damages in this action.

### RESPONSE:

Subject to the General Objections above and any other objection otherwise applicable, Tesla Industries will make documents responsive to the request available for inspection and/or copying at a mutually convenient time and place.

## DOCUMENT REQUEST NO. 16:

Any documents provided to or received from any individual contacted or retained to provide expert testimony in this case.

### RESPONSE:

Subject to the General Objections above and any other objection otherwise applicable, Tesla Industries will make documents responsive to the request available for inspection and/or copying at a mutually convenient time and place.

## DOCUMENT REQUEST NO. 17:

Any documents relied upon in answer to, identified or referenced in your answers to the NMT Parties' Interrogatories.

### RESPONSE:

Subject to the General Objections above and any other objection otherwise applicable, Tesla Industries will make documents responsive to the request available for inspection and/or copying at a mutually convenient time and place.

**DOCUMENT REQUEST NO. 18:**

Any documents obtained by subpoena on a third party or through a discovery request or order to another party.

**RESPONSE:**

Subject to the General Objections above and any other objection otherwise applicable, Tesla Industries will make documents responsive to the request available for inspection and/or copying at a mutually convenient time and place.

**DOCUMENT REQUEST NO. 19:**

Any documents related to or reflecting any information retention or destruction policy maintained by you since January 1, 2000.

**RESPONSE:**

Subject to the General Objections above and any other objection otherwise applicable, Tesla Industries will make documents responsive to the Request available for inspection and/or copying at a mutually convenient time and place. Tesla Industries further objects to the scope of the Request as being overly broad in its description and of the time period.

**DOCUMENT REQUEST NO. 20:**

Any documents, tape or video recordings, electronic files or transcriptions of any statement made or interview given by Tesla Industries relating to or concerning any of the matters set forth in the Verified Complaint and Answer and Affirmative Defenses to the NMT Parties' Counterclaims.

**RESPONSE:**

In addition to the General Objections above and any other objection otherwise applicable Tesla Industries specifically objects to the production of material created in anticipation of litigation. Other than such documents, there are no documents responsive to the Request.

**DOCUMENT REQUEST NO. 21:**

The complete personnel file of Waldmann.

**RESPONSE:**

Subject to the General Objections above and any other objection otherwise applicable, and subject to the constraints of state and federal employment laws, Tesla Industries will make documents responsive to the request available for inspection and/or copying at a mutually convenient time and place.

**DOCUMENT REQUEST NO. 22:**

Any documents received from or provided to any party to this action since the filing of the Verified Complaint, whether provided informally or in response to a formal request.

**RESPONSE:**

Subject to the General Objections above and any other objection otherwise applicable, Tesla Industries will make documents responsive to the request available for inspection and/or copying at a mutually convenient time and place. Tesla Industries notes that the Request is overly broad as it appears to Request documents subject to attorney-work product and attorney-client privileges.

**DOCUMENT REQUEST NO. 23:**

Any documents supporting the averment in paragraph 8 of the Affidavit of David J. Masilotti appended to your Verified Complaint that "Tesla Industries has invested millions of dollars in research and development, marketing, selling and servicing its products . . . ."

**RESPONSE:**

Subject to the General Objections above and any other objection otherwise applicable, Tesla Industries will make documents responsive to the request available for inspection and/or copying at a mutually convenient time and place.

11

**DOCUMENT REQUEST NO. 24:**

Any documents supporting the averment in paragraph 13 of the Affidavit of David J. Masilotti appended to your Verified Complaint that "[t]he investigation and discovery of Waldmann's actions have been devastating and costly to Tesla Industries, causing great damage and concern."

**RESPONSE:**

Subject to the General Objections above and any other objection otherwise applicable, Tesla Industries will make documents responsive to the request available for inspection and/ or copying at a mutually convenient time and place.

**DOCUMENT REQUEST NO. 25:**

Any catalogs, promotional materials or other varieties of lists describing the products sold by Tesla since January 1, 2000.

**RESPONSE:**

Subject to the General Objections above and any other objection otherwise applicable, Tesla Industries will make documents responsive to the request available for inspection and/ or copying at a mutually convenient time and place. Tesla Industries further objects to the scope of the Request as being overly broad in its description and of the time period.

**DOCUMENT REQUEST NO. 26:**

Any documents related to or reflecting any computer security programs or software in use by Tesla since January 1, 2003.

**RESPONSE:**

Subject to the General Objections above and any other objection otherwise applicable, Tesla Industries will make documents responsive to the request available for inspection and/or copying at a mutually convenient time and place.

12

**DOCUMENT REQUEST NO. 27:**

Any document related to any "NATO Receptacle," as that term is used in paragraph 14(A) of your Verified Complaint, designed, developed, manufactured, marketed or sold by Tesla Industries.

**RESPONSE:**

Tesla Industries reasserts each of the General Objections above.

**DOCUMENT REQUEST NO. 28:**

Any document related to any "Unmanned Aviation Vehicle Battery Assembly," as that term is used in paragraph 14(D) of your Verified Complaint, designed, developed, manufactured, marketed or sold by Tesla Industries.

**RESPONSE:**

Tesla Industries reasserts each of the General Objections above.

**DOCUMENT REQUEST NO. 29:**

Any document related to any "5400 Global Hawk Assembly," as that term is used in paragraph 14(E) of your Verified Complaint, designed, developed, manufactured, marketed or sold by Tesla Industries.

**RESPONSE:**

Tesla Industries reasserts each of the General Objections above.

**DOCUMENT REQUEST NO. 30:**

Any "Vendor Information," as that term is used in paragraph 14(C) of your Verified Complaint, maintained by Tesla Industries since January 1, 2003.

**RESPONSE:**

Tesla Industries reasserts each of the General Objections above.

**DOCUMENT REQUEST NO. 31:**

Any "Pending Sales and Customer Lists," as that term is used in paragraph 14(B) of your Verified Complaint, maintained by Tesla Industries since January 1, 2003.

**RESPONSE:**

Tesla Industries reasserts each of the General Objections above.

**DOCUMENT REQUEST NO. 32:**

Any documents that support the allegations set forth in your Verified Complaint and Answer and Affirmative Defenses to the NMT Parties' Counterclaims not disclosed in response to the previous Requests for Production.

**RESPONSE:**

Subject to the General Objections above and any other objection otherwise applicable, Tesla Industries will make any non-objectionable and non-classified/non-confidential documents responsive to the request available for inspection and/or copying at a mutually convenient time and place.

Dated: June 29, 2006

Respectfully submitted,

*[signature]*

Brian A. Sullivan (#2098)
Robert D. Wilcox (#4321)
Amy D. Brown (#4077)
WERB & SULLIVAN
300 Delaware Avenue, 13th Floor
P.O. Box 25046
Wilmington, DE 19801
Telephone: (302) 652-1100
Telecopier: (302) 652-1111

Attorneys for Tesla Industries, Inc.

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TESLA INDUSTRIES, INC.,                          )
                                                 )
                      Plaintiff,                 )
                                                 )            C.A. No. 06-055-GMS
           v.                                    )
                                                 )
DAVID C. WALDMANN,                               )
LYNDOL W. HOLLINGSWORTH,                          )
CHARLES MINNICK a/k/a CHUCK MINNICK, and          )
NEW MILLENNIUM TOOLS, INC.,                       )
                                                 )
                      Defendants.                )

**RESPONSE OF PLAINTIFF TESLA INDUSTRIES, INC. TO DEFENDANTS
LYNDOL W. HOLLINGSWORTH, CHARLES MINNICK A/K/A CHUCK MINNICK
AND NEW MILLENNIUM TOOLS, INC.'S SECOND SET OF REQUESTS FOR
PRODUCTION
OF DOCUMENTS AND THINGS TO PLAINTIFF**

Tesla Industries, Inc. ("Tesla Industries") makes the following Responses and Objections

to the Request for Production of Documents.

**GENERAL OBJECTIONS**

Tesla Industries makes the following General Objections to the individual

Requests and associated definitions and instructions. Because these General Objections apply to

each of the Requests, they are for convenience set forth immediately below and not repeated.

The assertion of the same, similar or additional objections in response to specific Requests does

not waive any of Tesla Industries' General Objections as set forth below:

1.      Tesla Industries objects to each Request to the extent it seeks discovery of

information protected by the attorney-client privilege or other privilege, or which otherwise

constitutes attorney or party work product or material prepared in anticipation of litigation.

2.      Tesla Industries objects to each Request to the extent it seeks to impose

obligations on Tesla Industries that are inconsistent with or greater than the obligations imposed


EXHIBIT
2

by the Federal Rules of Civil Procedure or any court order that may be entered that governs discovery.

3.    Tesla Industries objects to each Request to the extent it is vague.

4.    Tesla Industries objects to each Request as overbroad or unduly burdensome.

5.    Tesla Industries objects to each Request as calling for the production of documents that are irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

6.    Tesla Industries objects to each Request to the extent it seeks documents not within Tesla Industries' possession, custody or control.

7.    Tesla Industries objects to each Request to the extent it seeks documents which are a matter of public record.

8.    Tesla Industries objects to each Request to the extent it seeks documents protected from disclosure by any statute, regulation, protective order or non-disclosure agreement that is binding on Tesla Industries.

9.    Tesla Industries reserves the right to challenge the relevance or materiality of its responses to the Requests in any subsequent proceeding or trial of this or any other action.

10.    With respect to any documents that Tesla Industries may produce in response to the Discovery Requests, Tesla Industries does not waive, and specifically preserves, its right to object to the authenticity and/or the admissibility of any such documents in any subsequent proceeding, including the trial of this or any other action.

11.    Tesla Industries objects to the production of any "specifications or drawings" or any other such Trade Secret technical data or information, from products or other such Trade

Secret Technical Data as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

12.    The disclosure of any document that would, except for the fact of the disclosure, be subject to non-disclosure because of attorney-client privilege or other privilege, or which otherwise constitutes attorney or party work product or material prepared in anticipation of litigation, is inadvertent and not intended to constitute a waiver of such basis for non-disclosure.

13.    Tesla Industries also asserts the protections of any protective order entered in this case, and reserves the rights to designate any responsive documents as being exempt from or subject to limited dissemination as provided for therein.

14.    Tesla Industries objects to each Request to the extent it seeks documents which are protected from disclosure by statute, regulation, or order, including but not limited to a Department of Defense directive prohibiting the disclosure of classified and or confidential material.

15.    Tesla Industries objects to each Request to the extent it fails to differentiate between Trade Secrets and products incorporating things which may incorporate Trade Secrets.

16.    Tesla Industries objects to each Request to the extent that not all requested information is necessary for a determination that such Confidential information and Trade Secrets exist.

## RESPONSES TO DOCUMENT REQUESTS

## DOCUMENT REQUEST NO. 33:

Any document or thing relating or referring to the first time Tesla became aware of each of the NMT Defendants, including but not limited to the date, nature and circumstance of such

3

awareness.

**RESPONSE:** Subject to the General Objections above, Tesla Industries has previously provided documents responsive to the request.

## DOCUMENT REQUEST NO. 34:

Any document or thing relating or referring to the first time Tesla became aware of the DC Impact Wrench that allegedly incorporated Tesla's NATO Receptacle, including but not limited to the date, nature and circumstance of such awareness.

**RESPONSE:** Subject to the General Objections above, Tesla Industries has previously provided documents responsive to the request.

## DOCUMENT REQUEST NO. 35:

Any document or thing relating or referring to any trade show, trade conference, demonstration or exhibition in which any product developed, designed, researched, manufactured, marketed, advertised or offered for sale by you embodying, reflecting or related to any of the trade secrets you allege in your Verified Complaint were advertised, offered for sale and/or otherwise displayed.

**RESPONSE:** Tesla Industries, Inc. specifically objects to this Document Request because it is overly burdensome and irrelevant. To the extent the Request calls for public brochures, advertisements, catalogs or web sites, such documents have been provided.

## DOCUMENT REQUEST NO. 36:

Any document or thing relating or referring to the new "security measures" that were implemented by Tesla on or after Monday, November 21, 2005, as described in document bearing Bates number P Supp 1406.

**RESPONSE:** Tesla Industries, Inc. specifically objects to this Request as it is not reasonably calculated to lead to discoverable information. Subject to the foregoing general and specific objections, documents responsive to this request have previously been provided.

**DOCUMENT REQUEST NO. 37:**

Any document or thing relating or referring to any "security measures" that were in effect at Tesla from January 1, 2000, to October 1, 2005.

**RESPONSE:** Tesla Industries, Inc. specifically objects to this Request as it is not reasonably calculated to lead to discoverable information. Subject to the foregoing general and specific objections, documents responsive to this request have previously been provided.

**DOCUMENT REQUEST NO. 38:**

Any document or thing relating or referring to any restrictions imposed on customers that have purchased one or more of the alleged Trade Secrets that are identified in the Verified Complaint.

**RESPONSE:** No documents responsive to this Document Request exist.

**DOCUMENT REQUEST NO. 39:**

Any document or thing relating or referring to any non-disclosure agreement and/or confidentiality agreement Tesla has provided to, or entered into, with any current, former or potential customer of any of the alleged Trade Secrets identified in the Verified Complaint.

**RESPONSE:** No documents responsive to this Document Request exist.

**DOCUMENT REQUEST NO. 40:**

Any document or thing relating or referring to each instance in which Tesla has provided one of its products to a current, former or potential customer for no compensation.

5

**RESPONSE:**  No documents responsive to this Document Request exist.

**DOCUMENT REQUEST NO. 41:**

Any document or thing relating or referring to each communication or discussion that Tesla, or any of its employees and/or agents, had with any current, former or potential customer of Tesla relating to this litigation, the alleged Trade Secrets identified in the Verified Complaint, Defendant Waldmann and/or the NMT Defendants.

**RESPONSE:**  Tesla Industries objects to this Request to the extent it seeks attorney or party work product or material prepared in anticipation of litigation. Subject to the General Objections above and any other objection otherwise applicable, Tesla Industries will make documents responsive to the request available for inspection and/or copying at a mutually convenient time and place.

**DOCUMENT REQUEST NO. 42:**

Produce for inspection the DC Impact wrench, which allegedly incorporates Tesla's NATO receptacle, that was provided to Tesla by the NMT Defendants on or about February 2006.

**RESPONSE:**  Tesla Industries will make the item responsive to the request available for inspection at a mutually convenient time and place.

**DOCUMENT REQUEST NO. 43:**

Excluding parties to this action, produce any documents relating or referring to all manufacturers and/or distributors of any products that compete, in any way, with the alleged Trade Secrets identified in the Verified Complaint.

**RESPONSE:** Tesla Industries objects to this Request to the extent it seeks documents not within

Tesla Industries' possession, custody or control. In addition, Tesla Industries objects to this Request as these documents, if they exist, are as available to the NMT Parties as they are to Tesla Industries.

**DOCUMENT REQUEST NO. 44:**

Excluding parties to this action, produce any documents relating or referring to all products that compete, in any way, with the alleged Trade Secrets identified in the Verified Complaint.

**RESPONSE:** Tesla Industries objects to this Request to the extent it seeks documents not within Tesla Industries' possession, custody or control. In addition, Tesla Industries objects to this Request as these documents, if they exist, are as available to the NMT Parties as they are to Tesla Industries.

Dated: November 13, 2006          Werb & Sullivan

Brian A. Sullivan (DE # 2098)
Robert D. Wilcox (DE # 4321)
Amy D. Brown (DE # 4077)
300 Delaware Avenue, 13th Floor
P.O. Box 25046
Wilmington, DE 19899
Telephone: (302) 652-1100
Telecopier: (302) 652-1111

and

Paul E. Crawford (DE # 493)
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 888-6262
(302) 658-5614 (Facsimile)

Attorneys For Tesla Industries, Inc.

8

STATE OF DELAWARE       )
                                 ) SS:
COUNTY OF NEW CASTLE   )

## VERIFICATION

David J. Masilotti, in his capacity as President of Tesla Industries, Inc., the Plaintiff in this action, being duly sworn, hereby verifies that he has read the foregoing document, and that the facts recited therein are true and correct to the best of his knowledge, information and belief.

By:                _____

                         David J. Masilotti

# EXHIBIT 3

**REDACTED**

# EXHIBIT 4

.

# REDACTED