## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TESLA INDUSTRIES, INC., a Delaware Corporation, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAVID C. WALDMANN, LYNDOL W. HOLLINGSWORTH, CHARLES MINNICK a/k/a CHUCK MINNICK, and NEW MILLENNIUM TOOLS, INC., an Oregon Corporation, )<br>)<br>)<br>)<br>)<br>Defendants. ) | Civil Action No. 06-55-GMS |

**PLAINTIFF, TESLA INDUSTRIES INC.'S MEMORANDUM IN OPPOSITION TO NMT DEFENDANTS' MOTION IN LIMINE NO. 3 SEEKING TO <u>PRECLUDE REFERENCE TO A CRIMINAL INVESTIGATION OF DEFENDANTS</u>**

                                                  Brian A. Sullivan (#2098)
Robert D. Wilcox (#4321)
Amy D. Brown (#4077)
WERB & SULLIVAN
300 Delaware Avenue, 13th Floor
P.O. Box 25046
Wilmington, Delaware 19899
Telephone: 302-652-1100
bsullivan@werbsullivan.com

Paul E. Crawford (#493)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
Telephone: 302-888-6262
pcrawford@cblh.com

April 19, 2007                                  Attorneys for Plaintiff
                                                                 Tesla Industries Inc.

**TABLE OF CONTENTS**

I. Nature and Stage of Proceedings .......................................................................................... 1

II. Summary of Argument ........................................................................................................ 1

III. Counterstatement of Facts................................................................................................... 1

IV. Argument ............................................................................................................................ 2

V. Conclusion .......................................................................................................................... 5

## TABLE OF AUTHORITIES

**Cases**

*Marvel v. Snyder*,
    2003 WL 22134838 (D. Del., Sept. 9, 2003) .................................................................... 3

*Scott v. Cellco P'ship*,
    2006 WL 522470 (S.D.N.Y. 2006) ............................................................................. 3, 4

**Statutes**

6 Del.C. § 2001(1) ................................................................................................................ 2

6 Del.C. § 2001(2)(a) ............................................................................................................ 2

**Rules**

Fed.R.Evid 608(b) ......................................................................................................... 3, 4, 5

Fed.R.Evid. 401 .................................................................................................................... 2

Fed.R.Evid. 403 .................................................................................................................... 2

This Memorandum is submitted by Plaintiff, Tesla Industries Inc. ("Tesla"), in opposition to NMT Defendants' Motion in Limine No. 3: To Preclude Tesla Counsel or Witnesses from Referencing a Criminal Investigation that Tesla Precipitated ("NMT MIL 3" DI 135).

## I.    NATURE AND STAGE OF PROCEEDINGS

The Verified Complaint in this action was filed January 27, 2006. It is a voluminous pleading with attached affidavits and exhibits (A-I) chronicling the systematic transfer of Tesla's confidential information and Trade Secrets to Defendants. Defendants refer in NMT MIL 3 to a pending criminal investigation of the Defendants by the FBI and/or United States Attorney for the District of Delaware.

## II.    SUMMARY OF ARGUMENT

While the evidence of a federal criminal investigation of the Defendants in connection with some the same incidents as at issue in this case may be prejudicial, it is not irrelevant and should be allowed for rebuttal purposes on cross-examination and to defend against an abuse of process claim.

## III.    COUNTERSTATEMENT OF FACTS

The NMT Defendants suggestion that "it appears as if Tesla has precipitated a criminal investigation to create prejudice against Defendants in the current civil action" is a baseless allegation. The NMT Defendants allege improper action and motive with no suggestion of any evidence to support it.

## IV.  ARGUMENT

The real issue is whether the NMT Defendants are entitled to an order barring <u>any</u> mention of a criminal investigation or the facts underlying it under any circumstances. Under the clear decisional law, they are not so entitled.

Plaintiff Tesla Industries, Inc. ("Tesla") is willing to agree that the mention of a criminal investigation of the Defendants should not be part of its case-in-chief. It does assert that it should not be barred from reference to a criminal investigation in the context of cross-examination, nor should it be barred to referring to the underlying facts of the investigation on cross-examination. It also should be allowed to raise the issue as necessary to defendant against the abuse of process claim made by the NMT Defendants.

Defendants first argue to this Court that the United States Attorney's criminal investigation of the Defendants is not relevant.

The Delaware Uniform Trade Secret Act on its face belies this argument. Evidence is relevant when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. A trade secret is misappropriated if it is acquired by improper means (6 Del.C. § 2001(2)(a) (West 2007)), where the term "improper means" includes theft (6 Del.C. § 2001(1) (West 2007)). Therefore, the fact that Defendants are being investigated for a theft of trade secret information is consistent with and supports the allegation that they misappropriated the information.

Defendants next argue that the evidence would be unduly prejudicial (see Fed.R.Evid. 403) and thus inadmissible for any reason (see NMT MIL3 p.4-5). Plaintiff does not dispute that

this evidence is prejudicial, but disputes whether it is inadmissible under any circumstance. By way of example, the Federal Rules of Evidence explicitly allow such evidence for limited purposes. Rule 608(b) provides as follows:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.
> Fed.R.Evid. 608(b).

This Court has addressed the extent of admissibility of prior criminal convictions. In *Marvel v. Snyder*, No. Civ.A. 99-442-GMS, 2003 WL 22134838 (D. Del., Sept. 9, 2003), a prisoner civil rights action, this Court rejected the contention that a party's criminal history was inadmissible for all purposes. *Id*. at *1. This Court precluded defendants from referring to the details of the plaintiff's prior convictions for any reason, but allowed defendants to generically refer to the fact that the plaintiff was convicted of a felony for impeachment purposes only. *Id*. at *3.

In a wrongful employment discharge case, such as the one that Defendant Waldmann is asserting, the U.S. District Court for the Southern District of New York reached an analogous conclusion. In *Scott v. Cellco P'ship*, No. 98 Civ. 7245(LMN), 2006 WL 522470 (S.D.N.Y., March 2, 2006), a multi-count action related to employment discharge, plaintiff was investigated by the New York County District Attorney's Office regarding false statements. *Id*. at *2. The court precluded evidence that an investigation took place, deeming the evidence irrelevant. *Id*. at

3

*3.  On the other hand, the court allowed inquiry into the underlying facts of the investigation on cross-examination, to the extent allowed by Fed.R.Evid. 608(b). *Id*.

Plaintiff should be allowed, within the context of possible cross-examination, to introduce evidence of a criminal investigation or the investigative facts. The Defendants are simply not entitled to the overbroad relief they seek. If a Defendant witness were to allege that he had never been the subject of an investigation, or that there had been no criminal investigation of the incidents, Plaintiff should clearly have the right to cross-examine on those points. Additionally, these same Defendants have alleged abuse of process, arguing that there is no basis for this lawsuit. While the Plaintiff is highly confident that the trier of act will reject that argument, the existence of an independent criminal investigation is relevant to the issue of whether there is a "basis" for this lawsuit.

## V. CONCLUSION

For the foregoing reasons, this Court should deny NMT MIL 3 in part. Evidence that a criminal investigation has been initiated, as well as inquiry into the underlying facts of the investigation, should be admissible for impeachment purposes on cross-examination, to the extent allowed by Fed.R.Evid. 608(b). In addition, it should be allowed in the context of the abuse of process claim.

Respectively submitted,

Dated: April 19, 2007

*/s/ Robert D. Wilcox*
Robert D. Wilcox (#4321)
Brian A. Sullivan (#2098)
Amy D. Brown (#4077)
WERB & SULLIVAN
300 Delaware Avenue, 13th Floor
P.O. Box 25046
Wilmington, Delaware 19899
Telephone: 302-652-1100

Paul E. Crawford (#493)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
Telephone: 302-888-6262

Attorneys for Plaintiff
Tesla Industries Inc.

# EXHIBIT A



Not Reported in F.Supp.2d                                                                                                    Page 1
Not Reported in F.Supp.2d, 2003 WL 22134838 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Marvel v. Snyder
D.Del.,2003.
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Larry D. MARVEL, Plaintiff,
v.
Robert E. SNYDER and Bruce Burton, Defendants.
**No. Civ.A. 99-442-GMS.**

Sept. 9, 2003.

Richard G. Elliott, Jr., David Allan Felice, Richards, Layton & Finger, Wilmington, DE, for Plaintiff.
Richard W. Hubbard, Ophelia Michelle Waters, Robert F. Phillips, Department of Justice, Wilmington, DE, for Defendants.

*MEMORANDUM AND ORDER*
SLEET, J.
**\*1** On May 7, 2003, the plaintiff Larry D. Marvel (Mr. Marvel) filed three motions in limine in this prisoner civil rights action against the defendants Delaware Correctional Center (DCC) Warden Robert E. Snyder and Correctional Lieutenant Bruce Burton. In the present motion (D.I.146), the plaintiff asks the court to preclude the defendants from referring to any of the plaintiff's criminal charges or convictions in their case-in-chief, for reason of impeachment, or for any other reason. The plaintiff argues that the evidence is highly prejudicial and inflammatory. Given the nature of the prior convictions, the court concludes that the defendants are precluded from referring to the details of the plaintiff's prior convictions for any reason, but may, for impeachment purposes only, generically refer to the fact that the plaintiff was convicted of a felony.

I. BACKGROUND.

The present action arose out of a shakedown of the plaintiff's cell on May 31, 1999, among other alleged retaliatory acts. The plaintiff maintains that the shakedown and accompanying mistreatment conducted by Lt. Burton were initiated by the defendants in retaliation for the plaintiff's filing of a civil action against the prison. (Second draft of prior memorandum opinion, April 2001). The present civil action is now ripe for trial and the plaintiff seeks to preclude defendants from introducing evidence of the plaintiff's convictions.

The convictions relevant to the motion are from 1980 (the "1980 conviction") and 1990 (the "1990 convictions"). The 1980 conviction was for unlawful sexual intercourse. The 1990 convictions included unlawful sexual intercourse, unlawful imprisonment, assault, and violation of parole. The plaintiff is currently serving time on the 1990 convictions and has yet to finish serving his sentence for the 1980 conviction. (D.I.153).

The plaintiff argues that the defendants are unable to satisfy the burden of demonstrating that the probative value of the convictions is not substantially outweighed by the danger of unfair prejudice pursuant to Federal Rules of Evidence 609 and 403; additionally, the plaintiff argues that the 1980 conviction is subject to a heightened standard and that the defendant is unable to show that the probative value of its introduction would substantially outweigh the prejudicial effect pursuant to Rule 609(b). The defendants argue that the law permits the admission of the particular offense because its violent nature is probative of the plaintiff's veracity, thereby, rendering evidence of the conviction admissible, at least for impeachment purposes.

II. DISCUSSION.

Given the violent and disturbing nature of the conviction evidence, the plaintiff's motion should be granted pursuant to Federal Rules of Evidence 609(a) and (b) and 403. Rule 609 reads in pertinent part:
(a) General rule. For the purpose of attacking the credibility of a witness, (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                            Page 2
Not Reported in F.Supp.2d, 2003 WL 22134838 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

**\*2** (b) Time limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

Fed.R.Evid. 609(a) & (b).

Rule 403 reads: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403.

The party seeking to introduce the prior convictions evidence bears the burden of demonstrating the convictions survive the Rule 609 test. *Robinson v. Clemons,* No. CIV A. 96-405 MMS, 1998 WL 151285, at \*2 (D.Del. March 24, 1998) (citing *United States v. Cunningham,* 638 F.2d 696, 698 (4th Cir.1981)). This test is applicable to the prior convictions of both civil and criminal witnesses. *Id.* Under Rule 609(a)(1) courts generally consider five factors in weighing the probative value of the evidence against its potential to create unfair prejudice:
1) the nature (i.e., impeachment value) of the prior conviction; 2) the age of the conviction and the [witness's] subsequent criminal history; 3) the similarity between the prior conviction and the charges for which the [witness] is on trial; 4) the importance of the [witness's] testimony; and 5) the importance of the [witness's] credibility.

*Id.* at \*3 (citations omitted).

In *Robinson v. Clemons,* the plaintiff filed a civil action against two police officers in their individual capacities for injuries he suffered during an arrest in which he alleged the officers used excessive force. *Robinson,* 1998 WL 151285, at \*2. The officers sought to introduce into evidence the plaintiff's two prior convictions pursuant to Rule 609. *Id.* at \*1. The first conviction was from 1983 and included the false reporting of an incident, failure to stop at the scene of an accident, and displaying a cancelled registration card. *Id.* at \*2. The second conviction was from 1989 and included third degree assault on an officer, resisting arrest, terroristic threats on an officer, disorderly conduct, driving with a revoked license, and various other vehicle related offenses.

With regard to the 1989 conviction, this court determined that under the first factor, the impeachment value was low "since crimes involving only physical violence are not significantly associated with veracity." *Id.* at \*3 (citing *United States v. Castor,* 937 F.2d 293, 294 (7th Cir.1991)). Under the second factor, the court concluded that although the ten-year presumptive bar of 609(b) was not triggered, the age of the conviction reduced its probative value while failing to mitigate the prejudicial effect. *Id.* The third factor weighed against admissibility given that the '89 conviction was similar in nature to the allegations in the civil action. And, although the defendants are entitled to present "a defense of resisting arrest or provocation," the court cautioned against an impermissible use of the evidence, mainly that the defendants would not "be permitted to establish to the jury that because plaintiff committed such acts in the past, he probably committed them in this case." *Id.* (citations omitted). Finally, pursuant to the fourth and fifth factors, the court determined that the plaintiff's testimony and his credibility were both important because the parties' stories conflicted. The fourth factor weighed against admissibility because "the two officers will likely corroborate each other's stories, thereby increasing the plaintiff's need to buttress his own version of the facts." *Id.* at 4. But with regard to the fifth factor, "because the case [was] largely a contest of stories ..., the credibility of the plaintiff will be important. As a result, this last factor argues for admissibility." *Id.* Ultimately, the court found that the prejudice substantially outweighed the probative value and that a limiting instruction would have been ineffective to cure the prejudice. *Id.*

**\*3** With regard to the 1983 conviction, the court applied the more demanding test imposed by Rule 609(b). *Id.* Because the '83 convictions involved crimes of dishonesty, they demonstrated "greater inherent probative weight." *Id.* Despite their probative value in exposing defendant's propensity for veracity, the court concluded that the temporal relation was too remote to "survive scrutiny" under 609(b). *Id.* (stating "[b]ecause the Court finds the probative value does not substantially outweigh the

Not Reported in F.Supp.2d                                                                                                          Page 3
Not Reported in F.Supp.2d, 2003 WL 22134838 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

prejudicial effect of this fifteen year old conviction, the defendant's motion for the admission of the 1983 conviction will be denied").

In *United States v. O'Driscoll,* the Middle District of Pennsylvania reasoned that bank robbery and kidnaping convictions "involve dishonesty or at least an inclination not to abide by society's rules.... Both types of crimes demonstrate a complete lack of respect for the law and the rights of other individuals and suggest that if such a person is willing to engage in such conduct he may well have no problem testifying falsely at a trial." No. 4:CR-01-277, 2003 WL 1401891, at *2 (M.D.Pa. January 22, 2003). The court concluded that the impeachment value of bank robbery and kidnaping was substantial. *Id.* at *2. After considering the five factors, the court determined that the probative value of the prior convictions outweighed their prejudicial effect. Because the credibility of the parties was central to the disposition of the case, that factor weighed heavily in favor of admission of the evidence for impeachment purposes. *Id.* The court condoned the elicitation of the nature of the offense through cross-examination. *Id.* at *3. Where the prior conviction evidence is deemed admissible, a party may inquire as to the "name of the offense, the date of the conviction, and the sentence imposed. However, the [party] will not be permitted to elicit any details about the offenses in the guilt stage of [the] case." *Id.*

In a prisoner's civil rights action, the Eighth Circuit held that it was not an abuse of discretion to exclude evidence of the specific nature of prior felony convictions involving rape and sodomy where credibility was not an essential issue in the case. *Foulk v. Charrier,* 262 F.3d 687, 699 (8th Cir.2001). A determination that evidence of a rape conviction is not substantially probative on the issue of credibility will be upheld where a court carefully performed its duty to weigh the probative value against the potential for prejudice. *Id.*

Here, the defendants cited *United States v. Jacobs,* 44 F.3d 1219 (3d Cir.1995), in their opposition to the plaintiff's motion for the proposition that the proponent of the evidence is not required to accept a stipulation of prior felony convictions from a defendant, and, instead, may introduce the specific nature of the conviction where probative. (D.I.153). The defendants failed to point out in their brief that *Jacobs* involved a situation where the prior conviction was an element of the pending offense. 44 F.3d at 1223-24 (the defendant in *Jacobs* was charged with "possession of a firearm by a convicted felon" and he had a prior burglary conviction on his record). Further, in *Jacobs,* the prior conviction evidence was admitted for impeachment purposes after a Rule 403 analysis, and there existed an independent basis for the admission of the nature of the felony conviction. *Id.* at 1224-25.

A. The 1990 Convictions.

**\*4** Applying the five factors to the 1990 convictions in this case mandates the prohibition of any reference by the defendants to the specific nature. One, the nature of the convictions, while serious, and, thus, possibly probative of the plaintiff's disregard for the rules of society, is not necessarily probative of his veracity within the context of this action. Additionally, the heinous nature of the offenses and their potential to inflame the jury tips the balance against admission. *Robinson,* 1998 WL 151285, at *2. Two, although the plaintiff is still serving out the sentence for the 1990 convictions, their age likely reduces their probative value, but, given their disturbing nature, fails to soften their prejudicial effect. Three, there is no similarity between the present civil claims and the past criminal charges, thereby favoring admission..*Id.* at *3. There is no direct substantive relation between the convictions and the civil retaliation claims thereby arguably reducing the risk that the jury will consume the information as "propensity" evidence. Still, there is a substantial risk that the evidence will prevent the jury from considering it for impeachment purposes only and remain unbiased, even with the guidance of a limiting instruction. Four, Marvel's allegations make up much of his case, therefore, to debilitate him as a witness by disabling the jury from considering his testimony with an unbiased perspective would deprive him of his ability to present an effective case. Five, although Marvel's credibility is important to the case and thereby open to attack, the defendants have enough other impeachment material so that admission of the conviction evidence is unnecessary, and would certainly be unduly prejudicial.

B. The 1980 Conviction.

The parties dispute whether the 1980 conviction is subject to the heightened scrutiny of Rule 609(b). It is unnecessary to resolve that issue because it may be excluded for the same reasons as the 1990 convictions.

Consequently, the probative value does not outweigh

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                       Page 4
Not Reported in F.Supp.2d, 2003 WL 22134838 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

the prejudicial effect.

### III. CONCLUSION.

For these reasons, IT IS HEREBY ORDERED that:
1. The plaintiff's motion in limine to preclude the defendants from referring to the specific nature of Larry Marvel's criminal charges or convictions is GRANTED. The defendants are precluded from referring to the details of the plaintiff's prior convictions for any reason, but may, for impeachment purposes only, generically refer to the fact that the plaintiff was convicted of a felony.

D.Del.,2003.
Marvel v. Snyder
Not Reported in F.Supp.2d, 2003 WL 22134838 (D.Del.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT B

Case 1:06-cv-00055-GMS    Document 152    Filed 04/19/2007    Page 14 of 19

Westlaw.

Not Reported in F.Supp.2d                                                                                                           Page 1
Not Reported in F.Supp.2d, 2006 WL 522470 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

Scott v. Cellco Partnership
S.D.N.Y.,2006.
Only the Westlaw citation is currently available.
United States District Court,S.D. New York.
Kitt SCOTT, Plaintiff,
v.
CELLCO PARTNERSHIP, d/b/a Verizon Wireless, Defendant.
No. 98 Civ. 7245(LMM).

March 2, 2006.

*MEMORANDUM AND ORDER*
MCKENNA, J.
**\*1** The parties' motions *in limine* and other pretrial disputes are disposed of as follows:

1. Defendant's Motions

i.

Defendant's motion for preclusion of evidence of adverse employment actions other than discharge (Def. Mem., June 5, 2003, Point I) is granted in part and denied in part.

In view of the Court's decision of April 10, 2002 (granting in part and denying in part defendant's motion for partial summary judgment), plaintiff cannot assert a retaliation claim other than for her discharge: the Court, in that decision, dismissed plaintiff's retaliation claim insofar as it is based on adverse employment actions other than discharge. In plaintiff's case-in-chief on her retaliation claim, therefore, she cannot introduce evidence of adverse employment actions other than discharge. However, since defendant may (and no doubt will) introduce evidence of pre-discharge employment actions adverse to plaintiff, *e.g.,* written warnings for absenteeism (*see* Def. Mem., June 5, 2003, at 2-3 & n. 3), plaintiff may, once such materials are offered, through cross-examination on defendant's case or in her rebuttal case, introduce evidence of adverse employment actions other than discharge to the extent relevant as context for defendant's disciplinary or other adverse actions.

ii.

Defendant's motion for preclusion of unidentified witnesses (Def. Mem., June 5, 2003, Point II) is denied as moot.

The witnesses who may testify are those identified in the [Proposed] Joint Pre-Trial Order dated June 14, 2001, as supplemented by Plaintiff's Revised Submission to the Proposed Joint Pretrial Order dated October 17, 2005, and defendant's counsel's letter of October 17, 2005. No other witnesses will be heard; accordingly, it is not necessary to consider the preclusion of the testimony of individuals not so disclosed.[FN1]

> FN1. The Court notes that David Scott is not so disclosed.

iii.

Defendant's motion for preclusion of the offering of, or testimony concerning, tape recordings not produced by plaintiff (Def. Mem., June 5, 2003, Point III) is denied as moot.

Plaintiff has stated that it will offer no more than two micro-cassette tapes (*see* Pl. Rev. Sub. to Prop. Joint Pretrial Order, Oct. 17, 2005, at 3 [item # 51] ); the speakers are, unfortunately, not there identified, but one, the Court infers, is one Frank Campbell (*see* Pl. Supp. Opp. to Def. Mots. *in Limine,* Oct. 17, 2005, at 4-5). Since those tapes are thus identified, the Court understands that copies will now have been supplied to defendant.

iv.

The Court does not decide, at this time, defendant's motion for preclusion of the tapes as not relevant, inaudible, unintelligible and untrustworthy, hearsay and inadmissible under Fed.R.Evid. 403. (Def. Mem., June 5, 2003, Point IV.)

Plaintiff is to bring to trial not only copies of the tapes that she will offer but transcripts thereof (which may indicate inaudible portions) so that the admission of such tapes or excerpts therefrom can be

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d    Page 2
Not Reported in F.Supp.2d, 2006 WL 522470 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

considered in the context in which plaintiff proposes to use them.

v.

***2** Defendant's motion for preclusion of the introduction of the March 11, 1998 decision of the Unemployment Insurance Appeal Board in the Matter of Kitt K. Scott and Cellco Partnership (Silverstein Aff., June 4, 2003, Ex. 4) is granted. That does not mean, however, that plaintiff may not testify to the results of her application for unemployment insurance and the progress of those proceedings.

vi.

Defendant moves for an order allowing multimedia presentation at trial. (Docket No. 134.) Plaintiff opposes for various reasons, including defendant's claimed unwillingness to share the equipment, and suggests the use of equipment available in the courthouse.

The Court forsees difficulty in having two multimedia systems in use during trial.

Defendants motion is granted, on condition that plaintiff be allowed to use the equipment fully, without charge, and that plaintiff's counsel, or her designee, be instructed in the use of the equipment. (Thus, for example, plaintiff's counsel, or her designee, might be instructed by the supplier's representative on use of the equipment on the day prior to trial on which it is installed.) Failing cooperation, the courthouse equipment will be used.

2. Plaintiff's Motions

i.

Plaintiff's motion (Docket No. 104) for exclusion of the testimony of Dr. Paul Nassar is granted in part and denied in part.

Plaintiff's claim for intentional infliction of emotional distress was dismissed in the Court's decision of April 10, 2002, and plaintiff has stated that she will not pursue damages for emotional stress and psychological harm. (*See* Pl. Reply Mem. re Nassar, Dec. 23, 2005, at 1.) Plaintiff does, however, seek "compensatory damages for injuries such as inconvenience, impairment of reputation, humiliation, suffering (for example for the assault and battery of the sexual harassment)...." (Pl. Request to Charge No. 20.) While the terminology describing the damages sought is modified, the testimony that would support them does not appear likely to be very different from that which would support damages for emotional stress and psychological harm. The Court will not, therefore, preclude the testimony of Dr. Nassar. Dr. Nassar's testimony must, however, be limited to his view of the impact on plaintiff of defendant's alleged harassment, discrimination and retaliation; Dr. Nassar cannot testify as to the credibility of the plaintiff and thus impermissibly invade the province of the jury. As a precondition to the testimony of Dr. Nassar, defendant must (if it has not already done so) produce to plaintiff, not later than March 31, 2006, copies of all materials relied on by him in preparing his report or testimony, including the tapes of his four-hour interview with plaintiff.

ii.

Plaintiff's motion (Docket No. 105) for exclusion of evidence with respect to an investigation of plaintiff by the New York County District Attorney's Office-regarding, according to defendant, "a possibly fraudulent (and false) statement made by Plaintiff (relating to the reason her employment by Defendant at the World Trade Center Kiosk ended) in an application she submitted to a government agency seeking financial aid" (Def. Mem. in Opp. to Pl. Mots. *in Limine,* at 9-10 (footnote omitted))-is granted in part and denied in part.

***3** The fact of the investigation is irrelevant (as defendant appears to acknowledge, *id.* at 10) and may not be proved or inquired into; the underlying facts, however, may be inquired into on cross-examination of plaintiff, to the extent allowed by Fed.R.Evid. 608(b).

iii.

Plaintiff's motion (Docket No. 106) for exclusion of evidence that she posed for "Playboy Magazine" is subject to Fed.R.Evid. 412. *Wolak v. Spucci,* 217 F.3d 157, 160 (2d Cir.2000). The evidence (if otherwise admissible) is subject to a showing by defendant, its proponent, "that 'its probative value substantially outweighs the danger of harm to any victim [here, plaintiff] and of unfair prejudice to any party [here again, plaintiff].' " *Id.* (quoting

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d    Page 3
Not Reported in F.Supp.2d, 2006 WL 522470 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

Fed.R.Evid. 412(b)(2)). The Court will treat defendant's opposition to plaintiff's motion to exclude this evidence as the motion required by Fed.R.Evid. 412(c)(1)(A) and hold an *in camera* hearing on its admissibility on the first day of trial, prior to jury selection.

iv.

Plaintiff's motion (Docket No. 107) for the admission into evidence, as a party admission, of statements made by defendant's counsel at a March 5, 1998 hearing before the New York State Department of Labor, Unemployment Insurance Administrative Law Judge Section, is denied.

The statements in issue were sufficiently qualified by the word "alleged" not to amount to admissions by defendant that sexual harassment took place.

v.

Plaintiff's motion (Docket No. 108) for exclusion of all of defendant's unidentifiable exhibits is denied as moot. By now, the parties should have supplied each other with marked copies of all of their exhibits. If this is not the case, they are to do so.

vi.

Plaintiff's motion (Docket No. 109) for redaction from all exhibits of her Social Security number is granted on consent. (*See* Def. Mem. in Opp. to Pl. Mots. *in limine,* at 30.) Plaintiff may specifically identify to the Court in writing any filed documents containing plaintiff's Social Security number, which, at plaintiff's request, will be sealed.

vii.

Plaintiff's motion (Docket No. 110) for a jury instruction corresponding to a stipulation proposed by her regarding defendant's financial condition, which stipulation defendant has not agreed to, is denied.

The parties having failed to agree, the relevant facts concerning defendant's financial condition may (if the jury in an initial verdict sheet has found that punitive damages are warranted) be proved through competent evidence.

viii.

Plaintiff moves (Docket No. 111) for:
(1) an Order precluding Defendant from asserting that Plaintiff failed to make sales quotas or accepted inadequate payment for cell phones; or (2) an adverse inference instruction allowing the jury to make an inference against Defendant that Plaintiff performed her sales duties satisfactorily because defendant destroyed sales documents; and (3) an Order precluding the testimony of Victor Bennici and witnesses never identified during discovery.

**\*4** (Pl. Mot. re Unattained Quotas, Unpaid Phones, Spoliation, at 1.) The motion is denied.

Prior counsel had an adequate opportunity to pursue the relevant discovery defendant's failure to provide which is the basis of the motion, but failed to do so. As regards the persons listed on defendant's witness list, plaintiff has not been unaware of their identities. (*See* Def. Mem. in Opp. to Pl. Mot. *in limine,* at 20.)

ix.

Plaintiff moves (Docket No. 128) for:
(1) an Order precluding Defendant from asserting that Plaintiff's medical bills would not have been covered by Defendant's insurance plan (the "Plan"), and precluding the testimony of Dr. Paul Nassar; or (2) an adverse inference instruction allowing the jury to make an inference against Defendant that Plaintiff's medical expenses would have been fully covered by insurance.

(Pl. Mot. in Limine to Preclude Evidence of Benefits Limitations or Request for Spoliation Instruction, at 1.) Defendant cross-moves for an order precluding plaintiff from offering in evidence redacted medical bills previously produced to defendant. The motions are disposed of as follows.

Defendant is to produce to plaintiff, not later than March 31, 2006, copies of all documents governing plaintiff's medical benefits. If defendant no longer has such documents, it is to submit to the Court an affidavit to that effect by an officer of defendant. Plaintiff is to submit to defendant, not later than March 31, 2006, unredacted copies of the medical bills previously produced, provided, however, that, in the case of any medical bill which plaintiff believes she should be allowed for good reason to redact,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d    Page 4
Not Reported in F.Supp.2d, 2006 WL 522470 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

copies of the redacted and unredacted bill may be submitted to this Court, *ex parte,* for a ruling.

The foregoing should resolve this dispute; if not, it will be revisited prior to jury selection. The Court notes that defendant has disavowed any intention of having Dr. Nassar testify as to plaintiff's medical benefits.

x.

Plaintiff's motion to preclude the testimony (by deposition) of Robert DeNiro (Docket No. 132) is granted, conditionally.

Defendant describes the testimony of Mr. DeNiro as relevant to "several crucial issues in this matter, including whether Plaintiff is a credible witness and whether Plaintiff was severely harassed because of her alleged relationship with Mr. DeNiro." (Def. Opp. to Pl. Mot. to Preclude Dep. of DeNiro, at 2.) Plaintiff does not appear to have stated whether or not she is going to testify (or offer other testimony about) her interactions with Mr. DeNiro. If she does so testify (or offer such testimony by anyone else) then the DeNiro deposition testimony is relevant and there is no basis for precluding it. If she does not so testify (or offer such testimony by anyone else) then the DeNiro testimony is not relevant, and will be excluded.

xi.

In a letter dated January 20, 2006, plaintiff raises the issue of defendant's compliance with an apparent agreement to exchange deposition designations; defendant responded in a letter dated January 26, 2006.

**\*5** One hopes that this dispute has, by now, been resolved by counsel. If that is not the case, the Court directs as follows: (i) the parties are to give the other side, by fax, all deposition designations, not later than March 31, 2006; (ii) the respective opponent is to give the other side, by fax, all deposition counter-designations, not later than April 10, 2006.

xii.

In the letter dated January 20, 2006, plaintiff also raises the issue of defendant's failure to provide privilege logs as required by this district's Local Civil Rule 26.2. Again, one hopes that this dispute has, by now, been resolved by counsel. If that is not the case, the Court directs as follows: the parties are to provide privilege logs, in compliance with the cited Local Civil rule, as to any document, deposition transcript or discovery response that it may offer in evidence, or that the opponent has designated as evidence to be introduced at trial, not later than March 31, 2006. Any privilege issues as to any material not to be offered in evidence will be considered waived, as it is too late to reopen discovery.

xiii.

In the letter dated January 20, 2006, plaintiff also raises the issue of defendant's compliance with the requirements of Fed.R.Civ.P. 33(b)(1) & (2) in regard to certain interrogatory responses. The defect, if there be one, has been waived. The Court nevertheless regards all of the interrogatory responses to have been signed under oath by a responsible authorized employee of defendant.

xiv.

In the January 20, 2006 letter, plaintiff also raises the issue of what counsel believes are improperly redacted documents from other lawsuits. The documents were produced in 1999 (see defendant's counsel's response of January 26, 2006, at 5), and the improper redactions must now be considered to be waived.

xv.

In the letter dated January 20, 2006, plaintiff also raises the issue of defendants' compliance with the requirement to exchange trial exhibits. Yet again, one hopes that this dispute has been resolved by counsel. If not, the Court directs each party to deliver to the other a complete set of all trial exhibits, labelled, not later than March 31, 2006.

3. Sanctions

All applications for sanctions, attorneys' fees, costs, *etc.,* are denied.

4. Schedule

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                         Page 5
Not Reported in F.Supp.2d, 2006 WL 522470 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

The Court will give counsel not less than three business days notice of a trial date, but most probably more, *e.g.,* two weeks.[FN2] The Court's scheduled criminal cases presently suggest that this case cannot be reached prior to June of this year.

>     FN2. The Court will give two business days notice of a date on which outside multimedia equipment (if it will be used) can be set up.

SO ORDERED.

S.D.N.Y.,2006.
Scott v. Cellco Partnership
Not Reported in F.Supp.2d, 2006 WL 522470 (S.D.N.Y.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.