# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TESLA INDUSTRIES, INC., a Delaware Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 06-55-GMS |
| DAVID C. WALDMANN, LYNDOL W. HOLLINGSWORTH, CHARLES MINNICK a/k/a CHUCK MINNICK, and NEW MILLENNIUM TOOLS, INC., an Oregon Corporation, | ) ) ) ) ) ) | **REDACTED** |
| Defendants. | ) | |

### PLAINTIFF'S RESPONSE TO DEFENDANT WALDMANN'S MOTION IN LIMINE TO PRECLUDE PLAINTIFFS FROM UTILIZING OR INTRODUCING TECHNICAL DOCUMENTS, <u>DRAWINGS OR SCHEMATICS OF ALLEGED TRADE SECRETS</u>

Brian A. Sullivan (#2098)
Robert D. Wilcox (#4321)
Amy D. Brown (#4077)
WERB & SULLIVAN
300 Delaware Avenue, 13th Floor
P.O. Box 25046
Wilmington, Delaware 19899
Telephone: 302-652-1100
bsullivan@werbsullivan.com

Paul E. Crawford (#493)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
Telephone: 302-888-6262
pcrawford@cblh.com

REDACTED
April 25, 2007

Attorneys for Plaintiff
Tesla Industries Inc.

## TABLE OF CONTENTS

I.   Nature and Stage of Proceedings ................................................................................ 1

II.  Summary of Argument .............................................................................................. 2

III. Counterstatement of Facts ......................................................................................... 2

IV.  Argument ................................................................................................................. 4

V.   Conclusion ............................................................................................................... 5

This is Plaintiff, Tesla Industries Inc.'s ("Tesla"), response to Defendant Waldmann's Motion in Limine to preclude the introduction of technical documents, drawings etc. regarding Tesla's Trade Secret (DI 139 hereafter "Waldmann MIL").

## I.    NATURE AND STAGE OF PROCEEDINGS

The Complaint (DI 1) in this action, *inter alia*, alleges misappropriation of Tesla's Confidential Information and Trade Secrets (collectively "Trade Secrets") by all Defendants. [1] Exhibit A to the Complaint makes it perfectly clear where those Trade Secrets originated, i.e., through the skill and ingenuity of one person, David Masilotti, Tesla's President[2].  Tesla's technical developments originate from and are implemented by him.  Thus, this is not the typical litigation with thousands of documents generated by legions of scientists detailing every facet of new product developments.  Defendant's pursuit of extensive documentation of such development is a red herring meant to distract attention from their misappropriation of Trade Secrets.

Procedurally, this is not the first time Defendant Waldmann pursued non-existent documents.  He – and the other Defendants – raised this issue with the Court during the October 20, 2006 discovery teleconference (See 10/20/06 teleconference Transcript attached as Exhibit 3 to Waldmann MIL – hereafter "10/20 transcript").  During that teleconference Defendants argued that Tesla had not provided documents in response to Defendants' request for all "documents referring to or relating to the conception, research, development, testing, decision to develop and all specifications and drawings relating to the [Trade Secret] product" (10/20

---

[1] This misappropriation is also the subject of a concurrent investigation by the U.S. Attorney and Naval Intelligence services.
[2] Exhibit A to the Complaint (¶4) attached as Exhibit 1 hereto, is an Affidavit of Mr. Masilotti where he confirms he is the originator of the Trade Secrets.

transcript, page 8, lines 18-22). After much discussion among counsel and Court (10/20 transcript, pages 8-13) the Court suggested a "compromise" on the discovery issue (10/20 transcript, page 13, lines 14-15). In that spirit of compromise, Tesla's counsel offered to "supplement the trade secrets listing" within 10 days (10/20 teleconference, page 15, lines 1-6). That offer was accepted by Defendants counsel (12/20 teleconference, page 15, lines 9-11). The supplemented trade secret listing was then delivered as promised on November 1, 2006, a month before close of discovery (See Plaintiff's Supplemental Response to Defendant's Interrogatory 9, attached as Exhibit 4 to the Waldmann MIL – hereafter "Supplemental Trade Secret Listing").

Defendant's 11th hour resurrection of the issue previously resolved with the Court's help is a waste of this Court's and Tesla's resources.

## II.    SUMMARY OF ARGUMENT

1.    The parties compromise on the disputed discovery addressed in the Waldmann MIL controls resolution of this matter.

2.    The record confirms that all Defendants, including Waldmann, have received ample information regarding the Trade Secrets at issue.

## III.    COUNTERSTATEMENT OF FACTS

Plaintiff's November 1, 2006 Supplemental Trade Secret Listing (Exhibit 4 to Waldmann MIL) provided extensive detail of Plaintiff's Trade Secrets. This, coupled with Waldmann's access to the products as they were developed at Tesla, provided him ample information about those Trade Secrets. Details available to Waldmann and his counsel about some of those Trade Secrets are as follow:

2

- NATO plug and NATO receptacle[3]. Their unique composition and operation is described at pages 2-6 of the Supplemental Trade Secret Listing.

**REDACTED**

- Power Unit for Unmanned Aviation Vehicle (UAV).

**REDACTED**

    Space limitations preclude further elaboration on information known to Defendants about Plaintiff's Confidential Information and Trade Secrets. But the Supplemental Listing of Trade

---

[3] These are military versions of devices used to interconnect high amerage wiring that are ruggedly built to withstand battlefield conditions.

**REDACTED**

Secrets itself is extensive and comprehensive.  It is the definition of Trade Secrets at issue in this case.

## IV.    ARGUMENT

Defendants agreed to a "compromise" at the October 20, 2006 discovery teleconference. That compromise was to forego pursuit of its burdensome document request for non-existent documents in favor of a more detailed listing of trade secrets.  That listing was provided by Tesla on time and in great detail.  Waldmann's 11th hour Motion in Limine challenging the adequacy of that listing ignores the Court sanctioned "compromise" and should be denied.

Plaintiff fully realizes that its Trade Secret claims depend upon this listing and documents already produced to Defendants.  Waldmann's feigned fear that Plaintiff will rely on "documents, schematics and drawings that were *** not produced in discovery at all ***" (Waldmann MIL, page 5) is unfounded.  Other than some documents being recovered from hard drives of Defendants' computers, Plaintiff is not going to rely on any documentation not previously produced.

Although largely irrelevant, Plaintiff feels compelled to address the allegations at pages 4-5 of the Waldmann MIL regarding Tesla's allegedly belated production of 7 pages of documents during the Carter deposition which was held after close of discovery.  People in glass houses etc.!  Defendants produced over a thousand pages of documents after the November 30, 2006 close of discovery without a word of apology or explanation[5] (Letters from Defendants counsel forwarding these documents are assembled as Exhibit 3 hereto).  Plaintiff chose not to challenge this belated production by Defendants because it would have imposed a needless

---

[5] In fairness to Defendants, one group of about 100 of that 1000 pages produced after close of discovery appear to be documents belatedly supplied by the Navy in response to a timely FOIA request by Defendants' counsel.

burden on the Court. Moreover, as long as documents are produced before trial they are useable in some manner.

## V.    CONCLUSION

Waldmann's Motion in Limine seeking a blanket prohibition on use at trial of further information about Plaintiff's Trade Secrets should be denied. The parties reached a Court sanctioned compromise regarding the scope of discovery regarding those Trade Secrets. Tesla should not be penalized for abiding by that compromise.

Respectively submitted,

Dated: April 19, 2007

/s/ Robert D. Wilcox
Robert D. Wilcox (#4321)
Brian A. Sullivan (#2098)
Amy D. Brown (#4077)
WERB & SULLIVAN
300 Delaware Avenue, 13th Floor
P.O. Box 25046
Wilmington, Delaware 19899
Telephone: 302-652-1100

Paul E. Crawford (#493)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
Telephone: 302-888-6262

Attorneys for Plaintiff
Tesla Industries Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2007, a true and correct copy of the foregoing

PLAINTIFF'S RESPONSE TO DEFENDANT WALDMANN'S MOTION IN LIMINE TO

PRECLUDE PLAINTIFFS FROM UTILIZING OR INTRODUCING TECHNICAL

DOCUMENTS, DRAWINGS OR SCHEMATICS OF ALLEGED TRADE SECRETS was

caused to be served on the following via CM/ECF filing:

<table>
<tr>
<td>

VIA HAND DELIVERY AND
ELECTRONIC MAIL
John D. Demmy
Stevens & Lee
1105 North Market Street
7th Floor
Wilmington, Delaware 19801
jdd@stevenslee.com

</td>
<td>

VIA HAND DELIVERY AND
ELECTRONIC MAIL
Steven J. Balick
John G. Day
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, Delaware 19899
sbalick@ashby-geddes.com

</td>
</tr>
<tr>
<td>

VIA ELECTRONIC MAIL
John A. Adams
Adam C. Gerber
Susanin, Widman & Brennan, P.C.
South Gulph Road, Suite 240
King of Prussia, PA 19406
Jaadams@swbcounsellors.com

</td>
<td>

VIA ELECTRONIC MAIL
Louis S. Mastriani
Rodney R. Sweetland, III
David F. Nickel
Adduci, Mastriani & Schaumberg, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, District of Columbia 20036-3006
Nickel@adduci.com

</td>
</tr>
</table>

*/s/ Paul E. Crawford*
Paul E. Crawford, Esquire (#493)
pcrawford@cblh.com

# Exhibit 1

# AFFIDAVIT OF DAVID J. MASILOTTI

Under Seal

STATE OF DELAWARE          )
                           )     to wit:
COUNTY OF NEW CASTLE       )

DAVID J. MASILOTTI, being first duly sworn on oath, deposes and says as follows:

1.  I am an adult competent to testify to the matters stated herein and I have personal knowledge of the matters stated herein.

2.  I have been the President of Tesla Industries, Inc. for 15 years. I am also the CEO of Tesla Industries, Inc.

3.  Tesla Industries, Inc. is located at 109 Centerpoint Blvd., New Castle, Delaware 10720 and employs approximate 75 employees.

4.  I am the inventor and developer of all of the products of Tesla Industries, Inc.

5.  David Waldmann was employed as a Military Sales Representative on December 16, 2002, when he signed the Agreement of Nondisclosure attached to the Verified Complaint as Exhibit C.[1]

6.  David Waldmann was very familiar with the importance of Confidential Information and Trade Secrets to Tesla Industries, Inc. as outlined in his Non-Disclosure Agreement and Tesla Industries' Confidentiality Memo.

7.      Tesla Industries, Inc. takes precautions and care in order to protect its Confidential Information and Trade Secrets, including denying visitors to Tesla's facility entrance by an armed guard unless they can produce identification and authorization,

---

[1] Any term not defined herein shall have the meaning ascribed to it in the Verified Complaint.

1

forbidding cellular telephones or cameras to be brought into the facility, and requiring the express consent of Tesla Industries' management before any Tesla Industries product, product design, or written or computerized information may be removed. For security reasons, Tesla Industries' website (www.teslaind.com) does not list all of the products it sells. Tesla Industries compartmentalizes its sensitive and confidential information among its employees, and requires each new employee to recognize its confidential policy. Tesla Industries only permits each employee to have access to that narrow bit of information necessary to do his or her job for the company. Tesla Industries also requires each employee to sign a "Confidentiality Memo" and an "Agreement of Non-Disclosure" ("Non-Disclosure Agreement") as part of the contract of employment. Additionally, Tesla Industries uses a sophisticated security system for its company computers to protect itself from unauthorized access to, or distribution of, company information. In July, 2005, Tesla Industries installed an upgraded firewall security system.

8.    Tesla Industries has invested millions of dollars in research and development, marketing, selling and servicing its products, most of which are based on Confidential Information and Trade Secrets.

9.   Tesla Industries' products include without limitation:

    a)  Portable Power Supplies and Electronic Power Conversion Equipment;

    b)  Portable Ground Power Units in order to provide power to aircraft, tanks, and other equipment; and

    c)  Power Units for police departments, hospitals and private industry.

10. Tesla Industries sells its portable ground power units to both government and private customers.

**REDACTED**

2

REDACTED

11. David Waldmann was never authorized to take or provide Tesla Industries'
Confidential Information or Trade Secrets to Lyndol Hollingsworth, Chuck Minnick, or
anyone else.

12. Tesla Industries was not aware of David Waldmann's unauthorized taking or
divulgence of Tesla Industries' Confidential Information and Trade Secrets until about
December 1, 2005. The discovery of David Waldmann's potential theft,
misappropriation and disclosures has resulted in an investigation of Waldmann's actions
including reviews of email, correspondence, telephone call records, and diaries, all of
which required an intensive investigation. The investigation is still not fully completed to
this day.

13. The investigation and discovery of Waldmann's actions have been devastating and
costly to Tesla Industries, causing great damage and concern.

14. Tesla Industries' investigation has revealed that Waldmann improperly and without
authorization from me, his supervisors or anyone else at Tesla Industries, violated Tesla
Industries' policies, and Mr. Waldmann's Agreement of Non-Disclosure. The
investigation shows that Mr. Waldmann:

   a) Committed theft of Tesla Industries confidential parts, including, but not
   limited to unauthorized use of Tesla Industries personnel, new product
   prototypes                    REDACTED

3

**REDACTED**

b)  directed Tesla Industries employee, Joseph Talbot, on numerous occasions in

May 2005 to download Tesla Industries' Confidential Information and Trade

Secrets, including product specifications, drawings, photographs, and

assembly of Tesla Industries products and provided them to Waldmann;

c)  established an unauthorized U.S. military e-mail account known as

dave.waldmann@us.army.mil using Tesla Industries' defense contractor status

as the authorization for such an address;

d)  spent much of his time while supposedly working for Tesla Industries

between January 2005 and December 1, 2005 at the expense of Tesla

Industries developing and marketing a tool, to Tesla Industries' clients, known

as the DC Impact Wrench, which was not a Tesla Industries approved

product;

e)  transmitted Department of Defense ("DOD") classified customer lists, 2005

pending DOD sales for third quarter, and vendor information, all of which are

confidential and proprietary, to an unauthorized computer and, I believe,

provided those lists to one or more Defendants;

f)  traveled to one or more military bases using his contacts from Tesla Industries

in order to demonstrate the DC Impact Wrench, a New Millenium Tools, Inc.

product, at various military facilities including but not limited to

**REDACTED**

REDACTED

g) conspired with the Defendants in order to misappropriate Tesla Industries' confidential information and trade secrets and provide same to Defendants.

h) suppressed information, inquiries, and potential orders from FEMA regarding as many as 10,000 orders.

i) improperly transferred Tesla Industries' Confidential Information and Trade Secrets along with sensitive and classified United States Department of Defense information via email to his personal email address and personal laptop computer; and

j) improperly directed other Tesla Industries employees to provided information to Waldmann concerning the highly confidential Navy Unmanned Aviation Vehicle Power Unit being developed by Tesla Industries.

k) provided Confidential Information and Trade Secrets to the other Defendants in an effort to support activities which compete with Tesla Industries.

15. Tesla Industries' investigation has further revealed that Dave Waldmann was using his personal email account to transmit and recieve Tesla Industries' Confidential Information and Trade Secrets.

16. Unless Tesla Industries is able to obtain access to Mr. Waldmann's personal email account, dcwaldmann@hotmail.com and his unauthorized email account dave.waldmann@us.army.mil, Tesla Industries will suffer immediate and irreparable harm and damages.

I hereby declare and affirm under the penalties of perjury that the matters and facts set forth or alleged herein are true and correct to the best of my knowledge, information and belief.

David J. Masilotti
President,
Tesla Industries, Inc.

SUBSCRIBED and SWORN TO before me this _27_ day of January, 2006.

NOTARY PUBLIC

BRIAN A. SULLIVAN, ATTORNEY AT LAW
Notarial Officer in the State of Delaware
Pursuant to Title 29, Del. C.§ 4323(a)(3)

My Commission Expires: _N/A_

6

Exhibit 2

Case 1:06-cv-00055-GMS    Document 159-3    Filed 04/25/2007    Page 17 of 28
CONFIDENTIAL VIDEOTAPED DEPOSITION OF DAVID MASILOTTI
CONDUCTED ON WEDNESDAY, NOVEMBER 22, 2006

1 (Pages 1 to 4)

**Page 1**

```
 1    IN THE UNITED STATE DISTRICT COURT
 2      FOR THE DISTRICT OF DELAWARE
 3   ----------------------X
     TESLA INDUSTRIES, INC.,
 4                    : Civil Action
        Plaintiff,    : No. 06-055 GMS
 5
         vs.
 6
     DAVID C. WALDMANN, LYNDOL W.        :
 7   HOLLINGSWORTH, CHARLES MINNICK      :
     a/k/a CHUCK MINNICK, and NEW        :
 8   MILLENNIUM TOOLS, INC.,             :
 9    Defendants.                        :
10   ----------------------X
11
12   Confidential videotaped deposition of DAVID MASILOTTI
13           Wilmington , Delaware
14        Wednesday, November 22, 2006
15              9:19 a.m.
     Job No.: 24-91258
16   Pages 1 - 303
     Reported by:  Gail L.Inghram Verbano, CSR, RMR, CRR
17
18
19
20
21                 CONFIDENTIAL
22
23
24
25
```

**Page 2**

```
 1
 2        Confidential videotaped deposition of
 3   DAVID MASILOTTI, held at the offices of:
 4
 5
 6        CONNOLLY, BOVE, LODGE & HUTZ
          1220 North Market Street
 7        Wilmington, DE  19801
          (302)658-9141
 8
 9
10
11        Pursuant to agreement, before Gail L.
12   Inghram Verbano, California Certified Shorthand
13   Reporter, Registered Merit Reporter, and Certified
14   LiveNote Reporter.
15
16
17
18
19
20
21
22
23
24
25
```

**Page 3**

```
 1              A P P E A R A N C E S
 2
 3   ON BEHALF OF PLAINTIFF TESLA INDUSTRIES
 4
 5        ROBERT WILCOX, ESQUIRE
 6        WERB & SULLIVAN
 7        300 Delaware Avenue, 13th Floor
 8        Wilmington, Delaware 19801
 9        (302)652-1100
10
11
12        and
13
14        PAUL CRAWFORD, ESQUIRE
15        CONNOLLY, BOVE, LODGE & HUTZ
16        1220 North Market Street
17        Wilmington Delaware  19801
18        (302)658-9141
19
20
21
22
23
24
25
```

**Page 4**

```
 1   A P P E A R A N C E S (Continued):
 2   ON BEHALF OF DEFENDANT DAVID WALDMANN:
 3
 4        JOHN A. ADAMS, ESQUIRE
 5        SUSANIN, WIDMAN & BRENNAN, P.C.
 6        Suite 240, Executive Terrace,
 7        455 South Gulph Road
 8        King of Prussia, Pennsylvania 19406
 9        (610)337-4510
10
11
12   ON BEHALF OF DEFENDANTS LYNDOL HOLLINGSWORTH, CHARLE
13   MINNICK AND NEW MILLENNIUM TOOLS, INC.,:
14
15        RODNEY R. SWEETLAND, III, ESQUIRE
16        ADDUCI, MASTRIANI & SCHAUMBERG, LLP
17        1200 Seventeeth Street, N.W.
18        Washington, D.C. 20036
19        (202)467-6300
20
21
22   ALSO PRESENT:
23        DAVID WALDMANN
24        TRUEE DORSEY
25        SCOTT PICKERING, VIDEOGRAPHER
```

REDACTED

# REDACTED

REDACTED

# Exhibit 3

ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.

ATTORNEYS AT LAW



V. JAMES ADDUCI II
LOUIS S. MASTRIANI
TOM M. SCHAUMBERG
BARBARA A. MURPHY
HARVEY B. FOX
WILL E. LEONARD
JAMES TAYLOR, JR.
MAUREEN F. BROWNE
MICHAEL G. McMANUS
RODNEY R. SWEETLAND, III
MICHAEL L. DOANE
WILLIAM C. SJOBERG
PAUL G. HEGLAND
DAVID F. NICKEL
SARAH E. HAMBLIN*
MARK R. LEVENTHAL
S. ALEX LASHER
ANDREA B. MILLER*

*ADMITTED TO A BAR OTHER THAN D.C.

1200 SEVENTEENTH STREET, N.W.
WASHINGTON, D.C. 20036
Telephone: (202) 467-6300
Facsimile: (202) 466-2006
e-mail: adduci@adduci.com
www.adduci.com

OF COUNSEL

ROBERT A. WESTERLUND
DAVID G. POSZ
JAMES E. BARLOW*
GREGORY C. ANTHES
JOHN C. STEINBERGER

AFFILIATE

AM&S TRADE SERVICES, LLC
CARLOS MOORE, PRESIDENT

December 7, 2006

**VIA FEDERAL EXPRESS**

Brian Sullivan, Esq.
WERB AND SULLIVAN
300 Delaware Avenue, 13th Floor
P.O. Box 25046
Wilmington, Delaware 19899

Paul E. Crawford, Esq.
CONNOLLY BOVE LODGE & HUTZ LLP
THE NEMOURS BUILDING
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware, 19899

John Adams, Esq.
SUSANIN WIDMAN AND BRENNAN PC
455 South Gulph Road, Suite 240
King of Prussian, Pennsylvania 19406

Re:    Tesla Industries v. David Waldmann, *et al.*

Dear Counsel:

Please find enclosed Defendants' production Bates stamped NMT-MIN 000716-001974.

Sincerely,

Tameca L. Brooks
Paralegal

TLB:akh
Enclosures
cc:    Steven J. Balick, Esq. (via First Class Mail)
NMT302506

ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.



ATTORNEYS AT LAW

V. JAMES ADDUCI II
LOUIS S. MASTRIANI
TOM M. SCHAUMBERG
BARBARA A. MURPHY
HARVEY B. FOX
WILL E. LEONARD
JAMES TAYLOR, JR.
MAUREEN F. BROWNE
MICHAEL G. McMANUS
RODNEY R. SWEETLAND, III
MICHAEL L. DOANE
WILLIAM C. SJOBERG
PAUL G. HEGLAND
DAVID F. NICKEL
SARAH E. HAMBLIN*
MARK R. LEVENTHAL
S. ALEX LASHER
ANDREA B. MILLER*

*ADMITTED TO A BAR OTHER THAN D.C.

1200 SEVENTEENTH STREET, N.W.
WASHINGTON, D.C. 20036
Telephone: (202) 467-6300
Facsimile: (202) 466-2006
e-mail: adduci@adduci.com
www.adduci.com

OF COUNSEL

ROBERT A. WESTERLUND
DAVID G. FOSZ
JAMES E. BARLOW*
GREGORY C. ANTHES
JOHN C. STEINBERGER

AFFILIATE

AM&S TRADE SERVICES, LLC
CARLOS MOORE, PRESIDENT

December 8, 2006

**VIA FEDERAL EXPRESS**

Brian Sullivan, Esq.
WERB AND SULLIVAN
300 Delaware Avenue, 13th Floor
P.O. Box 25046
Wilmington, Delaware 19899

Paul E. Crawford, Esq.
CONNOLLY BOVE LODGE & HUTZ LLP
THE NEMOURS BUILDING
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware, 19899

John Adams, Esq.
SUSANIN WIDMAN AND BRENNAN PC
455 South Gulph Road, Suite 240
King of Prussian, Pennsylvania 19406

Re:  <u>Tesla Industries v. David Waldmann, *et al.*</u>

Dear Counsel:

Please find enclosed Defendants' production Bates stamped NMT-MIN 001975-002362.

Sincerely,

Tameca L. Brooks
Paralegal

TLB:akh
Enclosures
cc:    Steven J. Balick, Esq. (via First Class Mail)
NMT302806

ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.



### ATTORNEYS AT LAW

V. JAMES ADDUCI II
LOUIS S. MASTRIANI
TOM M. SCHAUMBERG
BARBARA A. MURPHY
HARVEY B. FOX
WILL E. LEONARD
JAMES TAYLOR, JR.
MAUREEN F. BROWNE
MICHAEL G. McMANUS
RODNEY R. SWEETLAND, III
MICHAEL L. DOANE
WILLIAM C. SJOBERG
PAUL G. HEGLAND
DAVID F. NICKEL
SARAH E. HAMBLIN*
MARK R. LEVENTHAL
S. ALEX LASHER
ANDREA B. MILLER*

*ADMITTED TO A BAR OTHER THAN D.C.

1200 SEVENTEENTH STREET, N.W.
WASHINGTON, D.C. 20036
Telephone: (202) 467-6300
Facsimile: (202) 466-2006
e-mail: adduci@adduci.com
www.adduci.com

OF COUNSEL

ROBERT A. WESTERLUND
DAVID G. POSZ
JAMES E. BARLOW*
GREGORY C. ANTHES
JOHN C. STEINBERGER

AFFILIATE

AM&S TRADE SERVICES, LLC
CARLOS MOORE, PRESIDENT

December 15, 2006

**VIA FEDERAL EXPRESS**

Brian Sullivan, Esq.
WERB AND SULLIVAN
300 Delaware Avenue, 13th Floor
P.O. Box 25046
Wilmington, Delaware 19899

Paul E. Crawford, Esq.
CONNOLLY BOVE LODGE & HUTZ LLP
THE NEMOURS BUILDING
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware, 19899

John Adams, Esq.
SUSANIN WIDMAN AND BRENNAN PC
455 South Gulph Road, Suite 240
King of Prussian, Pennsylvania 19406

Re:   <u>Tesla Industries v. David Waldmann, *et al.*</u>

Dear Counsel:

Please find enclosed Defendants' production Bates stamped NMT-MIN 002363-002471 and LWH 000058-000187.

Sincerely,

Tameca L. Brooks
Paralegal

---

TLB
Enclosures
cc:   Steven J. Balick, Esq. (via First Class Mail)

ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.



ATTORNEYS AT LAW

V. JAMES ADDUCI II
LOUIS S. MASTRIANI
TOM M. SCHAUMBERG
BARBARA A. MURPHY
HARVEY B. FOX
WILL E. LEONARD
JAMES TAYLOR, JR.
MAUREEN F. BROWNE
MICHAEL G. McMANUS
RODNEY R. SWEETLAND, III
MICHAEL L. DOANE
WILLIAM C. SJOBERG
PAUL G. HEGLAND
DAVID F. NICKEL
SARAH E. HAMBLIN*
MARK R. LEVENTHAL
S. ALEX LASHER
ANDREA B. MILLER*
*ADMITTED TO A BAR OTHER THAN D.C.

1200 SEVENTEENTH STREET, N.W.
WASHINGTON, D.C. 20036
Telephone: (202) 467-6300
Facsimile: (202) 466-2006
e-mail: adduci@adduci.com
www.adduci.com

OF COUNSEL

ROBERT A. WESTERLUND
DAVID G. POSZ
JAMES E. BARLOW*
GREGORY C. ANTHES
JOHN C. STEINBERGER

AFFILIATE

AM&S TRADE SERVICES, LLC
CARLOS MOORE, PRESIDENT

January 9, 2007

**VIA FIRST CLASS MAIL**

Brian Sullivan, Esq.
WERB AND SULLIVAN
300 Delaware Avenue, 13th Floor
P.O. Box 25046
Wilmington, Delaware 19899

Paul E. Crawford, Esq.
CONNOLLY BOVE LODGE & HUTZ LLP
THE NEMOURS BUILDING
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware, 19899

John Adams, Esq.
SUSANIN WIDMAN AND BRENNAN PC
455 South Gulph Road, Suite 240
King of Prussian, Pennsylvania 19406

Re:    <u>Tesla Industries v. David Waldmann, *et al.*</u>

Dear Counsel:

Please find enclosed Defendants' production Bates stamped NMT-MIN 002472 - 002488.

Sincerely,

Tameca L. Brooks
Paralegal

TLB:akh
Enclosures
cc:    Steven J. Balick, Esq. (via First Class Mail)
NMT300007

ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.

ATTORNEYS AT LAW



RECEIVED
JAN 18 2007
By_____

OF COUNSEL

ROBERT A. WESTERLUND
DAVID G. POSZ
JAMES E. BARLOW*
JAMES TAYLOR, JR.
GREGORY C. ANTHES
JOHN C. STEINBERGER

1200 SEVENTEENTH STREET, N.W.
WASHINGTON, D.C. 20036
Telephone: (202) 467-6300
Facsimile: (202) 466-2006
e-mail: [lastname]@adduci.com
www.adduci.com

V. JAMES ADDUCI II
LOUIS S. MASTRIANI
TOM M. SCHAUMBERG
BARBARA A. MURPHY
HARVEY B. FOX
WILL E. LEONARD
MUNFORD PAGE HALL, II
MAUREEN F. BROWNE
MICHAEL G. McMANUS
RODNEY R. SWEETLAND, III
MICHAEL L. DOANE
WILLIAM C. SJOBERG
PAUL G. HEGLAND
DAVID F. NICKEL
SARAH E. HAMBLIN*
MARK R. LEVENTHAL
S. ALEX LASHER
ANDREA B. MILLER* ·
*ADMITTED TO A BAR OTHER THAN D.C.

AFFILIATE

AM&S TRADE SERVICES, LLC
CARLOS MOORE, PRESIDENT

January 17, 2007

**VIA ELECTRONIC MAIL**

Brian A. Sullivan, Esq.
Werb & Sullivan
300 Delaware Avenue
P.O. Box 25046
Wilmington, Delaware 19899

Paul E. Crawford, Esq.
Connolly Bove Lodge & Hutz LLPThe
Nemours Building 1007 North Orange Street
P.O. Box 2207
Wilmington, DE, 19899

John A. Adams, Esq.
Susanin, Widman & Brennan, P.C.
455 South Gulph Road, Suite 240
King of Prussia, Pennsylvania 19406

Re:    Tesla Industries v. David Waldmann, et al.

Dear Counsel:

Enclosed please find Defendants' production Bates stamped LWH 000188 – 000761. Note that document LWH 000760-761 is a fax cover sheet created in Word under a setting that automatically updates the date. The document has not been modified in any way. The date of creation was January 12, 2004. Also, a hard copy of these documents will be sent via Federal Express overnight.

Sincerely,

Ian A. Taronji

IAT
Enclosures
cc:    Steven J. Balick, Esq.

ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.

ATTORNEYS AT LAW

V. JAMES ADDUCI II
LOUIS S. MASTRIANI
TOM M. SCHAUMBERG
BARBARA A. MURPHY
HARVEY B. FOX
WILL E. LEONARD
MUNFORD PAGE HALL, II
MICHAEL G. McMANUS
RODNEY R. SWEETLAND, III
MICHAEL L. DOANE
WILLIAM C. SJOBERG
PAUL G. HEGLAND
DAVID F. NICKEL
SARAH E. HAMBLIN*
MARK R. LEVENTHAL
S. ALEX LASHER
ANDREA B. MILLER*
*ADMITTED TO A BAR OTHER THAN D.C.

1200 SEVENTEENTH STREET, N.W.
WASHINGTON, D.C. 20036
Telephone: (202) 467-6300
Facsimile: (202) 466-2006
e-mail: [lastname]@adduci.com
www.adduci.com

OF COUNSEL

ROBERT A. WESTERLUND
DAVID G. POSZ
JAMES E. BARLOW*
JAMES TAYLOR, JR.
GREGORY C. ANTHES
JOHN C. STEINBERGER

AFFILIATE

AM&S TRADE SERVICES, LLC
CARLOS MOORE, PRESIDENT*

February 16, 2007

**VIA FEDERAL EXPRESS**

Brian Sullivan, Esq.
WERB AND SULLIVAN
300 Delaware Avenue, 13th Floor
P.O. Box 25046
Wilmington, Delaware 19899

Paul E. Crawford, Esq.
CONNOLLY BOVE LODGE & HUTZ LLP
THE NEMOURS BUILDING
1007 North Orange Street
P.O. Box 207
Wilmington, Delaware 19899

John Adams, Esq.
SUSANIN WIDMAN AND BRENNAN PC
455 South Gulph Road, Suite 240
King of Prussian, Pennsylvania 19406

Re:    Tesla Industries v. David Waldmann, et al.

Dear Counsel:

Please find enclosed Defendants' production Bates stamped NMT-MIN 002489 - 002712.

Sincerely,

Kyneshia L. Holdbrook
Paralegal

KLH:llk
Enclosures
cc:    Steven J. Balick, Esq. (Via First Class Mail)

NMT302207

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2007, a true and correct copy of the foregoing

REDACTED VERSION OF PLAINTIFF'S RESPONSE TO DEFENDANT WALDMANN'S

MOTION IN LIMINE TO PRECLUDE PLAINTIFFS FROM UTILIZING OR

INTRODUCING TECHNICAL DOCUMENTS, DRAWINGS OR SCHEMATICS OF

ALLEGED TRADE SECRETS was caused to be served on the following via CM/ECF filing:

<table>
<tr>
<td>

VIA ELECTRONIC MAIL
John D. Demmy
Stevens & Lee
1105 North Market Street
7th Floor
Wilmington, Delaware 19801
jdd@stevenslee.com

</td>
<td>

VIA ELECTRONIC MAIL
Steven J. Balick
John G. Day
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, Delaware 19899
sbalick@ashby-geddes.com

</td>
</tr>
<tr>
<td>

VIA ELECTRONIC MAIL
John A. Adams
Adam C. Gerber
Susanin, Widman & Brennan, P.C.
South Gulph Road, Suite 240
King of Prussia, PA 19406
Jaadams@swbcounsellors.com

</td>
<td>

VIA ELECTRONIC MAIL
Louis S. Mastriani
Rodney R. Sweetland, III
David F. Nickel
Adduci, Mastriani & Schaumberg, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, District of Columbia 20036-3006
Nickel@adduci.com

</td>
</tr>
</table>

 */s/ Paul E. Crawford*
Paul E. Crawford, Esquire (#493)
pcrawford@cblh.com