## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TESLA INDUSTRIES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 06-055-(GMS) |
| v. | ) |
| | ) |
| DAVID C. WALDMANN, | ) |
| LYNDOL W. HOLLINGSWORTH, | ) Filed Under Seal |
| CHARLES MINNICK a/k/a CHUCK MINNICK, and | ) Confidential |
| NEW MILLENNIUM TOOLS, INC., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF TESLA INDUSTRIES, INC.'S RESPONSE TO DEFENDANT WALDMANN'S MOTION *IN LIMINE* TO PRECLUDE TESTIMONY OR ARGUMENT FROM PLAINTIFF TESLA INDUSTRIES, INC. RELATING TO CERTAIN ALLEGED DAMAGES**

WERB & SULLIVAN

Brian A. Sullivan (2098)
Robert D. Wilcox (4123)
Amy D. Brown (4077)
300 Delaware Ave., 13th Floor
PO Box 25046
Wilmington, DE 19801
Telephone: (302) 652-1100

and

CONNOLLY BOVE LODGE & HUTZ

Paul E. Crawford (493)
1107 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207
Telephone: (302)658.9141

*Attorneys for Plaintiff Tesla Industries, Inc.*

Dated:  April 19, 2007

## TABLE OF AUTHORITIES

ABB Air Pre-heater Inc., 167 F.R.D. at 673……………………………………………….. 5

Asia Strategic Investment Alliances LTD. v. General Electric Capital Services, Inc., 1997 U.S.

Dist. LEXIS 3152, No. 95-2479- GTV 1997 WL 122568, at *6 (D. Kan. March 11, 1997)……6

In Re Paoli Railroad Yard PCB Litigation, 35  F.3d 717, 792-793 (3d Cir. 1994) cert. denied,

513 U.S. 1190, 131 L. Ed. 2d 134, 115 S. Ct. 1253 (1995)................................................ 5


F.R.C.P. 26………………………………………………………………………………… 5,
6

F.R.C.P. 37 ………………………………………………………………………………… 6

TABLE OF CONTENTS

INTRODUCTION.................................................................................  4

PRELIMINARY STATEMENT.............................................................  4

ARGUMENT.....................................................................................  5

CONCLUSION..................................................................................  7

This is Plaintiff, Tesla Industries, Inc.'s ( "Tesla"),  response in opposition to the *Motion In Limine of Defendant Waldman to Preclude Testimony or Argument From Plaintiff Relating to Certain Alleged Damages* (" Waldmann  MIL "). For the reasons grounded in both fact and law set forth below, Tesla. urges this Court to deny Defendant's Motion in *Limine* in *toto*.

## INTRODUCTION

Throughout the *Waldmann MIL* Defendant Waldmann ("Waldmann") complains about deficiencies in responses Tesla provided to the NMT Defendants.  However, Defendant Waldmann has no basis to complain about responses by Tesla Industries to discovery served by the NMT Defendants[1], and not by Waldman.  Further, Tesla Industries reiterates the fact that it has provided answers to interrogatories, responses to requests for production of documents, tax returns, sales reports, an expert report and hundreds of other responsive documents[2] in full satisfaction of its Rule 26 disclosure requirements.

## PRELIMINARY STATEMENT

In their desperate efforts to avoid their clear liability in this theft of trade secrets case, the NMT Parties and Waldmann have collectively filed 9 Motions in Limine to suppress evidence in this case.  Included are these Motions to:

1.      Prevent evidence relevant to damages;

2.      Prevent the admission of relevant financial documents;

3.      Prevent rebuttal testimony;

---

[1] Defendants Lyndol Hollingsworth, Charles Minnick, and NMT are parties collectively referred to herein as the "NMT Defendants" (as opposed to the Defendant Waldman).

[2]  Tesla Industries has provided in excess of 2,000 documents in this case in response to the NMT Defendants and Waldman's discovery requests.

4

4.    Prevent the President of the Plaintiff, Tesla Industries, from testifying;

5.    Prevent other witnesses from testifying;

6.    Prevent references to the investigation of Defendants' activities by the U.S. Attorneys Office, the FBI, Navy CIS, and Army CIS;

7.    Preclude referral to "stolen property";

8.    Preclude the admission of Tesla Industries' technical documents, drawings, and schematics of Tesla Industries' trade secrets;

9.    Preclude any reference to Tesla Industries' products as being "classified" or "top secret."

As a preliminary matter, Waldmann is attempting to complain about responses to discovery which were propounded by three NMT Defendants, who are represented separately by their own counsel. The responses by Tesla that Waldman complains of are actually responses to interrogatories and requests for production filed by the NMT Defendants and <u>not</u> by Waldmann. Waldmann had the opportunity to propound his own discovery and did not do so. He did not ask these questions. Therefore, Waldmann lacks standing to complain about Tesla Industries responses to the NMT Parties discovery.

## **ARGUMENT**

Defendant Waldmann's Motion in Limine should be denied because he has not demonstrated that the alleged non-disclosure by Tesla will be prejudicial to **him**, nor that Tesla Industries is deserving of the severe sanctions he seeks under Rule 37 to exclude evidence. The Third Circuit has noted its "aversion, absent extreme circumstances, to the exclusion of crucial evidence." <u>ABB Air Pre-heater Inc.</u>, 167 F.R.D. at 673; see also <u>In Re Paoli Railroad Yard PCB Litigation</u>, 35 F.3d 717, 792-793 (3d Cir. 1994) (overturning district court's decision to exclude expert testimony where prejudice was "extremely minimal"), cert. denied, 513 U.S.

1190, 131 L. Ed. 2d 134, 115 S. Ct. 1253 (1995). Indeed, exclusion of evidence is a severe

sanction and is therefore often inappropriate unless the failure to disclose or supplement is in bad

faith or the resultant prejudice to the opposing party cannot be cured because, for example, use of

the evidence is "imminent or in progress." ABB Air Preheater, Inc. 167 F.R.D. at 671-72. See

also Asia Strategic Investment Alliances LTD. v. General Electric Capital Services, Inc., 1997

U.S. Dist. LEXIS 3152, No. 95-2479- GTV 1997 WL 122568, at *6 (D. Kan. March 11, 1997) (

court is hesitant to exclude evidence based upon a Rule 26 violation.)

Tesla has provided Waldman and the NMT Defendants  with meaningful disclosures

regarding damage calculations, including but not limited to its expert report[3] and the

documentation used by the expert in calculating lost profits and sales, including its Summary of

Annual Sales, Monthly Sales Reports,  and Tax Returns. A copy of Tesla's expert report of John

Sullivan is attached hereto as "Exhibit A".  Additionally, Tesla Industries provided "Plaintiff

Tesla Industries, Inc.'s Supplemental Answer to Defendants Lyndol W. Hollingsworth, Charles

Minnick a/k/a Chuck Minnick and New Millennium Tools, Inc.'s Interrogatory 3" which, when

taken with Tesla Industries' Expert Report and supporting documents, clearly complies with Fed.

R.Cir. P.26(a)(1)(c) concerning "a computation of any category of damages."   Tesla Industries'

continued amended and supplemental responses to discovery and to its Rule 26(a) disclosures

clearly demonstrate a lack of "bad faith" and its absolute willingness to cooperate with the

discovery process.

Further, Defendant Waldmann is not entitled to relief sought in his Motion in Limine

with respect to discovery propounded by the NMT Defendants. If he was dissatisfied with

Tesla's ' disclosures or responses to the NMT Defendant's discovery requests, Defendant

---

[3] Defendant Waldmann concedes in footnote 1 to the Motion in Limine that Tesla Industries has properly lodged its
expert report with regard to lost sales and profits.

Waldmann had ample opportunity to depose Tesla Industries' witnesses and to serve Tesla Industries with his own written discovery requests. However, he failed to do so, did not join in the NMT Defendant's requests, and is therefore not entitled to the relief he seeks with respect to another Defendant's discovery requests.

Waldmann complains that Tesla Industries has failed to provide any evidence concerning its computation of alleged damages related to "lost production, delays and deliveries, loss of normal current opportunities…" Waldmann MIL page 3, first paragraph and footnote number 1; and page 5.

As noted above, Defendant Waldmann admits that Tesla Industries has lodged its expert report with regard to lost sales and profits. This expert report subsumes and contains Tesla's allegations of lost production, delays and deliveries and loss of normal growth opportunities.

With regard to the damages alleged in the complaint relating to stolen prototypes, drawings technical data and supplies, Tesla intends to call David Masilotti, President of Tesla Industries, and other listed witnesses, as witnesses who will testify as to these damages. All defendants have had ample opportunity to question Mr. Masilotti, who was, in fact, deposed in this case for a full 8 hour day. Furthermore, Tesla Industries' supplemental answer to the NMT Parties' interrogatory number 3 clearly states "Tesla Industries has lost the value of prototypes, drawings, technical data and supplies at least in the estimated amount of $250,000.00". Nevertheless, Tesla Industries will again supplement its response to the NMT Parties' Interrogatory Number 3 and more specifically states its estimate of damages, related to stolen prototypes, drawings, technical data and supplies.

### CONCLUSION

Defendant's Motion in Limine should be denied it its entirety, as it lacks both the factual and legal support to warrant the suppression and exclusion of Plaintiff Tesla Industries' crucial evidence in this case regarding damages. therefore , Tesla requests that Defendant's Motion in Limine be denied in its entirety.

Dated: April 19, 2007                    Respectfully submitted,


                                         /s/ Brian A. Sullivan
                                         Brian A. Sullivan  (DE No. 2098)
                                         Robert D. Wilcox  (DE No. 4321)
                                         Amy D. Brown      (DE No. 4077)
                                         300 Delaware Avenue, 13th Floor
                                         P. O. Box 25046
                                         Wilmington, DE  19899
                                         Telephone:  (302) 652-1100
                                         Facsimile:  (302) 652-1111

                                         and


                                         Paul E. Crawford (I.D. # 493)
                                         CONNOLLY BOVE LODGE & HUTZ LLP
                                         1107 N. Orange Street
                                         P.O. Box 2207
                                         Wilmington, DE 19899-2207
                                         302.658.9141
                                         pcrawford@cblh.com


                                         Attorneys for Tesla Industries, Inc.

EXHIBIT A

# CALCULATION OF LOST PROFITS

## Tesla Industries, Inc.
v.
## David Waldmann, Et Al.
(C.A. 06-55)

*Report Date:  December 21, 2006*

# Cordua & Company, P.C.

Certified Public Accountants

## CALCULATION OF LOST PROFITS

### TESLA INDUSTRIES, INC. v. DAVID WALDMANN, ET AL. (C.A. 06-55)

*Report Date: December 21, 2006*

### TABLE OF CONTENTS

| | |
|---|---|
| PURPOSE AND SCOPE OF ENGAGEMENT | 1 |
| OPINIONS | 1 |
| DOCUMENTS CONSIDERED | 1 |
| LIMITING CONDITIONS | 2 |
| QUALIFICATIONS | 2 |
| COMPENSATION | 2 |
| ATTACHMENT A - OPINIONS | 3 |
| ATTACHMENT B - ANALYSIS OF THE EVIDENCE | 6 |
| ATTACHMENT C – DOCUMENTS CONSIDERED | 8 |
| ATTACHMENT D - CURRICULUM VITAE - JOHN P. SULLIVAN, CPA, CVA | 9 |
| ATTACHMENT E – FIRM RESUME / CURRICULUM VITAE – PETER J. CORDUA, CPA, FIRM PRINCIPAL | 10 |

# Cordua & Company, P.C.

Certified Public Accountants

December 21, 2006

Werb & Sullivan
300 Delaware Avenue
P.O. Box 25046
Wilmington, DE 19899
Attn: Brian A Sullivan

RE:    Calculation of Lost Profits
       Tesla Industries, Inc. v. David Waldmann, et al. (C.A. 06-55)

*Purpose and Scope of Engagement*

The attached report was prepared for the specific purpose of determining the lost profits suffered by Tesla Industries, Inc (hereinafter, the "Company") in connection with the above referenced litigation and is intended for no other purpose.

*Opinions*

My opinions on matters relevant to this case and the basis and reasons for those opinions are described in Attachment A. My supporting calculations and analysis of the evidence including a table of the Company's monthly sales is provided in Attachment B. As I am still awaiting additional information from the Company, this report describes my preliminary opinion on the lost profits of the Company. Based on the information we have considered as of the date of this report, I believe that our approach yields a reasonable estimate, yet not conclusive opinion, of lost profits from the projections and assumptions described in Attachment A.

*Documents Considered*

In preparing this report and forming the opinions expressed in Attachment A, I have considered the items of information disclosed in Attachment C. While additional information was requested from the client, it has not been provided as of the date of this report. Had the additional information been provided, this could result in a materially different calculation of lost profits.

I have also considered my knowledge, training and professional experience as a certified public accountant and certified valuation analyst.

---

CALCULATION OF LOST PROFITS                                                   2
TESLA INDUSTRIES, INC. v. DAVID WALDMANN, ET AL. (C.A. 06-55)

1650 Suckle Highway                          300 Delaware Avenue, Suite 1300
Office Complex, Suite 3                               Wilmington, DE 19801
Pennsauken, NJ 08110                                     Mailing Address:
(856) 486-2299 • Fax (856) 486-2038                        P.O. Box 25046
email: CorduaAndCo@pfc-cpa.com                    Wilmington, DE 19899-5046

# Cordua & Company, P.C.

Certified Public Accountants

### *Limiting Conditions*

Cordua & Company, P.C. has relied on financial information and tax returns as provided by the Company and its attorney as being accurate and a fair representation of the financial status and operations of the Company. We have not applied any independent investigative procedures to assure their accuracy. Rather, we have relied upon the Company's representation that this financial information, as well as other information and documentation, provided to us by them or their agents is true and correct to the best of their knowledge and belief. This report is not to be copied or made available to any persons other than those indicated in this report without the express written consent of Cordua & Company, P.C. We have no responsibility to update this report for events and circumstances occurring subsequent to the date of this report.

### *Qualifications*

A summary of my qualifications, as detailed in the curriculum vitae (C.V.) is presented in Attachment D.

### *Compensation*

Cordua & Company, P.C. is being compensated at my normal hourly rate for this type of work of $150 per hour. My compensation is not contingent on the outcome of this litigation. We have no financial interest or contemplated financial interest in the Company that is the subject of this report.

Sincerely,

John P Sullivan, CPA, CVA
December 21, 2006

---

# Cordua & Company, P.C.

REDACTED

... ....... ..... does not address the other
...... .......ding the damages related to:

- Lost value of prototypes, drawings, technical data, and supplies
- Legal fees incurred related to prosecuting and defending this litigation
- Security and investigative expenses incurred
- Lost employee and officer time and productivity
- Lost time to recruit and train replacement salesman
- Upon receiving additional information we will consider these damages in an addendum to this report.

### *Target Period Chosen*

According to Tesla Industries, Inc, the Defendant, sales employee David Waldmann, began ignoring his duties as a salesman of the Company at the beginning of June 2005. The Defendant took paid leave beginning November 25, 2005 and was terminated December 30, 2005.

Due to the life cycle of the company's sales, these actions affected the Company's sales figures approximately six months after the damages occurred. After a salesman visits a typical government contract customer, it takes one month for a purchase requisition, one more month for approvals to go to bid, one more month to order the product, and finally three months turnaround time for Tesla to manufacture the product. Using this assumption, we have determined that the target period of affected sales was December 2005 through May 2006.

REDACTED

REDACTED

# Cordua & Company, P.C.

Certified Public Accountants

## ATTACHMENT "B"

## ANALYSIS OF THE EVIDENCE

REDACTED

# Cordua & Company, P.C.

Certified Public Accountants

## ATTACHMENT 'C'

### DOCUMENTS CONSIDERED

- Monthly Sales of Tesla Industries, Inc. from July 1995 to September 2006 as provided by Office of Brian A Sullivan via email on 10/23/2006;

- Federal Income Tax Returns of Tesla Industries, Inc. prepared by Ridgeway Tax Accounting[1] for the fiscal years ended June 30, 1997 through June 30, 2001;

- Email correspondence between the Office of Brian A Sullivan and Tesla Industries between the dates of 10/18/2006 and 10/24/2006

- Tesla Industries, Inc.'s Sixth Supplemental Production of Documents in Response to Defendants Lyndol W Hollingsworth, Charles Minnick a/k/a Chuck Minnick and New Millennium Tools, Inc's Request For Production of Documents as dated November 30, 2006

- Plaintiff Tesla Industries, Inc.'s Supplemental Answer to Defendants Lyndol W Hollingsworth, Charles Minnick a/k/a Chuck Minnick and New Millennium Tools, Inc's Interrogatory No. 3 dated 10/27/2006

- Plaintiff Tesla Industries, Inc.'s Answers and Objections to Interrogatories No. 1, 2, 3, and 4 dated 11/27/2006

---

[1] Ridgeway Tax Accounting Services, Shoppes of Red Lion Road, New Castle, DE 19720

# Cordua & Company, P.C.

Certified Public Accountants

## ATTACHMENT 'D'

## CURRICULUM VITAE

### John P Sullivan, CPA, CVA

CURRICULUM VITAE

# JOHN P. SULLIVAN, CPA, CVA

| | |
|---|---|
| **BUSINESS CONTACT INFORMATION** | Cordua & Company, P.C.<br>1650 Suckle Highway<br>Office Complex, Suite 3<br>Pennsauken, NJ 08110<br>Phone:    (856) 486-2299<br>Fax:      (856) 486-2038<br>e-mail:    jsullivan@pjc-cpa.com |
| **EDUCATION** | **Villanova University**, Villanova, Pennsylvania<br>Bachelor of Science in Accounting, May 1998<br>*Graduated Magna Cum Laude*<br>Beta Gamma Sigma – National Business Honor Society |
| **CERTIFICATIONS** | • Certified Valuation Analyst (CVA) – December 2004<br>• Certified Public Accountant (CPA) – January 2000 |
| **EMPLOYMENT HISTORY** | **Cordua & Company, P.C.**, 2003 to Present<br>• *Valuation Consultant* - business valuation services for merger and acquisition purposes, marital reasons, business succession plans, shareholder agreements, and other litigation support services<br>• *Audit Director* – supervises audits, reviews, and compilations for privately-held companies in diversified industries including Construction, Manufacturing, Mortgage Banking, and Internet Services as well as Non-Profit Organizations<br>• Tax Compliance and M&A Due Diligence Services<br><br>**Campbell Sales Company**, 2001 to 2002<br>• *Financial Analyst* – Controlled $560MM U.S. trade budget by brand for Fortune 500 soup manufacturer<br><br>**Ernst & Young, LLP**, 1997 to 2000<br>• *Senior Auditor* – audits of private and publicly held corporations; focus on entrepreneurial services group |

CURRICULUM VITAE – CONTINUED

# JOHN P. SULLIVAN, CPA, CVA

**BUSINESS
VALUATION
EXPERIENCE**

Services Provided to Entities in the Following Industries:
- Food and Beverage Services
- Commodities Dealer
- Video Stores
- Construction
- Professional Practice

**PROFESSIONAL
ASSOCIATIONS**

- American Institute of Certified Public Accountants (AICPA)
- Pennsylvania Institute Certified Public Accountants (PICPA)
- National Association of Certified Valuation Analysts (NACVA)
- Association of Certified Fraud Examiners (ACFE)

**CONTINUING
EDUCATION**

- PICPA - Accounting Issues in Divorce Litigation, 2006
- PA Bar Institute - Your Role in Business Valuations, 2006
- NACVA - 12th Annual Consultants' Conference, 2005
  - Drafting a Good Report – Your Professional Signature
  - Emerging Industries in Valuation
  - Valuation of Pass-Through Entities: The Plot Thickens
  - Valuation of Privately Held Businesses: A Comparison of the Pricing Accuracy of Common Methods
  - Valuation Policies and Procedures at the IRS
  - Non-Confrontational Approach to Interviewing
  - Deficiencies in Current Valuation Research
  - Calculation of Lost Profits Damages
  - Fair Value in Shareholder Cases
  - The Market Method – New Ideas for the Use of Public Company Guidelines
  - Case Analysis in Person
- NACVA - Business Valuation Certification and Training Center, 2004
  - Fundamentals, Techniques & Theory
  - Applications and Calculations of the Income and Asset Approaches
  - Case Analysis - The Market Approach
  - Case Analysis – Application of Discounts & Premiums
  - Case Study – Facts to Conclusion
  - Corporate Valuation – Theory & Application
- PICPA - FASB/SAS Updates, Tax Updates, etc, 1998-2006

# Cordua & Company, P.C.

Certified Public Accountants

ATTACHMENT 'E'

FIRM RESUME

Cordua & Company, P.C.

CURRICULUM VITAE

Peter J. Cordua, CPA

Peter J. Cordua
**Certified Public Accountant**
Cordua & Company, P.C.
1650 Suckle Highway
Office Complex
Suite 3
Pennsauken, New Jersey 08110
(856) 486-2299
pcordua@pjc-cpa.com

**EDUCATION:**

Graduate of St. Joseph's college with a Bachelor's Degree in accounting

**BUSINESS QUALIFICATIONS:**

- Licensed as a Certified Public Accountant since 1975

- Licensed as a Certified Public Accountant in New Jersey and Pennsylvania

- Began accounting practice in 1976 in which he is sole shareholder

- Member of American Institute of Certified Public Accountants

- Member of New Jersey Society of Certified Public Accountants

- Member of Pennsylvania Institute of Certified Public Accountants

- Has testified as an expert witness in Federal, Commonwealth and City courts

- Has testified for arbitration committee related to business valuation issues

**CORDUA & COMPANY, P.C.:**

- Firm employs eight full time professionals with three full time paraprofessionals.

- Firm is experienced in preparing audited, reviewed and compiled financial statements.

- Firm prepares tax returns for businesses and individuals located in sixteen states and Canada.

Peter J. Cordua
Certified Public Accountant
Cordua & Company, P.C.
1650 Suckle Highway
Office Complex
Suite 3
Pennsauken, New Jersey  08110
(856) 486-2299
pcordua@pjc-cpa.com

**CORDUA & COMPANY, P.C. (Continued):**

- Firm has prepared business valuations and represented clients in domestic issues.

**PERSONAL:**

- Resident of Marlton, New Jersey

- Trustee of Creative Arts Alliance of New Jersey

- Trustee of The Leukemia & Lymphoma Society of Southern New Jersey

- Previously Treasurer of Northeast Philadelphia Chapter of Optimist Club

- Previously member of Philadelphia Chapter of Jaycees, named Jaycee of the month – July 1973

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2006, I caused a copy of the foregoing document to be served upon the persons listed below in the manner indicated:

**VIA E-MAIL & FIRST CLASS MAIL**

John A. Adams, Esq.
Susanin Widman & Brennan, P.C.
455 S. Gulph Road, Suite 240
King of Prussia, PA 19406

Louis S. Mastriani, Esq.
Rodney R. Sweetland, III, Esq.
David F. Nickel, Esq.
Adduci,Mastriani & Schaumberg, LLP
1200 Seventeenth Street, N.W.
Fifth Floor
Washington, DC 20036-3006

**VIA HAND DELIVERY**

John D. Demmy, Esq.
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, DE 19801

Steven J. Balick, Esq.
John G. Day, Esq.
Lauren E. Maguire, Esq.
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801

/s/ Brian A. Sullivan
Brian A. Sullivan (#2098)

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2007, I caused a copy of the foregoing

document to be served upon the persons listed below in the manner indicated:

**VIA E-MAIL & FIRST CLASS MAIL**

John A. Adams, Esq.
Susanin Widman & Brennan, P.C.
455 S. Gulph Road, Suite 240
King of Prussia,  PA  19406

Louis S. Mastriani, Esq.
Rodney R. Sweetland, III, Esq.
David F. Nickel, Esq.
Adduci,Mastriani & Schaumberg, LLP
1200 Seventeenth Street, N.W.
Fifth Floor
Washington,  DC  20036-3006

**VIA HAND DELIVERY**

John D. Demmy, Esq.
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington,  DE  19801

Steven J. Balick, Esq.
John G. Day, Esq.
Lauren E. Maguire, Esq.
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington,  DE  19801

/s/ Brian A. Sullivan
Brian A. Sullivan (#2098)