IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TESLA INDUSTRIES, INC., | ) | **REDACTED PUBLIC VERSION** |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06-055-GMS |
| v. | ) | |
| | ) | |
| DAVID C. WALDMANN, | ) | |
| LYNDOL W. HOLLINGSWORTH, | ) | |
| CHARLES MINNICK a/k/a CHUCK MINNICK, and | ) | |
| NEW MILLENNIUM TOOLS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## NMT DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE "TO PRECLUDE TRIAL ON UNPLEADED ISSUE"

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067

*Attorneys for Defendants Lyndol W. Hollingsworth, Charles Minnick and New Millennium Tools, Inc.*

*Of Counsel:*

Louis S. Mastriani
Rodney R. Sweetland, III
David F. Nickel
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, DC 20036
Telephone: (202) 467-6300
Facsimile: (202) 466-2006

Dated: April 19, 2007
179831.1

# TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................................... 1

II.  FACTS ............................................................................................................................ 1

III. ARGUMENT .................................................................................................................. 2

      A.   Tesla's Flagrant Violations of the Internal Revenue Code Are
          Relevant to the Analysis of Its Damages Claims and the Existence
          of Trade Secrets ................................................................................................. 2

      B.   Tesla's Violations of the Internal Revenue Code Are Admissible
          Under Fed. R. Evid. 608(b) Against Responsible Testifying
          Officers or Employees ....................................................................................... 4

IV.  CONCLUSION ............................................................................................................... 5

i

# TABLE OF AUTHORITIES

**Cases**

*Chnapkova v. Koh,*
   985 F.2d 79 (2d Cir. 1993)................................................................................................ 4

*In re J.E. Jennings, Inc.,*
   100 B.R. 749 (Bankr. E.D. Pa. 1989) ............................................................................... 2

*Lambert v. Blackwell,*
   387 F.3d 210 (3d Cir. 2004)............................................................................................. 4

*United States v. Hatchett,*
   918 F.2d 631 (6th Cir. 1990) ............................................................................................ 4

*United States v. Neal,*
   93 F.3d 219 (6th Cir. 1996) .............................................................................................. 5

*United States v. Sullivan,*
   803 F.2d 87 (3d Cir. 1986)............................................................................................... 4

**Rules**

Fed. R. Civ. P. 10(c) ............................................................................................................. 1

Fed. R. Evid. 608(b).............................................................................................................. 4

I.  **INTRODUCTION**

Discovery has revealed that Plaintiff Tesla Industries, Inc. ("Tesla") has regularly failed to file its corporate income tax returns and that the tax returns it ultimately filed are inconsistent with other documents submitted in this case. Yet in its sole motion in limine, plaintiff asks the Court to preclude defendants from questioning plaintiff on issues relating to their tax returns. Plaintiff's claim that defendants are attempting to "create a mini-trial" with respect to the accuracy of the tax returns, however, is simply false. Rather, by claiming damages consisting of lost sales and profits, Tesla placed its financial condition directly at issue and rendered evidence contradicting its claims, and the veracity of its President (who signed some of the income tax returns and was responsible for the non-filing of others), relevant and admissible.

II.  **FACTS**

The NMT Defendants were forced to seek the Court's intervention twice to obtain Tesla's corporate income tax returns. *See* D.I. 65 and 118 (discovery dispute letters). The apparent reason for Tesla's resistance in producing those returns became evident when it finally produced undated, redacted and incomplete versions[1] of some of its corporate income tax returns on January 23, 24 and 25, 2007, nearly two months after the close of fact discovery. A review of the Internal Revenue Service ("IRS") date-stamps on those belatedly produced incomplete returns shows that the returns for         **REDACTED**

*See* Exhibits 9-11 (under seal) to D.I. 137. Tesla, thus, has not filed its returns on a yearly basis.

---

[1] Tesla's production of incomplete corporate income tax returns is the subject of the NMT Defendants' Motion in Limine No. 5: To Exclude Unverifiable Financial Documents. *See* D.I. 137. Pursuant to Fed. R. Civ. P. 10(c), the NMT Defendants hereby replead and incorporate by reference their pleadings and exhibits associated with their Motion in Limine No. 5 herein.

Tesla has also apparently underreported its actual income to the IRS. A comparison of purported sales summaries created by Tesla with Tesla's corporate income tax returns demonstrates that, for example, in its **REDACTED**, Tesla underreported its income by approximately **REDACTED** *See* D.I. 137 at 4.[2]

A substantive review of the purported corporate income tax returns also reveals **REDACTED**. *See* Exhibit 9 to D.I. 137 at P SUPP 1946; Exhibit 10 to D.I. 137 at P SUPP 1953; and Exhibit 11 to D.I. 137 at P SUPP 1960. The accuracy of such round numbers is inherently suspect. *See, e.g., In re J.E. Jennings, Inc.*, 100 B.R. 749, 754 (Bankr. E.D. Pa. 1989).

Tesla's flagrant noncompliance with federal tax laws has not escaped the notice of the IRS. IRS tax liens filed with the Recorder of Deeds show that Tesla owes approximately $200,000 in unpaid taxes. *See* Exhibits 1 and 2. An examination of these liens demonstrates a persistent failure to pay taxes, commencing in 1997 and continuing at least until 2004. *Id.*

### III. ARGUMENT

#### A. Tesla's Flagrant Violations of the Internal Revenue Code Are Relevant to the Analysis of Its Damages Claims and the Existence of Trade Secrets

The existence of manifest income tax filing irregularities that preceded the acts complained of herein by Tesla are probative of Tesla's claims that it was the acts or omissions of Defendants that caused it to suffer lost sales and revenues, as opposed to some other factor. Indeed, Tesla's own proposed expert, John Sullivan, agreed **REDACTED** *See* excerpt of Sullivan

---

[2] Another conceivable explanation is that Tesla is attempting to inflate its damages claim in this case by manufacturing false data in discovery.

deposition, attached hereto as Exhibit 3. He left open the possibility,

**REDACTED**

*Id.*

In addition to the discrepancies between Tesla's corporate income tax returns and the sales summary detailed in the NMT Defendants Motion in Limine No. 5 (*see* D.I. 137 at 4), Tesla's false corporate income tax returns are also implicated by Tesla's substantive argument for the existence of trade secrets. To support its claim that the information at issue represents trade secrets, Tesla's President, David Masilotti, stated in his Affidavit in support of the Verified Complaint (Exhibit A (under seal) to D.I. 2), that

**REDACTED**     *Id.* at 8. The

corporate income tax returns, however, contradict Mr. Masilotti's statement under oath to the Court.

All of the corporate income tax documents combined do not show an expenditure of **REDACTED** in advertising, research and development, let alone millions of dollars. *See* Exhibits 3-12 (under seal) to D.I. 136. It necessarily follows that either Mr. Masilotti testified falsely in his Affidavit to establish the requisites for a temporary restraining order and a trade secrets claim, or else the tax returns he signed and filed with the IRS are false. Tesla's expenditure on research and development (or lack thereof) goes to whether the purported trade

3

secrets at issue have an independent economic value. *See generally*, Restatement (Third) of Unfair Competition § 39, Cmt. d (1995).[3]

     **B.    Tesla's Violations of the Internal Revenue Code Are Admissible Under Fed. R. Evid. 608(b) <u>Against Responsible Testifying Officers or Employees</u>**

If probative of truthfulness or untruthfulness, specific instances of conduct of a witness may be inquired into on cross-examination concerning the witnesses' character for truthfulness or untruthfulness. Fed. R. Evid. 608(b). It is a well-established proposition of law that a witnesses' failure to file income tax returns or the filing of income tax returns containing false information is admissible under Fed. R. Evid. 608(b) as probative of truthfulness. *See United States v. Sullivan*, 803 F.2d 87, 90-91 (3d Cir. 1986); *Chnapkova v. Koh*, 985 F.2d 79, 82-83 (2d Cir. 1993) (reversible error to exclude evidence of failure to file income tax returns); *United States v. Hatchett*, 918 F.2d 631, 640-41 (6th Cir. 1990). Tesla's Motion, therefore, is without any basis in law.

Tesla's President, David Masilotti, is          **REDACTED**

*See* excerpt of Masilotti deposition, attached hereto as Exhibit 4. He described his functions as President of Tesla as    **REDACTED**         *Id.* at 96.

        **REDACTED**

*See* Exhibits 9-11 (under seal) to D.I. 137. Mr. Masilotti (or any other Tesla employee involved in the filing of income tax returns), thus, may be cross-examined concerning Tesla's failure to file corporate income tax returns, the discrepancies

---

[3] The dissembling evident in a comparison of Mr. Masilotti's Affidavit with Tesla's tax returns is also admissible to establish the requisites for *a falsus in uno, falsus in omnibus* jury instruction. *See, e.g., Lambert v. Blackwell*, 387 F.3d 210, 256 (3d Cir. 2004) (where a witness is shown to have knowingly testified falsely about any material matter, the jury may properly reject all of the testimony of that witness).

between the sales figures on Tesla's corporate income tax returns, and the presence of perfectly round numbers in its deductions. *See, e.g., United States v. Neal*, 93 F.3d 219 (6th Cir. 1996) citing *United States v. Jasper*, 352 F. Supp. 254 (D. Del. 1972) (corporate officers subject to criminal prosecution for corporation's violation where officer responsible for corporation's tax matters).

## IV. CONCLUSION

For the reasons set forth above, the NMT Defendants respectfully request that Tesla's single Motion in Limine be denied, and that the Court permit Defendants to introduce evidence of Tesla's tax irregularities for purposes of challenging their damages claims and impeachment under Fed. R. Evid. 608(b), including, but not limited to, the existence of tax liens, failure to file income tax returns on a yearly basis, inconsistencies between the sales figures reported by Tesla to the IRS and the figures claimed by Tesla in discovery in this case, and the inconsistencies between the advertising, research and development expenditures claimed by Tesla in the Affidavit of its President and the smaller expenditures reported to the IRS.

ASHBY & GEDDES

*/s/ Lauren E. Maguire*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants Lyndol W. Hollingsworth, Charles Minnick and New Millennium Tools, Inc.*

*Of Counsel:*

Louis S. Mastriani
Rodney R. Sweetland, III
David F. Nickel
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, DC 20036
Telephone: (202) 467-6300
Facsimile: (202) 466-2006

Dated: April 19, 2007
179831.1

# EXHIBIT 1

Case 1:06-cv-00055-GMS    Document 162-2    Filed 04/26/2007    Page 1 of 10

| | 2282 | Department of the Treasury - Internal Revenue Service | |
|---|---|---|---|
| Form 668 (Y)(c) (Rev. October 2000) | | **Notice of Federal Tax Lien** | |

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #4 Lien Unit Phone: (410) 962-1871 | Serial Number 520229028 | For Optional Use by Recording Office |
|---|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer  TESLA INDUSTRIES INC , a Corporation

Residence  109 CENTERPOINT BLVD
NEW CASTLE, DE 19720-4180

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1120 | 06/30/1997 | 51-0346493 | 02/07/2000 | 03/09/2010 | 3750.46 |
| 1120 | 06/30/1998 | 51-0346493 | 01/31/2000 | 03/02/2010 | 6206.27 |
| 941  | 09/30/2000 | 51-0346493 | 12/18/2000 | 01/17/2011 | 296.88 |
| 941  | 03/31/2001 | 51-0346493 | 08/06/2001 | 09/05/2011 | 4733.53 |
| 941  | 09/30/2001 | 51-0346493 | 12/31/2001 | 01/30/2012 | 94056.48 |

Place of Filing
Recorder of Deeds
New Castle County
Wilmington, DE 19801

Total $ 109043.62

This notice was prepared and signed at  Baltimore, MD , on this,

the  19th  day of  April , 2002.

Signature  Joe F. Shelter
for MICHAEL JAMES

Title  REVENUE OFFICER
(302) 791-4535    24-01-3655

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office

Form 668(Y)(c) (Rev. 10-00)
CAT. NO 60025X


EXHIBIT 1

*State of Delaware* }
                    } *ss.*
*New Castle County* }

I, *Michael E. Kozikowski,*

*Recorder of Deeds for New Castle County, State of Delaware, do hereby certify*

*that the above and foregoing is a true and correct copy of:*

NOTICE OF FEDERAL TAX LIEN

TESLA INDUSTRIES INC

AND

DEPARTMENT OF THE TREASURY - INTERNAL REVENUE SERVICE

*as the same appears of Record in the Recorder's Office for said County, in*

*Record Book*    FEDERAL TAX LIENS                ,

*Book*_____, *Page*_____,

*Instrument Number*    20020430-0039683

*Witness my hand and official seal, this*    FOURTH

*day of*    APRIL                    *A.D.*   2007

_____
Michael E. Kozikowski
New Castle County Recorder of Deeds

# EXHIBIT 2

Case 1:06-cv-00055-GMS    Document 162-2    Filed 04/26/2007    Page 4 of 10

| Form 668 (Y)(c) | 1872 | Department of the Treasury - Internal Revenue Service |
|---|---|---|
| Rev. February 2004 | | **Notice of Federal Tax Lien** |

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #4 Lien Unit Phone: (800) 913-6050 | Serial Number 251849705 | For Optional Use by Recording Office |
|---|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

20051020-0107751
Pages: 1   F: $0.00
10/20/05 10:21:38 AM
T20050000000
Michael E. Kozikowski
New Castle Recorder    FED T

**Name of Taxpayer** TESLA INDUSTRIES INC , a Corporation

**Residence**  107 109 CENTERPOINT BLVD
NEW CASTLE, DE 19720-0000

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 941 | 09/30/2002 | 51-0346493 | 12/09/2002 | 01/08/2013 | |
| 941 | 09/30/2002 | 51-0346493 | 05/02/2005 | 06/01/2015 | 70322.47 |
| 941 | 06/30/2004 | 51-0346493 | 03/14/2005 | 04/13/2015 | 951.65 |
| 941 | 09/30/2004 | 51-0346493 | 04/04/2005 | 05/04/2015 | 9121.68 |
| 941 | 12/31/2004 | 51-0346493 | 04/11/2005 | 05/11/2015 | 10130.92 |

**Place of Filing**
Recorder of Deeds
New Castle County
Wilmington, DE 19801

**Total** $ 90526.72

This notice was prepared and signed at _BALTIMORE, MD_, on this,
the _04th_ day of _October_, _2005_.

**Signature** _Susan A. Hanson_ for MS. S. EBANKS
**Title** REVENUE OFFICER
(302) 792-6592   24-05-3718

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office

Form 668(Y)(c) (Rev. 2-2004)
CAT. NO 60025X

**EXHIBIT 2**

State of Delaware }
                  } ss.
New Castle County }

I, Michael E. Kozikowski,

Recorder of Deeds for New Castle County, State of Delaware, do hereby certify that the above and foregoing is a true and correct copy of:

NOTICE OF FEDERAL TAX LIEN

TESLA INDUSTRIES INC

AND

DEPARTMENT OF THE TREASURY - INTERNAL REVENUE SERVICE

as the same appears of Record in the Recorder's Office for said County, in

Record Book ___ FEDERAL TAX LIENS ___,

Book _____, Page _____,

Instrument Number ___ 20051020-0107751 ___

Witness my hand and official seal, this ___ FOURTH ___

day of ___ APRIL ___ A.D. ___ 2007 ___

_Michael E. Kozikowski_
New Castle County Recorder of Deeds

# EXHIBIT 3

**REDACTED**

# EXHIBIT 4

# REDACTED