IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TESLA INDUSTRIES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 06-055-GMS |
| v. | ) |
| | ) |
| DAVID C. WALDMANN, | ) |
| LYNDOL W. HOLLINGSWORTH, | ) |
| CHARLES MINNICK a/k/a CHUCK MINNICK, and | ) |
| NEW MILLENNIUM TOOLS, INC., | ) |
| | ) |
| Defendants. | ) |

### THE NMT DEFENDANTS' REPLY TO TESLA'S OPPOSITION TO NMT'S MOTION IN LIMINE NO. 1: TO PRECLUDE TESLA AND ITS COUNSEL FROM CALLING OR OTHERWISE UTILIZING LATE-DISCLOSED WITNESSES

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067

*Attorneys for Defendants Lyndol W. Hollingsworth, Charles Minnick and New Millennium Tools, Inc.*

*Of Counsel:*

Louis S. Mastriani
Rodney R. Sweetland, III
David F. Nickel
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, DC 20036
Telephone: (202) 467-6300
Facsimile: (202) 466-2006

Dated: April 26, 2007
180026.1

# TABLE OF AUTHORITIES

**Cases**

*Sender v. Mann*, 225 F.R.D. 645 (D. Colo. 2004) .................................................................... 1

**Rules**

Fed. R. Civ. P. 26(a) .................................................................................................................. 2

Fed. R. Civ. P. 26(a)(1) .............................................................................................................. 2

Fed. R. Civ. P. 26(a)(1)(A) ..................................................................................................... 2, 4

Fed. R. Civ. P. 26(g)(1) .............................................................................................................. 2

In its Opposition, Tesla fails to indicate why it disclosed witnesses about whom it certainly must have known within two weeks before the end of discovery. The proposed lay witnesses – Mssrs. Gresk, Morales, Kern, Batipps, Lassiter and Barone - were all current or former Tesla employees or customers. These disclosures are part of a disturbing pattern on the part of Tesla in this matter to obstruct and obfuscate the Defendants' attempts to conduct discovery in an orderly manner consistent with the purpose of the Rules of Civil Procedure – to prevent trial by surprise and make discovery open and fair. This Court should not permit such gamesmanship that, while in technical conformity with the Court's Scheduling Order (D.I. 36), nonetheless made it impossible for the Defendants to conduct adequate discovery about these witnesses.

Tesla states that these witnesses were disclosed prior to the close of fact discovery, which ended on November 30, 2006. It states that if "Defendants requested additional time to take the depositions of these, or any other listed witnesses, Tesla would have agreed to that request." *See* D.I. 133 at 2. However, as this Court has made the parties well aware, it alone has the authority to amend the schedule in this matter. "The only entity that is empowered to grant an extension or amendment to the schedule is the Court. I want you all to keep that in mind." Transcript of 1/18/07 Telephone Conference, 20:3-5 (Exhibit 7 to D.I. 133). Additionally, assuming these witnesses had been made available for deposition, Defendants could not have adequately examined them because no discovery or documents from, to or regarding these disputed witnesses was produced.

As each of these witnesses is a current or former employee or customer of Tesla, it certainly knew the identity of each disputed witness and the possible discoverable information possessed by each. In *Sender v. Mann*, 225 F.R.D. 645 (D. Colo. 2004) (court sanctioned

1

plaintiff for inadequate Rule 26(a)(1) disclosures), the court examined the sufficiency of the plaintiff's initial disclosures by looking to "the purposes underlying the Rule itself." 225 F.R.D. at 650. The court noted that with respect to initial disclosures, "indicating briefly the general topics on which such persons have information should not be burdensome, and will assist other parties in deciding which depositions will actually be needed." *Id.*, quoting Advisory Committee Notes on the 1993 Amendments to Fed. R. Civ. P. 26(a). The court went on to state that "litigants should not indulge in gamesmanship with respect to the disclosure obligations." *Id.*, quoting Advisory Committee Notes on the 1993 Amendments to Fed. R. Civ. P. 26(a). "Counsel who make the mistake of treating Rule 26(a)(1) disclosures as a technical formality, rather than as an efficient start to relevant discovery, do their clients no service and necessarily risk the imposition of sanctions." *Id.*

In its Counterstatement of Facts, Tesla finally provides the substance of each witness' anticipated testimony. It was required to provide such information under Fed. R. Civ. P. 26(a)(1)(A) in discovery, however. The suggestion that such supplementation and disclosure was not required in this case because Defendants obtained it at Mr. Masilotti's November 22, 2006 deposition is preposterous, and counsel for the NMT Defendants was able to find no case law supporting Tesla's argument that these disclosure requirements could be satisfied through deposition. In fact, Fed. R. Civ. P. 26(g)(1) states that "every disclosure made pursuant to subdivision (a)(1) . . . *shall be signed* by at least one attorney of record in the attorney's individual name." (emphasis added)

In its Opposition, Tesla states "[f]ull details of Mr. Lassiter's involvement were provided by Tesla's president, Mr. Masilotti, during his November 22, 2006 deposition." D.I. 153 at 2. Also, "Mr. Batipps [sic] likely testimony was also explained in Mr. Masilotti's November 22,

2

2006 deposition." *Id.* Finally, Tesla states "As explained in Mr. Masilotti's deposition, Mr. Morales will likely testify regarding Mr. Waldmann's physical removal of certain Tesla manufacturing materials from the Tesla plant." *Id.* at 2-3. It is telling that Tesla's Opposition brief is the first time that a Tesla attorney signed anything containing the substance of these witnesses' anticipated testimony. This is insufficient, under the Rules, to satisfy Tesla's obligation to provide Defendants with the information necessary to conduct fair and open discovery. At Mr. Masilotti's deposition, Defendants complained about the lack of supplementation and learning of these witnesses in such an inappropriate manner:

> MR. SWEETLAND: Again, I'm just – I'm stupefied that these people, I'm hearing about them at a deposition when they're not in a 26(a)(2)(b) report.
>
> MR. ADAMS: You need to supplement. Discovery is over in a week.
>
> MR. SWEETLAND: How are we going to – how are we going to depose them, Mr. Wilcox? I mean this is – this is an outrage. I've never seen anything like this before.

Masilotti Deposition at 213:23 – 214:7.

Tesla and its counsel have resisted a legal and valid subpoena to obtain financial documents from a third-party (*see* January 30, 2007 letter from Raeann Warner, attached as Exhibit 1); objected to documents requested at depositions (*see e.g.*, Stewart deposition transcript at 48:12-49:10, attached as Exhibit 2; ("we object to your notice of deposition as an improper attempt to obtain the discovery. . . " under Rule 30(b)(5)); and refused to provide true and actual copies of Tesla's corporate tax returns (*see* February 5, 2007 email from Raeann Warner to Ian Taronji, attached as Exhibit 3). With respect to this Motion, it failed to disclose the identity of witnesses about whom it must have known – current and former customers and employees of Tesla – in enough time for Defendants to conduct adequate discovery, and failed to provide the

3

substance of their anticipated testimonies despite the requirement under Fed. R. Civ. P. 26(a)(1)(A).

For these reasons, the NMT Defendants respectfully request an order that NMT's late-disclosed witnesses - Mssrs. Gresk, Morales, Kern, Batipps, Lassiter and Barone – be precluded from offering testimony at trial.

ASHBY & GEDDES

/s/ Lauren E. Maguire

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants Lyndol W. Hollingsworth, Charles Minnick and New Millennium Tools, Inc.*

*Of Counsel:*

Louis S. Mastriani
Rodney R. Sweetland, III
David F. Nickel
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, DC 20036
Telephone: (202) 467-6300
Facsimile: (202) 466-2006

Dated: April 26, 2007
180026.1

4

# EXHIBIT 1

## WERB & SULLIVAN
ATTORNEYS AT LAW
A Partnership of Professional Associations

300 DELAWARE AVENUE
P.O. BOX 25046
WILMINGTON, DELAWARE 19899

TELEPHONE: (302) 652-1100
TELECOPIER: (302) 652-1111
E-Mail: rwarner@werbsullivan.com

RAEANN WARNER

COURIER DELIVERY:
300 DELAWARE AVENUE
THIRTEENTH FLOOR
WILMINGTON, DELAWARE 19801

January 30, 2007

**VIA ELECTRONIC MAIL**
Rodney R. Sweetland, III
Adduci, Mastriani & Schaumberg, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, District of Columbia 20036-3006

Dear Mr. Sweetland,

Ridgeway Accounting ("Ridgeway") has requested the assistance of Werb and Sullivan in lodging its objections to the subpoena dated January 16, 2007 directed to it. Pursuant to Rule 45(c), those objections are as follows:

1. The subpoena seeks confidential business information of Ridgeway and one of its client's, Tesla Industries, Inc.

2. It is the policy and practice of Ridgeway and the accounting profession not to disclose its client's confidential information to non-governmental entities.

3. Ridgeway understands that fact discovery in the underlying action set forth in the caption of the subpoena closed on November 30, 2006, well before the subject subpoena issued.

4. Collection and recovery of records created over the ten year period requested in the subpoena would be unduly burdensome.

5. Ridgeway understands that tax information prepared for Tesla that is relevant to issues in the underlying litigation has already been supplied to the attorney who signed the subpoena.

We assume that the subpoena will be withdrawn in view of these objections.

Sincerely yours,

Raeann Warner

EXHIBIT 1

# EXHIBIT 2

1

```
 1           IN THE UNITED STATES DISTRICT COURT
 2              FOR THE DISTRICT OF DELAWARE
 3   TESLA INDUSTRIES, INC.    :
 4         Plaintiff           :
 5   v.                        : C.A. No. 06-055-GMS
 6   DAVID C. WALDMANN,        :
 7   LYNDOL W. HOLLINGSWORTH,  :
 8   CHARLES MINNICK a/k/a     :
 9   CHUCK MINNICK, and NEW    :
10   MILLENNIUM TOOLS, INC.    :
11         Defendants          :
12                        -----------
13         Deposition of DONALD PAUL STEWART
14              Wilmington, Delaware
15           Thursday, February 15, 2007
16                   9:38 a.m.
17   Job No.: 1-96913
18   Pages: 1 - 160
19   Reported By: Dawn M. Hart, Notary Public, RPR/RMR
```

**ORIGINAL**


EXHIBIT 2

DEPOSITION OF DONALD PAUL STEWART
CONDUCTED ON THURSDAY, FEBRUARY 15, 2007

2

Deposition of Donald Paul Stewart, held at the law offices of:

 ASHBY & GEDDES

 500 Delaware Avenue, 8th Floor

 Wilmington, Delaware  19889

 (302) 654-1888

Pursuant to Notice, before Dawn M. Hart, RPR/RMR and Notary Public in and for the State of Maryland.

DEPOSITION OF DONALD PAUL STEWART
CONDUCTED ON THURSDAY, FEBRUARY 15, 2007

3

```
 1              A P P E A R A N C E S

 2   ON BEHALF OF THE PLAINTIFF:

 3         PAUL E. CRAWFORD, ESQUIRE

 4         CONNOLLY BOVE LODGE & HUTZ, LLP

 5         The Nemours Building

 6         1007 North Orange Street

 7         Wilmington, Delaware  19899

 8         (302) 658-9141

 9

10   ON BEHALF OF THE DEFENDANTS HOLLINGSWORTH,

11   MINNICK AND NEW MILLENNIUM TOOLS, INC.:

12         DAVID F. NICKEL, ESQUIRE

13         ADDUCI MASTRIANI & SCHAUMBERG, LLP

14         1200 17th Street, Northwest

15         5th Floor

16         Washington, D.C.  20036

17         (202) 467-6300

18

19

20

21

22
```

DEPOSITION OF DONALD PAUL STEWART
CONDUCTED ON THURSDAY, FEBRUARY 15, 2007

4

C O N T E N T S

EXAMINATION OF DONALD PAUL STEWART                PAGE

   By Mr. Nickel                                    5

E X H I B I T S

(Exhibits were attached to the transcript.)

| DEPOSITION EXHIBITS | | PAGE |
|---|---|---|
| 150 | Expert Testimony re Stewart | 5 |
| 151 | Retainer Letter 12/28/06 | 42 |
| 152 | Invoices re Stewart | 53 |
| 153 | Withdrawn | -- |
| 154 | E-mail 2/9/05 Waldmann from Mooney | 139 |
| 155 | E-mail 10/7/05 Waldmann from Mooney | 141 |
| 156 | DODAAC Web Site Excerpt | 148 |

DEPOSITION OF DONALD PAUL STEWART
CONDUCTED ON THURSDAY, FEBRUARY 15, 2007

5

1           P R O C E E D I N G S

2      (Exhibit No. 150 was premarked for identification

3  and was attached to the transcript.)

4           MR. NICKEL:  Just as we begin, the Court

5  Reporter has informed us that she's a Maryland notary,

6  not a Delaware notary.  By agreement of counsel, it is

7  fine with us.  There is no issue.

8           Is that correct, Mr. Crawford?

9           MR. CRAWFORD:  That is correct, there is

10 none.

11      Thereupon ---

12                DONALD PAUL STEWART

13      having been duly sworn, testified as follows:

14      EXAMINATION BY COUNSEL FOR THE DEFENDANTS

15   HOLLINGSWORTH, MINNICK AND NEW MILLENNIUM TOOLS:

16 BY MR. NICKEL:

17      Q    Good morning.  Would you please state your

18 full name for the record, including your middle name?

19      A    Donald Paul Stewart.

20      Q    And how do you spell your last name?

21      A    S-T-E-W-A-R-T.

22      Q    Okay.  And do you understand the oath that

DEPOSITION OF DONALD PAUL STEWART
CONDUCTED ON THURSDAY, FEBRUARY 15, 2007

48

1    A    No, it had not. At the time of signing
2  this?
3    Q    (Nods head).
4    A    Yes, you are correct. I'm sorry, you are
5  correct.
6    Q    So it's your testimony that you received
7  this agreement before December 28th, 2006?
8    A    I believe I did, yes.
9    Q    And did you provide a copy in response to
10 your Notice of Deposition?
11   A    I thought that I had.
12        MR. CRAWFORD: Objection. The documents
13 have been provided to you, and we object to your
14 Notice of Deposition as an improper attempt to obtain
15 the discovery -- document discovery under Rule
16 30(b)(5). A new document request must be -- must
17 follow the rules, Rule 34. In any event, you've
18 received everything that has been requested except for
19 any internal work product documents.
20        MR. NICKEL: I'll respond first that we do
21 have a Rule 34 Document Request that was provided on
22 May 9, 2006 to Tesla requesting any and all documents

DEPOSITION OF DONALD PAUL STEWART
CONDUCTED ON THURSDAY, FEBRUARY 15, 2007

49

1  provided to expert witnesses, and so there is a Rule
2  34 request.
3       The Notice of Deposition is under a separate
4  avenue, and that the proper course of action would
5  have been to submit written objections if that was
6  your position. Notwithstanding that, it does not
7  appear based on the testimony right now that
8  everything has been produced if Mr. Stewart did in
9  fact receive Exhibit 151 prior to this date, prior to
10 December 28, 2006. The record will speak for itself.
11      MR. CRAWFORD: You have -- as you have it as
12 a production document, what's the issue here?
13      MR. NICKEL: The issue is he received an
14 earlier version.
15      MR. CRAWFORD: That's not the testimony.
16 BY MR. NICKEL:
17      Q    You did not receive a copy of this letter
18 before December 28th; is that your testimony?
19      A    No, I don't believe I did.
20      Q    So you received this document on
21 December 28th?
22      A    Yes, I believe so.

# EXHIBIT 3

| | |
|---|---|
| From: | Raeann Warner [RWarner@werbsullivan.com] |
| Sent: | Monday, February 05, 2007 4:04 PM |
| To: | Ian Taronji |
| Cc: | David Nickel; Rodney Sweetland; Steven Balick (E-mail); John G. Day (E-mail); Lauren Maguire (E-mail); John A. Adams Esq (E-mail); Robert Wilcox; Paul E. Crawford (E-mail); Brian A. Sullivan |
| Subject: | RE: Tesla v. Waldmann/ attorney client privileged/ attorney work product |

Mr. Taronji:

Tesla Industries will be providing sales journals which constitute the underlying data supporting Tesla Industries' monthly sales data to the NMT Parties no later than Wednesday, February 7, 2007. This information will be redacted in part to protect confidential business information such as customer names and methods of payment; however, each sale, invoice number, and amount of invoice will be clearly indicated.

The NMT Parties' assertion that Tesla Industries has not provided all documents and information that was given to its experts is a clear misrepresentation. Mr. Sweetland mistakenly made this incorrect statement to Judge Sleet in the January 18, 2007 teleconference: "We, for instance, had discovery requests asking for any documents provided to or received from expert witnesses. We received none of that". See Transcript at 20:13-17. Mr. Wilcox attempted to make it clear to the Court that Tesla Industries did not accept the misrepresentation that it had not turned over documents to the experts and received from them. See Transcript at 21:23-25. For example, on December 29, 2007, all expert reports were mailed to Defendants which included lists of what the experts reviewed, most of which had already been provided in discovery (for example, the emails Expert Don Stewart reviewed, Plaintiff's Production nos. 290-316). Further, my letter to Mr. Sweetland on January 5, 2007 clearly indicates that the Brush Wellman materials reviewed by Expert Clyde Carter were provided to the NMT Parties on January 5, 2007.

Attached hereto are two documents which we provided to expert John Sullivan which we mistakenly neglected to include in our latest production of documents. In addition, a draft addendum to John Sullivan's Expert Report which we just received is attached also. (see attached P Supp 2034-2038, designated as "Confidential" under the Stipulated Protective Order.)

Regarding payment for obtaining Tesla Industries' tax returns from the IRS, Tesla Industries will not and should not pay for fees the US Patent & Trademark Office charges for Provisional Patent application nos. 60/730,324 and provisional application No. 60/748,959, if any. Whereas Tesla Industries has already provided customer copies of its tax returns consistent with what accountants are required to keep on file, and has guaranteed that the accountant who prepared these returns will certify that they are identical to those sent to the IRS by Tesla Industries, Inc. (except for the officer's signature), the NMT Parties have not provided the Provisional Patent application numbers referenced in any form. Tesla Industries believes that the request by the NMT Parties to have copies of the tax returns sent to the IRS and the NMT Parties' refusal to accept Ridgeway Accounting's certification are unreasonable, and therefore, the NMT Parties should have to pay the associated costs.

Please further recall that any further approaches to the Honorable Judge Sleet regarding continued discovery disputes is likely to result in the appointment of a special discovery master, which will greatly increase (and unnecessarily) legal expenses to both sides.

Raeann Warner
Werb and Sullivan
300 Delaware Avenue, 13th Floor
P.O. Box 25046
Wilmington, DE 19899
Telephone: 302-652-1100



EXHIBIT 3

4/5/2007

Telecopier: 302-652-1111
Email: rwarner@werbsullivan.com

CONFIDENTIALITY NOTICE

UNAUTHORIZED INTERCEPTION IS PROHIBITED BY FEDERAL LAW [Electronic Communications Privacy Act of 1986, 18 U.S.C. 2701(a) and 2702(a)]

This message is being sent by Werb & Sullivan, a law firm. It is intended exclusively for the individuals and entities to which it is addressed. This communication, including any attachments, may contain information that is proprietary, privileged, confidential, or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by email and delete all copies of this message.

---

**From:** Ian Taronji [mailto:Taronji@adduci.com]
**Sent:** Friday, February 02, 2007 5:20 PM
**To:** Raeann Warner
**Cc:** David Nickel; Rodney Sweetland; Steven Balick (E-mail); John G. Day (E-mail); Lauren Maguire (E-mail); John A. Adams Esq (E-mail); Robert Wilcox; Paul E. Crawford (E-mail)
**Subject:** RE: Tesla v. Waldmann/ attorney client privileged/ attorney work product

Ms. Warner,

We appreciate your consideration in determining whether to provide underlying data and information which rightfully should have been produced months ago. Please let us know by Monday at 5:00 pm whether we will receive any additional documentation in this regard. The close of expert discovery is quickly approaching and we need to know precisely what issues we intend to take up with Judge Sleet in addition to Ridgeway's failure to comply with a lawful subpoena.

We dispute your prior assertion that you have provided us with all materials given to your experts - Mr. Sullivan and Mr. Cordua in particular. We need all of this underlying documentation for the damages report in order to depose these witnesses.

With respect to your earlier request that we pay the fee to obtain Tesla's income tax returns from the IRS, I can think of no rule that supports this request. If you know of one, please enlighten me. That said, we will pay the fee for Tesla to obtain its income tax returns from the IRS on the condition that Tesla pay whatever fee is required for NMT to obtain documents Mr. Wilcox requested from the US Patent & Trademark Office. Please also let us know by 5:00 pm on Monday whether this arrangement is amenable to your client.

Also, obtaining the income tax returns from the IRS does not make our subpoena to Ridgeway a nullity. We are absolutely entitled to the documents Tesla provided to Ridgeway in order to prepare these returns, and we plan on taking this matter to Judge Sleet next week.

Regards,

Ian A. Taronji
Adduci, Mastriani & Schaumberg, LLP
1200 Seventeenth Street, NW
Washington, DC 20036
(202)467-6300
taronji@adduci.com

> -----Original Message-----
> **From:** Raeann Warner [mailto:RWarner@werbsullivan.com]
> **Sent:** Friday, February 02, 2007 4:15 PM
> **To:** Ian Taronji
> **Cc:** David Nickel; Rodney Sweetland; Steven Balick (E-mail); John G. Day (E-mail); Lauren Maguire (E-mail); John A. Adams Esq (E-mail); Robert Wilcox; Paul E. Crawford (E-mail)
> **Subject:** RE: Tesla v. Waldmann/ attorney client privileged/ attorney work product

4/5/2007

Mr. Taronji:

Without waiving our position that we do not need to supply any underlying data and information, this is to inform you that we will review whether we can provide some additional underlying data supporting Tesla Industries' monthly sales summary. We will communicate with you further at the beginning of the week concerning this process. Tesla Industries reserves all of its rights. Thank you.

Raeann Warner
Werb and Sullivan
300 Delaware Avenue, 13th Floor
P.O. Box 25046
Wilmington, DE 19899
Telephone: 302-652-1100
Telecopier: 302-652-1111
Email: rwarner@werbsullivan.com

CONFIDENTIALITY NOTICE

UNAUTHORIZED INTERCEPTION IS PROHIBITED BY FEDERAL LAW [Electronic Communications Privacy Act of 1986, 18 U.S.C. 2701(a) and 2702(a)]

This message is being sent by Werb & Sullivan, a law firm. It is intended exclusively for the individuals and entities to which it is addressed. This communication, including any attachments, may contain information that is proprietary, privileged, confidential, or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by email and delete all copies of this message.



4/5/2007