IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TESLA INDUSTRIES, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAVID C. WALDMANN, )<br>LYNDOL W. HOLLINGSWORTH, )<br>CHARLES MINNICK a/k/a CHUCK MINNICK, and )<br>NEW MILLENNIUM TOOLS, INC., )<br>)<br>Defendants. ) | C.A. No. 06-055-GMS |

**THE NMT DEFENDANTS' REPLY TO TESLA'S OPPOSITION
TO THE NMT DEFENDANTS' MOTION IN LIMINE NO 3:
TO PRECLUDE REFERENCE TO A PENDING CRIMINAL INVESTIGATION**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067

*Attorneys for Defendants Lyndol W.
Hollingsworth, Charles Minnick and New
Millennium Tools, Inc.*

*Of Counsel:*

Louis S. Mastriani
Rodney R. Sweetland, III
David F. Nickel
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, DC 20036
Telephone: (202) 467-6300
Facsimile: (202) 466-2006

Dated: April 26, 2007
180024.1

## **TABLE OF CONTENTS**

I.   INTRODUCTION ............................................................................................................. 1

II.  ARGUMENT .................................................................................................................... 1

    A.   The Existence of a Criminal Investigation Is Irrelevant to a Claim of Abuse of Process ............................................................................................. 1

    B.   A Pending Criminal Investigation Is Inadmissible Under Fed. R. Evid. 608(b) ............................................................................................................. 2

    C.   A Pending Criminal Investigation Is Inadmissible Under Fed. R. Evid. 404(b) ............................................................................................................. 3

III. CONCLUSION ................................................................................................................. 3

# TABLE OF AUTHORITIES

**Cases**

*Elcock v. Kmart Corp.*,
   233 F.3d 734 (3d Cir. 2000) ............................................................................................ 2

*Equality, Inc. v. I-Link Commc'ns*,
   76 F. Supp. 2d 227 (D. Conn. 1999) ............................................................................... 2

*Michaelson v. United States*,
   335 U.S. 469 (1948) ........................................................................................................ 2

*United States v. Abadie*,
   879 F.2d 1260 (5th Cir. 1989) ........................................................................................ 2

*United States v. McIntosh*,
   No. 4-CR-03-0298, 2006 WL 293224 at *12 (M.D. Pa. February 7, 2006) .................. 3

*United States v. Robinson*,
   978 F.2d 1554 (10th Cir. 1992) ...................................................................................... 3

*United States v. Walker*,
   47 Fed. Appx. 639 (4th Cir. 2002) .................................................................................. 3

*Walker v. Horn*,
   385 F.3d 321 (3d Cir. 2004) ........................................................................................... 3

*Weirs v. Barnes*,
   925 F. Supp. 1079 (D. Del. 1996) ................................................................................... 1

*White v. Carroll*,
   416 F. Supp. 2d 270 (D. Del. 2006) ................................................................................ 2

**Rules**

Fed. R. Evid. 403 ................................................................................................................ 1, 2

Fed. R. Evid. 404(b) ........................................................................................................... 1, 3

Fed. R. Evid. 608(b) ........................................................................................................ 1, 2, 3

Fed. R. Evid. 609(b) ............................................................................................................... 2

I.  **INTRODUCTION**

Tesla concedes that "the evidence of a federal criminal investigation of Defendants in connection with some of the same incidents as at issue in this case may be prejudicial . . . ." Opposition (D.I. 152) at 1. *See also, id.* at 2-3 ("Plaintiff does not dispute that this evidence is prejudicial . . . ."). Relying upon inapposite authority, Tesla nonetheless asserts that it is entitled to introduce the evidence in cross-examination and rebuttal. *Id.* Tesla's assertion is contrary to the standards of relevancy as applied to the NMT Defendants' principal counterclaim and Fed. R. Evid. 608(b), 404(b) and 403.

II.  **ARGUMENT**

   A.  **The Existence of a Criminal Investigation Is Irrelevant to a Claim of Abuse of Process**

Tesla's argument on relevance confuses the torts of abuse of process and malicious prosecution. The two elements of a claim for abuse of process in Delaware are: 1) an ulterior purpose and 2) a willful act in the use of the process not proper in the regular course of the proceedings. *Weirs v. Barnes*, 925 F. Supp. 1079, 1093 (D. Del. 1996). "Therefore, it is immaterial that the process was properly issued, that it was obtained in the course of proceedings that were brought with probable cause and for a proper purpose . . . ." Restatement (Second of Torts) § 682 (Abuse of Process), Comment a.

Whether or not Tesla (or its counsel) was able to convince law enforcement to investigate Tesla's allegations against the Defendants, thus, is not probative of whether or not Tesla had an ulterior purpose or issued improper process. If the government were to ultimately seek an indictment, that fact may be pertinent if this were a claim for malicious prosecution where probable cause (i.e., the reasonableness of the initiation of the suit) was at issue. It is not, however, material for an abuse of process claim. *See, e.g. Equality, Inc. v. I-Link Commc'ns*, 76

1

F. Supp. 2d 227, 229 (D. Conn. 1999) (distinguishing elements of claims for abuse of process from malicious prosecution).

      **B.    A Pending Criminal Investigation Is
           Inadmissible Under Fed. R. Evid. 608(b)**

Although Tesla invoked Fed. R. Evid. 608(b) (Opposition at 3), the unpublished decision from this Court upon which Tesla relies dealt with Fed. R. Evid. 609(b). Moreover, Tesla's reliance upon Fed. R. Evid. 608(b) is also substantively misplaced. Inquiry into the mere existence of an arrest or indictment is not admissible to impeach a defendant's credibility under Fed. R. Evid. 608(b). *United States v. Abadie*, 879 F.2d 1260, 1267 (5th Cir. 1989). "Arrest without more does not, in law any more than in reason, impeach the integrity or impair the credibility of a witness. It happens to the innocent as well as the guilty." *Michaelson v. United States*, 335 U.S. 469, 482 (1948). For example, in *White v. Carroll*, 416 F. Supp. 2d 270 (D. Del. 2006), a *habeas* proceeding, the Court ratified the state court's determination that evidence concerning pending charges of harassment, terroristic threatening and criminal trespass against the state's witness in a robbery prosecution was inadmissible for purposes of impeachment under Fed. R. Evid. 608(b).[1]

Here, there has not even been a formal charge, let alone an arrest, and nothing about the fact that Tesla has elicited law enforcement's interest in its allegations is probative of Defendants truthfulness. The trial court has discretion to permit impeachment of a witness with specific instances of unconvicted conduct only to the extent that such conduct is probative of the witness's character for truthfulness or untruthfulness. *See United States v. McIntosh*, No. 4-CR-

---

[1] Rule 608(b) is subject to Fed. R. Evid. 403's overriding balancing of probative value with prejudicial effect. *See Elcock v. Kmart Corp.*, 233 F.3d 734, 752-53 (3d Cir. 2000). Nothing could be more prejudicial to the Defendants than the implication that law enforcement authorities believe that they may have committed a crime with which they have not even been charged, let alone convicted.

03-0298, 2006 WL 293224, at *12 (M.D. Pa. February 7, 2006) citing *United States v. Walker*, 47 Fed. Appx. 639, 642 (4th Cir. 2002). The Third Circuit has limited such impeachment to *crimen falsi* (*viz.*, crimes touching the honesty of the witness such as perjury, criminal fraud, embezzlement, false pretenses or any other crime the commission of which involves an element of untruthfulness or falsification bearing on the witness's propensity to testify truthfully). *Id.* at *13 citing *Walker v. Horn*, 385 F.3d 321, 334 (3d Cir. 2004).

### C. A Pending Criminal Investigation Is Inadmissible Under Fed. R. Evid. 404(b)

Tesla left open the possibility that they would seek admission of a criminal investigation through some other purpose than cross-examination under Fed. R. Evid. 608(b). *See* Opposition at 3. The NMT Defendants, thus, note that the mere existence of a criminal investigation is also inadmissible under Fed. R. Evid. 404(b). *See United States v. Robinson*, 978 F.2d 1554, 1559-60 (10th Cir. 1992) (fact that an arrest was made is not, in and of itself, a "prior bad act").[2]

### III. CONCLUSION

For the reasons set forth herein and in their Motion, the NMT Defendants reiterate their request that this Honorable Court preclude Tesla's attorneys and witnesses from mentioning or otherwise referencing the criminal investigation into alleged conduct by the Defendants.

---

[2] As with Fed. R. Evid. 608(b), Rule 404(b) is subject to Rule 403's balancing of prejudice. *See Government of the Virgin Islands v. Harris*, 938 F.2d 401, 419 (3d Cir. 1991).

3

ASHBY & GEDDES

/s/ Lauren E. Maguire

---

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants Lyndol W. Hollingsworth, Charles Minnick and New Millennium Tools, Inc.*

*Of Counsel:*

Louis S. Mastriani
Rodney R. Sweetland, III
David F. Nickel
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, DC 20036
Telephone: (202) 467-6300
Facsimile: (202) 466-2006

Dated: April 26, 2007
180024.1