## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TESLA INDUSTRIES, INC., a Delaware Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 06-55-GMS |
| DAVID C. WALDMANN, LYNDOL W. HOLLINGSWORTH, CHARLES MINNICK a/k/a CHUCK MINNICK, and NEW MILLENNIUM TOOLS, INC., an Oregon Corporation, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

### PRETRIAL ORDER

This matter having come before the Court at a Pretrial Conference held May 21, 2007

pursuant to Fed. R. Civ. P. ("Rule") 16, and Brian Sullivan, Robert Wilcox of Werb & Sullivan,

300 Delaware Avenue, 13th Floor, Wilmington, Delaware 19801 and Paul Crawford of Connolly

Bove Lodge & Hutz LLP, 1007 N. Orange Street, 8th Floor, Wilmington, Delaware 19801 having

appeared as counsel for plaintiff and John Day of Ashby & Geddes, 500 Delaware Avenue, 8th

Floor, Wilmington, Delaware 19801 and Rodney R. Sweetland, III and David F. Nickel of

Adduci, Mastriani & Schaumberg, L.L.P., 1200 17th Street, N.W., Fifth Floor, Washington, D.C.

20036 having appeared as counsel for Defendants Charles Minnick, Lyndol Hollingsworth and

New Millennium Tools, Inc. (collectively "the NMT Defendants") and John A. Adams of

Susanin, Widman & Brennan, P.C., Suite 240, Executive Terrace, 455 South Gulph Road, King

of Prussia, Pennsylvania 19406 and John D. Demmy of Stevens & Lee, 1105 N. Market Street,

7th Floor, Wilmington, Delaware 19801 having appeared as counsel for defendant Waldmann,

the following actions were taken:

1.     This is an action for misappropriation of Plaintiff, Tesla Industries Inc.'s,

("Tesla") trade secrets and confidential information by Defendants, David C. Waldmann

("Waldmann"), and the NMT Defendants(Counts I and II of the Verified Complaint (D.I. 2).

The Verified Complaint also alleges Breach of Contract by Defendant Waldmann, more

particularly his contracts of employment with Tesla (Count III ).  Conversion of Tesla property

by all Defendants is alleged in Count IV.  Count V alleges that Waldmann tortiously interfered

with a prospective Tesla business opportunity by steering that business to one or more of the

NMT Defendants while still employed by Tesla.  Count VI alleges a conspiracy by or among the

Defendants to, inter alia, (i) divert Tesla Confidential information to their own use, (ii) convert

Tesla property to their own benefit and (iii) falsely represent to prospective customers that the

NMT Defendants were associated with and authorized by Tesla to sell certain products.

The NMT Defendants have brought counterclaims against Tesla, including: Declaratory

Judgment of no Trade Secrets (Answer and Counterclaims (D.I. 27), Counterclaim I); Abuse of

Process (Counterclaim II); Antitrust (Sherman and Clayton Acts) (Counterclaim III); Unfair

Competition – State Common Law (Counterclaim VI); and Unfair Competition – State Statutory

Law (Counterclaim VII).

Diversity jurisdiction (28 U.S.C. §1332(a)) is alleged and not disputed.  Neither are

personal jurisdiction nor venue.  Jurisdiction of this matter is conferred on this Court by 28

U.S.C. §1332(a)(1) and (c)(1) and this matter involves claims for amounts in excess of

$75,000.00.

2.     The following stipulations and statements were submitted and are attached to and

made a part of this Order:

(a) a comprehensive stipulation or statement of all uncontested facts, which will become a part of the evidentiary record in the case and which may be read to the jury by the Court or any party, attached as Schedule A;

(b) an agreed statement or statements by each party of the contested issues of fact and law and a statement or statements of contested issues of fact or law not agreed to, attached as Schedule B;

(c) except for rebuttal exhibits, a list of (1) all exhibits (marked for identification before trial), including documents, summaries, charts or other items expected to be offered in evidence, and (2) any demonstrative evidence and experiments to be offered during trial, attached as Schedule C;

(d) a list of names and addresses of the potential witnesses to be called by each party, with a statement of any objections to calling, or to the qualifications of, any witness identified on the list, attached as Schedule D;

(e) stipulations or statements setting forth the qualifications of each expert witness or witnesses in such form that the statements can be read to the jury at the time the expert witness takes the stand, attached as Schedule E;

(f) a list of all depositions, or portions thereof, to be read into evidence and statements of any objections thereto, attached as Schedule F;

(g) an itemized statement of special damages, attached as Schedule G;

(h) waivers of any claims of defenses that have been abandoned by any party, if applicable, attached as Schedule H;

(i) trial briefs of the p arties are attached as Schedule I;

(j) proposed jur y instructions and verdict forms are attached as Schedule J;

3

(k) a list of the questions each party requests the court to ask prospective jurors, submitted and filed in accordance with Fed. R. Civ. P. 47(a) and D. Del. LR 47.1(a), are attached as Schedule K;

(l) a statement summarizing  the history and status of settlement negotiations, indicating whether further negotiations are ongoing and likely to be productive, attached as Schedule L; and

(m)The status of discovery and additional discovery sought by the parties is attached as Schedule M.

3.     Motions in limine have been fully briefed by the parties (See DI .

4.     This matter is scheduled for a five (5) day jury trial beginning at 9:00 a.m. on June 4, 2007.

5.     The parties recommend that eight (8) jurors be selected at the commencement of this trial.

6.     This Order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by Order of this Court to prevent manifest injustice.

7.     The possibility of settlement of this case was considered by the parties and continues to be considered by each of them.

Done this _____ day of _____, 2007.


_____

HONORABLE GREGORY M. SLEET
UNITED STATES DISTRICT COURT

*/s/ Brian A. Sullivan*

Brian A. Sullivan (DE Bar #2098)
Robert D. Wilcox (DE Bar #4123)
Amy D. Brown (DE Bar #4077)
Werb & Sullivan
300 Delaware Avenue
13th Floor
Wilmington, Delaware 19801
Phone: 302-652-1100
Fax: 302-652-1111

Paul E. Crawford (DE Bar #493)
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
8th Floor
Wilmington, Delaware 19801
Phone: 302-658-9141
Fax:302-658-5614

COUNSEL FOR PLAINTIFF,
TESLA INDUSTRIES, INC.

*/s/ Lauren Maguire*

Steven J. Balick (DE Bar #2114)
John Day (DE Bar #2403)
Lauren Maguire (DE Bar #4261)
Ashby & Geddes
500 Delaware Avenue
8th Floor
Wilmington, Delaware 19801
Phone: 302-654-1888
Fax: 302-654-2067

Rodney Sweetland, Esquire
Adduci, Mastriani & Schaumberg, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, District of Columbia 20036

COUNSEL FOR NMT DEFENDANTS

*/s/ John D. Demmy*

John D. Demmy (DE Bar #2802)
Stevens & Lee
1105 N. Market Street, 7th Floor
Wilmington, DE 19801
Phone: 302-654-5180
Fax: 302-654-5181

John A. Adams, Esquire
Susanin, Widman & Brennan, P.C.
Suite 240
Executive Terrace
455 South Gulph Road
King of Prussia, Pennsylvania 19406

COUNSEL FOR DEFENDANT DAVID
WALDMANN