# SCHEDULE F-1

UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TESLA INDUSTRIES, INC. a Delaware Corporation,<br><br>      Plaintiff,<br><br>      v.<br><br>DAVID C. WALDMANN, LYNDOL W. HOLLINGSWORTH, CHARLES MINNICK a.k.a. CHUCK MINNICK, and NEW MILLENNIUM TOOLS, INC., an Oregon Corporation,<br><br>      Defendants. | Civil Action No. C.A. No.: 06-55-GMS |

### SCHEDULE F-1

**PLAINTIFF'S DESIGNATION OF DEPOSITIONS TO BE READ OR PLAYED AT TRIAL AND DEFENDANTS' OBJECTIONS AND COUNTER-DESIGNATIONS TO SAME**

1) The NMT Defendants generally object to Tesla's proposed deposition designations as untimely and overly prejudicial. Tesla did not serve Defendants with its proposed designations until 10:00 a.m. on Monday, April 30, 2007. Although the NMT Defendants have requested such designations since March 21, 2007, Tesla waited until the day the Joint Pretrial Order was due to provide its designations. Tesla's dilatory tactics in providing defendants with its proposed designations overly prejudice defendants' ability to review the proposed designations, identify any applicable objections and submit counter-designations. Accordingly, the NMT Defendants request that Tesla's belated deposition designations be stricken.

2) The NMT Defendants also generally object to Tesla's proposed designations for the May 18, 2006, Limited Deposition of David Waldmann as outside the scope of the Court's Stipulated Order re same and Tesla's Notice of said deposition. Per the Stipulated Order agreed to by the parties and signed by the Court, Tesla was granted permission to take a limited deposition of Defendant Waldmann to ascertain the location and dissemination of certain alleged trade secrets. The Notice of Deposition also stated that the scope of the deposition would be limited to the "location" of certain alleged trade secrets. As exampled by Tesla's proposed designations and the repeated objections of defendants' counsel, the deposition went well outside the scope provided in the Court's Order and the Notice of Limited Deposition. Accordingly, the NMT Defendants respectfully request that the Court strike Tesla's proposed designation from the May 18, 2006, Limited Deposition of David Waldmann.

3) NMT Defendants object to Tesla's Designations for Mr. Joseph Talbot as untimely, in violation of Fed. R. Civ. P. 32(a) and improper. Tesla first submitted its proposed designations for Mr. Talbot at 9:00pm on May 2, 2007, *i.e.*, the evening of the Court extended due date. As counsel for the NMT Defendants were in counsel for Tesla's offices attempting to coordinate the filing of the Joint Pretrial Order, the NMT Defendants have not been able to (a) review the designations, (b) lodge objections to same and (c) prepare counter-designations. Tesla's designations for Mr. Talbot are also improper inasmuch as Mr. Talbot is an employee of Tesla and, thus, Tesla should be able to call him live. *See* Fed. R. Civ. P. 32(a). Finally, the NMT Defendants object to the extent that Tesla has not identified Mr. Talbot on its witness list (Schedule D-1). The NMT Defendants, therefore, request that the Court strike Tesla's proposed designations for Mr. Talbott or, in the alternative, provide the NMT Defendants time to lodge objections and prepare counter-designations.

| Deponent | Deposition Date | Starting Page: Line | Ending Page: Line | NMT Defendants' Objections | NMT Defendants' Counter-Designations |
|---|---|---|---|---|---|
| D. Waldmann | 5/18/06 | 31:13 | 47:17 | FRE 106 (Incomplete); FRE 602; FRE 701-702 (Calls for opinion Testimony); FRE 401-402; Argumentative; General Objections 1 and 2. | 28:23-29:17; 30:17-20; 47:18-49:24; 66:20-67:9; 84:23-87:17; 134:1-19; 143:10-144:13; 146:24-149:15; 182:22-183:9 |
| | | 51:1 | 52:20 | FRE 401-402; General Objections 1 and 2. | 28:23-29:17; 30:17-20; 47:18-49:24; 66:20-67:9; 84:23-87:17; 134:1-19; 143:10-144:13; 146:24-149:15; 182:22-183:9 |
| | | 56:5 | 56:8 | FRE 106 (Incomplete); FRE 401-402; General Objections 1 and 2. | 57:6-58:3. |
| | | 69:1 | 75:24 | FRE 401-402; General Objections 1 and 2. | 28:23-29:17; 30:17-20; 47:18-49:24; 60:10-24; 66:20-67:9; 79:2-19; 80:6-81:13; 84:23-87:17; 134:1-19; 143:10-144:13; 146:24-149:15; 182:22-183:9 |
| | | 82:18 | 84:22 | FRE 602; FRE 701-702 (Calls for opinion testimony); Argumentative; General Objections 1 and 2. | 28:23-29:17; 30:17-20; 47:18-49:24; 60:10-24; 66:20-67:9; 79:2-19; 80:6-81:13; 84:23-87:17; 134:1-19; 143:10-144:13; 146:24-149:15; 182:22-183:9 |

| Deponent | Deposition Date | Starting Page: Line | Ending Page: Line | NMT Defendants' Objections | NMT Defendants' Counter-Designations |
|---|---|---|---|---|---|
| | | 88:15 | 111:16 | FRE 106 (Incomplete); FRE 401-402; Argumentative; General Objections 1 and 2. | 47:21-49:24; 54:6-55:2; 60:10-24; 63:7-17; 111:17-112:6. |
| | | 112:16 | 118:5 | FRE 401-402; General Objections 1 and 2. | 47:21-49:24; 54:6-55:2; 60:10-24; 63:7-17; 111:17-112:6. |
| | | 120:9 | 121:23 | FRE 401-402; General Objections 1 and 2. | 121:24-122:3; 123:1-124:18; 129:21-130:8; 131:11-133:14; 134:1-19; 143:10-144:13; 146:24-149:15; 151:6-12 |
| | | 130:11 | 131:10 | FRE 401-402; General Objections 1 and 2. | 121:24-122:3; 123:1-124:18; 129:21-130:8; 131:11-133:14; 134:1-19; 143:10-144:13; 146:24-149:15; 151:6-12 |
| | | 136:6 | 137:1 | FRE 401-402; General Objections 1 and 2. | 121:24-122:3; 123:1-124:18; 129:21-130:8; 131:11-133:14; 134:1-19; 143:10-144:13; 146:24-149:15; 151:6-12 |
| | | 152:13 | 155:19 | FRE 401-402; FRE 106 (Exhibit in reference is incomplete); General Objections 1 and 2. | 157:20-158:14 |
| | | 183:18 | 186:10 | FRE 401-402; General Objections 1 and 2. | 182:22-183:9 |

4

| Deponent | Deposition Date | Starting Page: Line | Ending Page: Line | NMT Defendants' Objections | NMT Defendants' Counter-Designations |
|---|---|---|---|---|---|
| K. Huffman | 11/13/07 | All | (videotaped) | Fails to provide designations, as required by Fed. R. Civ. P. 32 and the Court's Standing Pretrial Order. In the event that the Court permits Tesla to play the entire transcript for the jury, the NMT Defendants request that the Court rule *in limine* on the objections lodged on the record. The NMT Defendants further object to relevance as to many of the questions and request a ruling *in limine* as to such questions. FRE 401-402. FRE 602. Lack of Foundation. General Objection 1. | 2:21 – 3:1; 13:13 – 15; 14: 3 – 13; 14:16 – 15:2; 19:20 – 22; 20:12 – 13; 20:17 – 21:2; 21:10 – 18; 22:6 – 17; 23:2 – 4; 23:7 – 9; 23:13 – 16; 27:17 – 28:9; 28:13 – 29:4; 34:6 – 11; 35:7 – 10; 36:12 –37:2; 39:18 – 20; 40:8 – 41:1; 41:6 – 17; 42:4 – 16; 46:1 – 48:9; 48:19 – 49:6; 49:9; 49:11 – 14; 55:7 – 10; 55:14 – 16; 55:19; 55:21 – 22; 57:20 – 22; 59:11 – 60:2; 62:4 – 8; 62:17 – 64:2; 64:14 – 65:4; 65:19 – 66:14; 69:2 – 4; 69:7 – 70:2 |
| NMT | 11/17/06 | 12:1 | 12:13 | FRE 106 (Incomplete); FR 401-402; General Objection No. 1. | 12:13-14:13; 14:21-16:7. |
|  |  | 182:4 | 183:15 | FRE 602; Lack of foundation (The exhibits referenced do not include Mr. Minnick); Misleading; General Objection No. 1. | 184:13-22. |

| Deponent | Deposition Date | Starting Page: Line | Ending Page: Line | NMT Defendants' Objections | NMT Defendants' Counter-Designations |
|---|---|---|---|---|---|
| | | 203:9 | 204:8 | FRE 106 (Incomplete); FRE 602; FRE 701-702; Lack of Foundation; Calls for legal conclusion; Misleading; General Objection No. 1. | 202:11-203:5.194:5-195:21; 196:15-198:4. |
| | | 209:11 | 209:20 | Misleading; FRE 106 (Incomplete); Outside the Scope (Mr. Minnick was testifying as NMT's corporate representative and not individually or on behalf of DC Power Equipment, with whom he had a consultant agreement); General Objection No. 1. | 27:13-28:13 |
| L. Hollingsworth | 11/16/06 | 23:5 | 26:15 | FRE 401-402 (The NMT Defendants have withdrawn Mr. Hollingsworth's Counterclaim for Tortious Interference and, thus, the question and answer are not relevant to any issue or defense); General Objection No. 1. | |

6

| Deponent | Deposition Date | Starting Page: Line | Ending Page: Line | NMT Defendants' Objections | NMT Defendants' Counter-Designations |
|---|---|---|---|---|---|
| | | 50:8 | 52:4 | FRE 401-402 (Mr. Hollingsworth provided Tesla with his hard drive for Tesla to inspect and, thus, this question is not relevant to any claim or defense.); Argumentative and Misleading (Tesla's suggestion that Mr. Hollingsworth intentionally destroyed any relevant information is not relevant, argumentative and overly prejudicial.); General Objection No. 1. | |
| | | 65:8 | 65:15 | Misleading; General Objection No. 1. | 42:5-45:6; 46:15-47:9; 64:16-20; 79:11-80:7. |
| | | 70:14 | 71:14 | FRE 106 (Incomplete); Vague; Lacks foundation; FRE 701-702; General Objection No. 1. | 67:19-68:7; 69:2-70:5 |
| | | 80:8 | 83:9 | FRE 106 (Incomplete); General Objection No. 1. | 42:5-45:6; 46:15-47:9; 64:16-20; 79:11-80:7; 199:4-22; 249:15-250:3 |
| | | 259:1 | 266:19 | Untimely. Tesla submitted this designation at 9:00pm on May 2, 2007. | |
| Joseph Talbot | 11/21/06 | 14:3 | 15:2 | General Objection No. 3; FRCP 32(a); FRE 802; Not identified on Tesla's Witness List (D-1) | |

7

| Deponent | Deposition Date | Starting Page: Line | Ending Page: Line | NMT Defendants' Objections | NMT Defendants' Counter-Designations |
|---|---|---|---|---|---|
| | | 16:2 | 16:10 | General Objection No. 3; FRCP 32(a); FRE 802; Not identified on Tesla's Witness List (D-1) | |
| | | 19:20 | 21:5 | General Objection No. 3; FRCP 32(a); FRE 802; Not identified on Tesla's Witness List (D-1) | |
| | | 23:7 | 35:2 | General Objection No. 3; FRCP 32(a); FRE 802; Not identified on Tesla's Witness List (D-1) | |
| | | 35:12 | 54:10 | General Objection No. 3; FRCP 32(a); FRE 802; Not identified on Tesla's Witness List (D-1) | |
| | | 56:1 | 67:5 | General Objection No. 3; FRCP 32(a); FRE 802; Not identified on Tesla's Witness List (D-1) | |
| | | 67:16 | 73:4 | General Objection No. 3; FRCP 32(a); FRE 802; Not identified on Tesla's Witness List (D-1) | |

NMT600907