# SCHEDULE G-1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TESLA INDUSTRIES, INC. a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>DAVID C. WALDMANN, LYNDOL W. HOLLINGSWORTH, CHARLES MINNICK a.k.a. CHUCK MINNICK, and NEW MILLENNIUM TOOLS, INC., an Oregon Corporation,<br><br>Defendants. | C.A. No. 06-55-GMS |

## SCHEDULE G-1

### PLAINTIFF'S STATEMENT OF SPECIAL DAMAGES AND NMT DEFENDANTS' OBJECTIONS THERETO

The Plaintiff seeks recovery of the following special damages, in addition to punitive damages and its attorneys' fees and costs:

1. Tesla Industries has suffered over $1,000,000.00 in damages including, but not limited to, lost sales and profits, lost production, delays in deliveries, and loss of normal growth opportunities.

2. Additionally, Tesla Industries has lost the value of prototypes, drawings, technical data, and supplies at least in the estimated amount of $250,000.00.

3. Tesla Industries has suffered lost employee and officer time and productivity in the amount of at least $500,000.00.

4.   Tesla Industries has also incurred substantial attorney fees in its effort to prevent defendants' misuse of its property.

### The NMT Defendants' Objections to Plaintiff's Statement

The NMT Defendants object to Tesla's claim for punitive damages because it fails to comply with the itemization requirement of the Final Pretrial Order format (*see* 3/29/2007 Revision at section 2(g)), and Tesla fails to establish willful or wanton conduct sufficient under Delaware substantive law to justify the imposition of punitive damages. *See Thurston v. Liberty Mutual Ins. Co.*, 16 F. Supp. 2d 441, (D. Del. 1998) (punitive damages will not be available based solely upon a showing that the defendant took a stance that was unreasonable or unjustified or that the conduct was intentional, unless the intentional act is similar in character to an intentional tort); *Jardel Co., Inc. v. Hughes*, 523 A.2d 518, 527 (Del. 1987) (absent evidence raising a reasonable inference of conduct meeting the standard justifying punitive damages, the party against whom punitive damages are sought must be awarded a directed verdict or judgment as to punitive damages).

1.   The NMT Defendants object to Tesla's claim for compensatory damages for "lost sales and profits, lost production, delays in deliveries, and loss of normal growth opportunities" because they are not supported by any admissible expert or lay testimony or documents. *See* The NMT Defendants' Motions in Limine Nos. 1: To Preclude Calling Late Disclosed Witnesses (D.I. 133) and 5: To Exclude Unverifiable Financial Documents (D.I. 137), and their contemporaneously filed *Daubert* Motion; Defendant Waldmann's Motion in Limine to Preclude Testimony or Argument Relating to Certain Alleged Damages (D.I. 140) and Motion in Limine to Preclude Reference to "Lost" or "Stolen" Property (D.I. 142), all of which are repleaded and incorporated herein by reference pursuant to Fed. R. Civ. P. 10(c). The damages claim, thus, is

entirely speculative. Plaintiffs must prove their damages with a reasonable degree of precision. *Kronenberg v. Katz*, 872 A.2d 568, 609-10 (Del Ch. 2004). Speculative damages are not recoverable. *Chemipal Ltd. v. Slim-Fast Nutritional Foods, Int'l, Inc.*, 350 F. Supp. 2d 582, 597 (D. Del. 2004). Furthermore, the NMT Defendants object that Tesla has not, and cannot, establish proximate causation for its claimed lost sales, lost production, delays in deliveries, and loss of normal growth opportunities. *See Deville Court Apartments, L.P. v. Fed. Home Loan Mortgage Corp.*, 39 F. Supp. 2d 428, 432-33 (D. Del. 1999).

  2. The NMT Defendants object to Tesla's claim for "the value of prototypes, drawings, technical data, and supplies" for the same reasons as their objection to number 1, above; and in addition, they replead and incorporate herein by reference pursuant to Fed. R. Civ. P. 10(c) their Motion in Limine No. 4: To Preclude David Masilotti From Offering Lay Opinion Testimony (D.I. 136); and Defendant Waldmann's Motion in Limine to Preclude Tesla From Utilizing or Introducing Technical Documents, Drawings or Schematics of Alleged Trade Secrets (D.I. 139).

  3. The NMT Defendants object to Tesla's claim for "lost employee and officer time and productivity" for the reasons set forth in number 1, above. Furthermore, they object as costs incurred for remedial measures in a trade secrets case involving a departing employee are not available as damages. *See Telex Corp. v. Int'l Bus. Mach. Corp.*, 510 F.2d 894, 932-33 (10th Cir. 1975).

  4. The NMT Defendants object to any award of attorneys' fees because Tesla has not shown, nor can it show, bad faith under 6 Del. C. § 2004; and for the reasons set forth above in response to number 1. The NMT Defendants further object to any award of attorneys' fees under Fed. R. Civ. P. 37(c)(1) because Tesla has failed to produce discovery to support its claim for

attorneys' fees and fails to comply with the itemization requirement of the Final Pretrial Order format (*see* 3/29/2007 Revision at section 2(g)).

4