# SCHEDULE G-2

SCHEDULE G-2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TESLA INDUSTRIES, INC. a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>DAVID C. WALDMANN, LYNDOL W. HOLLINGSWORTH, CHARLES MINNICK a.k.a. CHUCK MINNICK, and NEW MILLENNIUM TOOLS, INC., an Oregon Corporation,<br><br>Defendants. | C.A. No. 06-55-GMS |

## SCHEDULE G-2

## NMT DEFENDANTS' STATEMENT OF SPECIAL DAMAGES AND PLAINTIFF'S OBJECTIONS THERETO

The NMT Defendants seek recovery of the following categories of damages:

1. Attorneys' fees and costs as compensatory damages under Counterclaims II (Abuse of Process) (*see* Del. P.J.I. Civ. § 22.12(3)) and VI (Unfair Competition – State Common Law) in the amount to date of $404, 689.16.

2. Attorneys' fees and costs as enhancements, pursuant to 6 Del. C. § 2004 (Attorneys' Fees in Bad Faith Trade Secret Cases), Counterclaims I (Declaratory Judgment of No Trade Secrets), III (Antitrust (Sherman and Clayton Acts)) (*see* 15 U.S.C. § 15(a)), and VII (Unfair Competition – State Statutory Law) (*see* 6 Del. C. § 2533(b)) in the amount to date of $404, 689.16.

      3.    Compensatory damages for the harm to their reputation for Defendants Minnick, Hollingsworth and New Millennium Tools, Inc. of $10,000 each. (*See* Del. P.J.I. Civ. § 22.12(2) (2000)).

      4.    Compensatory damages for emotional distress for Defendants Minnick and Hollingsworth each in the amount of $100 per day the case has been pending. (*See* Del. P.J.I. Civ. § 22.12(5) (2000)).

      5.    Treble compensatory damages under Counterclaims III (Antitrust (Sherman and Clayton Acts)) (*see* 15 U.S.C. § 15(a)) and VII (Unfair Competition – State Statutory Law) (*see* 6 Del. C. § 2533(c)).

      6.    Punitive damages pursuant to Counterclaims II (Abuse of Process), VI (Unfair Competition – State Common Law) and VII (Unfair Competition – State Statutory Law), in the amount of $1,000,000.

### PLAINTIFF'S OBJECTIONS TO NMT DEFENANTS' STATEMENT OF SPECIAL DAMAGES

Plaintiff objects to the claim for damages based on the Sherman and Clayton Acts. NMT Defendants' counterclaims for such damages are currently the subject for cross motions (DI 106 and 109) which challenge the sole basis for such claims (inadvertent typographical error in Plaintiff's response to such counterclaims). Plaintiffs further object to NMT Defendants' claims of harm to NMT Defendants' reputation and emotional stress because of NMT Defendant's failure to provide proper notice of such claims.