# SCHEDULE J-3

UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TESLA INDUSTRIES, INC. a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>DAVID C. WALDMANN, LYNDOL W. HOLLINGSWORTH, CHARLES MINNICK a.k.a. CHUCK MINNICK, and NEW MILLENNIUM TOOLS, INC., an Oregon Corporation,<br><br>Defendants. | Civil Action No. 06-55-GMS |

## SCHEDULE J-3

### PROPOSED SPECIAL VERDICT FORM OF THE NMT DEFENDANTS

I.  **MISAPPROPRIATION OF TRADE SECRET BY DEFENDANTS**

**QUESTION 1:** Do you find by a preponderance of the evidence that any of the products or information identified by Tesla are trade secrets?

Yes _____   No _____

**If you answered "Yes" to Question 1, then go to Question 3. If you answered "No" to Question 1, then go to Question 2.**

**QUESTION 2:** Do you find by a preponderance of the evidence that Tesla acted in bad faith by claiming misappropriation of trade secrets?

Yes _____   No _____

**Proceed to Section II: ABUSE OF PROCESS BY TESLA..**

1

**QUESTION 3:**   Identify the products or information identified by Tesla that constitute trade secrets.

_____

_____

**Proceed to Question 4.**

**QUESTION 4:**   Do you find by a preponderance of the evidence that Tesla's efforts to maintain the secrecy of its alleged trade secrets was reasonable under the circumstances?

Yes _____   No _____

**If you answered "Yes" to Question 4, then go to Question 5. If you answered "No" to Question 4, then go to <u>Section II: ABUSE OF PROCESS BY TESLA</u>.**

**QUESTION 5:**   Do you find by a preponderance of the evidence that any of Tesla's trade secrets, as you have identified them, were disclosed to any or all of the Defendants?

**Answer separately for each listed party**

| | | |
|---|---|---|
| David C. Waldmann | Yes _____ | No _____ |
| Lyndol W. Hollingsworth | Yes _____ | No _____ |
| Charles A. Minnick | Yes _____ | No _____ |
| New Millennium Tools, Inc. | Yes _____ | No _____ |

**If you answered "Yes" to Question 5, then go to Question 6. If you answered "No" to Question 5, then go to <u>Section II: ABUSE OF PROCESS BY TESLA</u>.**

**QUESTION 6:**   Do you find that, at the time Tesla's products were disclosed to Defendants that they knew or should have known that the products were being disclosed in confidence?

2

**Answer separately for each listed party**

|  |  |  |
|---|---|---|
| David C. Waldmann | Yes _____ | No _____ |
| Lyndol W. Hollingsworth | Yes _____ | No _____ |
| Charles A. Minnick | Yes _____ | No _____ |
| New Millennium Tools, Inc. | Yes _____ | No _____ |

**If you answered "Yes" to Question 6, then go to Question 7. If you answered "No" to Question 6, then go to <u>Section II: ABUSE OF PROCESS BY TESLA</u>.**

**QUESTION 7:** Do you find by a preponderance of the evidence that each Defendant knew or had reason to know that the trade secret was acquired through improper means?

**Answer separately for each listed party**

|  |  |  |
|---|---|---|
| David C. Waldmann | Yes _____ | No _____ |
| Lyndol W. Hollingsworth | Yes _____ | No _____ |
| Charles A. Minnick | Yes _____ | No _____ |
| New Millennium Tools, Inc. | Yes _____ | No _____ |

**If you answered "Yes" to Question 7, then go to Question 8. If you answered "No" to Question 7, then go to <u>Section II: ABUSE OF PROCESS BY TESLA</u>.**

**QUESTION 8:** Do you find by a preponderance of the evidence, that any Defendant disclosed to third parties the products/information given to them by Tesla?

**Answer separately for each listed party**

|  |  |  |
|---|---|---|
| David C. Waldmann | Yes _____ | No _____ |
| Lyndol W. Hollingsworth | Yes _____ | No _____ |
| Charles A. Minnick | Yes _____ | No _____ |
| New Millennium Tools, Inc. | Yes _____ | No _____ |

**If you answered "Yes" to Question 8, then go to Question 9.  If you answered "No" to Question 8, then go to <u>Section II: ABUSE OF PROCESS BY TESLA</u>.**

**QUESTION 9:**     Do you find by a preponderance of the evidence that any Defendant used and/or disclosed the trade secret without Tesla's express or implied consent?

<u>Answer separately for each listed party</u>

| | | |
|---|---|---|
| David C. Waldmann | Yes _____ | No _____ |
| Lyndol W. Hollingsworth | Yes _____ | No _____ |
| Charles A. Minnick | Yes _____ | No _____ |
| New Millennium Tools, Inc. | Yes _____ | No _____ |

**If you answered "Yes" to Question 9, then go to Question 10.  If you answered "No" to Question 9, then go to <u>Section II: ABUSE OF PROCESS BY TESLA</u>.**

**QUESTION 10:**     Do you find by a preponderance of evidence that Mr. Waldmann had apparent or actual authority to act of behalf of Tesla.

Yes _____     No _____

**If you answered "Yes" to Question 10, then go to Question 11.  If you answered "No" to Question 10, then go to <u>Section II: ABUSE OF PROCESS BY TESLA</u>.**

**QUESTION 11:**     Do you find by a preponderance of the evidence that, during their interactions with Tesla, Mr. Hollingsworth, Mr. Minnick and/or New Millennium Tools, Inc. believed that Mr. Waldmann had actual or apparent authority to act on Tesla's behalf?

<u>Answer separately for each listed party</u>

| | | |
|---|---|---|
| Lyndol W. Hollingsworth | Yes _____ | No _____ |
| Charles A. Minnick | Yes _____ | No _____ |
| New Millennium Tools, Inc. | Yes _____ | No _____ |

**If you answered "Yes" to Question 11, then go to Question 12. If you answered "No" to Question 11, then go to <u>Section II: ABUSE OF PROCESS BY TESLA</u>.**

<u>**QUESTION 12:**</u>    Do you find by a preponderance of the evidence that Tesla consented, either expressly or by implication, to Mr. Minnick's, Mr. Hollingsworth's and/or New Millennium Tools, Inc.'s acquisition and use of Tesla's trade secret.

                                                                Yes _____   No _____

**If you answered "Yes" to Question 12, then go to Question 13. If you answered "No" to Question 12, then go to <u>Section II: ABUSE OF PROCESS BY TESLA</u>**

<u>**QUESTION 13:**</u>    Do you find by a preponderance of the evidence that any or all of the Defendants misappropriated trade secrets from Tesla?

<u>**Answer separately for each listed party**</u>

|  |  |  |
|---|---|---|
| David C. Waldmann | Yes _____ | No _____ |
| Lyndol W. Hollingsworth | Yes _____ | No _____ |
| Charles A. Minnick | Yes _____ | No _____ |
| New Millennium Tools, Inc. | Yes _____ | No _____ |

**If you answered "Yes" to Question 13, then go to Question 14. If you answered "No" to Question 13, then go to <u>Section II: ABUSE OF PROCESS BY TESLA</u>.**

<u>**QUESTION 14:**</u>    Do you find by a preponderance of the evidence that Tesla's claim for misappropriation of trade secrets is barred, in whole or in part, by the doctrine of waiver?

                                                                Yes _____   No _____

**If you answered "Yes" to Question 14, then go to Question 15. If you answered "No" to Question 14, then go to <u>Section II: ABUSE OF PROCESS BY TESLA</u>.**

**QUESTION 15:** Do you find by a preponderance of the evidence that Tesla's claim for misappropriation of trade secrets is barred, in whole or in part, by the doctrine of estoppel?

Yes _____  No _____

.**If you answered "Yes" to Question 15, then go to Question 16. If you answered "No" to Question 15, then go to Section II: ABUSE OF PROCESS BY TESLA.**

**QUESTION 16:** Do you find by a preponderance of the evidence that Tesla's claim for misappropriation of trade secrets is barred, in whole or in part, by the doctrine of acquiescence

Yes _____  No _____

**If you answered "Yes" to Question 16, then go to Question 17. If you answered "No" to Question 16, then go to Section II: ABUSE OF PROCESS BY TESLA.**

**QUESTION 17:** Do you find by a preponderance of the evidence that Tesla's claim for misappropriation of trade secrets is barred, in whole or in part, by unclean hands?

Yes _____  No _____

**If you answered "Yes" to Question 17, then go to Question 18. If you answered "No" to Question 17, then go to Section II: ABUSE OF PROCESS BY TESLA.**

**QUESTION 18:** If you found that any Defendant misappropriated trade secrets of Tesla, has Tesla suffered any damages as a direct and proximate result of Defendants?

**Answer separately for each listed party**

| | | |
|---|---|---|
| David C. Waldmann | Yes _____ | No _____ |
| Lyndol W. Hollingsworth | Yes _____ | No _____ |
| Charles A. Minnick | Yes _____ | No _____ |

6

    New Millennium Tools, Inc.  Yes \_\_\_\_\_  No \_\_\_\_\_

**If you answered "Yes" to Question 18, then go to Question 19. If you answered "No" to Question 18, then go to <u>Section II: ABUSE OF PROCESS BY TESLA</u>.**

  <u>**QUESTION 19:**</u>  If you found that any Defendant misappropriated trade secrets of Tesla, what amount of damages for the misappropriation do you find Tesla to have proven by a preponderance of the evidence?

    <u>**Answer separately for each listed party**</u>

    David C. Waldmann  $ _____

    Lyndol W. Hollingsworth  $ _____

    Charles A. Minnick  $ _____

    New Millennium Tools, Inc.  $ _____

**Proceed to Question 20.**

  <u>**QUESTION 20:**</u>  Do you find by a preponderance of the evidence that Defendants acted in bad faith in misappropriating Tesla's trade secrets?

    <u>**Answer separately for each listed party**</u>

    David C. Waldmann  $ _____

    Lyndol W. Hollingsworth  $ _____

    Charles A. Minnick  $ _____

    New Millennium Tools, Inc.  $ _____

**Proceed to <u>Section II: ABUSE OF PROCESS BY TESLA</u>.**

**II.  <u>ABUSE OF PROCESS BY TESLA</u>**

  <u>**QUESTION 21:**</u>  Do you find by a preponderance of the evidence that Tesla improperly initiated legal process against Defendants Hollingsworth, Minnick and/or New Millennium Tools, in the nature of a Stipulated Restraining Order, a third-party

Subpoena on D.C. Power Equipment in Texas, Requests for Production, Interrogatories and Depositions?

Yes _____   No _____

**If you answered "Yes" to Question 21, then go to Question 22. If you answered "No" to Question 21, then go to <u>Section III: UNFAIR COMPETITION BY TESLA</u>.**

<u>**QUESTION 22:**</u>   If yes, do you find by a preponderance of the evidence that Tesla's improper use of the legal system was willful and not proper in the regular conduct of legal proceedings?

Yes _____   No _____

**If you answered "Yes" to Question 22, then go to Question 23. If you answered "No" to Question 22, then go to <u>Section III: UNFAIR COMPETITION BY TESLA</u>.**

<u>**QUESTION 23:**</u>   If you find that Tesla is liable for abuse of process, what amount of damages for the abuse of process are Defendants Hollingsworth, Minnick and/or New Millennium Tools, Inc. entitled to receive?

$ _____

**Proceed to <u>Section III: UNFAIR COMPETITION BY TESLA</u>.**

III.   <u>**UNFAIR COMPETITION BY TESLA**</u>

<u>**QUESTION 24:**</u>   Do you find by a preponderance of the evidence that Tesla engaged in unfair competition with the Defendants?

Yes _____   No _____

**If you answered "Yes" to Question 24, then go to Question 25. If you answered "No" to Question 24, then go to <u>Section IV: ANTITRUST VIOLATIONS BY TESLA</u>.**

<u>**QUESTION 25:**</u>   If you found that Tesla engaged in unfair competition with the Defendants, what amount of damages, if any, for the unfair competition are

8

Defendants Hollingsworth, Minnick and/or New Millennium Tools, Inc. entitled to receive?

<u>**Answer separately for each listed party**</u>

    Compensatory Damages   $ _____

    Punitive Damages    $ _____

**Proceed to <u>Section IV: ANTITRUST VIOLATIONS BY TESLA</u>.**

IV. <u>**ANTITRUST VIOLATIONS BY TESLA**</u>

 <u>**QUESTION 26:**</u> Do you find by a preponderance of the evidence that the relevant market is military sales and contracts involving power supplies, power connecting devices and power tools?

              Yes \_\_\_\_\_ No _____

**If you answered "Yes" to Question 26, then go to Question 27. If you answered "No" to Question 26, then stop and sign form.**

 <u>**QUESTION 27:**</u> If yes, do you find by a preponderance of the evidence that Tesla had a specific intent to monopolize such relevant market?

              Yes \_\_\_\_\_ No _____

**If you answered "Yes" to Question 27, then go to Question 28. If you answered "No" to Question 27, then stop and sign form.**

 <u>**QUESTION 28:**</u> If yes, do you find by a preponderance of the evidence that one or more of the acts claimed by Defendants Hollingsworth, Minnick and New Millennium Tools was done, was wrongful, and was in furtherance of that intent, even though insufficient actually to produce the intended monopoly?

              Yes \_\_\_\_\_ No _____

**If you answered "Yes" to Question 28, then go to Question 29. If you answered "No" to Question 28, then stop and sign form.**

9

**QUESTION 29:** If yes, do you find by a preponderance of the evidence that Tesla had a reasonable probability that monopolization will sooner or later occur?

Yes _____ No _____

**If you answered "Yes" to Question 29, then go to Question 30. If you answered "No" to Question 29, then stop and sign form.**

**QUESTION 30:** If yes, do you find by a preponderance of the evidence that Tesla's attempted monopolization was the proximate cause of damage to the business or property of Defendants Hollingsworth, Minnick and New Millennium Tools, by causing Defendants Hollingsworth, Minnick and New Millennium Tools to lose sales on which Defendants Hollingsworth, Minnick and New Millennium Tools would have made a profit?

Yes _____ No _____

**If you answered "Yes" to Question 30, then go to Question 319. If you answered "No" to Question 30, then stop and sign form.**

**QUESTION 31:** If your answers to Question Nos. 26 to 30 are yes, in what amount do you find that Defendants Hollingsworth, Minnick and New Millennium Tools, Inc. were damaged, if any?

**Answer separately for each listed party**

Compensatory Damages        $ _____

Punitive Damages            $ _____

Dated: _____    By: _____
                                    Foreperson