# SCHEDULE K

UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TESLA INDUSTRIES, INC. a Delaware Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID C. WALDMANN, LYNDOL W. HOLLINGSWORTH, CHARLES MINNICK a.k.a. CHUCK MINNICK, and NEW MILLENNIUM TOOLS, INC., an Oregon Corporation,<br><br>    Defendants. | C.A. No. 06-55-GMS |

### SCHEDULE K

### JOINT PROPOSED VOIR DIRE

Good morning, ladies and gentlemen, I am about to ask you a series of questions that we call *voir dire*. The purpose of the *voir dire* examination is:

    a.    to enable the court to determine whether or not any prospective juror should be excused for cause;

    b.    to enable counsel for the parties to exercise their individual judgment with respect to peremptory challenges – that is, challenges for which counsel need not give a reason.

- **Staff introduced.**
- **Panel sworn.**

If any of you would answer "yes" to any of these questions, I would ask you to stand up and, upon being recognized by me, to state your number. At the end of the questions, I

will ask those who have responded "yes" to any of the questions to come to sidebar (that is, up to the bench next to me) with counsel for the parties to discuss your answers.

This case is expected to take five (5) days to try. The schedule that I expect to maintain over those five (5) days will be as follows:

We will normally begin the day at 9:00 a.m. promptly. We will go until 1:00 p.m. and, after a one-hour break for lunch, from 2:00 p.m. to 4:30 p.m. There will be a fifteen-minute break at 11:00 a.m. and another fifteen-minute break at 3:15 p.m. One exception to this schedule may occur when the case is submitted to those of you who are selected to serve as jurors for your deliberation. On that day, the proceedings might last beyond 4:30 p.m. We will post a copy of this schedule for the jury's convenience in the jury deliberation room.

1. Does the length of this trial or the schedule contemplated by the court present a special problem to any member of the panel?

**DESCRIPTION OF THE CASE**

This case involves allegations by the Plaintiff, Tesla Industries, Inc., that a former employee, Defendant David Waldmann, stole trade secrets and provided those trade secrets to Defendants Charles Minnick, Lyndol Hollingsworth, and a company that they founded, New Millennium Tools, Inc. Tesla also asserts claims of breach of contract, conversion, and tortious interference with prospective contractual relations against defendant Waldmann, and a claim of conspiracy against all defendants.[1] All the defendants deny these allegations. Defendants Charles Minnick, Lyndol Hollingsworth

---

[1] NMT Defendants object to Tesla's proposed language "Tesla also asserts claims of breach of contract, conversion, and tortious interference with prospective contractual relations against defendant Waldmann, and a claim of conspiracy against all defendants." These causes of action are preempted by the DUTSA claim. Furthermore, it is argumentative and confusing as to which claims are asserted against which Defendant and civil conspiracy is not a separate cause of action.

and New Millennium Tools allege that Tesla's lawsuit represents an abuse of process, unfair trade practice and antitrust violations, and have brought counterclaims against Tesla. Defendant Waldmann asserts counterclaims alleging Tesla violated the Delaware Wage Payment Statutes, the Employee Retirement Income Security Act, the Federal Electronic Communications Privacy Act, the Delaware Electronic Surveillance and Interception of Communications Act, and Delaware personnel file inspection statutes, as well as counterclaims for breach of contract, intrusion of privacy, conversion, abuse of process, and unlawful discharge. Tesla denies the allegations in the counterclaims by the Defendants.

2. Have you heard of the plaintiff, Tesla Industries, Inc.?

3. Have you heard of any of the defendants: David Waldman, Charles Minnick, Lyndol Hollingsworth, or New Millennium Tools, Inc?

4. Has any member of the panel heard or read anything about this case?

5. Have you or any member of your immediate family (spouse, child, parent or sibling) ever been employed by Tesla Industries?

6. Have you or any member of your immediate family ever had a business relationship of any kind with Tesla Industries or New Millennium Tools?

7. Have you or any member of your immediate family had any negative or positive experience with the products of either of these companies?

- **Counsel will be asked to introduce themselves, their firms, etc.**

8. Does any member of the panel, or your immediate family, know any of the attorneys involved in the case or have you or any of your immediate family had any business dealings with or been employed by any of these attorneys or their respective law firms?

- **Counsel will be asked to read names of potential witnesses.**

9. Does any member of the panel know or is any member of the panel familiar with any of the prospective witnesses?

10. Have you or any member of your immediate family ever served in the United States military?

11. Do you hold any opinions about the military?

12. Have you or any member of your immediate family ever held a security clearance?

13. Have you or any member of your immediate family ever worked as an electrician, electrical engineer or with power or electricity at their job?

14. Have you or any member of your immediate family ever worked as a mechanical engineer or repair person at their job?

15. Have you or any member of your immediate family ever worked with metals at their job?

16. Have you or any member of your immediate family ever worked with plastics or resins at their job?

17. Have you or any member of your immediate family ever worked with power tools at their job?

18. Have you or any member of your immediate family ever worked in the field of government contracting?

19. Have you or any member of your immediate family ever worked in a factory?

20. Do you or any of your immediate family members own a patent, copyright, or trade secret?

21. Have you, or anyone you know, ever been involved in a patent, copyright, or trade secret dispute?

22. Have you, or anyone you know, ever been involved as a party or a witness in patent, copyright, or trade secret litigation?

23. Have you or any member of your immediate family ever attended law school or worked in a law firm or organization with lawyers?

24. Have you or any member of your immediate family ever owned or operated your own business?*

25. Have you or any member of your immediate family ever worked as an accountant or bookkeeper?*

26. Have you or any member of your immediate family ever had any dealings with the Internal Revenue Service, other than the ordinary filing of taxes?

27. Have you ever served as a juror in a criminal or a civil case or as a member of a grand jury in either a federal or state court?

28. Have you or has anyone in your immediate family ever participated in a lawsuit as a party (such as suing someone or being sued or being tried for a criminal offense) or in any other capacity (such as a witness)?

29. If you are selected to sit on this case, will you be able to render a verdict solely on the evidence presented at the trial and the context of the law as I will give it to you in my

---

\* *See* Tesla Objections (*infra*)

\* *See* Tesla Objections (*infra*)

instructions, disregarding any other ideas, notions, or beliefs about the law you may have or that you may have encountered in reaching your verdict?

30. Is there any member of the panel who has any special disability or problem that would make serving as a member of the jury difficult or impossible, such as difficulty seeing or hearing or discomfort from remaining seated too long?

Having heard the questions put to you by the Court, does any other reason suggest itself to you as to why you could not sit on this jury and render a fair verdict based on the evidence presented to you and in the context of the court's instructions to you on the law?

<u>Tesla Objections</u>: Tesla Objects to Proposed Voir Dire Questions Nos. 25 and 26, which relate to Juror association with accounting and the IRS. Tesla's pending Motion in Limine (D.I._138) challenges Defendants attempt to interject tax filing issues into this case. Tesla objects to the inclusion of questions relating to these challenged issues in the voir dire questions for the reasons stated in its briefing on its Motion in Limine (D.I. 138_and 163)