# SCHEDULE M-2

**SCHEDULE M-2**

**NMT DEFENDANTS' STATEMENT
OF ADDITIONAL DISCOVERY NEEDED**

The NMT Defendants require the following additional discovery:

<u>Deposition of Brian A. Sullivan</u>.  In its April 20, 2007, Response to the NMT Defendants' Motion *in Limine* No: 2: To Preclude Testimony of Tesla's Lead Counsel, Tesla revealed for the first time that it is planning on calling its attorney, Brian A. Sullivan, in its rebuttal case as a witness to underlying events.  D.I. 151 at 6-7.  The NMT Defendants, therefore, require the deposition of this fact witness who was not previously made available for deposition.

<u>Deposition of Dee Ridgeway and documents from Ridgeway Accounting</u>.  In its April 20, 2007, Response to the NMT Defendants' Motion *in Limine* No. 5: To Exclude Unverifiable Financial Documents (D.I. 148), Tesla introduced an Affidavit of its accountant, Dee Ridgeway, to explain a massive underreporting of income on its corporate income tax returns.  *Id.* at Ex. D.  The NMT Defendants, thus, require the deposition of Mr. Ridgeway to explore the irregularities in the financial data underlying Tesla's damages claims.  Tesla, through its counsel, previously prevented The NMT defendants to subpoena documents from Mr. Ridgeway.  *See* D.I. 137 at 2 n.2; and Ex. 17-21.  Accordingly, the NMT Defendants also require that Ridgeway Accounting comply with the subpoena and produce all responsive documents immediately.

1

<u>Reopening the deposition of David Masilotti</u>. In its April 20, 2007, Response to Defendant Waldmann's Motion *in Limine* to Preclude Testimony or Argument Relating to Certain Alleged Damages, Tesla stated that it would be supplementing its response to the NMT Defendants' Interrogatory No. 3 on damages. *See* D.I. 149 at 7. The NMT Defendants require the deposition of the individual certifying any such supplementary answer to an interrogatory.