IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TESLA INDUSTRIES, INC., | ) | **REDACTED PUBLIC VERSION** |
| Plaintiff, | ) | |
| | ) | C.A. No. 06-055-GMS |
| v. | ) | |
| | ) | |
| DAVID C. WALDMANN, | ) | |
| LYNDOL W. HOLLINGSWORTH, | ) | |
| CHARLES MINNICK a/k/a CHUCK MINNICK, and | ) | |
| NEW MILLENNIUM TOOLS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## THE NMT DEFENDANTS' REPLY TO PLAINTIFF TESLA'S OPPOSITION TO THE NMT DEFENDANTS' MOTION IN LIMINE NO. 2 (TO PRECLUDE TESTIMONY BY TESLA ATTORNEY)

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067

*Attorneys for Defendants Lyndol W. Hollingsworth, Charles Minnick and New Millennium Tools, Inc.*

*Of Counsel:*

Louis S. Mastriani
Rodney R. Sweetland, III
David F. Nickel
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, DC 20036
Telephone: (202) 467-6300
Facsimile: (202) 466-2006

Dated: April 26, 2007
180019.1

## TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................. 1

II.     ARGUMENT ....................................................................................................... 1

        A.      Brian A. Sullivan Is Disqualified if His Testimony Is Not Excluded.................... 1

        B.      Brian A. Sullivan Is Subject to the Rule on Witnesses............................................. 2

        C.      The NMT Defendants Are Entitled to the Deposition of Brian A.
                Sullivan ................................................................................................................. 3

III.    CONCLUSION..................................................................................................... 3

# TABLE OF AUTHORITIES

## Cases

*Carta v. Lumbermen's Mut. Cas. Co.*, 419 F. Supp. 2d 23 (D. Mass. 2006) ................................. 1

*Cord v. Smith*, 338 F.2d 516 (9th Cir. 1964) ................................................................ 2

*Johnston Dev. Group, Inc. v. Carpenters Local Union No. 1578*, 130 F.R.D. 348 (D. N.J. 1990) 3

*Lowe v. Experian*, 328 F. Supp. 2d 1122 (D. Kan. 2004) ................................................ 2

*Main Events Prod., LLC v. Lacy*, 220 F. Supp. 2d 353 (D. N.J. 2002) ................................ 2

*Pamida, Inc. v. E.S. Originals, Inc.*, 199 F.R.D. 633 (D. Minn. 2001) ............................... 3

*Rainbow Investors Group, Inc. v. Fuji Trucolor Mo., Inc.*, 168 F.R.D. 34 (W.D. La. 1996)......... 3

*United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 164 F.R.D. 245 (D. Kan. 1995) ................. 3

*Universal Athletic Sales Co. v. American Gym, Recreation & Athletic Equip. Corp., Inc.*, 546 F.2d 530 (3d Cir. 1976) ................................................................................. 1

*Yablonski v. United Mine Workers of Am.*, 454 F.2d 1036 (D.C. Cir. 1971) .......................... 2

## Rules

Del. Rule of Prof'l Conduct 3.7(a) ........................................................................ 1

Fed. R. Civ. P. 26(a)(1) .................................................................................... 3

Fed. R. Evid. 3.7 .......................................................................................... 2

Fed. R. Evid. 615 ......................................................................................... 2

## I.    INTRODUCTION

Tesla readily admits that it anticipates calling its own attorney, Brian A. Sullivan, to testify as a rebuttal witness. *See* Response to the NMT Defendant's Motion in Limine No. 2. (D.I. 151) at 6. This planned violation of the Lawyer as Witness Rule necessitates the disqualification of Mr. Sullivan as counsel, the exclusion of Mr. Sullivan from the courtroom under the Rule on Witnesses (and prohibition from his receiving reports of the testimony of other witnesses), and entitles the NMT Defendants to take Mr. Sullivan's deposition.

## II.    ARGUMENT

### A.    Brian A. Sullivan Is Disqualified if His Testimony Is Not Excluded

The NMT Defendants' Motion only conditionally sought the disqualification of Mr. Sullivan because they could not be certain, until Tesla's filing of its Response, that Tesla anticipated calling one of its own attorneys as a trial witness. *Id.* at 4-5. Tesla's own tactic, however, mandates this course of action.

It is axiomatic that an attorney cannot act as counsel where he will be a witness.[1] Mr. Sullivan's dual role as an attorney and a witness will severely prejudice the NMT Defendants (and Defendant Waldman) because the jurors will naturally be confused by Mr. Sulivan's appearance at counsel table as an attorney and on the witness stand as a witness after having been introduced as an attorney. Conversely, Tesla will suffer no significant prejudice from the disqualification of Mr. Sullivan because Tesla has stated that Mr. Sullivan will not be lead

---

[1] *See* Del. Rule of Prof'l Conduct 3.7(a). *See also Universal Athletic Sales Co. v. American Gym, Recreation & Athletic Equip. Corp., Inc.*, 546 F.2d 530, 538 (3d Cir. 1976) (an attorney must choose whether to be an advocate or a witness when he learns that he or a lawyer in his firm ought to be called as a witness); *Carta v. Lumbermen's Mut. Cas. Co.*, 419 F. Supp. 2d 23, 29-31 (D. Mass. 2006) (where proposed testimony of attorney was relevant and material as to negotiations, that attorney was disqualified).

counsel (Response at 6) and Tesla is concurrently represented by additional counsel at a separate firm. *See* Entrance of Appearance by Connelly Bove Lodge & Hutz LLP attorney Paul E. Crawford (D.I. 66).

**B.    Brian A. Sullivan Is Subject to the Rule on Witnesses**

Fed. R. Evid. 615 provides that a court shall order witnesses excluded so that they cannot hear the testimony of other witnesses. The NMT Defendants seek full implementation of this provision, including the sequestration of Mr. Sullivan during trial. In *Lowe v. Experian*, 328 F. Supp. 2d 1122 (D. Kan. 2004), the defendant sought to disqualify or set the scope of the disqualification of plaintiff's counsel, who planned to testify during the trial. *Id.* Though plaintiff agreed to the entry of an order barring him from acting as advocate at trial, the court recognized that this safeguard was insufficient to avoid jury confusion. *Id.* at 1126 (*quoting Main Events Prod., LLC v. Lacy*, 220 F. Supp. 2d 353, 356 (D. N.J. 2002) ("The Rule is designed to prevent a situation in which at trial a lawyer acts as an attorney and as a witness, creating the danger that the fact finder (particularly if it is a jury) may confuse what is testimony and what is argument, and otherwise creating an unseemly appearance at trial.")). Therefore, pursuant to Rule 3.7, the court ordered that plaintiff's counsel could not sit at counsel's table and take or defend any depositions. *Id.* at 1127. The court also allowed the defendants to invoke against plaintiff's counsel the rule prohibiting witnesses from being present in the courtroom during the testimony of other witnesses. *Id.*[2]

---

[2] *See also Yablonski v. United Mine Workers of Am.*, 454 F.2d 1036, 1039 (D.C. Cir. 1971) (*quoting Cord v. Smith*, 338 F.2d 516, 521-25 (9th Cir. 1964)) for the proposition that, "[c]ontinued participation as an attorney, by one who is disqualified by conflict of interest from so doing, will bring about the very evil which the rule against his participation is designed to prevent.").

### C.    The NMT Defendants Are Entitled to the Deposition of Brian A. Sullivan

Since the inception of the case, the NMT Defendants have identified Brian A. Sullivan as a witness.[3]  His ostensible status as counsel, however, has prevented them from obtaining discovery from him.  Now that Tesla has revealed that it plans on placing Mr. Sullivan on the stand, the NMT Defendants are entitled to take his deposition.[4]  To minimize the likelihood that privileged information will be implicated, the NMT Defendants agree in advance not to ask any questions of Mr. Sullivan related to events transpiring after February 22, 2005 (the date the Court signed the TRO that the NMT Defendants claim Mr. Sullivan tricked them into signing with the false promise of dismissal from the case).

### III.    CONCLUSION

The NMT Defendants reiterate their request that Brian A. Sullivan be precluded from testifying as a witness, either in Tesla's case-in-chief or in rebuttal.  In the alternative, the NMT Defendants reiterate their request that Mr. Sullivan be disqualified as counsel and prohibited from participating in the trial as counsel in any fashion, be subject to the Rule on Witnesses, and be required to submit to a deposition.

---

[3]  *See* NMT Defendants' Fed. R. Civ. P. 26(a)(1) Disclosures (Exhibit 1) and Defendant Charles Minnick's Objections and Answers to Plaintiff Tesla Industries' First Set of Interrogatories (Exhibit 2).

[4]  *See, e.g., Pamida, Inc. v. E.S. Originals, Inc.*, 199 F.R.D. 633, 635 (D. Minn. 2001), *aff'd*, 2001 WL 492414 (Minn. 2001) (a party cannot prevent a material witness from being deposed by hiring that witness as a trial attorney); *Rainbow Investors Group, Inc. v. Fuji Trucolor Mo., Inc.*, 168 F.R.D. 34, 36 (W.D. La. 1996) (deposition of [opposing counsel] may be both "necessary and appropriate" where the attorney may be a fact witness); *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 164 F.R.D. 245, 248-49 (D. Kan. 1995); *Johnston Dev. Group, Inc. v. Carpenters Local Union No. 1578*, 130 F.R.D. 348, 352 (D. N.J. 1990) (in cases where the attorney's conduct itself is the basis of a claim or defense the attorney may be examined as any other witness).

ASHBY & GEDDES

*/s/ Lauren E. Maguire*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants Lyndol W.*
*Hollingsworth, Charles Minnick and New*
*Millennium Tools, Inc.*

*Of Counsel:*

Louis S. Mastriani
Rodney R. Sweetland, III
David F. Nickel
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, DC 20036
Telephone: (202) 467-6300
Facsimile: (202) 466-2006

Dated: April 26, 2007
180019.1

4

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF DELAWARE

TESLA INDUSTRIES, INC. a Delaware
Corporation,

        Plaintiff,

v.

DAVID C. WALDMANN, LYNDOL W.
HOLLINGSWORTH, CHARLES MINNICK
a/k/a CHUCK MINNICK, and NEW
MILLENNIUM TOOLS, INC., an Oregon
Corporation,

        Defendants.

C.A. No.: 06-055-GMS

LYNDOL W. HOLLINGSWORTH, CHARLES
MINNICK a/k/a CHUCK MINNICK, and NEW
MILLENNIUM TOOLS, INC., an Oregon
Corporation,

        Counterclaim-Plaintiffs,

v.

TESLA INDUSTRIES, INC. a Delaware
Corporation,

        Counterclaim-Defendant.

## FED. R. CIV. P. 26(a)(1) INITIAL DISCLOSURES OF DEFENDANTS-COUNTERCLAIMANTS LYNDOL W. HOLLINGSWORTH, CHARLES MINNICK A/K/A CHUCK MINNICK AND NEW MILLENNIUM TOOLS, INC.

Defendants-Counterclaimants Lyndol W. Hollingsworth ("Hollingsworth"), Charles

Minnick a/k/a Chuck Minnick ("Minnick") and New Millennium Tools, Inc. ("NMT")

(hereinafter collectively referred to as the "NMT Parties"), by undersigned counsel, respectfully

submit the following disclosure in accordance with Federal Rule of Civil Procedure 26(a)(1).

Because fact discovery has just been initiated, these disclosures are based on information now

reasonably available.    The NMT Parties reserve the right to supplement or modify these

disclosures pursuant to Fed. R. Civ. P. 26(e) as this litigation proceeds.

## I.    INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

Lyndol W. Hollingsworth
923 Timber Trail
Cedar Park, Texas 78613-3437
Knowledge of Defendants' Affirmative Defenses, Counterclaims and Damages

Charles Minnick
8420 SW 89th Ave.
Portland, OR 97223
Knowledge of Defendants' Affirmative Defenses, Counterclaims and Damages

David C. Waldmann
6 Robin Road
Malever, Pennsylvania 19355
Knowledge of Defendants' Affirmative Defenses and Counterclaims

David J. Masilotti
CHIEF EXECUTIVE OFFICER
Tesla Industries, Inc.
109 Centerpoint Blvd.
New Castle, Delaware 19720
Knowledge of Defendants' Affirmative Defenses and Counterclaims

Kent F. Huffman
PRESIDENT
DC Power Equipment, LLC
8868 Research Blvd., Suite 505
Austin, Texas 78758
Knowledge of Defendants' Affirmative Defenses and Counterclaims

Frank Mooney
GENERAL SALES MANAGER
Tesla Industries, Inc.
109 Centerpoint Blvd.
New Castle, Delaware 19720
Knowledge of Defendants' Affirmative Defenses and Counterclaims

Joseph Talbot
MARKETING MANAGER
Tesla Industries, Inc.
109 Centerpoint Blvd.
New Castle, Delaware 19720
Knowledge of Defendants' Affirmative Defenses

Daniel Roscioli
MARKETING MANAGER
Tesla Industries, Inc.
109 Centerpoint Blvd.
New Castle, Delaware 19720
Knowledge of Defendants' Affirmative Defenses

Brian R. Sullivan
WERB & SULLIVAN
300 Delaware Ave., Thirteenth Floor
P.O. Box 25046
Wilmington, DE 19899
Knowledge of Defendants' Affirmative Defenses and Counterclaims

## II.    DOCUMENTARY EVIDENCE

The NMT Defendants believe that the only relevant and material documents in their

possession, custody or control are organizational documents relating to the structure and

development of NMT.

If properly and unobjectionably requested pursuant to the Federal Rules of Civil

Procedure, the NMT Defendants will, of course, permit the inspection and copying of

documentary evidence within their files that is not subject to any applicable privilege.

## III.    COMPUTATION OF DAMAGES

The NMT Defendants have collectively suffered damages in lost sales or sales

opportunities for their products, lost capital infusion and expenses related to defending against

this litigation including, *inter alia,* attorneys' fees and costs as the direct and proximate result of

the misconduct set forth in the NMT Parties Counterclaims.  The NMT Defendants will provide


itemization and back-up documentation (in the form of invoices) pursuant to Fed. R. Civ. P. 54(d)(2) upon resolution on the merits in their favor.

## IV.    INSURANCE AGREEMENTS

Not applicable.

ASHBY & GEDDES

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone:  (302) 654-1888
Facsimile:  (302) 654-2067

*Attorneys for Defendants Lyndol W. Hollingsworth, Charles Minnick and New Millennium Tools, Inc.*

*Of Counsel:*

Louis S. Mastriani
Rodney R. Sweetland, III
David F. Nickel
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, DC 20036
Telephone:  (202) 467-6300
Facsimile:  (202) 466-2006

Dated:  June 23, 2006
170737.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of June, 2006, the attached **FED. R. CIV. P. 26(a)(1)**

**INITIAL DISCLOSURES OF DEFENDANTS-COUNTERCLAIMANTS LYNDOL W.**

**HOLLINGSWORTH, CHARLES MINNICK A/K/A CHUCK MINNICK AND NEW**

**MILLENNIUM TOOLS, INC.** was served upon the below-named counsel of record at the

addresses and in the manner indicated:

Brian A. Sullivan, Esquire                                       <u>HAND DELIVERY</u>
Werb & Sullivan
300 Delaware Avenue, 13th Floor
Wilmington, DE  19801

John D. Demmy, Esquire                                       <u>HAND DELIVERY</u>
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, DE  19801

John A. Adams, Esquire                                       <u>VIA FEDERAL EXPRESS</u>
Susanin, Widman & Brennan, PC
455 South Gulph Road, Suite 240
King of Prussia, PA  19406


                                        Lauren E. Maguire

166961.1

# EXHIBIT 2

# REDACTED