IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TESLA INDUSTRIES, INC., )
)
        Plaintiff, )
)
        v. )
)
DAVID C. WALDMANN, )
LYNDOL W. HOLLINGSWORTH, )
CHARLES MINNICK a/k/a CHUCK MINNICK, and )
NEW MILLENNIUM TOOLS, INC., )
)
        Defendants. )

**PUBLIC VERSION**

C.A. No. 06-055-GMS

## THE NMT DEFENDANTS' REPLY TO TESLA'S OPPOSITION TO NMT DEFENDANTS' MOTION *IN LIMINE* NO. 4:  TO PRECLUDE MR. DAVID MASILOTTI FROM OFFERING LAY OPINION OR EXPERT TESTIMONY

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone:  (302) 654-1888
Facsimile:  (302) 654-2067

*Attorneys for Defendants Lyndol W. Hollingsworth, Charles Minnick and New Millennium Tools, Inc.*

*Of Counsel:*

Louis S. Mastriani
Rodney R. Sweetland, III
David F. Nickel
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, DC  20036
Telephone:  (202) 467-6300
Facsimile:  (202) 466-2006

Dated: April 26, 2007
180022.1

# TABLE OF CONTENTS

I.   INTRODUCTION ............................................................................................... 1

II.  ARGUMENT..................................................................................................... 1

III. CONCLUSION.................................................................................................. 2

# TABLE OF AUTHORITIES

### Cases

*Asplundh Mfg. Div. v. Benton Harbor Eng'g,*
 57 F.3d 1190 (3d Cir. 1995)..................................................................................... 1

*United States Sec. and Exch. Comm'n v. The Infinity Group Co.,*
 212 F.3d 180 (3d Cir. 2000)..................................................................................... 1

### Rules

Fed. R. Evid. 701 ..................................................................................................... 1

## I.    INTRODUCTION

While the jury is perfectly capable of evaluating whether or not Mr. Masilotti is a "self-taught genius" of the caliber of Bill Gates, (Opposition at 1) the Federal Rules of Evidence do not permit Tesla to present Mr. Masilotti's lay opinion testimony without a foundation, that the NMT Defendants have demonstrated simply does not exist.

## II.    ARGUMENT

As the Third Circuit has stated, "we believe that [*Daubert v. Merrell Dow*'s] spirit also counsels trial judges to carefully exercise a screening function with respect to Fed. R. Evid. 701 opinion testimony when the lay opinion offered closely resembles expert testimony." *Asplundh Mfg. Div. v. Benton Harbor Eng'g*, 57 F.3d 1190, 1202 (3d Cir. 1995). In other words, there must be "*some* judicial gatekeeping on the part of the trial judge in the case of lay opinion testimony of a technical nature." *Id.* Under Rule 701, a lay witness must have "sufficient special knowledge or experience to ensure that the lay opinion is rationally derived from the witness's observation and helpful to the jury." *Id. See also, United States Sec. and Exch. Comm'n v. The Infinity Group Co.*, 212 F.3d 180 (3d Cir. 2000) (lay opinion as to whether defendant was reckless or acted with an intent to defraud in a civil action for securities fraud properly excluded where witness had no personal knowledge of the investments in question).

In this matter, Mr. Masilotti's expected lay opinion testimony – that the products at issue in this case are unique or superior as compared to similar products available in the marketplace and, therefore, constitute "trade secrets" – is not based on sufficient special knowledge or experience that Mr. Masilotti was able to demonstrate at his deposition. Nor was it rationally derived from Mr. Masilotti's observation, as demonstrated by Tesla's discovery responses (cited



and reproduced in the NMT Defendants' Motion *in Limine*, D.I. 136) which were verified and signed by Mr. Masilotti, as well as Mr. Masilotti's deposition testimony.

For example, in response to Document Request No. 7 which asked for "[a]ny document identifying or relating to any competitor in the market for sale of the trade secrets alleged in the Verified Complaint," Tesla replied that "no documents responsive to the Request exist." Exhibit 1 D.I. 136. Similarly, in response to Document Request No. 44 which asked for "any documents relating or referring to all products that compete, in any way, with the alleged Trade Secrets identified in the Verified Complaint," Tesla responded that "these documents, if they exist, are as available to the NMT Parties as they are to Tesla Industries." Exhibit 2 to D.I. 136. Additionally, in response to Interrogatory No. 23, which asks Tesla to "identify all manufacturers and/or distributors of any products that compete, in any way, with the alleged Trade Secrets identified in the Verified Complaint," it responded that "if such information exists, it is as readily available to the NMT Parties as it is to Tesla Industries." Exhibit 3 to D.I. 136.

To take Tesla and Mr. Masilotti (who verified Tesla's discovery responses) at their word, they have no knowledge about any competitors of their products. Therefore, any testimony by Mr. Masilotti purporting to present Tesla's products as unique or superior in the marketplace in which Tesla competes, is not rationally derived from his observation and is not based in any special knowledge or experience. For these reasons, Mr. Masilotti should be precluded from giving lay opinion testimony as to the uniqueness, superiority or qualities of Tesla's products.

## III.    CONCLUSION

For the reasons set forth herein, and in their Motion, the NMT Defendants respectfully request that this Honorable Court preclude Mr. Masilotti from offering lay or expert opinion at trial.

                                            ASHBY & GEDDES

                                            /s/ Lauren E. Maguire

                                            Steven J. Balick (I.D. #2114)
                                            John G. Day (I.D. #2403)
                                            Lauren E. Maguire (I.D. #4261)
                                            500 Delaware Avenue, 8th Floor
                                            P.O. Box 1150
                                            Wilmington, DE 19899
                                            Telephone:  (302) 654-1888
                                            Facsimile:  (302) 654-2067
                                            sbalick@ashby-geddes.com
                                            jday@ashby-geddes.com
                                            lmaguire@ashby-geddes.com

                                            *Attorneys for Defendants Lyndol W.
                                            Hollingsworth, Charles Minnick and New
                                            Millennium Tools, Inc.*

*Of Counsel:*

Louis S. Mastriani
Rodney R. Sweetland, III
David F. Nickel
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, DC  20036
Telephone:  (202) 467-6300
Facsimile:  (202) 466-2006

Dated:  April 26, 2007
180022.1