IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TESLA INDUSTRIES, INC.,                          )          **REDACTED PUBLIC**
                                                 )          **VERSION**
              Plaintiff,                         )
                                                 )          C.A. No. 06-055-GMS
       v.                                        )
                                                 )
DAVID C. WALDMANN,                               )
LYNDOL W. HOLLINGSWORTH,                          )
CHARLES MINNICK a/k/a CHUCK MINNICK, and          )
NEW MILLENNIUM TOOLS, INC.,                       )
                                                 )
              Defendants.                         )

**THE NMT DEFENDANTS' REPLY TO TESLA'S RESPONSE
TO THE NMT DEFENDANTS' MOTION IN LIMINE NO. 5:
TO EXCLUDE UNVERIFIABLE FINANCIAL INFORMATION**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067

*Attorneys for Defendants Lyndol W.
Hollingsworth, Charles Minnick and New
Millennium Tools, Inc.*

*Of Counsel:*

Louis S. Mastriani
Rodney R. Sweetland, III
David F. Nickel
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, DC 20036
Telephone: (202) 467-6300
Facsimile: (202) 466-2006

Dated: April 26, 2007

180021.1

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................ 1

II.     ARGUMENT ...................................................................................................... 1

        A.      An Expert's Reliance Upon an Unreliable Document Does Not
            Render It Admissible ................................................................................ 1

        B.      Summaries Are Inadmissible, *Per Se*, Without Disclosure of the
            Underlying Documents ............................................................................ 2

        C.      Unreliable "Business Records" Are Inadmissible.................................... 2

        D.      Truncated Tax and Accounting Documents Are Inadmissible ................ 3

III.    CONCLUSION.................................................................................................... 4

# TABLE OF AUTHORITIES

## Cases

*Air Safety, Inc. v. Roman Catholic Archbishop,*
　94 F.3d 1 (1st Cir. 1996) ................................................................................................ 2

*Amarel v. Conell,*
　102 F.3d 1494 (9th Cir. 1997) ....................................................................................... 2

*Conoco Inc. v. Dep't of Energy,*
　99 F.3d 387 (Fed. Cir. 1996) .......................................................................................... 2

*Echo Acceptance Corp. v. Household Retain Serv., Inc.,*
　267 F.3d 1068 (10th Cir. 2001) .................................................................................... 3

*Holbrook v. Lykes Bros. Steamship Co., Inc.,*
　80 F.3d 777 (3d Cir. 1996) ............................................................................................. 2

*Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery,*
　179 F.R.D. 450 (D. N.J. 1998) ...................................................................................... 2

*Phoenix Assoc. III v. Stone,*
　60 F.3d 95 (2d Cir. 1995) ............................................................................................... 3

*Sec. and Exch. Comm'n v. Hughes Capital Corp.,*
　124 F.3d 449 (3d Cir. 1997) ........................................................................................... 2

*United States v. Pelullo,*
　964 F.2d 193 (3d Cir. 1992) ........................................................................................... 2

*United States v. Rangel,*
　350 F.3d 648 (7th Cir. 2003) ........................................................................................ 2

*Woods v. City of Chicago,*
　234 F.3d 979 (7th Cir. 2001) ........................................................................................ 3

## Rules

Fed. R. Evid. 1006 ................................................................................................................ 2

Fed. R. Evid. 106 .................................................................................................................. 3

Fed. R. Evid. 403 .................................................................................................................. 1

Fed. R. Evid. 703 .................................................................................................................. 1

Fed. R. Evid. 803(6) ............................................................................................................. 3

Fed. R. Evid. 901 .................................................................................................................. 2

Fed. R. Evid. 902 .................................................................................................................. 2

## I.    INTRODUCTION

Tesla concedes that the financial data in the exhibits complained of is inaccurate. (*See* D.I. 148). It appends to its Response an Affidavit of its accountant (Exhibit D), from whom Tesla refused to permit the NMT Defendants to acquire documentation by subpoena, attempting to explain away a **REDACTED** underreporting of Tesla's income on its corporate income tax return. Tesla resorts to attorney argument to attempt to explain away the tens of thousands of dollar discrepancies among the incomplete tax returns and summary income charts that Tesla seeks to admit. *See* Response at 5 n.3 ("Tesla undoubtedly does not need to burden the Court with the difficulties associated with accounting compilations and the inevitable slight discrepancies.").

## II.    ARGUMENT

### A.    An Expert's Reliance Upon an Unreliable Document Does Not Render It Admissible

Tesla's principal contention for the admissibility of its error-ridden financial summaries is that they were relied upon by its damages expert. *See* Response at 3-4. Tesla's argument is contradicted by the plain language of Fed. R. Evid. 703.[1] Admission of admittedly incorrect financial information in support of Tesla's damages claim would be severely prejudicial to the Defendants under Fed. R. Evid. 403 and 703, and confusing to the jury under Fed. R. Evid. 403.

Tesla's argument turns admissibility on its head. Where, as here, the data underlying an expert opinion is so lacking in probative force and reliability that no expert could base an opinion

---

[1] "Facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect." Fed. R. Evid. 703.

As of April 26, 2007, Tesla still has not provided Defendants with a final exhibit or copies of any of Tesla's proposed regular, demonstrative or physical exhibits. Accordingly, NMT cannot inform the Court as to what trial exhibits are implicated herein.

on them, an opinion that rests entirely on them must be excluded. *Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery*, 179 F.R.D. 450, 456-57 (D. N.J. 1998). Tesla would have the Court accept the proposition that where an expert relies upon admittedly incorrect summaries, the expert's reliance somehow renders that incorrect data admissible.

**B.    Summaries Are Inadmissible, *Per Se*, Without Disclosure of the Underlying Documents**

It is Black Letter Law that summaries are only admissible where the records from which the summaries were prepared are admissible and made available to the opposing party.[2] Tesla's summaries are inadmissible because it has not made the underlying information available to the Defendants and, furthermore, it has not established the admissibility of any of the underlying documents.

**C.    Unreliable "Business Records" Are Inadmissible**

To avoid the implications of Fed. R. Evid. 1006, Tesla claims that some of its summaries are, instead, "business records." Response at 4-5.[3] The hearsay exception rule for records of a regularly conducted activity does not mandate admission of such evidence, which still may be excluded for untrustworthiness or if its probative value is outweighed by danger of unfair prejudice. *See Holbrook v. Lykes Bros. Steamship Co., Inc.*, 80 F.3d 777, 786 (3d Cir. 1996).[4]

---

[2] *See, e.g., United States v. Pelullo*, 964 F.2d 193, 204 (3d Cir. 1992); *United States v. Rangel*, 350 F.3d 648, 651 (7th Cir. 2003); *Amarel v. Conell*, 102 F.3d 1494, 1516 (9th Cir. 1997); *Conoco Inc. v. Dep't of Energy*, 99 F.3d 387, 393 (Fed. Cir. 1996); *Air Safety, Inc. v. Roman Catholic Archbishop*, 94 F.3d 1, 7-9 (1st Cir. 1996).

[3] Tesla also asserts that some of its tax returns are self-authenticating because they are stamped by an accountant as true or correct copies. Tesla's argument is so at variance with Fed. R. Evid. 901 and 902 as not to merit further discussion.

[4] *See also Sec. and Exch. Comm'n v. Hughes Capital Corp.*, 124 F.3d 449 (3d Cir. 1997) (photocopied altered check stubs inadmissible under Fed. R. Evid. 803(6) for lack of trustworthiness where underlying checks were missing and nature of alteration not evident).

To be admissible as a business record under Fed. R. Evid. 803(6), a document must have sufficient indicia of trustworthiness. *Woods v. City of Chicago*, 234 F.3d 979, 988 (7th Cir. 2001). This means that the document must have been made contemporaneously with the events at issue in the course of a regularly conducted business activity and that it was the regular practice of the business to make the record and the motivation of the record's author is relevant to admissibility. *Echo Acceptance Corp. v. Household Retain Serv., Inc.*, 267 F.3d 1068, 1091-92 (10th Cir. 2001). Here, Tesla's financial documents were not made contemporaneously with the events described because Tesla did not regularly file its taxes; and it is established that the summaries are inaccurate.

### D.    Truncated Tax and Accounting Documents Are Inadmissible

Tesla asserts that the redactions in its tax returns are not material. Response at 6. Tesla's assertion is contradicted by the Rules of Evidence and the testimony of its damages expert. Fed. R. Evid. 106 provides that, "[w]hen a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it." A case squarely on point from the Second Circuit held that Fed. R. Evid. 106 required the admission of accountant's working papers underlying financial statements once the financial statements were offered. *See Phoenix Assoc. III v. Stone*, 60 F.3d 95, 102-03 (2d Cir. 1995). Here, Tesla has obstructed any access by Defendants to the source data for its tax returns. (*See* D.I. 137.)

The statement by Tesla that the compensation received by its officers, which it redacted, is immaterial (Response at 6) is contradicted by its own proposed damages expert. Mr. Sullivan testified that officers' compensation was important to know. *See* Sullivan Deposition Tr. 76:21-77:15, attached hereto as Exhibit 1.

## III.    **CONCLUSION**

For the reasons set forth herein and in its Motion (D.I. 137), the NMT Defendants

reiterate their request that this Honorable Court exclude, at least, the Exhibits appended to their

Motion.

ASHBY & GEDDES

*/s/ Lauren E. Maguire*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone:  (302) 654-1888
Facsimile:  (302) 654-2067
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants Lyndol W.*
*Hollingsworth, Charles Minnick and New*
*Millennium Tools, Inc.*

*Of Counsel:*

Louis S. Mastriani
Rodney R. Sweetland, III
David F. Nickel
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, DC  20036
Telephone:  (202) 467-6300
Facsimile:  (202) 466-2006

Dated:  April 26, 2007
180021.1

4

# EXHIBIT 1

# REDACTED