IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| TELSA INDUSTRIES, INC., a Delaware Corporation, <br><br> Plaintiff, <br> v. <br><br> DAVID C. WALDMANN, LYNDOL W. HOLLINGSWORTH, CHARLES MINNICK a/k/a CHUCK MINNICK, and NEW MILLENNIUM TOOLS, INC., an Oregon Corporation, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 06-55 (GMS) |

## ORDER

**Introduction**

On January 27, 2006, Tesla Industries, Inc. ("Tesla") sued the defendants David C. Waldmann ("Waldmann"), Lyndol W. Hollingsworth ("Hollingsworth"), Charles Minnick ("Minnick"), and New Millennium Tools, Inc. ("NMT"), alleging theft of trade secrets, breach of contract, conversion, tortious interference, and conspiracy. (D.I. 2.) On March 27, 2006, Hollingsworth, Minnick, and NMT (collectively, "the NMT Parties") answered the complaint and counterclaimed, seeking a declaratory judgment that Tesla's confidential information are not trade secrets, and alleging abuse of process, antitrust, tortious interference, and unfair competition. (D.I. 27.) Tesla answered the NMT Parties' counterclaims on April 17, 2006, and in response to the antitrust counterclaim, Tesla admitted to the alleged violations. (D.I. 32.) On December 1, 2006, the NMT Parties' moved for partial judgment on the pleadings or, in the alternative, partial summary judgment on its antitrust counterclaim (D.I. 106). On December 15, 2006, Tesla moved

for leave to file an amended answer (D.I. 109). According to the Scheduling Order, amended pleadings were due by August 15, 2006. A five-day jury trial was scheduled to begin on June 4, 2007.

**Discussion**

The NMT Parties' argument is simple: Tesla, having expressly and unambiguously admitted to the NMT Parties' antitrust counterclaim, should be held to its judicial admission by a judgment of liability on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c). Conversely, Tesla moves the court for leave to amend its Answer to change the admissions to the antitrust counterclaim to denials, so that its "inadvertent transcription errors" can be corrected. (D.I. 109 at 2.) Tesla submitted the affidavit of its attorney, Brian Sullivan, in support of its motion to amend. Mr. Sullivan affirmed that because he was on vacation and out of the office when Tesla's Answer was due, he did not review the final filed version of the Answer, but instead, relied on other attorneys and assistants to finalize the filing. (D.I. 109, Ex. A, Sullivan Aff. ¶¶ 7 – 10.)

Tesla's errors did not stop at the inadvertent admission in its Answer, and its failure to catch the mistakes by proofreading its Answer. In its motion to amend, Tesla incorrectly addresses its arguments to Federal Rule of Civil Procedure 15(a), which is inapplicable after the deadline for amendment in a scheduling order has passed. Under Rule 6(b)(2), "when . . . an act is required or allowed to be done at or within a specified time, the court, for cause shown, may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the

failure to act was the result of excusable neglect . . . ." Rule 16(b) provides that a "schedule shall not be modified except upon a showing of good cause and by leave of the district judge . . . ."

Tesla failed to address either the excusable neglect standard of Rule 6 or the good cause standard of Rule 16 in its opening brief. In response to the NMT Parties' arguments regarding the proper standards under which the court should consider Tesla's motion to amend, Tesla contends that the NMT Parties "exalt[] form over substance by advocating strict adherence to the literal terms of this Court's Scheduling Order and Rule 6(b)(2)." The court absolutely expects parties to comply with the Federal Rules of Civil Procedure, the Local Rules of Civil Practice and Procedure of this district, and its Scheduling Orders in each case. Indeed, the court is troubled by the cavalier approach with which Tesla's representatives have carried out its obligations as officers of the court.[1]

As to its inadvertent admissions, Tesla contends that "few rational persons reading these admissions would see them as other than what they are—clearly a mistake." The obvious implication of Tesla's statement is that not only did Mr. Sullivan abandon his duty to read Tesla's Answer before it was filed, but the attorneys and assistants to whom he delegated the responsibility also failed to read it before it was filed.[2] If failing to proofread a responsive pleading in order to catch "simple," "clear," or "inadvertent" errors such as those here constitutes excusable neglect, then what is considered inexcusable? Contrary to Tesla's belief, the NMT Parties' position does

---

[1] To say the least, the court is sorely disappointed in the conduct of both parties in this action. It seems worthy of professional courtesy for counsel from the NMT Parties to pick up the phone and expressly point out to Tesla its admissions to antitrust violations before engaging the court in such non-meritorious motion practice, as well as creating the scheduling hurdles that have now come to fruition.

[2] The deposition of Tesla's president, David J. Masilotti, indicates that, despite being questioned on the NMT Parties' counterclaims and Tesla's Answer, Mr. Masilotti also failed to read Tesla's admissions. (D.I. 112, Ex. 1, Masilotti Dep.)

3

not "improperly raise the excusable neglect standard to an infallibility standard," however, the bar is higher than Tesla has apparently set for itself.

Although the court finds that Tesla has failed to demonstrate good cause or excusable neglect, denying Tesla's motion to amend and effectively granting the NMT Parties' motion for partial judgment would undermine the court's central truth-seeking function. *Republic of Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 73 (3d Cir. 1994) ("[I]t is beyond peradventure that district courts have broad authority to preserve and protect their essential functions. To ensure that district courts have tools available to protect their truth-seeking process, the Federal Rules of Civil Procedure allow district courts to sanction parties who fail to meet minimum standards of conduct in many different contexts."). Moreover, Tesla's Answer shows that the facts underlying and relating to the NMT Parties' antitrust counterclaim are disputed. *See* Charles A. Wright and Arthur R. Miller, 5C *Federal Practice and Procedure* § 1367 (2005) ("The motion for a judgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court."). Accordingly, the court will grant Tesla's motion to amend.

Allowing Tesla to amend its Answer at this late stage is prejudicial to the NMT Parties, who lawfully relied on Tesla's admissions in choosing not to pursue discovery on the antitrust counterclaim. Therefore, the court will grant the NMT Parties' alternative request for additional discovery, consistent with this Order.

IT IS HEREBY ORDERED that:

1. The NMT Parties' motion for partial judgment on the pleadings, or in the alternative, partial summary judgment (D.I. 106) is DENIED.

2.  Tesla's motion for leave to file an amended answer (D.I. 109) is GRANTED.

3.  The court will reopen discovery limited to the NMT Parties' antitrust counterclaim. Such discovery shall be completed on or before June 15, 2007.

4.  The parties shall submit any supplements to the Pretrial Order related to the antitrust counterclaim on or before June 22, 2007. No further motions in limine are permitted.

5.  The trial shall be rescheduled to commence on June 25, 2007 at 9:00am.

6.  Tesla shall bear the costs and attorneys' fees incurred by the NMT Parties for the additional discovery and for the motion practice associated with this Order.

Dated: May 21, 2007                               /s/ Gregory M. Sleet
                                                  UNITED STATES DISTRICT JUDGE