IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TESLA INDUSTRIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 06-055-GMS |
| v. ) | |
| ) | |
| DAVID C. WALDMANN, ) | |
| LYNDOL W. HOLLINGSWORTH, ) | |
| CHARLES MINNICK a/k/a CHUCK MINNICK, and ) | |
| NEW MILLENNIUM TOOLS, INC., ) | |
| ) | |
| Defendants. ) | |

**RE-NOTICE OF FED. R. CIV. P. 30(b)(6) DEPOSITION
OF PLAINTIFF TESLA INDUSTRIES, INC.**

PLEASE TAKE NOTICE that counsel for Defendants Lyndol W. Hollingsworth, Charles Minnick and New Millennium Tools, Inc. (collectively referred to as the "NMT Defendants") will take the Fed. R. Civ. P. 30(b)(6) deposition upon oral examination of Plaintiff TESLA INDUSTRIES, INC. ("Tesla"), starting on June 15, 2007, at 9:00 a.m. E.S.T., or at such other time as is agreed to by the parties, and continuing from day to day until completed at the offices of ASHBY & GEDDES, 500 Delaware Avenue, 8th Floor, Wilmington, Delaware 19899, before a duly authorized notary public or some other officer authorized to administer oaths. The testimony at the deposition will be recorded by stenographic and/or videographic means.

Tesla shall designate one or more of its officers, directors or managing agents, or other persons with knowledge of the matters set forth in Schedule A of this notice to appear and testify on its behalf at the deposition. The persons so designated shall testify as to matters known or reasonably available to Tesla.

The deposition is being taken for purposes of discovery, for use at trial or any hearing in

this adversary proceeding and/or for such other purposes as are permitted under the Federal Rules of Civil Procedure and the Local Rules of this Court.

You are invited to attend and cross-examine.

ASHBY & GEDDES

*/s/ Lauren E. Maguire*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants Lyndol W. Hollingsworth, Charles Minnick and New Millennium Tools, Inc.*

*Of Counsel:*

Louis S. Mastriani
Michael G. McManus
Rodney R. Sweetland, III
Ian A. Taronji
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, DC 20036
Telephone: (202) 467-6300
Facsimile: (202) 466-2006

Dated: June 8, 2007
181378.1

## **ATTACHMENT A**

### **Definitions**

1. "Plaintiff," "You," "Your" and "Tesla" as used herein mean the Delaware Corporation Tesla Industries, Inc. and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, and all past or present officers, directors, affiliates, agents, employees, attorneys, consultants, representatives and any other person acting or purporting to act on behalf of Tesla Industries.

2. "Minnick" as used herein means Defendant Charles Minnick.

3. "Hollingsworth" as used herein means Defendant Lyndol W. Hollingsworth.

4. "Waldmann" as used herein means Defendant David C. Waldmann.

5. The "NMT Defendants" as used herein means and refers to Defendants New Millennium Tools, Inc., Minnick and Hollingsworth collectively and/or individually.

6. "DC Power Equipment" as used herein means the Delaware Corporation DC Power Equipment, L.L.C. and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, and all past or present officers, directors, affiliates, agents, employees, attorneys, consultants, representatives and any other person acting or purporting to act on behalf of DC Power Equipment, L.L.C., including but not limited to Mr. Kent Huffman, Mr. Mitchell D. Savrick and the law firm of Savrick, Schumann, Johnson, McGarr, Kaminski & Shirley, L.L.P..

7. "Document" means any written, printed, recorded or graphic matter, computer memory, computer tapes and diskettes, tapes, films, photographs, drawings, or any other tangible thing by which information is contained, stored or displayed, of every kind or description, however produced or reproduced, whether in draft or final, original or reproduction, signed or

unsigned, and regardless of whether approved, signed, sent, received, redrafted, or executed, including without limitation written and electronic communications, letters, correspondence, notes, memoranda of telephone conversations or meetings, diaries, desk calendars, interoffice communications, fax messages, e-mails, telegrams, telex messages, records, studies, bills, receipts, checks, checkbooks, purchase orders, invoices, requisitions, studies, summaries, analyses, statistical and financial statements, charts, graphs, reports, computer printouts, laboratory notebooks, invention disclosure documents, patent applications and drafts thereof, test records, test reports, assignments, licenses, bills of sale, sale of business agreements, market studies, articles, publications, patents, manuals, magnetic tapes, tabulations, records, work papers, journals, microfiche, microfilm photographic film, surveys, forms, printed brochures or material similar to any of the foregoing, however, denominated, by whomever prepared, and to whomever addressed, which are in Plaintiff's possession, custody or control or to which Plaintiff has, has had or can obtain access.

8. "Relating to" means comprising, consisting of, referring to, evidencing, reflecting, or being in any way legally, logically or factually connected with the matter discussed. "Relate to" means consist of, refer to, reflect, or be in any way legally, logically or factually connected with the matter discussed.

9. "Person" means any natural person, firm, association, partnership, government agency, corporation, proprietorship, or other entity and its officers, directors, partners, employees, representatives and agents.

10. "Third party" means anyone other than Plaintiff, Minnick, Hollingsworth, Waldmann or NMT.

11. "Communication" means or refers to all discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, advertisements or other forms of information exchanged, whether oral, electronic or written.

12. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

13. Any pronouns shall be construed to refer to the masculine, feminine or neutral gender, in singular or plural, as in each case is most appropriate.

14. The words "all" and "any" shall be construed to mean "any and all."

15. The word "each" shall be construed to mean "each and every."

16. The singular form of any word shall be construed to also include the plural.

### Matters on Which Examination is Requested:

1. Tesla's awareness of the existence of prior art disclosing or rendering obvious the technology, products and information referenced in paragraphs 14(A), 14(D) and 14(E) of the Verified Complaint.

2. Tesla's awareness of the existence of prior art disclosing or rendering obvious the technology, products and information for any trade secret alleged in this litigation not otherwise referenced in paragraphs 14(A), 14(D) and 14(E) of the Verified Complaint.

3. Tesla's awareness of the existence of publicly available sources of information disclosing or rendering obvious the technology, products and information referenced in paragraphs 14(A), 14(D) and 14(E) of the Verified Complaint.

4. Tesla's awareness of the existence of publicly available sources of information for the materials referenced in paragraphs 14(B) and 14(C) of the Verified Complaint.

5. Tesla's awareness of the existence of publicly available sources of information disclosing or rendering obvious any technology, product or information claimed as a trade secret in this litigation not otherwise referenced in paragraphs 14(A) – (E) of the Verified Complaint.

6. Tesla's markets for any technology, product or information claimed as a trade secret in this litigation.

7. Tesla's competitors in the technology and products referenced in paragraphs 14(A), 14(D) and 14(E) of the Verified Complaint.

8. All manufacturers and/or distributors of any products that compete, in any way, with the Tesla products alleged to embody Trade Secrets in this litigation or alleged to have been made by a process that comprises a trade secret.

9. Tesla's government contracts and government contracting procedures, including, but not limited to, bidding, performance and review.

10. Tesla's sole or single-source government contracts.

11. Tesla's organizational structure as it relates to research, development, testing, manufacturing, marketing, distribution, sale and licensing.

12. Any product developed, designed, researched, manufactured, marketed, advertised or offered for sale by Tesla embodying, reflecting or related to any of the trade secrets alleged in the Verified Complaint and in response to Interrogatory No. 9.

13. The averment in paragraph 8 of the Affidavit of David J. Masilotti appended to your Verified Complaint that "Tesla Industries has invested millions of dollars in research and development, marketing, selling and servicing its products . . . ."

14. Tesla's efforts to sell, offer for sale, advertise, market and/or otherwise distribute any alleged trade secrets identified in the Verified Complaint.

15. Tesla employees responsible for setting or approving the prices, terms, and conditions of sale of any Tesla product embodying a trade secret asserted in this litigation or for formulating policies of Tesla with respect to such prices, terms, and conditions, including:

(a) the products and geographical areas or customers with respect to which responsibility extended;

(b) the nature and extent of responsibility;

(c) the criteria utilized in setting or approving such prices, terms, and conditions or formulating policies with respect thereto; and

(d) the identity of each person who assisted in the exercise of this responsibility.

16. The percentage of Tesla's sales, expressed in dollars, that is represented by any products Tesla claims embody the trade secrets at issue.

4

17.     The total dollar volume of business done by Tesla, including sales made by Tesla, by product, and by category of product, for each of the past ten years.

18.     The percentage of Tesla's gross profit and net profit, expressed in dollars, that is represented by any products Tesla claims embody the trade secrets at issue.

19.     Each price list used to quote price(s) for the sale of any products Tesla claims embody the trade secrets at issue.

20.     Any representations made by any agent, servant, employee, officer or board member of Tesla to any third party, other than counsel, concerning the NMT Defendants.

21.     Tesla's motivation or motivations for bringing and pursuing this case.

NMT601206

5