UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TESLA INDUSTRIES, INC. a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>DAVID C. WALDMANN, LYNDOL W. HOLLINGSWORTH, CHARLES MINNICK a.k.a. CHUCK MINNICK, and NEW MILLENNIUM TOOLS, INC., an Oregon Corporation,<br><br>Defendants. | Civil Action No.: 06-55-GMS |

### DEFENDANT WALDMANN'S RESPONSE TO PLAINTIFF'S
### MOTION FOR SANCTIONS AND CROSS-MOTION TO COMPEL

Defendant David C. Waldmann, by counsel, hereby responds to the motion for sanctions filed by Plaintiff, Tesla Industries, Inc. ("Tesla") on June 11, 1008. In addition, Waldmann requests that the Court enter an order compelling Tesla to produce a copy of the Settlement Agreement between NMT and Tesla; and permitting Lyndol W. Hollingsworth and/or Charles Minnick to voluntarily appear and testify at trial.

### RESPONSE TO MOTION FOR SANCTIONS

1.     Tesla alleges misconduct by its former employee, Waldmann, including theft of trade secrets.

2.     Part of Waldmann's defense is that he regularly communicated his actions regarding Lyndol W. Hollingsworth and Charles Minnick ("the NMT Defendants") to Tesla management and that many of such communications were in writing.

1

3. To prove such communications, Waldmann requested certain documents from Tesla by formal written discovery requests in this case.

4. In reviewing the documents Tesla produced in response, Waldmann and Waldmann's counsel discovered that Tesla has used "white out" to delete certain references to his conduct with the NMT Defendants so that it would appear that Waldmann had not made these communications. Because Tesla was sloppy in doing these "white outs" and in their document production, Waldmann has in his possession both the edited and unedited versions – all of which were produced by Tesla.

5. These documents are intended to be used to impeach Tesla witnesses and to cast doubt on all the documents Tesla seeks to introduce as evidence at trial.

6. While Federal Rule 26(a)(3) requires Waldmann to identify the documents he plans to introduce as evidence at trial, it specifically exempts from such requirement documents to be used for impeachment.

7. Nevertheless, Waldmann has included in his Exhibit list all of the documents he plans to use at trial, including for impeachment purposes.

8. What Waldmann has not done is specifically tell Tesla which of the Exhibits he has identified prove the aforementioned alterations; but Tesla is certainly aware of them because they are documents that were produced to Waldmann by Tesla and on which Tesla did the alterations.

9. Accordingly, Waldmann does not agree with Tesla's position (raised for the first time at the pre-trial conference on May 27, 2008, and in the absence of any discovery request, motion to compel, or other motion) that Waldmann must point out to Tesla each and every document that Tesla itself had altered prior to production to Waldmann.

10. Further, the review and identification of these documents constitutes Waldmann's counsel's work product which is protected by the Attorney-Client privilege and the Attorney-Work product doctrine. Tesla need only do the same work that Waldmann's counsel did in reviewing the documents that are on Waldmann's Exhibit list to uncover the alterations.

11. When Tesla raised this matter at the May 27, 2008 pre-trial conference, the Court concluded as set forth below:

> THE COURT: ... So I don't want to spend time at sidebar or on breaks trying to work through evidentiary issues of the type that are being previewed for me right now. It seems to me – this was not the subject of a motion of some type by either party?
>
> MR. ADAMS:    No, Your Honor.
>
> MR. GARBER:   No.
>
> THE COURT:    Do you want to say something?
>
> MR. DEMMY:    It is on procedure. Not directly on the substance of this point. Yes, I would.
>
> THE COURT:    So what you need to do is, in advance, you are going to have to have a further meet-and-confer and identify these documents that are referenced in the trial brief, videotapes, whatever the case may be, and discuss these evidentiary issues. So within the next several days you will need to gather together and discuss these. To the extent that you are not able to work out issues, you will need to notify us, and we will get on the phone together. That should be sooner rather than later, the notification that there are issues.

*See* Page 17 of May 27, 2008 Transcript.

12. Counsel for Waldmann understood this to mean that the Court was not going to rule because there was no pending discovery request or motion, the parties were to meet and confer and attempt to work-out the issues. If they were unable to do so, they were to contact the Court. Notwithstanding this direction and the pendency of trial, Tesla then waited 13 days (until June 9, 2008) to contact Waldmann about the altered documents.

13. Tesla would not meet and confer, and instead, demanded production in accordance with what it stated was the Court's Order.

14. Tesla should not be rewarded in this action by altering documents and then expecting the Court to protect it from its own misconduct.

15. This issue is not an evidentiary issue which must be resolved at trial because the documents, per the Court's rulings, already have been admitted into evidence by virtue of them being included on Waldmann's Exhibit List.

16. Accordingly, Waldmann requests that Tesla's motion for sanctions be denied and that Waldmann not be required disclose attorney-client privileged or attorney-work product protected information to Tesla. Because privileges are implicated, Waldmann submits that Tesla has the ability to gather this information through its own efforts as the documents in question are Tesla's own documents, Tesla is the one that has created the issue of which it complains by altering evidence in a civil action, and Tesla sat on its rights for 13 days.

## CROSS-MOTION TO COMPEL PRODUCTION OF SETTLEMENT AGREEMENT

18. In addition, as Waldmann requested at the pre-trial conference, Waldmann requests that the Court compel Tesla to produce the Settlement Agreement (minus the attached exhibit) between Tesla and the NMT Defendants. While Waldmann has not yet had an opportunity to review the Settlement Agreement, he believes it may contain information admissible at trial, including an acknowledgement that the NMT Defendants did not violate the Delaware Trade Secrets Act which would preclude Tesla's conspiracy claim against Waldmann, and other such information which cannot be determined without reading the Settlement Agreement; and also may serve as the basis for jury instructions regarding Tesla's attempts to prevent witnesses from testifying (a missing witness instruction).

19. Tesla originally claimed that it could not provide the Settlement Agreement because it did not have the Settlement Agreement. Tesla further has declined to produce the Settlement Agreement after receiving its copy from the Court.

20. Further, as requested at the pre-trial conference, Waldmann also requests that the Court strike (or otherwise ignore) the Settlement Agreement provision which purports to prevent Lyndol W. Hollingsworth and/or Charles Minnick's from voluntarily testifying on Waldmann's behalf.

21. Lyndol W. Hollingsworth and/or Charles Minnick are witnesses to the events in this matter and their testimony is critical to Waldmann's defense.

22. Lyndol W. Hollingsworth and/or Charles Minnick both reside more than 100 miles from the Court and therefore are not subject to the Court's subpoena power. *See* Fed.R.Civ.P. 45.

23. A prohibition in the Settlement Agreement preventing their voluntary appearance obfuscates the judicial process, distorts justice, is unconscionable and is against public policy.

24. Moreover, Tesla has unclean hands and should not be rewarded by such a provision in a settlement agreement.

25. Accordingly, Waldmann requests that Tesla be compelled to immediately produce the Settlement Agreement and that the Court allow Lyndol W. Hollingsworth and/or Charles Minnick to voluntarily appear at trial without being a violation of the Settlement Agreement.

WHEREFORE, Waldmann requests that Tesla's Motion be denied in its entirety and that Waldmann's Cross Motion be granted in its entirety.

Dated:  June 12, 2008                    Respectfully submitted,

STEVENS & LEE, P.C.

/s/ John D. Demmy
John D. Demmy (DE Bar No. 2802)
1105 North Market Street, 7th Floor
Wilmington, DE 19801
Tel: (302) 425-3308
Fax: (610) 371-8515
E-mail: jdd@stevenslee.com

-and-

John A. Adams, Esquire
Susanin, Widman & Brennan, PC
455 South Gulph Rd., Ste. 240
King of Prussia, PA  19406

Attorneys for David C. Waldmann

## CERTIFICATE OF SERVICE

John D. Demmy hereby certifies that on June 12, 2008, true and correct copies of the foregoing *DEFENDANT WALDMANN'S RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS AND CROSS-MOTION TO COMPEL* were served by electronic mail on the following:

Louis J. Rizzo, Jr., Esq.
Reger Rizzo Kavulich & Darnall, LLP
1001 Jefferson Plaza
Suite 202
Wilmington, DE 19801
E-mail: lrizzo@regerlaw.com

Jason S. Garber, Esq.
Reger Rizzo Kavulich & Darnall, LLP
111 S. Calvert Street
Suite 2350
Baltimore, MD 21202
E-mail: jgarber@regerlaw.com

/s/ John D. Demmy
John D. Demmy

SL1 824736v1/101090.00001