UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TESLA INDUSTRIES, INC.,              :
a Delaware Corporation               :
                                     :
                  Plaintiff.         :
                                     :
v.                                   :     Civil Action No. 06-55 GMS
                                     :
DAVID C. WALDMANN,                   :
LYNDOL W. HOLLINGSWORTH,             :
CHARLES MINNICK, and                 :
NEW MILLENIUM TOOLS, INC.,           :
An Oregon Corporation                :
                                     :
                  Defendants.        :

PRELIMINARY JURY INSTRUCTIONS

## INTRODUCTION

Members of the jury: Now that you have been sworn, I am now going to give you some preliminary instructions to guide you in your participation in the trial.

## THE PARTIES AND THEIR CONTENTIONS

Before I begin with those instructions, however, allow me to give you an overview of who the parties are and what each contends.

The parties in this case are the Plaintiff, Tesla Industries, Inc., and the Defendant, Mr. David Waldmann.

In this case, Plaintiff Tesla Industries, Inc. alleges that its former employee, Defendant David Waldmann, stole trade secrets and provided those trade secrets to Charles Minnick, Lyndol Hollingsworth, and a company that Mr. Minnick founded, New Millennium Tools, Inc. The defendant denies these allegations. Defendant Waldmann alleges that Tesla violated the Delaware Wage Payment Statutes, the Employee Retirement Income Security Act, the Federal Electronic Communications Privacy Act, the Delaware Electronic Surveillance and Interception of Communications Act, and Delaware personnel file inspection statutes, as well as claims for breach of contract, intrusion of privacy, conversion, abuse of process, and unlawful discharge. Tesla denies the allegations in the counterclaims by the Defendant. If appropriate, you will be asked to determine the amount of money damages necessary to compensate Plaintiff for all of its injuries, and if appropriate, to determine the amount of money damages necessary to compensate Defendant Waldmann for his injuries.

**DUTIES OF THE JURY**

So, let me begin with these general rules that will govern the discharge of your duties as jurors in this case.

It will be your duty to fmd from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply those facts to the law as I will give it to you both during these preliminary instructions and at the close of the evidence. You must follow that law whether you agree with it or not. Again, of course, you are bound by your oath as jurors to follow these and all the instructions that I give you, even if you personally disagree with them. All of the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. Also, do not let anything that I may say or do during the cause of the trial influence you. Nothing that I may say or do is intended to indicate, or should be taken by you as indicating, what your verdict should be.

**EVIDENCE**

The evidence from which you will find the facts will consist of the testimony of witnesses; (the testimony of witnesses consist of the answers of the witnesses to questions posed by the attorneys or the court ⁻-you may not ask questions). Evidence will also consist of documents and other things received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that I may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now: Statements, arguments, and questions by lawyers are not evidence.

1.      Statements, arguments, and questions by lawyers are not evidence.

2.      Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3.      Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4.      Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from

which you may infer or conclude that other facts exist. As a general rule, the law makes no

distinction between these two types of evidence, but simply requires that you find facts from

all the evidence in the case, whether direct or circumstantial or a combination of the two.

**CREDIBILITY OF WITNESSES - WEIGHING CONFLICTING TESTIMONY**

You are the sole judges of each witness' credibility. You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interests: the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable. This instruction applies to the testimony of all witnesses, including expert witnesses.

## **SUMMARY OF APPLICABLE LAW**

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief, general summary of the elements which each party must prove to make their case:

For Plaintiff's claims:

(a) Theft of Trade Secrets --- (1) that the information Tesla contends defendant misappropriated was in fact a trade secret owned by Tesla; (2) that defendant knew or had reason to know that the trade secret was acquired through improper means, or through Tesla's disclosure through a confidential relationship, or under other

5

circumstances in which defendants owed a duty not to use or disclose the trade secret; (3) that defendant used and/or disclosed the trade secret without Tesla's express or implied consent; and (4) that Tesla suffered harm as a direct and proximate result of defendant's use or disclosure of the trade secret or the defendant was unjustly enriched by such use or disclosure.

    (b)    Breach of Contract --- Tesla must prove that one or more terms of its contract with Defendant Waldmann have not been performed or were breached and that it has sustained damages as a result of Defendant Waldmann's failure to perform.

    (c)    Conversion --- Conversion is the "act of dominion wrongfully exerted over the property of another, in denial of his right, or inconsistent with it." To establish conversion, Tesla must prove the following elements: (i) that Tesla had a property interest in the converted property, (ii) that Tesla had a right to possession of the converted property, and (iii) that Tesla sustained damages.

    (d)    Tortious Interference With Prospective Contractual Relations --- One who purposely and improperly induces or otherwise purposely causes a third party not to enter into or continue a prospective contractual relation with another is responsible to that other party for the loss suffered as a result of the prevention or interference with the contractual relationship.

    (e)    Conspiracy --- To establish a claim for conspiracy, Tesla must show: (1) the existence of a confederation or combination of two or more persons;

(2) that an unlawful act was done in furtherance of the conspiracy; and (3) that the conspirators caused actual damage to Tesla.

For Defendant Waldmann's claims:

(a) Delaware Wage Payment Statutes --- Defendant Waldmann must prove that Tesla owed Defendant Waldmann wages and that Tesla failed to pay Defendant Waldmann within seven days after such amounts were payable.

(b) The Federal Electronic Communications Privacy Act --- Defendant Waldmann must prove Tesla intentionally intercepted a wire, oral, or electronic communication or that Tesla intentionally disclosed or used information from an intercepted wire, oral or elctronic communication.

(c) The Delaware Electronic Surveillance and Interception of Communications Act --- --- Defendant Waldmann must prove Tesla intentionally intercepted a wire, oral, or electronic communication or that Tesla intentionally disclosed or used information from an intercepted wire, oral or elctronic communication.

(d) Delaware Personnel File Inspection Statutes --- Defendant Waldmann must prove that Tesla did not permit Defendant Waldmann to inspect his personnel file at reasonable time after making the request to Tesla.

(e) Intrusion of Privacy --- Defendant Waldmann must prove that Tesla intentionally accessed certain accounts of Defendant Waldmann without permission and by doing so intruded upon his private affairs and concerns.

    (f)    Abuse of Process --- Defendant Waldmann must prove that Tesla willfully initiated legal process against Waldmann to retaliate against Defendant Waldmann or for some other reason grounded in bad faith.

    (g)    Unlawful Discharge --- Defendant Waldmann must prove that Tesla willfully discharged or discriminated against Defendant Waldmann because Defendant Waldmann made a complaint or gave information to the Department of Labor.

    (h)    Breach of Contract --- Waldmann must prove that one or more terms of its contract with Plaintiff have not been performed or were breached and that he has sustained damages as a result of Plaintiff's failure to perform;

    (i)    Conversion --- Conversion is the "act of dominion wrongfully exerted over the property of another, in denial of his right, or inconsistent with it." To establish conversion, Defendant Waldmann must prove the following elements: (i) that Defendant Waldmann had a property interest in the converted property, (ii) that Defendant Waldmann had a right to possession of the converted property, and (iii) that Defendant Waldmann sustained damages; and

    (j)    ERISA --- Defendant Waldmann must prove that at the time of his separation from Tesla, Defendant Waldmann was covered by Tesla's group health insurance policy and that Tesla failed to provide Defendant Waldmann with notification within 14 days after his termination that he had the option to continue coverage.

**BURDEN OF PROOF**

As I told you during the voir dire, this is a civil case. Here the Plaintiff has the burden of proving its case and the Defendant has the burden of proving its case by what is called a preponderance of the evidence. That means the Plaintiff and the Defendant has to produce evidence which, considered in the light of all the facts, leads you to believe that what the Plaintiff and what the Defendant claims is more likely true than not. To put it differently, if you were to put the Plaintiff's and Defendant's evidence concerning a particular claim on opposite sides of a scale, the evidence supporting the party with the burden of proof would have to make the scale tip somewhat on their side. If the party with the burden of proof fails to meet this burden, the verdict must be for the opposing party. Each party must also prove its damages by a preponderance of the evidence,

Those of you that have sat on criminal cases will have heard of proof beyond a reasonable doubt. That requirement does not apply to a civil case; therefore, you should put it out of your mind.

**CONDUCT OF THE JURY**

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk with you nor you with them. In this way, any unwarranted and unnecessary suspicion about your

fairness can be avoided. If anyone should try to talk to you about it, bring it to the court's attention promptly.

Second, do not read or listen to anything touching on this case in any way.

Third, do not try to do any research or make any investigation about the case on your own.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

During the trial, I will permit you to take notes. A word of caution is in order. There is always a tendency to attach undue importance to matters which one has written down. Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

So, if you do take notes, leave them in your seat at the end of the day, and my Deputy will collect them and return them to your seat the next day. And, remember that they are for your own personal use.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.

**COURSE OF THE TRIAL**

This trial, like most jury trials, comes in seven stages or phases. We have already been through the first phase, which was to select you as jurors. The remaining stages are:

(1) These preliminary instructions to you;

(2) Opening statements which are intended to explain to you what each side intends to prove and are offered to help you follow the evidence. The lawyers are not required to make opening statements at this time or they may defer this opening until it is their turn to present evidence.

(3) The presentation of the evidence which will include live witnesses and may also include previously recorded testimony, as well as documents and things;

(4) My final instructions on the law to you;

(5) The closing arguments of the lawyers which will be offered to help you make your determination; and, finally,

(6) Your deliberations where you will evaluate and discuss the evidence among yourselves and determine the outcome of the case.

Please keep in mind that evidence is often introduced somewhat piecemeal. So, as the evidence comes in, you as jurors need to keep an open mind.

We will begin shortly, but first I want to outline the anticipated schedule of the trial.

**TRIAL SCHEDULE**

Though you have heard me say this during the *voir dire,* I want to again outline the schedule I expect to maintain during the course of this trial.

This case is expected to take  4  days to try. We will normally begin the day at 9:00 A.M. promptly. We will go until 1:00 P.M. and, after a one hour break for lunch, from 2:00 p.m. to 4:30 P.M. There will be a fifteen minute break at 11:00 A.M. and another fifteen minute break at 3:15 P.M. The only significant exception to this schedule may occur when the case is submitted to you for your deliberations. On that day, the proceedings might last beyond 5:00 p.m. We will post a copy of this schedule for the your convenience in the jury deliberation room.